# EXHIBIT E

MILBERG TADLER PHILLIPS GROSSMAN LLP

NEW YORK

## THE FIRM'S PRACTICE AND ACHIEVEMENTS

Milberg Tadler Phillips Grossman LLP ("MTPG"), headquartered in New York City, helps clients challenge corporate wrongdoing through class action, mass tort, personal injury, consumer, and shareholder rights services. MTPG was established in 2018 by members of Milberg LLP, a leading class action and complex litigation firm, and Sanders Phillips Grossman LLC, a nationally recognized plaintiffs' law firm representing consumers in mass tort and personal injury cases.[1]

Milberg LLP, founded in 1965, took the lead in landmark cases that set groundbreaking legal precedents and prompted changes in corporate governance benefitting shareholders and consumers. Milberg LLP pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. It has been responsible for recoveries valued at approximately $56 billion during the life of the firm. *E.g.*, In re Vivendi Universal, S.A. Securities Litigation (jury verdict for plaintiff class in January 2010); *In re Tyco International, Ltd. Securities Litigation* ($3.2 billion settlement); *In re Nortel Networks Corp. Securities Litigation* (settlement for cash and stock valued at $1.142 billion); *In re Merck & Co., Inc. Securities Litigation* (D.N.J.) ($1.062 billion recovery).

Sanders Phillips Grossman LLC provides exemplary legal representation in the practice areas of Defective Drugs, Defective Medical Devices, Consumer Fraud, Whistleblower, Class Actions, Catastrophic Injury, and Toxic Exposure. As a nationally recognized leading plaintiffs' law firm for the past three decades, the firm and its predecessors have recovered more than one billion dollars for injured consumers. Sanders Phillips Grossman has offices in Seattle, WA; Los Angeles, CA; and Puerto Rico.

Through these firms' strategic partnership, MTPG represents government entities, businesses, and individuals who have suffered harm from securities fraud, data breaches, antitrust violations, consumer fraud, corporate misconduct, opioids, water contamination, and a wide range of commercial and pharmaceutical malfeasance.

MTPG's attorneys have also overseen massive and complex discovery in many of these matters. The MTPG team has taken the lead in negotiating comprehensive discovery-related orders attuned to latest developments in technology, the Federal Rules of Civil Procedure, and best practices (including protective orders, e-discovery protocols, "Rule 502" orders, and ESI search protocols); drafting targeted requests for the production of documents (among other discovery requests); and supervising the review of millions of documents (including over 8 million pages in *Yahoo!* alone), often applying advanced technological tools to facilitate an accurate, efficient, and cost-effective review that hones in on the documents integral to the advancement and resolution of these matters.

MTPG's ability to pursue claims against defendants is augmented by its investigators, headed by a 27-year veteran of the Federal Bureau of Investigation. The firm's lawyers have been regularly recognized as leaders in the plaintiffs' bar by the National Law Journal, Legal 500, Chambers USA, and Super Lawyers, among others.

---

[1] As of January 1, 2018, Milberg LLP's lawyers are now prosecuting new and active cases out of Milberg Tadler Phillips Grossman LLP.

**MILBERG TADLER PHILLIPS GROSSMAN LLP**                                                               NEW YORK

## JUDICIAL COMMENDATIONS

Milberg has been commended by countless judges throughout the country for the quality of its representation.

Milberg partners played leading roles in representing class plaintiffs in a nearly four-month jury trial in ***In re Vivendi Universal, S.A. Securities Litigation***, No. 02-5571 (S.D.N.Y.), which in January 2010 resulted in a jury verdict for an international class of defrauded investors (aggregate value of over $9 billion), the amount was reduced when subsequent caselaw excluded foreign claimants from coverage of securities statutes. At the close of the trial, Judge Richard Holwell commented:

> I can only say that this is by far the best tried case that I have had in my time on the bench. I don't think either side could have tried the case better than these counsel have.

In approving a $3.2 billion securities fraud settlement, one of the largest in history, in ***In re Tyco International, Ltd. Securities Litigation***, 535 F. Supp. 2d 249, 270 (D.N.H. 2007), Judge Barbadoro lauded Milberg's efforts as co-lead counsel:

> This was an extraordinarily complex and hard-fought case. Co-Lead Counsel put massive resources and effort into the case for five long years, accumulating [millions of dollars in expenses] and expending [hundreds of thousands of hours] on a wholly contingent basis. But for Co-Lead Counsel's enormous expenditure of time, money, and effort, they would not have been able to negotiate an end result so favorable for the class. . . . Lead Counsel's continued, dogged effort over the past five years is a major reason for the magnitude of the recovery. . . .

In ***Simon v. KPMG LLP***, No. 05-3189, 2006 U.S. Dist. LEXIS 35943, at *18, 30-31 (D.N.J. June 2, 2006), a case in which Milberg served as class counsel, Judge Cavanaugh, in approving the $153 million settlement, found that "Plaintiffs . . . retained highly competent and qualified attorneys" and that "[t]he Initial Complaint . . . demonstrates that [Milberg] expended considerable time and effort with the underlying factual and legal issues in this case before even filing this lawsuit. . . . Settlement discussions were conducted over a period of some fourteen months with the supervision and guidance of Judges Politan and Weinstein, and are evidence of [Milberg's] appreciation of the merits and complexity of this litigation."

In ***In re Lucent Technologies, Inc. Securities Litigation***, 307 F. Supp. 2d 633, 641-47 (D.N.J. 2004), Judge Pisano issued an opinion approving the $600 million settlement and complimenting Milberg's work as co-lead counsel:

> [T]he attorneys representing the Plaintiffs are highly experienced in securities class action litigation and have successfully prosecuted numerous class actions throughout the United States. They are more than competent to conduct this action. Co-Lead Counsel diligently and aggressively represented the Plaintiffs before this Court and in the negotiations that resulted in the Settlement. . . . [T]he efforts and ingenuity of Lead Plaintiffs and Lead Counsel resulted in an extremely valuable Settlement for the benefit of the Class.

Milberg has also been recognized for its commitment to public service. In lauding Milberg's work representing victims of the September 11th attack on the World Trade Center in connection with the September 11 Victims Compensation Fund, Special Master Kenneth R. Feinberg stated:

> Once again, as I have learned over the years here in New York, the [Milberg] firm steps up to the plate in the public interest time and time again. The social conscience of the [Milberg] firm, acting through its excellent associates and partners, help deal with crises that confront the American people and others, and I am personally in the debt of Milberg . . . for the work that it is doing . . . . [T]hey are second among none in terms of the public interest, and I'm very, very

**MILBERG TADLER PHILLIPS GROSSMAN** LLP                                                                    NEW YORK

> grateful, not only to you guys for doing this, but . . . for the firm's willingness to help out. I wanted to let everybody know that.

*In re September 11 Victim Compensation Fund*, Preliminary Hearing, Claim No. 212-003658 (Dec. 9, 2003).

## NOTEWORTHY RESULTS

The quality of Milberg's representation is further evidenced by the Firm's numerous significant recoveries, some of which are described below.

- *In re Merck & Co., Inc. Securities Litigation*, Nos. 05-1151 and 05-2367 (D.N.J.). Milberg served as co-lead counsel in this federal securities fraud class action, and following over 12 years of hard-fought litigation, ultimately obtained a combined settlement totaling $1.062 billion, the largest securities class action settlement ever against a pharmaceutical company, which received final approval on June 28, 2016. This lawsuit involved claims under the Securities Exchange Act of 1934 against Merck and certain of its executives arising out of allegations that defendants made materially false and misleading statements concerning the safety profile and commercial viability of Merck's purported "blockbuster" drug VIOXX. During this litigation, Milberg and co-lead counsel engaged in exhaustive discovery, including the review and analysis of over 35 million pages of documents involving complex scientific and medical issues, as well as the examination of over 59 fact and expert witnesses. Plaintiffs successfully appealed the dismissal of this action on state of limitations grounds to the Third Circuit Court of Appeals, and prevailed in defendants' further appeal to the Supreme Court, resulting in a unanimous decision by the Supreme Court in Plaintiffs' favor which clarified the law regarding the application of the statute of limitations to federal securities fraud claims. Plaintiffs' claims also survived additional motions to dismiss and motions for summary judgment, and the parties reached settlement less than three months before trial was scheduled to commence

- *In re Vivendi Universal, S.A. Securities Litigation*, No. 02-5571 (S.D.N.Y.). Milberg lawyers were instrumental in obtaining a jury verdict for a class of defrauded investors after a trial lasting nearly four months. The jury found Vivendi liable for 57 false or misleading class period statements.

- *In re Target Corporation Customer Data Security Breach Litigation*, No. 14-md-02522-PAM (D. Minn.). Milberg serves on the Steering Committee guiding the landmark data breach case. In addition to participating in overall case strategy, the drafting of pleadings and motions and settlement negotiation, the Milberg team was responsible for leading discovery, which included targeted discovery requests, the establishment of a series of discovery protocols, the selection of a data-hosting provider, and discovery motion practice that involved unique topics warranting special attention. The case, which involved an estimated 110 million consumers whose personal information was compromised, settled for $10 million, entitling individual consumers to recover losses up to $10,000. (An appeal remains pending before the Eighth Circuit.)

- *In re Conagra Foods, Inc*, **No.11-05379** (**M.D. Cal.**). Milberg is co-lead counsel in a class action against ConAgra Foods, Inc., the maker of Wesson Oils, concerning the company's use of the phrase "100% Natural" to market food products made with crops grown from seeds that have been genetically engineered using sophisticated laboratory techniques. The District Court certified eleven separate statewide classes of Wesson purchasers. ConAgra appealed the class certification order to the Ninth Circuit Court of Appeals, which affirmed in a decision considered extremely favorable to consumer class actions. Conagra petitioned the U.S. Supreme Court for review of the Ninth Circuit's decision. The Supreme Court denied the petition. While appeals were pending, ConAgra

**MILBERG TADLER PHILLIPS GROSSMAN** LLP                                   NEW YORK

removed the "100% Natural" phrase from its Wesson Oils.

- **In re Chase Bank USA, N.A. "Check Loan" Contract Litigation**, No. 09-2032 (N.D. Cal.). Milberg served on the Executive Committee representing the class in this action against JP Morgan Chase & Co. The complaint alleged that Chase improperly increased by 150% the minimum monthly payment requirement for customers who entered into balance transfer loans with "fixed" interest rates that were guaranteed to remain so for the "life of the loan." Milberg and its co-counsel achieved a $100 million settlement for the class.

- **Mason v. Medline**, No. 07-05615 (N.D. Ill.). Milberg successfully represented a healthcare worker in a False Claims Act case against his former employer, Medline Industries, Inc., one of the nation's largest suppliers of medical and surgical products, along with its charitable arm, The Medline Foundation. The suit alleged that Medline engaged in a widespread illegal kickback scheme targeting hospitals and other healthcare providers that purchase medical products paid for by federal healthcare programs. Although a party to the settlement agreement, the U.S. Department of Justice chose not to intervene in the lawsuit. Milberg pursued the case on a non-intervened basis and recovered $85 million on behalf of the federal government -- one of the largest settlements of a False Claims Act case in which the government declined to intervene. The whistleblower was awarded 27.5% of the proceeds.

- **Blessing v. Sirius XM Radio, Inc.**, No. 09-10035 (S.D.N.Y.). This antitrust case stemmed from the 2008 merger of Sirius Satellite Radio, Inc. and XM Satellite Holdings, Inc. that created Sirius XM, the nation's only satellite radio company. The plaintiffs alleged that the merger of the only two U.S. satellite radio providers was an illegal move to eliminate competition and monopolize the satellite radio market. Before the merger, Sirius CEO Mel Karmazin convinced regulators not to block the deal by promising that "the combined company will not raise prices" and that the merger would actually result in "lower prices and more choice for the consumer." After the merger, Sirius quickly reversed course, raised prices by 15-40%, and eliminated multiple radio stations. Milberg achieved a settlement for the class valued at $180 million.

- **In re Initial Public Offering Securities Litigation**, No. 21-MC-92 (S.D.N.Y.). Milberg represented investors in 310 consolidated securities actions arising from an alleged market manipulation scheme. Plaintiffs alleged, among other things, that approximately 55 defendant investment banks, in dealing with certain of their clients, conditioned certain allocations of shares in initial public offerings on the subsequent purchase of more shares in the aftermarket, thus artificially boosting the prices of the subject securities. This fraudulent scheme, plaintiffs alleged, was a major contributing factor in the now infamous technology "bubble" of the late 1990s and early 2000s. As a member of the court-appointed Plaintiffs' Executive Committee, and with certain partners appointed by the court as liaison counsel, Milberg oversaw the efforts of approximately 60 plaintiffs' firms in combating some of the most well-respected defense firms in the nation. In granting final approval to a $586 million settlement on October 5, 2009, the court described the law firms comprising the Plaintiffs' Executive Committee as the "cream of the crop."

- **Carlson v. Xerox**, No. 00-1621 (D. Conn). Milberg served as co-lead counsel in this lawsuit, which consolidated 21 related cases alleging violations of the federal securities laws. Plaintiffs alleged that Xerox and several of its top officers reported false financial results during the class period and failed to adhere to the standard accounting practices the company claimed to have followed. In the course of litigating plaintiffs' claims, Milberg engaged in arduous and exhaustive factual discovery, including review and analysis of more than four million pages of complex accounting and auditing documents and thousands of pages of SEC deposition transcripts. Plaintiffs' claims survived three motions to dismiss and a motion for summary judgment, ultimately resulting in a $750 million settlement, which received final approval on January 14, 2009.

- **In re Tyco International Ltd., Securities Litigation**, MDL 1335 (D.N.H.). Milberg served

**MILBERG TADLER PHILLIPS GROSSMAN** LLP

NEW YORK

as co-lead counsel in this litigation, which involved claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against Tyco and its former CEO, CFO, general counsel, and certain former directors arising out of allegations of Tyco's $5.8 billion overstatement of income and $900 million in insider trading, plus hundreds of millions of dollars looted by insiders motivated to commit the fraud. Plaintiffs also asserted claims under the 1933 and 1934 Acts against PricewaterhouseCoopers LLP for allegedly publishing false audit opinions on Tyco's financial statements during the class period and failing to audit Tyco properly, despite knowledge of the fraud. On December 19, 2007, the court approved a $3.2 billion settlement of the plaintiffs' claims and praised the work of co-lead counsel.

- *In re General Electric Co. ERISA Litigation*, No. 04-1398 (N.D.N.Y.). This ERISA class action was brought on behalf of current and former participants and beneficiaries of the General Electric ("G.E.") 401(k) Plan. Milberg, serving as co-lead counsel, achieved a $40 million settlement on behalf of current and former G.E. employees who claimed that the company's 401(k) Plan fiduciaries imprudently invested more than two-thirds of the Plan's assets in company stock. The settlement included important structural changes to G.E.'s 401(k) plan valued at more than $100 million.

- *In re Biovail Corp. Securities Litigation*, No. 03-8917 (S.D.N.Y.). Milberg, representing Local 282 Welfare Trust Fund and serving as co-lead counsel, litigated this complex securities class action brought on behalf of a class of defrauded investors, alleging that defendants made a series of materially false and misleading statements concerning Canadian company Biovail's publicly reported financial results and the company's then new hypertension/blood pressure drug, Cardizem LA. This was a highly complex case in which counsel took numerous depositions across the U.S. and Canada and obtained documents from defendants and several third-parties, including, among others, UBS, McKinsey & Co., and Merrill Lynch. Milberg obtained a $138 million settlement for the class, and Biovail agreed to institute significant corporate governance changes.

- *In re Nortel Networks Corp. Securities Litigation*, No. 01-1855 (S.D.N.Y.). In this federal securities fraud class action, Milberg served as lead counsel for the class and the court-appointed lead plaintiff, the Trustees of the Ontario Public Service Employees' Union Pension Plan Trust Fund. In certifying the class, the court specifically rejected the defendants' argument that those who traded in Nortel securities on the Toronto Stock Exchange (and not the New York Stock Exchange) should be excluded from the class. The Second Circuit denied the defendants' attempted appeal. On January 29, 2007, the court approved a settlement valued at $1.142 billion.

- *In re American Express Financial Advisors Securities Litigation*, No. 04-1773 (S.D.N.Y.). This case involved allegations that American Express Financial Advisors violated securities laws by representing to class members that the company would provide tailored financial advice, when the company actually provided "canned" financial plans and advice designed to steer clients into American Express and certain nonproprietary mutual funds. The case settled for $100 million, with the settlement agreement requiring that the company institute remedial measures.

- *In re Lucent Technologies, Inc. Securities Litigation*, No. 00-621 (D.N.J.). In this federal securities fraud action in which Milberg served as co-lead counsel, plaintiffs alleged, *inter alia*, that Lucent and its senior officers misrepresented the demand for Lucent's optical networking products and improperly recognized hundreds of millions of dollars in revenues. The settlement provided compensation of $600 million to aggrieved shareholders who purchased Lucent stock between October 1999 and December 2000.

- *In re Raytheon Co. Securities Litigation*, No. 99-12142 (D. Mass.). This case, in which Milberg served as lead counsel, concerned claims that a major defense contractor failed to write down assets adequately on long term construction contracts. In May 2004, Raytheon

MILBERG TADLER PHILLIPS GROSSMAN LLP

NEW YORK

- and its auditor, PricewaterhouseCoopers LLP, settled for a total of $460 million.

- In *In re CMS Energy Corp. Securities Litigation*, No. 02-72004 (E.D. Mich.), a federal securities fraud case arising out of alleged round-trip trading practices by CMS Energy Corporation, Judge Steeh approved a cash settlement of more than $200 million. Milberg served as co-lead counsel in this litigation.

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-9475 (S.D.N.Y.). Milberg served as co-lead counsel in this securities class action alleging that Deutsche Telekom issued a false and misleading registration statement, which improperly failed to disclose its plans to acquire VoiceStream Wireless Corporation and materially overstated the value of the company's real estate assets. In June 2005, Judge Buchwald approved a $120 million cash settlement.

- *In re CVS Corp. Securities Litigation*, No. 01-11464 (D. Mass). Milberg served as co-lead counsel in this class action alleging that defendants engaged in a series of accounting improprieties and issued false and misleading statements which artificially inflated the price of CVS stock. In September 2005, Judge Tauro approved a $110 million cash settlement for shareholders who acquired CVS stock between February 6, 2001, and October 30, 2001.

- *Scheiner v. i2 Technologies, Inc.*, No. 01-418 (N.D. Tex.). Milberg served as lead counsel in this securities fraud case, filed on behalf of certain purchasers of i2 common stock. The plaintiffs alleged that certain of the company's senior executives made materially false and misleading statements and omissions in i2's public statements and other public documents regarding i2's software, thereby artificially inflating the price of i2's common stock. In May 2004, Milberg recovered a settlement of $84.85 million.

- *In re Royal Dutch/Shell Transport ERISA Litigation*, No. 04-1398 (D.N.J.). This was an ERISA breach of fiduciary duty class action against the Royal Dutch/Shell Oil Group of Companies on behalf of certain of the companies' U.S. employee investment plan participants. Notably, the $90 million settlement included important provisions regarding the monitoring and training of individuals appointed to be ERISA fiduciaries.

- In *In re W.R. Grace & Co. (Official Committee of Asbestos Personal Injury Claimants v. Sealed Air Corp. and Official Committee of Asbestos Personal Injury Claimants v. Fresenius Medical Care Holdings, Inc.)*, Nos. 02-2210 and 02-2211 (D. Del.), Milberg acted as lead counsel for the asbestos personal injury and property damage committees in two separate fraudulent conveyance actions within the W.R. Grace bankruptcy. The actions sought to return the assets of Sealed Air Corporation and Fresenius Medical Care Holdings (each of which had been Grace subsidiaries pre-bankruptcy) to the W.R. Grace bankruptcy estate. Complaints in both cases were filed in mid-March 2002, and agreements in principle in both cases were reached on November 27, 2002, the last business day before trial was set to begin in the Sealed Air matter. The two settlements, which consisted of both cash and stock, were valued at approximately $1 billion.

- In *In re NASDAQ Market-Makers Antitrust Litigation*, MDL 1023 (S.D.N.Y.), Milberg served as co-lead counsel for a class of investors. The class alleged that the NASDAQ market-makers set and maintained wide spreads pursuant to an industry-wide conspiracy in one of the largest and most important antitrust cases in history. After more than three years of intense litigation, the case settled for a total of $1.027 billion, one of the largest antitrust settlements at that time.

- *In re Exxon Valdez*, No. 89-095 (D. Alaska) and *In re Exxon Valdez Oil Spill Litigation*, 3 AN-89-2533 (Alaska Sup. Ct. 3d Jud. Dist.). Milberg was a member of the Plaintiffs' Coordinating Committee and co-chair of the Plaintiffs' Law Committee in the massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989. Plaintiffs obtained a jury verdict of $5 billion, which, after years of appeals by Exxon, was reduced to approximately $500 million by the United States Supreme Court.

- In *In re Managed Care Litigation*, MDL 1334 (S.D. Fla.). Final approval of a settlement

**MILBERG TADLER PHILLIPS GROSSMAN**LLP

NEW YORK

between a nationwide class of physicians and defendant CIGNA Healthcare, valued in excess of $500 million, was granted on April 22, 2004. A similar settlement valued in excess of $400 million involving a nationwide class of physicians and Aetna was approved by the court on November 6, 2003. The settlements stem from a series of lawsuits filed in both state and federal courts by physicians and medical associations against many of the nation's largest health insurers arising from allegations that the insurers engaged in a fraudulent scheme to systematically obstruct, reduce, delay, and deny payments and reimbursements to health care providers. These settlements brought sweeping changes to the health care industry and significant improvements to physician-related business practices.

In the context of shareholder derivative actions, Milberg has protected shareholder investments by effectuating important changes in corporate governance as part of the global settlement of such cases. Cases in which such changes were made include:

- *In re Comverse Technology, Inc. Derivative Litigation*, No. 601272/2006 (N.Y. Sup. Ct. N.Y. Cnty.). On December 28, 2009, Milberg announced a $62 million settlement for the derivative plaintiffs, which was approved by the Court on June 23, 2010. The settlement also resulted in significant corporate governance reforms, including the replacement of the offending directors and officers with new independent directors and officers; the amendment of the company's bylaws to permit certain long-term substantial shareholders to propose, in the Company's own proxy materials, nominees for election as directors (proxy access); and the requirement that all equity grants be approved by both the Compensation Committee and a majority of the non-employee members of the Board.

- *In re Topps Co., Inc. Shareholder Litig.*, No. 600715/2007 (N.Y. Sup. Ct. N.Y. Cnty. Apr. 17, 2007). Milberg served as co-lead counsel in this transactional case, which led to a 2007 decision vindicating the rights of shareholders under the rules of comity and the doctrine of *forum non conveniens* to pursue claims in the most relevant forum, notwithstanding the fact that jurisdiction might also exist in the state of incorporation. This case was settled in late 2007 in exchange for a number of valuable disclosures for the class.

- *In re Marketspan Corporate Shareholder Litigation*, No. 15884/98 (N.Y. Sup. Ct. Nassau Cnty.). The settlement agreement in this derivative case required modifications of corporate governance structure, changes to the audit committee, and changes in compensation awards and to the nominating committee.

MILBERG TADLER PHILLIPS GROSSMAN LLP                                                      NEW YORK

# PRECEDENT-SETTING DECISIONS

Milberg has consistently been a leader in developing the federal securities, antitrust, and consumer protection laws for the benefit of investors and consumers. The Firm has represented individual and institutional plaintiffs in hundreds of class action litigations in federal and state courts throughout the country, frequently serving as lead or co-lead counsel. The Firm has also been responsible for establishing many important precedents, including the following:

- ***Platinum Partners v. Chicago Board Options Exchange, Inc.***, No. 1-11-2903 (Ill. App. Ct. 2012). Milberg represented an investment management group in a case against the Chicago Board Options Exchange, Inc. ("CBOE") and Options Clearing Corp. ("OCC"). The plaintiff investment management group alleged that it was injured when the CBOE and OCC privately disclosed strike price information to certain insiders prior to the information being made public. In the interim between the private disclosure and the public announcements, the plaintiff purchased tens of thousands of affected options. The lower court dismissed the complaint on the grounds that the CBOE and OCC, as self-regulatory organizations, were immune from suit. However, the Appellate Court reversed, holding that a private disclosure to insiders served no regulatory purpose and should not be protected from suit. The Illinois Supreme Court declined the defendants' petition for leave to appeal.

- ***In re Lord Abbett Mutual Funds Fee Litigation***, 553 F.3d 248 (3d Cir. 2009). This important decision set significant precedent regarding the scope of preemption under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). In reversing the District Court's dismissal of the plaintiffs' claims, the Third Circuit held that "SLUSA does not mandate dismissal of an action in its entirety where the action includes only some pre-empted claims." In so holding, the court explained that "nothing in the language, legislative history, or relevant case law mandates the dismissal of an entire action that includes both claims that do not offend SLUSA's prohibition on state law securities class actions and claims that do . . . ."

- ***Abdullahi v. Pfizer, Inc.,*** 562 F.3d 163, 170 (2d Cir. 2009). In this matter, the plaintiffs, Nigerian children and their families, asserted claims under the Alien Tort Statute ("ATS") in connection with Pfizer's clinical trial of the drug, Trovan, without their knowledge. In January 2009, the Second Circuit reversed the District Court's dismissal for lack of jurisdiction. The court held that the plaintiffs pled facts sufficient to state a cause of action under the ATS for a violation of international law prohibiting medical experimentation on human subjects without their consent.

- ***South Ferry LP #2 v. Killinger***, 542 F.3d 776 (9th Cir. 2008). The important opinion issued by the Ninth Circuit in this securities fraud class action clarified, in the post-*Tellabs* environment, whether a theory of scienter based on the "core operations" inference satisfies the PSLRA's heightened pleading standard. In siding with the plaintiffs, represented by Milberg, the Ninth Circuit held that "[a]llegations that rely on the core operations inference are among the allegations that may be considered in the complete PSLRA analysis." The court explained that under the "holistic" approach required by *Tellabs*, all allegations must be "read as a whole" in considering whether plaintiffs adequately plead scienter. After remand, the District Court found that the plaintiffs sufficiently alleged scienter under the Ninth Circuit's analysis.

- In ***Tellabs, Inc. v. Makor Issues & Rights, Ltd.***, 551 U.S. 308 (2007), in which Milberg was lead counsel for the class, the United States Supreme Court announced a uniform standard for evaluating the sufficiency of a complaint under the PSLRA. The court held that on a motion to dismiss, a court "must consider the complaint in its entirety," accepting "all factual allegations in the complaint as true," as well as "tak[ing] into account plausible opposing inferences." On remand, the Seventh Circuit concluded that "the plaintiffs have succeeded, with regard to the statements identified in our previous opinion as having been adequately alleged to be false and material, in pleading scienter in conformity with the requirements of the PSLRA. We therefore

MILBERG TADLER PHILLIPS GROSSMAN LLP

NEW YORK

adhere to our decision to reverse the judgment of the district court dismissing the suit." The unanimous decision was written by Judge Richard A. Posner.