# EXHIBIT D

**JOINT DECLARATION IN SUPPORT OF MOTION OF THE RIOT INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We, Kevin Ezell, Frank J. Kosarek, Ben Hughes, Sue Hughes, and Lawrence Handler (collectively, the "Riot Investor Group"), respectfully submit this Joint Declaration in support of our motion for appointment as Lead Plaintiffs and approval of our selection of counsel in the instant class action on behalf of investors in the securities of Riot Blockchain, Inc. ("Riot" or the "Company") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We are informed of and understand the requirements and duties imposed by the PSLRA. We each have personal knowledge about the information in this Joint Declaration.

2.      I, Kevin Ezell, am 54 years old. I am an advisor to the U.S. Department of Defense's Joint Improvised-Threat Defeat Organization and am currently stationed in Afghanistan. I am a resident of North Carolina. I have been investing in the securities markets for 14 years. As reflected in my Certification, I purchased Riot securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

3.      I, Frank J. Kosarek, make this declaration on my own behalf and on behalf of the Francis Kosarek Jr. Trust (the "Trust" and, collectively with myself, the "Kosarek Family"), in my capacity as its Trustee. I am 52 years old and reside in North Carolina. I am a radiologist. I have been investing in the securities markets for 20 years. As reflected in my Certification and the Certification of the Trust, the Kosarek Family purchased Riot securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

4.      We, Ben Hughes and Sue Hughes, are a married couple.  We are respectively 66

and 69 years old and reside in Pennsylvania.  We are both retired, having previously worked for

the U.S. Department of State.  We have been investing in the securities markets for approximately

20 years.  As reflected in our Certifications, we purchased Riot securities during the Class Period

and suffered substantial losses as a result of the violations of the federal securities laws alleged in

this action.

5.      I, Lawrence Handler, am 67 years old.  I reside in Massachusetts.  I am a physician.

I have been investing in the securities markets for 30 years.  As reflected in my Certification, I

purchased Riot securities during the Class Period and suffered substantial losses as a result of the

violations of the federal securities laws alleged in this action.

6.      We believe that the securities class action against Riot is meritorious and should be

led by investors who are committed to maximizing the recovery on behalf of the Class.  Moreover,

we recognize that we are like-minded investors who suffered substantial losses in our investments

in Riot securities.  We also believe that the Class would benefit from a leadership structure in

which a group of Lead Plaintiffs jointly assume the responsibilities of a Class representative.  Prior

to making our Lead Plaintiff motion, we were aware of each other and agreed to work together as

a group for these reasons and seek joint appointment as Lead Plaintiffs in the action, and to that

end authorized our counsel, Pomerantz LLP ("Pomerantz") and Cohen Milstein Sellers & Toll

PLLC ("Cohen Milstein"), to file a motion on our behalves.

7.      Prior to making our Lead Plaintiff motion: (a) we understood that the Lead Plaintiff

role includes evaluating the strengths and weaknesses of the case and prospects for resolution of

this matter; (b) we understood that it is our responsibility to direct counsel with respect to this

litigation, after receiving the benefit of counsel's advice; (c) we understood that as Lead Plaintiffs

we would have a fiduciary obligation to the class to ensure the maximum recovery for all class members and we will communicate regularly with counsel and with one another by email and by telephone regarding major litigation events, such as motions, settlement discussions, trial preparation, and trial; (d) we were aware of each other and agreed to seek lead plaintiff status together; and (e) we agreed that Pomerantz and Cohen Milstein should be Co-Lead Counsel.

8.      We do not anticipate that any disagreements between us will arise and agree to make all efforts, in good faith, to reach consensus with respect to all litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class.  In the event that such a disagreement arises, we agree to resolve such disagreement by a majority vote, in which each of us possesses a number of votes equal to our financial loss in connection with Class Period purchases of Riot securities, calculated in U.S. dollars. We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

9.      We also understand and appreciate the Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor the action to ensure it is prosecuted efficiently.  We have fulfilled this responsibility by selecting and retaining Lead Counsel with a proven history of handling this type of complex litigation.  In this case, we selected Pomerantz and Cohen Milstein to serve as Co-Lead Counsel.  It is our understanding that Riot has significant financial resources and that the Defendants are likely to vigorously litigate this action.  For these reasons, we believe that the Class will benefit from the combined resources and expertise of both Pomerantz and Cohen Milstein.  Based on the firms' experience in achieving substantial recoveries in securities class actions, we agree that both firms are well-qualified to represent the Class.

3

10.     Both firms been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class.  We will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the Class by, among other things, reviewing pleadings, instructing counsel, and/or attending hearings, as necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 17th day of April, 2018.



Frank J. Kosarek

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to the Francis J. Kosarek Jr. Trust are true and correct to the best of my knowledge.

Executed this 17th day of April, 2018.



Frank J. Kosarek

On behalf of the Francis J. Kosarek Jr. Trust, as Trustee

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

statements relating to myself are true and correct to the best of my knowledge.

Executed this 17th day of April, 2018.

EZELL.KEVIN.MAR
CINE.1066477190

Digitally signed by
EZELL.KEVIN.MARCINE.1066477190
DN: c=US, o=U.S. Government, ou=DoD,
ou=PKI, ou=CONTRACTOR,
cn=EZELL.KEVIN.MARCINE.1066477190
Date: 2018.04.17 13:45:04 +04'30'

Kevin Ezell

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 17 day of April, 2018.

Ben Hughes

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 17 day of April, 2018.

Sue Hughes

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed this 17th day of April, 2018.

_Lawrence Handler_   7/2018
FC139F7E2348480...

Lawrence Handler

8