**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O' ROURKE, and JEFFREY G. MCGONEGAL, <br><br> Defendants. | No.: 3:18-cv-02293-FLW-TJB <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SIMON LEE, BRYAN SIEGEL AND VIVEK SINGHAL TO: (1) APPOINT LEAD PLAINTIFFS; AND (2) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL** <br><br> <u>CLASS ACTION</u> <br><br> **MOTION DATE: May 21, 2018** |

Plaintiffs Simon Lee, Bryan Siegel, and Vivek Singhal ("Movants")

respectfully submit this memorandum of law in support of their motion for an

Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934

(the "Exchange Act"), as amended by the Private Securities Litigation Reform Act

of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B):

1

(a)     appointing Movants as Lead Plaintiffs for the Class of all purchasers

and/or acquirers of the securities of Riot Blockchain, Inc. ("Riot Blockchain" or the

"Company") during the period between November 13, 2017 and February 15, 2018,

both dates inclusive (the "Class Period"); and

(b)     approving Movants' selection of The Rosen Law Firm P.A. as Lead

Counsel.

## BACKGROUND

On February 17, 2018, this action was commenced against the Company and

certain of its officers, and/or directors, for violations under the Exchange Act.[1] That

same day, an early notice was issued pursuant to the PSLRA advising class

members of, *inter alia,* the allegations and claims in the Complaint, the Class

Period, and advising class members of their option to seek appointment as Lead

Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of

Laurence Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

According to the Complaint, Defendants throughout the Class Period made

false and/or misleading statements and/or failed to disclose that: (1) Riot

---

[1] Two related actions were subsequently filed in other district courts. *Greenawalt v. Riot Blockchain Inc., et al.*, No. 1:18-cv-00440 (D. Colo. Feb. 22, 2018); *Roys v. Riot Blockchain Inc., et al.*, No. 9:18-cv-80225 (S.D. Fla. Mar. 26, 2018). The *Greenawalt* action was voluntarily dismissed. By Order dated March 28, 2018, the *Roys* action was administratively closed and any pending deadlines were terminated.

Blockchain's principle executive offices were not in Colorado, but rather in Florida in the same location as a large, influential shareholder, Barry C. Honig who had a previous working relationship with Defendant O'Rouke; (2) Riot Blockchain never intended to hold its Annual General Meetings scheduled for December 28, 2017 and February 1, 2018; and (3) as a result, Defendants' statements about Riot Blockchain's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

## ARGUMENT

### I.   MOVANTS SHOULD BE APPOINTED AS LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a

notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all of these criteria and are thus entitled to the presumption that they are the most adequate plaintiffs of the class, and that, as a result, Movants should be appointed as Lead Plaintiffs.

## A. MOVANTS ARE WILLING TO SERVE AS CLASS REPRESENTATIVES

Movants have made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in their certifications, filed concurrently herewith, Movants have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. *See* Rosen Decl. Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the class.

## B. MOVANTS HAVE THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest

financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

In assessing the largest financial interest, courts in the Third Circuit assess the

following three factors in determining the movant with the largest financial interest:

(i) the number of shares the movant purchased during the class period; (ii) the total

net funds the movant expended during the class period; and (iii) the approximate

loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508,

511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of

these factors).

Movants (i) purchased 175,150 shares of Riot Blockchain and 900 options

contracts during the Class Period; (ii) expended over $4.7 million in net funds; and

(iii) lost $1,733,507.47. *See* Rosen Decl., Ex. 3. Movants are not aware of any other

movant that has suffered greater losses in Riot Blockchain securities during the

Class Period. Accordingly, Movants satisfy the largest financial interest

requirement to be appointed as Lead Plaintiffs for the class.

## C. MOVANTS SATISFY THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest

financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise

satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a

class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that Movants satisfy the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Fuwei Films*, at 437.

Movants fulfill the requirements of Rule 23. Movants' claims share substantially similar questions of law and fact with the members of the class, and their claims are typical of those of the members of the class. Movants and all members of the class allege that Defendants violated the Exchange Act by failing to disclose material facts about the Company's business and financial condition. Movants, as did all of the members of the class, purchased the Company's securities at prices artificially inflated by defendants' misstatements and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims

of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movants and other Class members, as well as the strong desire of the proposed Lead Plaintiffs to prosecute this action on behalf of the Class, provide ample reasons to grant the Movants' motion to serve as Lead Plaintiffs.

### D. MOVANTS WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movants' ability, and their desire, to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, the Court should appoint Movants as Lead Plaintiffs for the Class.

Movants have agreed to be in a group for appointment as Lead Plaintiffs.

Each Movant is aware of the other, has agreed to be a class representative and has agreed to have The Rosen Law Firm, P.A. represent them. Movants have also agreed to a mechanism to resolve disputes amongst one another, accomplished by weighing the amount of each Movant's financial loss in this action. Movants are also aware that communication lines are available to them to discuss the action amongst one another, including use of a toll-free conference line.

## II.      MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Movants' and the Class's claims including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in numerous cases throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. The resume of

The Rosen Law Firm, P.A is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) appointing Movants as Lead Plaintiffs; (2) approving Lead Plaintiffs' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: April 18, 2018                     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

_____/s/ Laurence M. Rosen_____
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

9

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April 2018, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Laurence M. Rosen