# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL,<br><br>*Defendants.* | Civil Action No.: 18-2293(FLW)(TJB) |

## MEMORANDUM OF LAW IN SUPPORT OF DR. STANLEY GOLOVAC'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

**LITE DEPALMA GREENBERG**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Counsel for Dr. Stanley Golovac*

**MOTLEY RICE LLC**
Gregg S. Levin
Michael J. Pendell
Joshua L. Littlejohn
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
glevin@motleyrice.com
mpendell@motelyrice.com
jlittlejohn@motleyrice.com

*Counsel for Dr. Stanley Golovac*
*and Proposed Lead Counsel for the Class*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
I.   PRELIMINARY STATEMENT ..................................................................................... 1
II.  FACTUAL BACKGROUND AND ALLEGATIONS .................................................. 2
III. ARGUMENT ................................................................................................................... 3
     A.   Dr. Golovac Should Be Appointed Lead Plaintiff ................................................ 3
          1.   The PSLRA Standard for Appointment of Lead Plaintiff .......................... 3
          2.   Dr. Golovac Is the "Most Adequate Plaintiff" ............................................ 4
               a.   Dr. Golovac has satisfied the PSLRA's procedural
                    requirements .................................................................................... 4
               b.   Dr. Golovac has the largest financial interest in the relief
                    sought by the class .......................................................................... 5
               c.   Dr. Golovac satisfies Rule 23's typicality and adequacy
                    requirements .................................................................................... 5
                    i.   Dr. Golovac's claims are typical of those of the
                         class ..................................................................................... 6
                    ii.  Dr. Golovac will fairly and adequately protect the
                         interests of the class ............................................................ 6
     B.   The Court Should Approve Dr. Golovac's Choice Of Lead Counsel ................... 7
IV.  CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

### Cases

*Bennett v. Sprint Nextel Corp.*,
  No. 2:09-cv-02122-EFM-KMH ............................................................................................... 7

*Fields v. Biomatrix, Inc.*,
  198 F.R.D. 451 (D.N.J. 2000) ............................................................................................... 6

*In re Barrick Gold Securities Litigation*,
  No. 1:13-cv-03851-RPP ....................................................................................................... 7

*In re Biogen, Inc.*,
  Case No. 16-12101-FDS ...................................................................................................... 7

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ......................................................................................... 4, 5, 6

*Lax v. First Merch. Acceptance Corp.*,
  No. 97 C, 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................ 5

*Sklar v. Amarin Corp. PLC*,
   No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051 (D.N.J.) ............................ 4

### Statutes

15 U.S.C. § 78u-4(a)(1) ................................................................................................................ 3

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................. 4, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................................ 7

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................................... 7


**<u>Rules</u>**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 23 (a) ................................................................................................................ 5

Fed. R. Civ. P. 23 (a)(3) ........................................................................................................... 6

Fed. R. Civ. P. 23 (a)(4) ........................................................................................................... 6

Dr. Stanley Golovac ("Dr. Golovac") respectfully submits this Memorandum of Law in support of his Motion, pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 10b-5 promulgated thereunder, for the entry of an order: (i) appointing Dr. Golovac as Lead Plaintiff for a proposed class consisting of all persons and entities, other than Defendants (defined below) and their affiliates, who purchased the publicly traded common stock of Riot Blockchain, Inc. ("Riot" or the "Company") between November 13, 2017 and February 15, 2018, both dates inclusive (the "Class Period"); and (ii) approving Dr. Golovac's selection of Motley Rice LLC ("Motley Rice") to serve as Lead Counsel.

## I. PRELIMINARY STATEMENT

Pending before the Court is a securities fraud class action lawsuit (the "Action") filed against Riot; John O'Rourke, the Chief Executive Officer ("CEO") and a Director of the Company at all relevant times; and Jeffrey G. McGonegal, the Chief Financial Officer ("CFO") of the Company at all relevant times (collectively, "Defendants"). The complaint on file in the Action alleges that during the Class Period, Defendants repeatedly made materially misleading statements and/or failed to disclose information necessary to make various statements not materially misleading, thus artificially inflating the price of its securities. According to the complaint, when these misrepresentations were revealed to the public, the market value of Riot securities declined, causing the proposed class to suffer significant losses and damages.

The PSLRA directs courts to appoint as lead plaintiff the movant with the largest interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") at this stage in the litigation. Dr. Golovac respectfully submits that, pursuant to the PSLRA, he should be appointed to serve as lead plaintiff on behalf of the putative class. Dr. Golovac has the largest financial interest of any movant he knows to be before the Court,

having suffered losses of approximately $463,232. *See* Certification and Loss Chart, Decl. of Joseph DePalma ("DePalma Decl."), Exs. A, B. Dr. Golovac also meets the typicality and adequacy requirements of Rule 23 because, like all members of the putative class, he seeks recovery of losses incurred as a result of Defendants' allegedly false and misleading statements and/or omissions; he is motivated by his large financial loss to vigorously prosecute the Action; and he has committed to fairly and adequately represent the interests of the putative class.

## II.    FACTUAL BACKGROUND AND ALLEGATIONS

Riot purports to operate and invest in blockchain technologies. The Company represents that it focuses on buying cryptocurrency and blockchain businesses, as well as supporting companies offering blockchain applications. Founded in 2000, Riot was formerly known as Bioptix, Inc. The Company radically changed its operations and name on October 4, 2017. Riot is based in Castle Rock, Colorado and its common stock trades on NASDAQ Capital Market ("NASDAQ") under the ticker symbol "RIOT."

Throughout the Class Period, Defendants allegedly made false and/or misleading statements and/or failed to disclose that: (i) Riot lacked a meaningful business plan with respect to the cryptocurrency business and had only minimal investments in cryptocurrency products; (ii) the Company changed its name to Riot Blockchain, Inc. as part of a scheme to capitalize on public interest in cryptocurrency products, thereby driving up the Company's stock price and enriching inside shareholders; and (iii) Riot never intended to hold its Annual General Meetings scheduled for December 28, 2017 and February 1, 2018. As a result of the foregoing, Riot shares allegedly traded at artificially inflated prices during the Class Period.

On February 16, 2018, *CNBC* published a report based on an investigation of Riot. The *CNBC* report noted that Riot's "stock shot from $8 a share to more than $40, as investors wanted to cash in on the craze of all things crypto," but that Riot did not appear to have meaningful

involvement in the cryptocurrency business: "Until October, its name was Bioptix, and it was known for having a veterinary products patent and developing new ways to test for disease." In addition, *CNBC* reported numerous "red flags" in Riot's SEC filings: "annual meetings that are postponed at the last minute, insider selling soon after the name change, dilutive issuances on favorable terms to large investors, SEC filings that are often Byzantine and, just this week, evidence that a major shareholder was getting out while everyone else was getting in."

On this news, Riot's share price fell $5.74, or over 33.37%, to close at $11.46 on February 16, 2018, damaging investors.

As a result of Defendants' alleged wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other class members have suffered significant losses and damages.

**III.   ARGUMENT**

    **A.   Dr. Golovac Should Be Appointed Lead Plaintiff**

        **1.   The PSLRA Standard for Appointment of Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. The notice must advise members of the purported class:

    (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

    (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who:  (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001); *Sklar v. Amarin Corp. PLC*, No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051, at *14-17 (D.N.J.).  This presumption may be rebutted only by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2. Dr. Golovac Is the "Most Adequate Plaintiff"

Dr. Golovac respectfully submits that he is the presumptive "most adequate plaintiff" because he has complied with the PSLRA's procedural requirements, possesses the largest financial interest of any qualified movant, and satisfies Rule 23's typicality and adequacy requirements.

#### a. Dr. Golovac has satisfied the PSLRA's procedural requirements

Dr. Golovac filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice regarding the pending nature of this case was published on *BusinessWire*, a widely-circulated, national, business-oriented news reporting wire service, on February 17, 2018.  *See* Notice, DePalma Decl., Ex. A.  Thus, pursuant to the PSLRA, any member of the proposed class may apply to be appointed Lead Plaintiff within sixty days after publication

4

of the notice, i.e., on or before April 18, 2018. Dr. Golovac has filed his motion within the required timeframe.

### b. Dr. Golovac has the largest financial interest in the relief sought by the class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as that movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The PSLRA does not specify a standard for determining the largest financial interest, but courts in this District typically look to "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *In re Cendant Corp.*, 264 F.3d at 262 (citing *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).

Dr. Golovac expended more than $3.0 million on the purchase of 145,000 shares of Riot common stock during the Class Period, and incurred a loss of approximately $463,232 with net purchases of 50,000 shares of Riot common stock during the Class Period. *See* Certifications and Loss Chart, DePalma Decl., Exs. B, C. Dr. Golovac is unaware of any other movant with a larger financial interest in the outcome of this Action.

### c. Dr. Golovac satisfies Rule 23's typicality and adequacy requirements

The PSLRA directs that a lead plaintiff also must "satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). With respect to class certification, Rule 23(a) requires that: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) such claims are typical of those of the class; and (iv) the representative will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

5

At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23 – a "full examination of the remaining Rule 23 factors should be left for consideration on a motion for class certification." *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000) (citation and internal quotations omitted). Dr. Golovac satisfies these requirements.

### i.   Dr. Golovac's claims are typical of those of the class

Pursuant to Rule 23(a)(3), typicality requires "that a party seeking to represent a class have claims or defenses that are typical of the claims or defenses of the class." *In re Cendant Corp.*, 264 F.3d at 263 (internal quotations omitted); *see* Fed. R. Civ. P. 23(a)(3).

Dr. Golovac satisfies the typicality requirement because his claims arise from the same events and course of conduct and are based on the same legal theories as the claims of the other class members, and he seeks the same relief. Like other class members, Dr. Golovac purchased Riot securities in reliance on the Company's public statements which contained materially false or misleading statements or omissions, and was damaged thereby. Moreover, Dr. Golovac is not subject to any unique or special defenses.

### ii.   Dr. Golovac will fairly and adequately protect the interests of the class

Pursuant to Rule 23(a)(4), the representative party must demonstrate that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy of representation is generally tested against two factors: (1) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (2) the plaintiff must not have interests antagonistic to those of the class." *Fields*, 198 F.R.D. at 457.

Dr. Golovac is motivated to vigorously prosecuted the Action by his large loss, and has committed to fairly and adequately representing the interests of the proposed class. Furthermore,

6

no antagonism exists between the interests of Dr. Golovac and those of absent class members; rather, the interests of Dr. Golovac in recovering his losses are squarely aligned with that of the class.  Dr. Golovac also has demonstrated his adequacy by retaining counsel highly experienced in vigorously and efficiently prosecuting securities class actions, as discussed further in the next section.  Accordingly, Dr. Golovac satisfies the adequacy requirement.

**B.     The Court Should Approve Dr. Golovac's Choice Of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  A court should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Dr. Golovac has selected as lead counsel Motley Rice, a firm with substantial experience representing defrauded investors. The firm also has a demonstrated history of success, having served as lead counsel in numerous securities fraud class actions. *See In re Biogen, Inc.*, Case No. 16-12101-FDS, ECF No. 52 (D. Mass. Feb. 1, 2017) (approving lead plaintiff's choice of Motley Rice as lead counsel for the class and noting that "the firm has successfully handled a number of shareholder and securities class actions").  Motley Rice's experience in the prosecution of securities class actions is derived from, among other things, its service as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, ECF No. 23 (D. Kan. June 5, 2009). On August 12, 2015, the *Sprint* court approved a settlement of $131 million for the class. Motley Rice also has served as sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP, ECF No. 26 (S.D.N.Y. Aug. 9, 2013). The court in that case approved a settlement of $140 million for the class on December 2, 2016. *See* Motley Rice Firm Resume, DePalma Decl., Ex. D.  Thus, the Court may be assured that by granting this motion, the class will receive the highest caliber of legal representation.

7

Accordingly, the Court should approve Dr. Golovac's selection of Motley Rice as Lead Counsel for the putative class.

IV.     CONCLUSION

For the foregoing reasons, Dr. Golovac respectfully requests that the Court: (i) appoint Dr. Golovac as Lead Plaintiff for the class; and (ii) approve Dr. Golovac's selection of Motley Rice as Lead Counsel for the putative class.

DATED:  April 18, 2018             **LITE DEPALMA GREENBERG**

  /s/ Joseph J. DePalma
Joseph J. DePalma
570 Broad Street
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Counsel for Dr. Stanley Golovac*

**MOTLEY RICE LLC**
Gregg S. Levin
Michael J. Pendell
Josh Littejohn
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
glevin@motleyrice.com
mpendell@motelyrice.com
jlittlejohn@motleyrice.com

*Counsel for Dr. Stanley Golovac
and Proposed Lead Counsel for the Class*

8