Sherief Morsy (#125042015)
Email: smorsy@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

Richard W. Gonnello (*pro hac vice* forthcoming)
Email: rgonnello@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Proposed Lead Plaintiff Wai Lau*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL,<br><br>   Defendants. | No. 3:18-cv-02293-FLW-TJB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF WAI LAU'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>CLASS ACTION<br><br>Motion Date:  May 21, 2018 |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.   LAU SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ...................... 2

    A.   The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff ............. 2

    B.   Under the PSLRA, Lau Should Be Appointed Lead Plaintiff .................................. 3

        1.   Lau Filed a Timely Motion .......................................................................... 3

        2.   Lau Has the Largest Financial Interest in the Relief Sought by the Class ................................................................................................................ 4

        3.   Lau Meets Rule 23's Typicality and Adequacy Requirements ................... 5

II.  LAU'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED ........................................................................................................................ 7

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**          Page(s)

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) .........................................................................5, 6

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)..................................................................................3, 5

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014).........................................................................7

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009).....6

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 54939 (S.D.N.Y. May 19, 2011)........6

*Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*,
   No. 3:15-cv-7350, 2016 U.S. Dist. LEXIS 68952 (D.N.J. May 26, 2016)................2

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998)...................................................................................3

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 8, 2008) ....5

*In re Party City Sec. Litig.*,
   189 F.R.D. 91 (D. N.J. 1999)................................................................................4, 5

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) ..............................................................................6

*Quan v. Advanced Battery Techs., Inc.*,
   No. 11 Civ. 2279 (CM), 2011 U.S. Dist. LEXIS 102723 (S.D.N.Y. Sept. 9, 2011) .............5, 6

*Sklar v. Amarin Corp. PLC*,
   No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051 (D.N.J. July 29, 2014).........4

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
   780 F.3d 597 (4th Cir. 2015) ....................................................................................8

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................ *passim*

**Other Authorities**

Rule 23(a)(4) ................................................................................................................6

Movant Wai Lau ("Lau") as custodian for his minor children Klara Lau and Tyler Feng respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of his motion for the entry of an order (1) appointing Lau as Lead Plaintiff for the above-captioned action (the "Action") and (2) approving Lau's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

The Action presently pending before this Court is a securities class action brought on behalf of a putative class (the "Class") of investors who purchased publicly traded securities of Riot Blockchain, Inc. ("Riot") from November 13, 2017 through February 15, 2018, both dates inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws and pursue remedies under the Exchange Act.

Congress established a presumption in the PSLRA that requires the Court to appoint the most adequate plaintiff as the Lead Plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The most adequate plaintiff is the person who has the "largest financial interest in the litigation" and who also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).[1]

With losses of $66,995.33, Lau, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Lau also satisfies Rule 23's typicality and adequacy requirements. Lau's claims are typical of the Class's claims because he suffered losses on his Riot investments as a result of the defendants' false and misleading statements. Further, Lau has no conflict with the Class and will adequately protect the Class's interests given his

---

[1] All internal citations and quotations are omitted, and all emphases are added unless otherwise noted.

significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certifications and selection of experienced class counsel. Accordingly, Lau is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Lau is entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Lau has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it has substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Lau's motion should be granted in its entirety.

## ARGUMENT

### I. LAU SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

#### A. The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(I). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*, No. 3:15-cv-7350, 2016 U.S. Dist. LEXIS 68952, at *11 (D.N.J. May 26, 2016) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members." Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

>   (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262-63 (3d Cir. 2001) (describing the PSLRA's process for determining the "most adequate plaintiff").

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a Class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cendant*, 264 F.3d at 222.

### B. Under the PSLRA, Lau Should Be Appointed Lead Plaintiff

As discussed below, Lau should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Lau holds the largest financial interest of any movant, and Lau otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1. Lau Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Action was required to publish notice within twenty (20) days of its filing. Counsel for first-filed plaintiff Creighton Takata published notice of the lead plaintiff deadline via *Business Wire* on February 17, 2018. *See* Ex. A;[2] *see also In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 413 n.10 (D.N.J. 1998) (considering publication in *Business Wire* to be sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to

---

[2] All Exhibits referenced herein are annexed to the Declaration of Sherief Morsy, dated April 18, 2018, filed herewith.

3

seek to be appointed lead plaintiff within 60 days after publication of the notice (*i.e.*, on or by April 18, 2018). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, Lau's motion is timely filed. Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, 15 U.S.C. § 78u-4(a)(2), Lau timely signed and submitted the requisite certifications, identifying all of his relevant Riot trades during the Class Period, and detailing his suitability to serve as Lead Plaintiff in this case. *See* Ex. B. The PSLRA's procedural requirements have therefore been met.

### 2. Lau Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to four factors in the inquiry: (1) the number of shares purchased by the movant during the class period; (2) the number of net shares purchased by the movant during the class period; (3) the total net funds expended by the movant during the class period; and (4) the approximate losses suffered by the movant. *See In re Party City Sec. Litig.*, 189 F.R.D. 91, 105 (D. N.J. 1999). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Sklar v. Amarin Corp. PLC*, No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051, at *19 n.3 (D.N.J. July 29, 2014).

Overall, during the Class Period, Lau purchased 33,000 total and 13,000 net Riot shares, expended $178,042.48 in net funds, and suffered losses of $66,995.33 when calculated using a last in, first out ("LIFO") methodology. *See* Ex. C. Lau is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. Lau Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See Cendant*, 264 F.3d at 264.

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, the claims of the class representative need not be identical to those of all members of the class." *Id.*; *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 8, 2008) ("Indeed, [t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

Lau's claims are clearly typical of the Class's claims. Lau purchased Riot securities during the Class Period, suffered damages as a result of the Company's allegedly false and misleading statements, and possesses claims against Riot and certain of its officers under the federal securities laws. Because the factual and legal bases of Lau's claims are similar, if not identical, to those of the Class's claims, Lau necessarily satisfies the typicality requirement. *See Party City*, 189 F.R.D. at 107 n.13; *Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 U.S. Dist. LEXIS 102723, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as other movants, plaintiffs, and potential class members, and [] he is alleging

5

violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *15 (S.D.N.Y. July 29, 2009 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel.").

As evidenced by the representations in his certifications, Lau's interests are perfectly aligned with—and by no means antagonistic to—the Class's interests. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 54939, at *2-3 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *Blackmoss*, 252 F.R.D. at 191 (same).

Lau has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. D. Consequently, Lau is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

6

In light of the foregoing, Lau respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II.  LAU'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval.  Lau has selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Ex. D; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (Wood, J.) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995.  Faruqi & Faruqi achieved successful outcomes in many of these cases.").  For example, the Faruqi Firm has previously obtained significant recoveries for injured investors.  *See, e.g.*, *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in the parallel state action, obtained final approval of a $13 million global settlement of the state and federal actions); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v.*

*Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd*., 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Bielousov v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal.) (where, as sole lead counsel for the class, the firm defeated defendants' motion to dismiss); *Loftus v. Primero Mining*

8

*Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class);

*Cabrera Jr. v. Tahoe Resources Inc.*, No. 1:17-cv-05155-AT (S.D.N.Y.) (appointed as sole lead counsel for the class).

## CONCLUSION

For the foregoing reasons, Lau respectfully requests that the Court (1) appoint Lau as Lead Plaintiff for the Action; (2) approve Lau's selection of the Faruqi Firm as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated:  April 18, 2018                         Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:_____*/s/ Sherief Morsy*_____
Sherief Morsy (#125042015)

Sherief Morsy
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
Email: smorsy@faruqilaw.com

Richard W. Gonnello (*pro hac vice* forthcoming)
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail:  rgonnello@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Wai Lau and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2018, I caused true and correct copies of the foregoing to be served on all counsel of record via the CM/ECF system.


Dated: April 18, 2018                                          By: /s/ *Sherief Morsy*
                                                                    Sherief Morsy (#125042015)