**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O' ROURKE, and JEFFREY G. MCGONEGAL,<br><br>    Defendants. | No.: 3:18-cv-02293-FLW-TJB<br><br>**OPPOSITION OF SIMON LEE, BRYAN SIEGEL, AND VIVEK SINGHAL TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br><u>CLASS ACTION</u><br><br>**MOTION DATE: May 21, 2018** |

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................1
       ARGUMENT ...............................................................................3

II.    LEE, SIEGEL, & SINGHAL SHOULD BE APPOINTED LEAD

       PLAITNIFFS..............................................................................3

       A. Lee, Siegel, & Singhal Have Triggered the Most Adequate Plaintiff

       Presumption..............................................................................3

              1. Lee, Siegel, & Singhal Have the Largest Financial Interest........3

              2. Lee, Siegel, & Singhal are an Appropriate Group .......................4

       B. Competing Movants Cannot Rebut the Presumption in Favor of Lee,

       Siegel, & Singhal ......................................................................8

II.    LEE, SIEGEL, & SINGHAL'S SELECTION OF COUNSEL SHOULD

       BE  APPROVED ..........................................................................8

IV.    COMPETING MOTIONS SHOULD BE DENIED...................................9

V.     CONCLUSION ...........................................................................9

i

# TABLE OF AUTHORITIES

**Cases**

*Constance Sczesny Trust v. KPMG LLP*,

    223 F.R.D. 319 (S.D.N.Y. 2004)...........................................................................8

*Goldstein v. Puda Coal, Inc.*,

    827 F.Supp.2d 348 (S.D.N.Y. 2011) .............................................................4, 5

*In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*,

    2009 WL 2710413 (N.D. Cal. Aug. 26, 2009)......................................................7

*In re Cendant Corp. Litig.*,

    264 F.3d 201 (3d Cir. 2001) .........................................................................*passim*

*Sofran v. LaBranche & Co.*,

    220 F.R.D. 398 (S.D.N.Y.2004)...........................................................................8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...............................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)........................................................................2, 8

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................8

Plaintiffs Simon Lee, Bryan Siegel, and Vivek Singhal ("Movants" or "Lee, Siegel, & Singhal" or the "Group"), file this opposition to the competing lead plaintiff motions.

## I.   INTRODUCTION

The standard for selecting a Lead Plaintiff is well established. <u>First</u> the Court must identify the presumptive "most adequate" plaintiff by identifying the movant with the largest financial interest that has otherwise made a *prima facie* demonstration of typicality and adequacy. *See In re Cendant Corp. Litig*., 264 F.3d 201, 263-65 (3d Cir. 2001); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[T]he court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive." *Cendant*, 264 F.3d at 264. At this stage, "[i]n keeping with the statutory text … the court generally will not consider … any arguments by other members of the putative class; rather, such allegations should be dealt with in terms of assessing whether the lead plaintiff presumption has been rebutted rather than in terms of deciding whether it has been triggered." *Id*.

<u>Second</u>, the Court must provide class members an opportunity to rebut the presumption in favor of the "most adequate plaintiff." The presumption, however, may be rebutted only upon "*proof*" by a class member that "the presumptively most adequate plaintiff–(aa) will not fairly and adequately protect the interests of the

class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Cendant*, 264 F.3d at 268 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). "If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *Id.* If the presumption has been rebutted with *proof*, then the district court starts the process anew with movant with the next largest financial interest. *Id.*

Utilizing this required procedure, confirms that Lee, Siegel, & Singhal, who have the largest financial interest and have made a *prima facie* showing of adequacy and typicality, are the presumptive "most adequate plaintiff."

Competing movants, some that are unrelated groups themselves, may argue that the Lee, Siegel, & Singhal should not be appointed because they are an unrelated group of shareholders. In the Third Circuit there is no presumption that a group of unrelated investors cannot be appointed lead plaintiff. *Cendant*, 264 F.3d at 266. The test is whether Lee, Siegel, & Singhal can "fairly and adequately protect the interests of the class." Where, as here, a group consists of educated and experienced investors that have agreed to work in a group and have submitted evidence showing the group structure, decision-making, and cooperative intentions, courts have approved such groups as lead plaintiff.

Because Lee, Siegel, & Singhal have the largest financial interest and made a *prima facie* showing of adequacy and typicality, and thus are entitled to the

2

statutory presumption in their favor, and the competing movants have failed to rebut the presumption with proof, the Court should appoint Lee, Siegel, & Singhal as Lead Plaintiffs and approve their selection of The Rosen Law Firm, P.A. as Lead Counsel.

## ARGUMENT

## II.    LEE, SIEGEL, & SINGHAL SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.    Lee, Siegel, & Singhal Have Triggered the Most Adequate Plaintiff Presumption

#### 1.    Lee, Siegel, & Singhal Have the Largest Financial Interest

Lee, Siegel, & Singhal have the largest financial interest as a group and the top two losses individually. As a group, they lost over $1.73 million. Individually, the Group members have the top two individual losses of individual before the Court:

| Movant | Loss |
| --- | --- |
| 1. Lee, Siegel, & Singhal | $1,733,507.47 |
| 1a. Lee | $696,525.73 |
| 1b. Siegel | $457,609.28 |
| 1c. Singhal | $579,372.47 |
| 2. Wai Lau | $66,995.33 |
| 3 Klapper, Ranna, Estoesta Group | $715,015.25 |
| 3a. Klapper | $331,085.78 |
| 3b. Ranna | $267,642 |
| 3c. Estoesta | $116,287.47 |
| 4. Pao Kue | $72,784.32 |
| 5. Stanley Golovac | $463,231.95 |
| 6. Riot Investor Group | $643,117 |

3

| | |
|---|---|
| 6a. Kosarek Family | $250,800 |
| 6b. Kevin Ezell | $173,757 |
| 6c. Ben Hughes | $60,174 |
| 6d. Sue Hughes | $66,654 |
| 6e. Laurence J. Handler | $91,731 |
| 7. Saroor Alam | $110,412.63 |

### 2.      Lee, Siegel, & Singhal are an Appropriate Group

The Third Circuit explained in *Cendant* that it "disagree[s] with those courts that have held that the [PSLRA] invariably precludes a group of 'unrelated individuals' from serving as lead plaintiff." 264 F.3d at 266. The Circuit explained that the relevant question in assessing a group under the PSLRA is whether "such group 'fairly and adequately protect the interests of the class.'" *Id.* While refusing to establish bright-line rules and explaining that a "rule of reason" applies, the *Cendant* court provided a non-exhaustive list of factors relevant to determination of whether a group will fairly and adequately protect the interest of the class: (a) whether there is preexisting relationship exist amongst members; (b) the size of the group; and (c) whether the group structure demonstrates lawyer-driven litigation, *e.g.*, solely to create the largest financial interest and win the appointment of lead plaintiff. *Id.*, at 266-67; *see, also, Goldstein v. Puda Coal, Inc.*, 827 F.Supp.2d 348, 356 (S.D.N.Y. 2011) (observing that "majority of courts" permit unrelated investors on a case-by-case basis).

Other courts follow this rule and have articulated additional factors on

whether a group will "fairly and adequately protect the interest of the class." *E.g.*, *Puda Coal*, 827 F.Supp.2d at 357 (court considering: "why the individual members chose to work as a group; how the group intends to function collectively, including how they plan to communicate; the protocol the group will use to address disagreements; background information regarding individual members of the group; and the members' willingness to accept the role and responsibilities of lead plaintiff.").

While Lee, Siegel, & Singhal do not have a preexisting relationship, as explained in their opening papers, among other things, they were aware of each other and the duties of being a lead plaintiff and class representative, agreed to be lead plaintiffs and class representatives, agreed to retain The Rosen Law Firm, P.A., agreed to a mechanism to resolve disputes, and have a conference call line in place to communicate.  (Dkt. No. 15 at 7-8).

Additionally, Lee, Siegal, & Singhal submit herewith the Joint Declaration in Support of Motion of Simon Lee, Bryan Siegel, and Vivek Singhal for Consolidation, Appointment as Lead Plaintiffs and Approval of Selection of Counsel ("Joint Decl.") further explaining their backgrounds and providing additional evidence that they can fairly and adequately protect the interests of the class. *See* Declaration of Laurence M. Rosen in Further Support of Motion of Simon Lee, Bryan Siegel, and Vivek Singhal to: (1) Appoint Lead Plaintiffs; and

5

(2) Approve Lead Plaintiffs' Selection of Counsel, filed herewith, Ex.1.

The Joint Declaration evidences the members' client-driven reasons for deciding to work in a group. Specifically, the Joint Declaration states that they chose to work in a group as they are like-minded investors who still hold shares in the Company and the Class would benefit from their leadership structure. Joint Decl., ¶5. The Group is comprised of experienced and sophisticated investors including: (i) a self-employed professional who has been investing for approximately 15 years; (ii) a computer programmer who has been investing for approximately 15 years; and (iii) a commercial real estate broker who has been investing for approximately 15 years. Joint Decl. ¶¶2-4. There is no doubt that this accomplished group can adequately monitor this action and counsel as well as adequately represent the Class. Each Group member understands that they have "fiduciary obligations to the class to ensure the maximum recovery for all class members[.]" Joint Decl. ¶6. The members further "understand and appreciate the Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor the action to ensure it is prosecuted efficiently." Joint Decl. ¶9. In addition, each has indicated their understanding that part of a Lead Plaintiff's role is "evaluating the strengths and weaknesses of the case and prospects for resolution of this matter" and each are prepared to satisfy these obligations. Joint Decl. ¶6.

Accordingly, the Group members have expressed their intention to

6

communicate via email or by telephone with other group members "regarding major litigation events, such as motions, settlement discussions, trial preparation, and trial" and have discussed the actions they will continue to take "to ensure that the Class's claims will be zealously and efficiently litigated." Joint Decl. ¶¶6, 8. Lastly, the Group members, while not anticipating disagreements, have agreed to a mechanism to resolve disputes should they arise. Joint Decl., ¶7. Courts have found such an evidentiary showing is sufficient to demonstrate the adequacy of a proposed group. *See, e.g., Goldstein*, 827 F.Supp.2d at 356-57; *In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*, 2009 WL 2710413, at *3 (N.D. Cal. Aug. 26, 2009) (noting movants demonstrated their adequacy to serve as lead plaintiffs by "submit[ting] declarations attesting that they will work together to monitor the litigation and to ensure the litigation is efficiently prosecuted.").

Additionally, Lee, Siegel, & Singhal consist of three members—a presumptively acceptable size for a group. *See Cendant*, 264 F.3d at 267 ("We do, however, agree with the Securities and Exchange Commission that courts should generally presume that groups with more than five members are too large to work effectively.").

Given that Lee, Siegel, & Singhal have the largest financial interest and is an appropriate group, the Group is entitled to the presumption it is the "most adequate plaintiff." *See Cendant*, 264 F.3d at 263-65 (explaining under the PSLRA the class

member with the largest financial interest and who otherwise made a *prima facie* showing of adequacy and typicality, is entitled to the statutory presumption).

### B. Competing Movants Cannot Rebut the Presumption in Favor of Lee, Siegel, & Singhal

The presumption that the Group is the "most adequate plaintiff" "may be rebutted only upon proof." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cendant*, 264 F.3d at 264; *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y.2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation"); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence ….").

In this case, not only have competing movants failed to prove that the Group will not fairly and adequately protect the interest of the class, they have not offered *any evidence at all* that the Group will not do so.

## III. LEE, SIEGEL, & SINGHAL'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant,* 264 F.3d at 273 ("the power to 'select and retain' lead counsel belongs, at least in the first instance, to the lead plaintiff, and the court's role is confined to deciding whether to

8

'approv[e]' that choice."). Here, the Group selected The Rosen Law Firm as Lead Counsel. Joint Decl. ¶¶5, 9. As demonstrated in their opening papers (Dkt. No. 15 at 8-9) the firm has the expertise to litigate this action efficiently and aggressively. As such, the Group's selection of counsel should be approved.

## IV.   COMPETING MOTIONS SHOULD BE DENIED

Lee, Siegel, & Singhal have the largest financial interest and have made a *prima facie* showing of adequacy and typicality. Accordingly, the Group is the presumptive lead plaintiff. Because the competing movants cannot rebut the presumption with ***proof***, Lee Siegel, & Singhal's motion should be granted in its entirety and the competing motions should be denied.

In no way are Lee, Siegel, & Singhal conceding or acknowledging that the competing movants are adequate or that their claims are typical. The Group reserves the right to address the competing movants' adequacy or typicality, should the Court reach those issues.

## V.   CONCLUSION

For the reasons stated herein, and in Lee, Sigel, & Singhal's opening papers, the Group respectfully requests that the Court grant their motion in its entirety and deny the competing movants' motions.

Dated: May 7, 2018                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and
 Class

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of May 2018, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Laurence M. Rosen