UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated, : <br> : <br> *Plaintiff*, : <br> : <br> v. : <br> : <br> RIOT BLOCKCHAIN, INC. F/K/A, : <br> BIOPTIX, INC., JOHN O'ROURKE, and : <br> JEFFREY G. MCGONEGAL, : <br> : <br> *Defendants*. : <br> : | Civil Action No.: 18-2293(FLW)(TJB) <br><br> CLASS ACTION <br><br> ORAL ARGUMENT REQUESTED <br><br> MOTION DATE:  May 21, 2018 |

**DR. STANLEY GOLOVAC'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| **LITE DEPALMA GREENBERG** <br> Joseph J. DePalma <br> 570 Broad Street, Suite 1201 <br> Newark, NJ 07102 <br> Telephone: (973) 623-3000 <br> Facsimile: (973) 623-0858 <br> jdepalma@litedepalma.com <br><br> *Counsel for Dr. Stanley Golovac* | **MOTLEY RICE LLC** <br> Gregg S. Levin <br> Michael J. Pendell <br> Joshua C. Littlejohn <br> 28 Bridgeside Blvd. <br> Mt. Pleasant, SC  29464 <br> Telephone: (843) 216-9000 <br> Facsimile: (843) 216-9450 <br> glevin@motleyrice.com <br> mpendell@motelyrice.com <br> jlittlejohn@motleyrice.com <br><br> *Counsel for Dr. Stanley Golovac* <br> *and Proposed Lead Counsel for the Class* |

738545.1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.    PRELIMINARY STATEMENT ............................................................................................1

II.    ARGUMENT .......................................................................................................................2

        A.    The Competing Movants Are Loose Groupings of Unrelated Individuals That Have Not Demonstrated an Ability to Act Independently of Counsel ............2

            1.    The Lee-Siegel-Singhal Group ..................................................................4

            2.    The Klapper Rana & Estoesta Group.........................................................5

            3.    The Riot Investor Group .............................................................................7

        B.    Counsel for the Competing Movant-Groups Have Recognized That Groups That Have Failed to Establish Their Cohesiveness and Ability to Act Independently of Counsel Are Not Appropriate Lead Plaintiffs ......................8

III.    CONCLUSION..................................................................................................................11

## TABLE OF AUTHORITIES

**CASES**

*Eichenholtz v. Verifone Holdings, Inc.*,
  No. C 07-06140 MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ...................................... 4

*Frias v. Dendreon Corp.*,
  835 F. Supp. 2d 1067 (W.D. Wash. 2011) ................................................................... 6, 7, 8

*Goldberger v. PXRE Group, Ltd.*,
  No. 06-CV-3410 (KMK), 2007 WL 980417 (S.D.N.Y. Mar. 30, 2007) ................................... 5

*In re Cendant Corp. Litigation*,
  264 F.3d 201 (3d Cir. 2001) ........................................................................................ 2, 7

*In re Gemstar-TV Guide International, Inc. Securities Litigation*,
  209 F.R.D. 447 (C.D. Cal. 2002) ...................................................................................... 7

*In re Gentiva Securities Litigation*,
  281 F.R.D. 108 (E.D.N.Y. Jan. 26, 2012) ......................................................................... 6

*In re Jones Soda Co. Securities Litigation*,
  No. C07-1366RSL, 2008 WL 418002 (W.D. Wash. Feb. 12, 2008) ..................................... 9

*In re Lernout & Hauspie Securities Litigation*,
  138 F. Supp. 2d 39 (D. Mass. 2001) ................................................................................ 3

*In re Milestone Scientific Securities Litigation*,
  183 F.R.D. 404 (D.N.J. 1998) ....................................................................................... 10

*In re Razorfish, Inc. Securities Litigation*,
  143 F. Supp. 2d 304 (S.D.N.Y. 2001) .............................................................................. 7

*In re Tarragon Corp. Securities Litigation*,
  No. 07 CIV 7972(PKC), 2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007) ............................... 3, 4

*In re Telxon Corp. Securities Litigation*,
  67 F. Supp. 2d 803 (N.D. Ohio 1999) ............................................................................. 5

*In re Veeco Instruments Inc. Securities Litigation*,
  233 F.R.D. 330 (S.D.N.Y. 2005) ..................................................................................... 8

*In re Versata, Inc., Securities Litigation*,
  No. C 01-1439 SI, 2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) ..................................... 3

738545.1


*In re Waste Management, Inc. Securities Litigation*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) ................................................................................... 3

*International Union of Operating Engineers Local No. 478 Pension Fund v. FXCM Inc.*,
    No. 15-CV-3599 (KMW), 2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015) .................................. 6

*In re Level 3 Communications, Inc. Securities Litigation*,
    No. 09-cv-00200-PAB-CBS, 2009 WL 10684924 (D. Colo. May 4, 2009) ......................... 3, 10

*Reimer v. Ambac Financial Group, Inc.*,
    No. 08 Civ. 411(NRB), 2008 WL 2073931 (S.D.N.Y. May 9, 2008) ........................................ 6

*Schonfield v. Dendreon Corp.*,
    No. C07-800MJP, 2007 WL 2916533 (W.D. Wash. Oct. 4, 2007) .......................................... 5

*Schriver v. Impac Mortgage Holdings, Inc.*,
    No. SACV 06-31 CJC (RNBx), 2006 WL 6886020 (C.D. Cal. May 2, 2006) ...................... 4, 5

*Smith v. Suprema Specialties, Inc.*,
    206 F. Supp. 2d 627 (D.N.J 2002) ........................................................................................ 5

*Tsirekidze v. Syntax-Brillian Corp.*,
    No. CV-07-2204-PHX-FJM, 2008 WL 942273 (D. Ariz. Apr. 7, 2008) ............................. 9, 10

*Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ............................................................................ 1, 3, 8

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................ 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................... 2

15 U.S.C. § 78u-4(e) .................................................................................................................. 5

738545.1

Dr. Stanley Golovac ("Dr. Golovac") respectfully submits this Memorandum of Law in further support of his Motion, ECF No. 17, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for appointment as lead plaintiff and approval of his selection of lead counsel, and in opposition to all competing motions.

**I.    PRELIMINARY STATEMENT**

Seven lead plaintiff motions have been filed with the Court by investors who purchased securities of Riot Blockchain, Inc. ("Riot") between November 13, 2017 and February 15, 2018 (the "Class Period"). In addition to Dr. Golovac's motion, motions were filed by: (i) Simon Lee, Bryan Siegel, and Vivek Singhal (the "Lee-Siegel-Singhal Group"), ECF No. 14; (ii) Joseph J. Klapper Jr., Ashish Rana, and Sonia Estoesta (the "Klapper Rana & Estoesta Group"), ECF No. 19; (iii) Kevin Ezell, Frank Kosarek, Francis Kosarek Jr. Trust, Ben Hughes, Sue Hughes, and Lawrence Handler (the "Riot Investor Group"), ECF No. 11; (iv) Saroor Alam, ECF No. 10; (v) Paul Kue, ECF No. 7; and (vi) Wai Lu, ECF No. 18.

Pursuant to the PSLRA, the Court should appoint as lead plaintiff the movant with the largest interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") at this stage in the litigation. In this case, ***three*** of the movants are groups of unaffiliated individual investors who have not shown how they will function cohesively or independently of their counsel. *See, e.g.*, *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) (holding "a proposed group ***must proffer an evidentiary showing*** that unrelated members of a group will be able to ***function cohesively*** and to ***effectively manage the litigation apart from their lawyers*** before its members will be designated as presumptive lead plaintiffs") (emphasis added).

The remaining ***four*** movants are individuals who seek sole appointment as lead plaintiff. Of those four movants, Dr. Golovac has by far the largest financial interest in the relief sought by

738545.1

the class, having lost approximately $463,232 on his investment in Riot common stock during the Class Period.  ECF No. 17-2 at 12.  As demonstrated in his opening brief, Dr. Golovac also meets the typicality and adequacy requirements of Rule 23, and he is not subject to the type of coordination or collective action problems that can affect groups.  ECF No. 17-1 at 6-7.  Accordingly, the Court should appoint Dr. Golovac lead plaintiff on behalf of the putative class.

## II.   ARGUMENT

### A.   The Competing Movants Are Loose Groupings of Unrelated Individuals That Have Not Demonstrated an Ability to Act Independently of Counsel

To benefit from the presumption that it is the "most adequate plaintiff" entitled to appointment as lead plaintiff, a movant must have the largest loss of any movant still under consideration *and* demonstrate that it satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc).  Importantly, in the first instance, the burden is on the party seeking appointment to show that it satisfies Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining ***whether the movant has made a* prima facie *showing of typicality and adequacy***.") (emphasis added).  Only after the movant makes such a showing, does the burden of proof shift to the opposing movants to rebut the presumption through evidence that the presumptive plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

"[T]o enjoy the rebuttable presumption that the statute confers," a proposed group must present "some evidence that the members of the group will act collectively and separately from their lawyers."  *In re Tarragon Corp. Sec. Litig.*, No. 07 CIV 7972(PKC), 2007 WL 4302732, at

2

\*2 (S.D.N.Y. Dec. 6, 2007); *see also In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 44 (D. Mass. 2001) ("[A] Court should not blindly aggregate the losses of unrelated plaintiffs to confer lead plaintiff status on a group without considering whether the grouping is sufficiently coherent to control the litigation."); *In re Level 3 Commc'ns, Inc. Sec. Litig.*, No. 09-cv-00200-PAB-CBS, 2009 WL 10684924, at \*4 (D. Colo. May 4, 2009) (finding proposed lead plaintiff group "ha[d] not submitted evidence demonstrating a likelihood that its constituents will act in a cohesive fashion and affirmatively control this litigation and their shared counsel"); *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 413 (S.D. Tex. 2000) ("The burden is on those seeking to aggregate to demonstrate the cohesiveness of their purported 'group.'"). "Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Varghese*, 589 F. Supp. 2d at 392. At the very least, courts typically require "'an explanation of how [a group's] members would function collectively, and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation.'" *In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at \*5 (N.D. Cal. Aug. 20, 2001).

In this case, three movants—the Lee-Siegel-Singhal Group, the Klapper Rana & Estoesta Group, and the Riot Investor Group—claim losses that are greater than Dr. Golovac's losses. However, none of those three movants has made a preliminary showing that their proposed group of unrelated investors is able to function cohesively and to manage the litigation effectively apart from their lawyers. This deficiency requires their disqualification.

3

738545.1

1.     **The Lee-Siegel-Singhal Group**

The movant with the largest claimed loss, the Lee-Siegel-Singhal Group, states that "[e]ach Movant is aware of the other," "has agreed to have The Rosen Law Firm, P.A. represent them," and is "aware that communication lines are available to them to discuss the action amongst one another, including use of a toll-free conference line." ECF No. 15 at 8. The motion and accompanying documents submitted by this proposed group do not describe how it came to be constituted, why its members decided to move together, or its specific plans for cooperation. *See Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at *9 (N.D. Cal. Aug. 22, 2008) (rejecting proposed group because it did not show "***how and when they were joined together***, how they intend to conduct discovery or how they will coordinate litigation efforts and strategy"); *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *8 (C.D. Cal. May 2, 2006) ("[T]he absence of any explanation of how the group intends to conduct discovery or coordinate litigation efforts or strategy, poses a danger that the group will not be cohesive.").

Indeed, on the face of the motion papers, it does not appear that the three members of the Lee-Siegel-Singhal Group had ever communicated with each other directly before their common counsel submitted a joint motion for lead plaintiff on their behalf. *See In re Tarragon*, 2007 WL 4302732, at *1 (rejecting applications from two groups that provided "no evidence that the members of these groups have ever communicated with other members of their respective group or will do so in the future"). In view of that fact, the bare assertion that they have "agreed to a mechanism to resolve disputes amongst one another" rings hollow. ECF No. 15 at 8.[1] In addition,

---

[1] In additional to failing to demonstrate its cohesion and ability to function apart from counsel, the Lee-Siegel-Singhal Group has misrepresented its financial interest. The proposed group's loss chart appears to assign a present value of $0 to Bryan Siegel's June 15 call options. In fact, while the options are out of the money, there is still an active market for them and they have a value.

the Lee-Siegel-Singhal Group did not even submit a joint declaration. That alone is fatal to their motion. *See Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 WL 2916533, at *2 (W.D. Wash. Oct. 4, 2007) ("[O]ther courts have held that proposed groups with no pre-litigation connection should submit a declaration providing information about the group's members, its structure and its intended functioning.").

Because the Lee-Siegel-Singhal Group has not made a *prima facie* showing of its adequacy, the Court should deny the proposed group's motion for appointment as lead plaintiff. *See Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 637 (D.N.J 2002) ("[I]f a movant 'group' was created by the efforts of lawyers for the purpose of ensuring that it is named lead counsel, the 'group' should not be named lead plaintiff.").[2]

### 2. The Klapper Rana & Estoesta Group

Likewise, the movant with the second largest claimed loss, the Klapper Rana & Estoesta Group, did not present any evidence that the members of its proposed group had any prior relationship before being brought together by counsel. *See Goldberger v. PXRE Grp., Ltd.*, No. 06-CV-3410 (KMK), 2007 WL 980417, at *5 (S.D.N.Y. Mar. 30, 2007) (rejecting proposed group that "***shares only this lawsuit in common***" and suspecting group was "result of the type of lawyer-driven action that the PSLRA eschews"). The Klapper Rana & Estoesta Group submitted with its lead plaintiff motion a "joint declaration," asserting that its members are "like-minded

---

Under the PSLRA, the loss chart should have used the running average price of the options in the 90-day period following the end of the class period as the offset value of the options. *See* 15 U.S.C. § 78u-4(e).

[2] Any attempt by this group or the other groups to present evidence of their adequacy with their opposition, reply, or later, should be deemed untimely. The "PSLRA is unequivocal and allows for no exceptions" and "precludes consideration of . . . any other pleading . . . filed ***after*** the sixty (60) day window has closed." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999). Indeed, "there is no reason the [group] could not have submitted such evidence in connection with their initial motions." *Impac Mortg. Holdings*, 2006 WL 6886020, at *8 n.10.

5

738545.1

investors" who "intend to prosecute the litigation in a collaborative and cohesive manner that is independent from counsel" ECF No. 19-6 at 2, 3.  These "conclusory" statements are insufficient to establish a group's cohesiveness or independence from counsel. *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1074 (W.D. Wash. 2011) (rejecting proposed group whose "joint declaration contain[ed] myriad conclusory statements and generalizations, such as that they are a 'small, cohesive group' who 'intend to work closely together['] and they will 'communicat[e], individually or as a group, with each other and with counsel, to the extent [they] determine necessary to fairly and adequately represent the interests of the Class'") (third and fourth alteration in original); *see also In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 119 (E.D.N.Y. Jan. 26, 2012) (holding insufficient group whose declaration stated its members "are similarly situated," "share common goals," and have "'shared belief regarding the role of corporate governance in detecting and preventing securities fraud'").  While the Klapper Rana & Estoesta Group's joint declaration also states that the proposed group's members "have agreed to maintain direct contact via telephone and email, and have agreed to a regular meeting schedule as well as a mechanism for calling 'emergency' meetings," ECF No. 19-6 at 2-3, this verbiage falls far short of what is required, *see, e.g.*, *Reimer v. Ambac Fin. Grp., Inc.*, No. 08 Civ. 411(NRB), 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (approving proposed group that held joint conference calls to formulate strategy **before** moving for appointment as lead plaintiff); *Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*, No. 15-CV-3599 (KMW), 2015 WL 7018024, at *4 (S.D.N.Y. Nov. 12, 2015) (rejecting group that "failed to provide the Court with anything beyond conclusory assurances that appointing a group of unrelated investors will not lead to fragmentation").

### 3. The Riot Investor Group

The movant with the third largest claimed loss, the Riot Investor Group, proposes a group composed of five individuals and a trust on behalf of a sixth individual (i.e., *six co-lead plaintiffs*) represented by *two law firms as co-lead counsel*. See In re Razorfish, Inc. Sec. Litig., 143 F. Supp. 2d 304, 308 (S.D.N.Y. 2001) (rejecting proposed group because it "is simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff'"). The Riot Investor Group submitted a joint declaration signed by Kevin Ezell, Ben Hughes, Sue Hughes, Lawrence Handler, Frank J. Kosarek, and Frank J. Kosarek as trustee on behalf of the Francis J. Kosarek Jr. Trust. *See* ECF No. 13-4. However, like the Klapper Rana & Estoesta Group joint declaration, the Riot Investor Group joint declaration contains numerous boilerplate and conclusory statements such as "we are like-minded investors" and "[p]rior to making our Lead Plaintiff motion, we were aware of each other and agreed to work together as a group." *Id.* at 2. This group of six should be rejected because it is too large to function cohesively. *See Frias*, 835 F. Supp. 2d at 1074-75 (rejecting group of seven—including two married couples—that provided insufficient information about how its members would work together); *see also In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, at 451 (C.D. Cal. 2002) (rejecting appointment of seven-member investor group and noting: (i) "[a]llowing Georgica Group to serve as lead plaintiff in this action and to be represented by two different law firms would defeat the purpose of choosing a lead plaintiff and undermine the objectives of the PSLRA"; and (ii) "there [was] no evidence that conflicts among group members would be resolved efficiently, as Georgica Group provide[d] no explanation of its alleged 'procedures and rules that will govern [their] decision making process'") (last alteration in original). Indeed, the presumption is that groups of greater than five should not be appointed. *See In re Cendant Corp. Litig.*, 264 F.3d at 267 ("We do, however, agree with the Securities and Exchange Commission that courts

should generally presume that groups with more than five members are too large to work effectively.").

> **B.    Counsel for the Competing Movant-Groups Have Recognized That Groups That Have Failed to Establish Their Cohesiveness and Ability to Act Independently of Counsel Are Not Appropriate Lead Plaintiffs**

Tellingly, counsel for the Lee-Siegel-Singhal Group, the Klapper Rana & Estoesta Group, and the Riot Investor Group have, themselves, recognized and argued that courts disfavor groups of unrelated investors.  In 2015, The Rosen Law Firm P.A., counsel for the Lee-Siegel-Singhal Group, wrote that courts "disfavor 'amalgamated' groups of unrelated persons who band tougher [sic] in the hope of thereby becoming the biggest loser for PSLRA purposes." Opp'n Mem., *Khunt v. Alibaba Grp. Holding Ltd.*, No. 1:15-cv-00759 (CM), 2015 WL 13679808 (S.D.N.Y. Apr. 13, 2015) (quoting *In re Veeco Instruments Inc. Sec. Litig.*, 233 F.R.D. 330, 334 (S.D.N.Y. 2005)) (internal quotation marks omitted).[3]  Counsel for the Lee-Siegel-Singhal Group further argued that, for a "'group' of investors to be adequate and proper, the group must make an appropriate evidentiary showing." *Id.* (citing *Varghese*, 589 F. Supp. 2d at 392).

Likewise, in 2016, Levi & Korinsky, LLP, counsel for the Klapper Rana & Estoesta Group, argued:

> In fact, "*[t]he emerging majority position [across the country] looks askance at the appointment of a group of unrelated persons as lead plaintiff.*" *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1073 (W.D. Wash. 2011) (quoting Moore's

---

[3] The memorandum is signed by one of the same attorneys whose name appears on the Lee-Siegel-Singhal Group's submissions in this action.

8

> Federal Practice § 23.191[3][b][vi] (2011)) (denying motion of purportedly "small, cohesive group" of investors).

Opp'n Mem., *Magro v. Freeport-McMoRan Inc.*, No. 2:16-CV-00186-DJH, 2016 WL 9686013 (D. Ariz. Apr. 25, 2016) (alterations in original) (emphasis added).  The reason for the majority rule also has been highlighted by Pomerantz LLP, counsel for the Riot Investor Group:

> [W]hen unrelated groups, like the Campfield Group, cobbled together by counsel, serve as lead plaintiffs, the result is attorneys selecting clients rather than clients selecting attorneys. . . .  There is no reason for the Campfield Group to exist except as a vehicle for plaintiffs' counsel to increase the amount of losses they represent in the hope of securing the role of lead counsel.

Opp'n Mem., *Goldberger v. PXRE Grp., Ltd.*, No. 106CV03410, 2006 WL 5925632 (S.D.N.Y. July 21, 2006).[4]  Thus, it is indisputable that groups of individual movants are disfavoured and cannot benefit from presumptive lead plaintiff status unless they establish that they can function cohesively and manage the litigation effectively apart from their lawyers.

The Court should deny the motion of these three "loose group[s] of investors whose relationship was forged only in an effort to win appointment as lead plaintiff." *In re Jones Soda Co. Sec. Litig.*, No. C07-1366RSL, 2008 WL 418002, at *2 (W.D. Wash. Feb. 12, 2008) (finding such a group "is subject to all of the obstacles that normally make group action difficult"); *see also Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (refusing to appoint group because "[t]here is simply no evidence that this 'group' has a meaningful connection").

Because none of the three groups who moved for appointment as lead plaintiff is properly constituted, under the PSLRA's sequential process, the Court should next consider the application

---

[4] The brief was filed by Pomerantz Haudek Block Grossman & Gross LLP, the predecessor firm to Pomerantz LLP, and two of the same attorneys whose names appear on that brief also appear on the submissions in this action.

of the movant with the fourth largest loss.[5] Dr. Golovac previously established that he suffered a substantial loss of approximately $463,232 on his investments in Riot Blockchain common stock during the Class Period. *See* ECF No. 17-2 at 12. The remaining movants have claimed losses that are far smaller than Dr. Golovac's loss. An individual investor with more than 35 years of experience investing in equities, Dr. Golovac also established that he satisfies Rule 23's typicality and adequacy requirements because, like other class members, he purchased Riot securities in reliance on Defendants' alleged false or misleading public statements, was damaged thereby, and seeks the same relief as other class members under the same legal theories. *See* ECF No. 17-1 at 6-7. Dr. Golovac is motivated to vigorously prosecute the Action by his large individual loss, and has committed to fairly and adequately representing the interests of the proposed class. *See In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998). He also demonstrated his adequacy by retaining highly experienced counsel. Unlike the members of the loosely affiliated movant-groups, Dr. Golovac has no need to coordinate his decision-making with any third party. Because he has the largest financial interest of any movant that satisfies the requirements of Rule 23 at this stage, Dr. Golovac is the presumptive most adequate plaintiff and is entitled to appointment as lead plaintiff under the PSLRA.

---

[5] Dr. Golovac also has the largest loss of any individual who moved for appointment as lead plaintiff—other than two members of the Lee-Siegel-Singhal Group who did not move for appointment individually. The Court should not countenance a belated request by that group to disaggregate itself and consider its members for sole appointment. *See Tsirekidze*, 2008 WL 942273, at *4 ("The Farrukh Group moved for lead plaintiff as a group and will be evaluated as such. The willingness to abandon the group only suggests how loosely it was put together."); *In re Level 3 Commc'ns*, 2009 WL 10684924, at *5 (rejecting "request to appoint only one individual out of an otherwise inadequate group").

**III.    CONCLUSION**

For the foregoing reasons, Dr. Golovac respectfully requests that the Court appoint him lead plaintiff and approve his selection of Motley Rice LLC as lead counsel for the putative class.

**LITE DEPALMA GREENBERG**

Dated:  May 7, 2018

*/s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Counsel for Dr. Stanley Golovac*

**MOTLEY RICE LLC**
Gregg S. Levin
Michael J. Pendell
Joshua C. Littlejohn
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
glevin@motleyrice.com
mpendell@motelyrice.com
jlittlejohn@motleyrice.com

*Counsel for Dr. Stanley Golovac
and Proposed Lead Counsel for the Class*