**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O' ROURKE, and JEFFREY G. MCGONEGAL,<br><br>     Defendants. | No.: 3:18-cv-02293-FLW-TJB<br><br>**REPLY OF SIMON LEE, BRYAN SIEGEL, AND VIVEK SINGHAL IN FURHTER SUPPORT OF LEAD PLAINTIFF MOTION**<br><br><u>CLASS ACTION</u><br><br>**MOTION DATE: May 21, 2018** |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................1

II.  ARGUMENT ...................................................................2

   A.   Mr. Siegel Purchased Securities in His Own Account .............2

   B.   Lee, Siegel, & Singhal's Joint Declaration is Timely .................3

III. CONCLUSION ................................................................7

i

# TABLE OF AUTHORITIES

**Cases**

*Friedman v. Quest Energy Partners LP,*
  261 F.R.D. 607 (W.D. Okla. 2009) ........................................................................4

*Goldstein v. Puda Coal, Inc.,*
  827 F. Supp. 2d 348 (S.D.N.Y. 2011) .................................................................4

*In re Blue Apron Holdings, Inc. Sec. Litig.,*
  2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ....................................................4

*In re Level 3 Commc'ns, Inc. Sec. Litig.,*
  No. 09-CV-00200-PAB-CBS, 2009 WL 10684924 (D. Colo. May 4, 2009)........6

*In re Nature's Sunshine Products, Inc.,*
  2006 WL 2380965 (D. Utah Aug. 16, 2006)....................................................4-5

*Kukkadapu v. Embraer S.A.,*
  No. 16 CIV. 6277 (RMB), 2016 WL 6820734 (S.D.N.Y. Oct. 20, 2016). ...........6

*Robb v. Fitbit Inc.,*
  2016 WL 2654351 (N.D. Cal. May 10, 2016) ......................................................4

*Rosian v. Magnum Hunter Res. Corp.,*
  No. 13 CIV. 2668 KBF, 2013 WL 5526323 (S.D.N.Y. Oct. 7, 2013)...................6

*Schonfield v. Dendreon Corp.,*
  2007 WL 2916533 (W.D. Wash. Oct. 4, 2007),....................................................6

*See In re Cendant Corp. Litig.,*
  264 F.3d 201 (3d Cir. 2001) .................................................................................1

*Snellink v. Universal Travel Group, Inc., et al.,*
  Case No. 11-cv-2164 (D.N.J.) ..............................................................................4

*Stires v. Eco Sciences Solutions, Inc.,*
  No. 17-3707-RMB-KMW, 2018 U.S. Dist. LEXIS 25088 (D.N.J. Feb. 13, 2018) 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...........................................................................1

**Rules**

FRCP 23(a) .............................................................................................................1

Plaintiffs Simon Lee, Bryan Siegel, and Vivek Singhal ("Movants" or "Lee, Siegel, & Singhal" or the "Group"), file this reply in further support of their Motion for Appointment of Lead Plaintiff and Approval of Selection of Counsel (the "Motion").

## I.    INTRODUCTION

The oppositions of the three-person Klapper Group (Dkt. #23) and Dr. Stanley Golovac ("Dr. Golovac") (Dkt. #24) do not dispute that Lee, Siegel, & Singhal have the largest financial interest of any movant before the Court. Nor do they contest the fact that Mr. Lee, individually, with over $690,000 in losses has the largest loss of any individual before the Court. Because Lee, Siegel, & Singhal have made a *prima facie* showing of adequacy and typicality under FRCP 23(a), they are the presumptive Lead Plaintiffs.  *See In re Cendant Corp. Litig*., 264 F.3d 201, 263-65 (3d Cir. 2001); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In an effort to rebut the presumption, the Klapper Group and Dr. Golovac advance meritless arguments—some of which contradict arguments advanced by their counsel in other litigations. Competing movants variously: (A) speculate that Mr. Siegel did not purchase shares on his own account; and (B) argue that Lee, Siegel, & Singhal's joint declaration was required to be filed with their opening papers, and thus the Group should be rejected. These arguments are without merit.

1

The Group's Motion should be granted in its entirety and the competing motions should be denied.

## II.    ARGUMENT

### A.  Mr. Siegel Purchased Securities in His Own Account

To create an issue where none exists, the Klapper Group seizes on introductory form language in Mr. Siegel's certification,[1] (Dkt. #16-2), to speculate that Mr. Siegel's transactions listed on his accompanying Schedule A is not for his personal account, but that of a trust, or in some other capacity. Preliminarily, a fair reading of Mr. Siegel's certification and the accompanying schedule shows that had there been transactions in other capacities or accounts they would be set forth separately in the schedule. In any event, the Klapper Group's speculation is wrong. Mr. Siegel purchased his RIOT shares in his personal brokerage account. Declaration of Bryan Siegel, attached at Exhibit 1 to the Declaration of Laurence M. Rosen in Further Support of Motion of Simon Lee, Bryan Siegel, and Vivek Singhal to: (1) Appoint Lead Plaintiffs and (2) Approve Lead Plaintiffs' Selection of Counsel ("Rosen Decl.) filed herewith, ¶2.[2]

---

[1] The certification states: "I, Bryan Siegel, individually, and/or in my capacity as trustee and/or principal for accounts listed on Schedule A, certify that:" (Dkt. #16-2).

[2] As is the practice in Plaintiffs' bar an issue like this is typically dispensed with via email or phone. Why that approach was abandoned in favor of needless briefing is a mystery.

## B. Lee, Siegel, & Singhal's Joint Declaration is Timely

Lee, Siegel, & Singhal timely submitted the Joint Declaration in Support of the Motion of Simon Lee, Bryan Siegel, and Vivek Singhal for Consolidation, Appointment as Lead Plaintiffs and Approval of Selection of Counsel (the "Joint Declaration") further demonstrating the Group's cohesiveness. (Dkt. #22-2). In particular, the Joint Declaration states that the members of the Group prior to filing their Motion, *inter alia*: (i) have agreed to jointly prosecute this action; (ii) are aware of the requirements and responsibilities of being Lead Plaintiff; (iii) will continue to work together to monitor and oversee this action; (iv) are aware of their fiduciary duties under the PSLRA to oversee this action and counsel; (v) have established communications mechanisms, including regularly communicating with each other and with counsel via email and telephone; and (vi) have had communications with each other. Joint Declaration ¶¶ 5-6, 8-9.

The Klapper Group and Dr. Golovac erroneously contend that the Joint Declaration constitutes an untimely amendment of the Group's Motion and cannot be utilized to demonstrate their cohesiveness. This flawed argument finds no support in the PSLRA or relevant case law. The PSLRA itself does not contain any requirement to file any sworn statement other than a certification within the 60-day timeframe. Moreover, courts accept group declarations filed <u>after</u> lead plaintiff motions as evidence of cohesiveness. Indeed, numerous courts have appointed

3

unrelated groups that have submitted similar declarations after their initial motion. For example, Judge Arleo appointed an unrelated group of investors that submitted similar declarations with its opposition papers as lead plaintiffs in *Snellink v. Universal Travel Group, Inc., et al.*, Case No. 11-cv-2164 (D.N.J.). Exhibit 2 to Rosen Decl. *See, e.g., Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (although declarations "were not submitted when their motion to appoint lead plaintiff was first filed, all three members of the Querub Group have now submitted sworn declarations…"); *In re Blue Apron Holdings, Inc. Sec. Litig.*, 2017 WL 6403513, at * 4 (E.D.N.Y. Dec. 15, 2017) ("the PSLRA does not require that any such evidence be submitted with the initial motion, *cf.* 15 U.S.C. § 78u-4(a)(3)(B)(i). Accordingly, the Court will not penalize the Blue Apron Investor Group for filing a declaration only in its response papers."); *Robb v. Fitbit Inc.*, 2016 WL 2654351, at *4 n.7 (N.D. Cal. May 10, 2016) ("As to the timeliness of Fitbit Investor Group's joint declaration, the Court finds no reason to exclude Fitbit Investor Group's joint declaration filed in support of its opposition."); *Friedman v. Quest Energy Partners LP,* 261 F.R.D. 607, 614-615 (W.D. Okla. 2009) (the declarations of the members of the groups appointed by this Court to serve as lead plaintiff, the Ord Group and the Barretti Group, were filed <u>after</u> the lead plaintiff motions. *See* Case 5:08-cv-00936-M, Dkt. Nos. 68 and 70); *In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965, at *1 & n.9 (D. Utah Aug. 16, 2006) (the court

4

appointed an unrelated group and cited the group declaration filed with opposition papers in Case No. 2:06-cv-00267-TS, Dkt. No. 34, Exhibit A, as "demonstrating the cooperative intentions and efforts of the group.").

The cases cited by competing movants are off the mark. The Klapper Group's reliance on *Stires v. Eco Sciences Solutions, Inc.*, No. 17-3707-RMB-KMW, 2018 U.S. Dist. LEXIS 25088 (D.N.J. Feb. 13, 2018) is misguided. *Stires* involved a group of unrelated investors with collective losses of $304,000 trying to overcome the losses of an individual movant with losses of $294,000. Moreover, the joint declaration and the record before the Court in *Stires* indicated that the members of the group agreed to be in the group *after* the motion was made. Here, unlike *Stires*, Lee himself has the largest loss of any individual loss before the Court. Additionally, the Joint Declaration here merely confirms what was set forth in the Group's opening papers that ***prior to making their motion*** the Group members were aware of each other, agreed to be in this Group, and were aware of their responsibilities as Lead Plaintiff. (Dkt. No. 15 at 7-8). Moreover, the notion that a joint declaration is necessary with the opening motion is belied by the Klapper Group's own counsel who has filed numerous group lead plaintiff motions without a joint declaration with the opening papers or filed joint declarations with opposition or even reply papers. *See* Exhibits 3-5 to the Rosen Decl.

5

Dr. Golovoc cites *In re Level 3 Commc'ns, Inc. Sec. Litig.*, No. 09-CV-00200-PAB-CBS, 2009 WL 10684924, at *5 (D. Colo. May 4, 2009)*, but *Level 3* actually supports the Group here. The *Level 3* court held that the group movant could have used its opposition brief to address group cohesiveness, but failed to do so by instead waiting to submit a declaration with its reply papers. Here, in contrast, the Joint Declaration was filed with the Group's opposition papers, and thus the Joint Declaration is timely under *Level 3*. Moreover, *Schonfield v. Dendreon Corp.*, 2007 WL 2916533, at *2 (W.D. Wash. Oct. 4, 2007), does not hold that a joint declaration is required with the opening papers, rather it says that a joint declaration was not filed in connection with the court rejecting a group. Additionally, contrary to Dr. Golovoc's unsupported contention that Lee, Siegel & Singhal rise and fall together, the *Dendreon* court explains that "courts in [the Ninth] Circuit routinely break apart a proposed group in search of the most adequate plaintiff." Thus, if the Court were inclined to appoint only an individual as Lead Plaintiff, it would have to be Mr. Lee—who has largest individual loss of any individual before the Court. [3]

---

[3] *See, also, Kukkadapu v. Embraer S.A.,* No. 16 CIV. 6277 (RMB), 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016) ("consider[ing] the larger shareholder (i.e. loss) of [two movants jointly seeking appointment as lead plaintiff] as if it had moved to be appointed as lead plaintiff alone" and appointing that investor as the sole lead plaintiff for the class); *Rosian v. Magnum Hunter Res. Corp.*, No. 13 CIV. 2668 KBF, 2013 WL 5526323, at *3 (S.D.N.Y. Oct. 7, 2013) ("disaggregat[ing] the group *sua sponte* and consider[ing] its members as individual contenders for lead plaintiff").

6

## III.   CONCLUSION

Because Lee, Siegel, & Singhal have the largest financial interest and made a *prima facie* showing of adequacy and typicality, and thus are entitled to the statutory presumption in their favor, and the competing movants have failed to rebut the presumption with proof, the Court should appoint Lee, Siegel, & Singhal as Lead Plaintiffs and approve their selection of The Rosen Law Firm, P.A. as Lead Counsel.

Dated: May 14, 2018                            Respectfully submitted,

                                               **THE ROSEN LAW FIRM, P.A.**

                                               /s/ Laurence M. Rosen
                                               Laurence M. Rosen
                                               609 W. South Orange Avenue, Suite 2P
                                               South Orange, NJ 07079
                                               Telephone: (973) 313-1887
                                               Fax: (973) 833-0399
                                               lrosen@rosenlegal.com

                                               [Proposed] Lead Counsel for Plaintiffs and Class

7

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of May 2018, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Laurence M. Rosen

8