# EXHIBIT 3

**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: amccall@zlk.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Movant the Depomed Investor Group*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCHEN HUANG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DEPOMED, INC., ARTHUR JOSEPH HIGGINS, JAMES A. SCHOENECK, and AUGUST J. MORETTI,<br>Defendants. | Case No. 3:17-cv-04830-JST<br><br>Hon. Jon S. Tigar<br><br>**MOTION OF THE DEPOMED INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Date: December 7, 2017<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor |

### NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on December 7, 2017, at 2:00 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Jon S. Tigar at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to the Private Securities Litigation Reform Act of 1995, for an Order:

1. Appointing movants Aurelio Scarpatetti, Manuele Scarpatetti, Duy Vu, and Mark Madrack, (collectively, the "Depomed Investor Group" or "Movant") as Lead Plaintiff;

2. Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as Lead Counsel for the Class; and

3. Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of its motion for: (a) appointment of Movant as Lead Plaintiff, and (b) approval of Levi & Korsinsky as Lead Counsel.

# **MEMORANDUM OF POINTS AND AUTHORITIES**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iv

I.    SUMMARY OF ARGUMENT ..................................................................................... iv

II.    STATEMENT OF ISSUES TO BE DECIDED ............................................................. 2

III.    STATEMENT OF FACTS ............................................................................................ 2

IV.    ARGUMENT ................................................................................................................. 3

    A.    The Court Should Appoint Movant as Lead Plaintiff ....................................... 3

        1.    The Procedure Required by the PSLRA............................................... 3

            a.    Movant is Willing to Serve as Class Representative ............................ 4

            b.    Movant has the Requisite Financial Interest in the Relief Sought by the Class ................................................................................................... 5

        2.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ................................................................................. 5

            a.    Movant's Claims are Typical of the Claims of all the Class Members ...................................................................................................... 6

            b.    Movant Will Adequately Represent the Class ...................................... 7

    C.    Movant's Choice of Counsel Should Be Approved ......................................... 8

V.    CONCLUSION ............................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
   No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ...................... 5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ................................................................................................ 1, 5, 6

*Crawford v. Honig*,
   37 F.3d 485 (9th Cir. 1994) .......................................................................................................... 7

*In re Drexel Burnham Lambert Grp.*,
   960 F.2d 285 (2d Cir. 1992) ......................................................................................................... 7

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ................................................................................................ 6

*Gen. Tel. Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982) ..................................................................................................................... 6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .................................................................................................... 6

*Haung v. Acterna Corp.*,
   220 F.R.D. 255 (D. Md. 2004) ................................................................................................... 6

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998) ..................................................................................................... 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................. 6

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ........................................................................................................ 6

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ........................................................................................ 6

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984) .................................................................................................. 6, 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................................ 3

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................... passim

**Rules**

Fed. R. Civ. P. 23(a) .............................................................................................................. 1, 5, 6, 7

## I. SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action") brought on behalf of all persons who purchased or otherwise acquired the securities of Depomed, Inc. ("Depomed" or the "Company") between February 26, 2015 and August 7, 2017, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.[1]

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movants Aurelio Scarpatetti, Manuele Scarpatetti, Duy Vu, and Mark Madrack, (collectively, the "Depomed Investor Group" or "Movant") lost approximately $403,930.09 as a result of the alleged fraud during the Class Period.[2] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

---

[1] Specifically, Plaintiff alleges violations of Section 10(b) and Section 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and § 78t(a), and rule 10b-5 promulgated thereunder against the Company, Arthur Joseph Higgins (Depomed's current Chief Executive Officer and President), James A. Schoeneck (Depomed's past CEO and President), and August J. Moretti (Depomed's Chief Financial Officer and Senior Vice President) (defendants Higgins, Schoeneck, and Moretti are collectively referred to as the "Individual Defendants").

[2] The Depomed Investor Group members' certifications identifying their respective transactions in Depomed, as required by the PSLRA, as well as charts identifying its members' losses, are attached collectively to the Declaration of Adam C. McCall, dated October 17, 2017 ("McCall Decl."), as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired Depomed securities during the Class Period.

MOTION OF DEPOMED INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 3:17-cv-04830-JST
1

Accordingly, Movant respectfully requests that (a) Movant be appointed Lead Plaintiff and (b) Levi & Korsinsky be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Movant meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

2. Whether Movant's choice of Lead Counsel should be approved.

## III. STATEMENT OF FACTS

Depomed is a specialty pharmaceutical company that engages in the development, sale, and licensing of products for pain and other central nervous system conditions in the United States. ¶ 2.[4] Among other pharmaceuticals, Depomed's products includes the opioids Nucynta (tapentadol) and Lazanda (fentanyl). ¶ 19. The Complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (i) Depomed engaged in questionable practices in connection with the sales and marketing of the Company's opioid products; (ii) the foregoing conduct, when it became known, would likely subject the Company to heightened legal and regulatory scrutiny; and (iii) as a result, Depomed's public statements were materially false and misleading at all relevant times. ¶ 50.

The Class Period begins on February 26, 2015, when the Company filed its Annual Report on Form 10-K with the SEC announcing its financial and operating results for the quarter and 2014 fiscal year. ¶ 20. The Form 10-K also stated the Company's policy towards the "off-label" use of drugs, acknowledged "substantial" and changing government regulations, and included signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Schoeneck and Moretti. ¶¶ 21- 22.

The Company filed similar Quarterly and Annual Reports with the SEC on May 11, 2015, August 3, 2015, November 9, 2015, February 26, 2016, May 6, 2016, August 3, 2016, November

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") filed in the Action. The facts set forth in the Complaint are incorporated herein by reference.

7, 2016, February 24, 2017, and May 10, 2017. ¶¶ 23, 26, 29, 32, 35, 38, 41, 44, 47. All such reports continued to highlight the Company's policy towards the "off-label" use of drugs, and acknowledged "substantial" and changing government regulations. ¶¶ 24, 27, 30, 33, 36, 39, 42, 45, 48. Each of these reports also contained certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") that were signed by certain of the Individual Defendants. ¶¶ 25, 28, 31, 34, 37, 40, 43, 46, 49.

On August 7, 2017, the truth emerged when the Company filed a Quarterly Report on Form 10-Q with the SEC, announcing that Depomed had recently received subpoenas from the Office of the Attorney General of Maryland and the United States Department of Justice related to opioid sales and marketing. ¶ 51.  As a result of this news, Depomed's share price fell $3.09 per share, or 33.42%, to close at $6.15 per share on August 8, 2017. ¶ 52.

## IV.     ARGUMENT

### A. The Court Should Appoint Movant as Lead Plaintiffs

#### 1.     The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A).  The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

| | | | |
|---|---|---|---|
| 1 | | (aa) | has either filed the complaint or made a motion in response to a |
| 2 | | | notice; |
| 3 | | (bb) | in the determination of the court, has the largest financial interest |
| 4 | | | in the relief sought by the class; and |
| 5 | | (cc) | otherwise satisfies the requirements of Rule 23 of the |
| 6 | | | Federal Rules of Civil Procedure. |

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against the members of the Depomed Investor Group. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a. Movant is Willing to Serve as Class Representative

On August 18, 2017, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Depomed and the Individual Defendants, and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[5]  Movant has reviewed a complaint filed in the pending Action and have timely filed its motion pursuant to the Notice.

---

[5] The Action was filed in this Court on August 18, 2017.  On that same day, the Notice was published over *Globe Newswire* a widely-circulated national wire service.  A copy of the Notice is attached as Exhibit C to the McCall Decl.

MOTION OF THE DEPOMED INVESTOR GROUP FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 3:17-cv-04830-JST
4

        **b.    Movant Has the Requisite Financial Interest in the Relief Sought by the Class**

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* McCall Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, the members of the Depomed Investor Group purchased Depomed securities in reliance upon the materially false and misleading statements issued by the defendants, and was injured thereby. Movant suffered a substantial loss of approximately $403,930.09. *See* McCall Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

        **2.    Movant Satisfy the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying its appointment as Lead Plaintiff.

### a. **Movant's Claims are Typical of the Claims of all the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The members of the Depomed Investor Group plainly meet the typicality requirement of Rule 23 because: (i) they suffered the same injuries as the absent class members; (ii) they suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982)

(noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. The members of the Depomed Investor Group, like the other members of the Class, acquired Depomed securities during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and were damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.     Movant Will Adequately Represent the Class

Moreover, Movant is adequate representatives of the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses it has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, the members of the Depomed Investor Group have retained counsel highly experienced in prosecuting securities class actions, and will submit its choice to the Court for approval pursuant

MOTION OF THE DEPOMED INVESTOR GROUP FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
Case No. 3:17-cv-04830-JST

to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, each member of the Depomed Investor Group has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the defendants' alleged wrongdoing, it is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### C. Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The members of the Depomed Investor Group have selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these, and are well-qualified to represent the Class. *See* McCall Decl., Ex. D (the firm resume of Levi & Korsinsky).

### V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint the Depomed Investor Group as Lead Plaintiff for the Class in the Action and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: October 17, 2017          Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ Adam C. McCall
Adam C. McCall

|   |   |
|---|---|
| 1 | 445 South Figueroa Street, 31st Floor |
| 2 | Los Angeles, CA 90071<br>Tel: (213) 985-7290 |
|   | Email: amccall@zlk.com |
| 3 |   |
| 4 | -and- |
| 5 |   |
|   | Nicholas I. Porritt* |
| 6 | Adam M. Apton* |
| 7 | LEVI & KORSINSKY LLP<br>1101 30th Street NW, Suite 115 |
| 8 | Washington, DC 20007<br>Tel: (202) 524-4290 |
|   | Fax: (202) 333-2121 |
| 9 | Email: nporritt@zlk.com |
| 10 | Email: aapton@zlk.com |
| 11 | (*pro hac vices to be submitted) |
| 12 | *Attorneys for Movant the Depomed Investor Group* |