

Laurence M. Rosen
lrosen@rosenlegal.com

May 31, 2018

**VIA ECF**

Hon. Freda L. Wolfson
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:     *Takata v. Riot Blockchain, Inc., et al.,* 3:18-cv-02293-FLW-TJB

Your Honor:

      We submit this letter on behalf of lead plaintiff movants Simon Lee, Bryan Siegel, and Vivek Singhal ("Movants") in the above-referenced matter. We write to respectfully request the Court to take judicial notice of the Motion of the Celgene Investor Group for Consolidation of the Actions, Appointment of Lead Plaintiff and Approval of Section of Counsel, attached hereto as Exhibit 1, filed by the Klapper Group's counsel, Levi & Korsinsky LLP ("L&K"), on May 29, 2018 as docket number 20 in the action *City of Warren General Employees' Retirement System v. Celgene Corporation, et al.*, Case No. 2:18-cv-04772-JMV-JBC (D.N.J.) (the "*Celgene* Action").

      While it is undisputed that Movants have the largest loss and the individual with the single largest loss, competing movant, the Klapper Group, argued in its opposition and reply that a joint declaration demonstrating cohesiveness was required with Movants' opening papers (Dkt. No. 23 at 9-13; Dkt. No. 28 at 7-11). Movants demonstrated in their opposition (Dkt. No. 22) and reply (Dkt. No. 27), that the Klapper Group was wrong and caselaw allowed such joint declarations to be filed with the opposition papers—which Movants did. (Dkt. No. 22 at 6-7; Dkt. No. 27 at 3-5).

      On May 29, 2018, L&K filed a lead plaintiff motion on behalf of a group of unrelated individuals (like the Klapper Group) in the *Celgene* Action. L&K asserts that their group "is the 'most adequate plaintiff' because it has complied with the PSLRA procedural requirements, has the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements." Ex. 1, PageID:501. However, L&K did not file a joint declaration with its opening papers – precisely what they complain here disqualifies Movants in this case. This latest filing further demonstrates the meritless nature of the Klapper Group's arguments. Thus, the Court should take judicial notice of L&K's filing in deciding the pending lead plaintiff motions.

**THE ROSEN LAW FIRM, P.A. ♦ 609 W. SOUTH ORANGE AVENUE, SUITE 2P ♦ SOUTH ORANGE, NJ 07079 ♦ TEL: (973) 313-1887 ♦ FAX: (973) 833-0399**

*See Schuylkill Health Sys. v. Cardinal Health, Inc.*, No. CIV.A. 12-7065, 2014 WL 3805466, at *1 (E.D. Pa. Mar. 14, 2014) ("The Court will take judicial notice of these court filings because, as public filings on the docket of a district court, they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Bravetti v. Liu*, No. CIV.A. 12-7492 MAS, 2015 WL 1954466, at *1 (D.N.J. Apr. 29, 2015) (court taking judicial notice of court filings and dockets which are relevant).

        Respectfully submitted,

        /s/ Laurence M. Rosen
        Laurence M. Rosen

cc:   all counsel of record via ECF

THE ROSEN LAW FIRM, P.A. ♦ 609 W. SOUTH ORANGE AVENUE, SUITE 2P ♦ SOUTH ORANGE, NJ 07079 ♦ TEL: (973) 313-1887 ♦ FAX: (973) 833-0399