# EXHIBIT 1

**LEVI & KORSINSKY LLP**
Eduard Korsinsky (EK-8989)
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Counsel for Movant Celgene Investor Group*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:18-cv-04772-JMV-JBC |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF CELGENE INVESTOR GROUP FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |
| v. | |
| CELGENE CORPORATION, MARK J. ALLES, PETER N. KELLOGG, SCOTT A. SMITH, NADIM AHMED and TERRIE CURRAN, | |
| Defendants. | **ORAL ARGUMENT REQUESTED** |
| CHARLES WITCHCOFF, Individually and On Behalf of All Others Similarly Situated, | **MOTION DATE: JULY 2, 2018** |
| Plaintiff, | Case No. 2:18-cv-08785-JMV-JBC |
| v. | |

1

CELGENE CORPORATION, ROBERT J. HUGIN, MARK J. ALLES, JACQUALYN A. FOUSE, PETER N. KELLOGG, SCOTT A. SMITH, and TERRIE CURRAN,

         Defendants.

  **PLEASE TAKE NOTICE** that, on Monday, July 2, 2018, or as soon thereafter as the matter may be heard in the courtroom of the Honorable John Michael Vazquez, situated at 50 Walnut Street, Room 4015, Court Room PO 03, Newark, New Jersey 07101, proposed lead plaintiff Sunil Kawatra, David Bravman, Wolfgang Fabschuetz, William D'Ambruoso, and Oswaldo Guglielmo (the "Celgene Investor Group" or "Movant"), by its counsel, will hereby move this Court for an Order (attached hereto): (1) consolidating the above-captioned actions ("Actions"); (2) appointing Movant as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B); (3) approving Movant's selection of Levi & Korsinsky, LLP as lead counsel; and (4) for any such further relief as the Court may deem just and proper. In support of this Motion, Movant submits herewith a Memorandum of Law in Support of the Motion for Consolidation of the Actions, Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel, and the Declaration of Eduard Korsinsky dated May 29, 2018.

This Motion is made on the grounds that Movant believes it is the "most adequate plaintiff pursuant to the PSLRA and should therefore be appointed Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Specifically, Movant believes it has the "largest financial interest" in the relief sought by the class in the Actions as a result of the substantial loss it suffered on its purchases of Celgene Corporation common stock during the Class Period. Additionally, Movant also believes it "satisf[ies] the requirements of Rule 23 of the Federal Rules of Civil Procedure" because its claims are typical of those of other class members and because it will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

Dated: May 29, 2018                     Respectfully submitted

**LEVI & KORSINSKY, LLP**

/s/ Eduard Korsinsky
Eduard Korsinsky
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

        -and-

Nicholas I. Porritt
Adam M. Apton
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
T: (202) 524-4290
F: (202) 333-2121

3

Email: nporritt@zlk.com
Email: aapton@zlk.com
(*pro hac vice to be submitted*)

*Counsel for Movant Celgene Investor*
*Group, and Proposed Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Eduard Korsinsky (EK-8989)
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Counsel for Movant Celgene Investor Group*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:18-cv-04772-JMV-JBC |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF THE CELGENE INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |
| v. | |
| CELGENE CORPORATION, MARK J. ALLES, PETER N. KELLOGG, SCOTT A. SMITH, NADIM AHMED and TERRIE CURRAN, | |
| Defendants. | |
| CHARLES WITCHCOFF, Individually and On Behalf of All Others Similarly Situated, | **MOTION DATE: JULY 2, 2018**<br><br>Case No. 2:18-cv-08785-JMV-JBC |
| Plaintiff, | |
| v. | |

CELGENE CORPORATION, ROBERT J. HUGIN, MARK J. ALLES, JACQUALYN A. FOUSE, PETER N. KELLOGG, SCOTT A. SMITH, and TERRIE CURRAN,

Defendants.

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................1

II.     STATEMENT OF FACTS ....................................................................3

III.    ARGUMENT .........................................................................................7

    A.  The Actions Should Be Consolidated ...............................................7

    B.  The PSLRA Standard for Appointing Lead Plaintiff ....................9

    C.  Movant is the "Most Adequate Plaintiff" under the Exchange Act ............10

        1.  Movant is Willing to Serve as Class Representative ................................10

        2.  Movant Has the Largest Financial Interest in the Relief Sought by the Class ..................................................................................11

    D.  Movant is Qualified Under Rule 23 .............................................13

        1.  Movant's Claims are Typical of the Claims of the Class ........................14

        2.  Movant Will Fairly and Adequately Represent the Class' Interests ........15

        3.  This Court Should Approve Movant's Choice of Counsel ......................17

IV.     CONCLUSION .....................................................................................17

Case 3:18-cv-04772-SMV-RLS Document 20-1 Filed 05/29/18 Page 4 of 23 PageID: 439

## TABLE OF AUTHORITIES

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,

   216 F.R.D. 567 (D.N.J. 2003) ................................................................8

*In re Cendant Corp. Litig.*,

   264 F.3d 201 (3d Cir. 2001) ........................................................ 11, 13

*Johnson v. Celotex Corp.*,

   899 F.2d 1281 (2d Cir. 1990) ...............................................................8

*Lax v. First Merch. Acceptance Corp.*,

   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ..............12

*In re Lucent Technologies Inc. Sec. Litig.*,

   221 F. Supp. 2d 472 (D.N.J. 2001).......................................................8

*In re Merck & Co., Inc. Securities*,

   No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511 (D.N.J. Jan. 20, 2013) .............14

*Mitchell v. Complete Mgmt., Inc.*,

   No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999)...............8

*In re Nice Sys. Sec. Litig.*,

   188 F.R.D. 206 (D.N.J. 1999) ............................................................12

*In re Olsten Corp. Sec. Litig.*,

    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .....................................................................12

*In re Opnext, Inc.*,

    No. 08cv-0920, 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008) ......... 11, 14

*In re PharmaPrint, Inc. Sec. Litig.*,

    No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845 (D.N.J. April 17, 2002) .... 14, 15

*Primavera Familienstiftung v. Askin*,

    173 F.R.D. 115 (S.D.N.Y. 1997) ...........................................................................8

*Sklar v. Amarin Corp. PLC*,

    Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248 (D.N.J. July 29,

    2014) .......................................................................................... 11, 12, 13, 14

*Weltz v. Lee*, 199 F.R.D.

    129 (S.D.N.Y. 2001) ..............................................................................................8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) .........................................................................................9

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................. passim

15 U.S.C. § 78u-4(e) ...................................................................................................12

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................ 13, 15

Fed. R. Civ. P. 42(a) ................................................................................................7, 8

Sunil Kawatra, David Bravman, Wolfgang Fabschuetz, William D'Ambruoso, and Oswaldo Guglielmo (the "Celgene Investor Group" or "Movant"), by counsel, respectfully submits this Memorandum of Law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for entry of an order: (i) consolidating the above-captioned actions ("Actions"); (ii) appointing Movant as Lead Plaintiff; (iii) approving Movant's selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Lead Counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v); and (iv) granting such other and further relief as the Court may deem just and proper.

## I.   INTRODUCTION

Presently pending in this District are the two above-captioned securities class actions brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against Celgene Corporation ("Celgene" or the "Company"), the Company's Chief Executive Officer and Chairman of the Board, Mark J. Alles ("Alles"), the Company's former Chief Executive Officer and Chairman of the Board, Robert J. Hugin ("Hugin"), the Company's Chief Financial Officer, Peter N. Kellogg ("Kellogg"), the Company's President and Chief Operating Officer, Scott A. Smith ("Smith"), the Company's President of

1

Hematology & Oncology Franchise, Nadim Ahmed ("Ahmed"), and the Company's President of Global Inflammation and Immunology reporting segment, Terrie Curran ("Curran") for violations of federal securities laws on behalf of a class of purchasers of the common stock of Celgene between January 12, 2015 and February 27, 2018, inclusive (the "Class Period").[1]

Pursuant to the PSLRA, this Court must appoint the member of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Movant believes it is entitled to appointment as Lead Plaintiff as the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. During the Class Period Movant sustained approximately $1,861,476.90 in losses as a result of purchasing shares of Celgene common stock at artificially inflated prices.[2] Movant also respectfully requests that the Court approve Levi & Korsinsky as Lead Counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate

---

[1] The Actions are entitled: (i) *City of Warren General Employees' Retirement System v. Celgene Corporation et al.,* 2:18-cv-04772-JMV-JBC (the "*City of Warren* Action"); and (ii) *Witchcoff v. Celgene Corporation et al.,* 2:18-cv-08785-JMV-JBC (the "*Witchcoff* Action).

[2] *See* Declaration of Eduard Korsinsky in Support of Celgene Investor Group's Motion for Consolidation of the Actions, Appointment as Lead Plaintiff and Approval of Selection of Counsel, dated May 29, 2018 ("Korsinsky Decl."), Ex. A (Movant's PSLRA certification); Ex. B (Movant's loss chart).

plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II.    STATEMENT OF FACTS

Celgene is a biotechnology company that specializes in the discovery, development, and commercialization of therapies to treat cancer and inflammatory diseases.  ¶ 2.[3]  Celgene's lead product is Revlimid, a drug that treats multiple myeloma (a type of plasma cell cancer). *Id.* As Revlimid will lose its patent exclusivity in the coming years, the Company's most financially promising drugs during the Class Period to replace its revenue were: (i) GED-0301, a late-stage developmental treatment for Crohn's disease; (ii) Otezla, a commercial-stage treatment for psoriasis approved by the FDA in 2014; and (iii) Ozanimod, a developmental treatment for relapsing multiple sclerosis and ulcerative colitis. ¶ 3. During the Class Period, the complaints allege that Defendants failed to disclose that: (i) Defendants failed to disclose known trends that were negatively impacting sales of Otezla; (ii) Defendants overstated the prospects of FDA approval for Ozanimod to treat relapsing multiple sclerosis; (iii) Defendants overstated GED-0301's commercial prospects as a treatment for Crohn's disease; and (iv) as a result

---

[3] Citations to "¶ __" are to paragraphs of the Complaint For Violations of the Federal Securities Laws (the "Complaint") filed in the *City of Warren* Action.  The facts set forth in the Complaint are incorporated herein by reference.

of the foregoing, Defendants' statements about Otezla, Ozanimod, and GED-0301 were materially false and/or misleading and/or lacked a reasonable basis. Witchcoff ¶ 11.[4]

At the beginning of the Class Period, on January 12, 2015, the Company announced its 2015 and long-term financial outlook. Witchcoff ¶ 35. In relevant part, the Company announced its projected 2017 revenues from Otezla, as well as its expected 2020 revenues from the entire Inflammation and Immunology division. *Id.*

On July 14, 2015, the Company announced that it was in the process of acquiring Receptos and its promising development-stage drug, Ozanimod, for $7.2 billion. Witchcoff ¶ 44. On August 27, 2015, the Company announced the completion of this acquisition and once again highlighted Ozanimod's prospects. Witchcoff ¶ 45.

On February 18, 2016 the Company issued a press release regarding reporting the positive results of the RADIANCE phase II clinical trial for Ozanimod. Witchcoff ¶ 46. In relevant part, the Company boasted the "potential promise of Ozanimod." *Id.*

---

[4] Citations to "Witchcoff ¶__" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the *Witchcoff* Action. The facts set forth in the Complaint are incorporated herein by reference.

On September 12, 2016, the Company issued a press release entitled "Celgene Announces Interim Topline Data from Trial of Investigational Oral GED-0301 in Patients with Active Crohn's Disease." ¶ 36.   In relevant part, the press release discussed the "encouraging," "meaningful," and "topline" results from an interim endoscopy trial which had enrolled 63 patients with moderate to severe Crohn's disease. *Id.* While critics pointed out the trial's lack of a placebo control arm, the Company explicitly dismissed these claims by ensuring analysts that the placebo rate would be "very, very low." ¶ 38.

On September 16, 2016, October 17, 2016, October 27, 2016, November 15, 2016, January 9, 2017, January 26, 2017, February 17, 2017, April 27, 2017, May 22, 2017, and July 27, 2017 the Company issued various press releases touting the high potential of GED-0301, Ozanimod, and Otezla, as well as discussed the financial success of the Company as a whole. ¶¶ 39, 43, 45-46, 47, 49, 54; *see also* Witchcoff ¶¶ 47-49. Similarly, on October 18, 2016, October 27, 2016, January 26, 2017, April 27, 2017, July 27, 2017, and September 14, 2017, the Company held various conference calls in which it further touted its successes, as well as the high potential of GED-0301, Ozanimod and Otezla and their impact on Celgene's long-term growth and financial guidance. ¶¶ 40, 44, 48, 50-51, 55-57, 60-61.

Furthermore, certain of the Individual Defendants participated in various analyst conferences on November 15, 2016 January 9, 2017, May 17, 2017, May 31,

2017, September 13, 2017, and September 26, 2017. ¶¶ 52-53, 59, 62; Witchcoff ¶¶ 57-59. During these conference Defendants once again discussed their high hopes and the success of GED-0301, Ozanimod, and Otezla. *Id.*

On October 19, 2017, the truth began to emerge when the Company issued a press release announcing that it would be discontinuing the GED-0301 trials for the treatment of Crohn's disease, following the futility analysis by an independent Data Monitoring Committee. ¶ 64. That same day, the Company filed a Form 8-K with the SEC stating that it expected a $1.6 billion impairment charge as a result of the drug's failure. *Id.* On this news, Celgene share price fell $14.63, or nearly 11%, to close at $121.33 on October 20, 2017, on unusually heavy trading volume. ¶ 65.

The truth continued to emerge on October 26, 2017, when the Company issued a press release announcing its third quarter 2017 financial results. ¶ 66. The release not only showed a less than 1% growth from the prior quarter, but also that sales for Otezla had actually declined. *Id.* Furthermore, the Company also greatly reduced its fiscal guidance projections for both 2017 and 2020, as well as acknowledged that it was much more dependent on Revlimid than it had previously disclosed. ¶ 67. On this news, Celgene share price fell $19.57, or over 16%, to close at $99.99 on October 26, 2017, on unusually heavy trading volume. ¶ 68.

Despite these announcements, on October 26, 2017, October 28, 2017, November 7, 2017, January 8, 2018, January 25, 2018, and February 7, 2018 the

Company continued to boast to investors and analysts the high potential of Ozanimod, inlcudinf that it would offset the recent negative announcements. *See* ¶¶ 69-80. Amongst other touts, multiple Defendants characterized Ozanimod as "a potential key driver," "best-in-class," a "multibillion-dollar blockbuster," a "derisked asset," and an "important product." *Id.*

The whole truth finally emerged after the market closed on February 27, 2018, when the Company issued a press release announcing the clinical and nonclinical pharmacology data for Ozanimod were deemed "insufficient to permit a complete review" by the FDA. ¶ 81. On this news, Celgene share price fell $8.66, or over 9%, to close at $87.12 on February 28, 2018, on unusually heavy trading volume. ¶ 82.

## III.   ARGUMENT

### A. The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B) (ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R.

Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, are based on the same wrongful course of conduct, and name substantially the same defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery, similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285; *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003); *In re Lucent Technologies Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 480 (D.N.J. 2001).

Once the Court decides the consolidation motion, the PSLRA mandates that

8

the Court decide the Lead Plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Actions now pending in this District.

**B. The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see* 15 U.S.C. § 78u-4(a)(3)(B). Specifically, within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice within 90 days after the date of publication of the notice. 15 U.S.C. § 78u-4(a)(3)(B). Under the Exchange Act, the Court "shall" appoint the "most adequate

9

plaintiff," and is to presume that plaintiff is the person which:

> (aa)    has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief  sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of       Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.  Movant is the "Most Adequate Plaintiff" under the Exchange Act

Movant respectfully submits that it is the "most adequate plaintiff" because it has complied with the PSLRA procedural requirements, has the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. Further, Movant has selected and retained counsel experienced in the prosecution of securities class actions to represent the proposed class.  *See* Korsinsky Decl., Ex. D (Firm Resumé of Levi & Korsinsky).  Accordingly, Movant satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore should be appointed Lead Plaintiff.

### 1.  Movant is Willing to Serve as Class Representative

On March 29, 2018, Plaintiff in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Defendants and which advised putative class members that they had sixty days from the date of the

Notice to file a motion to seek appointment as a Lead Plaintiff in the action.[5]  Movant has reviewed a complaint filed in the pending Actions and have timely filed this motion pursuant to the Notice.

### 2.  Movant Has the Largest Financial Interest in the Relief Sought by the Class

Under the Exchange Act, a rebuttable presumption exists whereby the movant with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Sklar v. Amarin Corp. PLC*, Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248, at *4 (D.N.J. July 29, 2014); *see also In re Opnext, Inc.*, No. 08cv-0920, 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008).  In determining the "largest financial interest" for purposes of lead plaintiff appointment, courts in the Third Circuit consider (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("[W]e agree with the many district courts that have held that courts should consider, among other things: (1) the number

---

[5] The Action was filed in this Court on March 29, 2018.  On that same day, the Notice was published over *BusinessWire*, a widely circulated national business oriented wire service.  *See* Korsinsky Decl., Exhibit C.

of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff (citing *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at \*5 (N.D. Ill. Aug. 11, 1997); *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (same)"); *see also Sklar*, 2014 WL 3748248, at \*4.

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the greater of the price they sold the shares or the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant sustained losses in the amount of approximately $1,861,476.90 as a result of purchasing Celgene common stock at artificially inflated prices. *See* Korsinsky Decl., Ex. B. Movant is not aware of any other movant with a larger financial interest and believe it has the largest financial interest of any lead plaintiff movant. Therefore, Movant is presumptively entitled to appointment as the Lead Plaintiff.

### D. Movant is Qualified Under Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

    (1)    the class is so numerous that joinder of all members is impracticable;

    (2)    there are questions of law or fact common to the class;

    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of appointing lead plaintiff, the determination of whether the movant with the largest interest in the case otherwise satisfies Rule 23 "should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy." *Sklar*, 2014 WL 3748248, at *5, citing *In re Cendant Corp. Litig.*, 264 F.3d at 262. The presumption that the movant with the largest financial interest is the most adequate plaintiff to lead the action may be rebutted only upon **proof** that the movant (1) will not fairly and adequately protect the interests of the class, or (2) is subject to unique defenses that render such movant incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), *In re*

*Opnext, Inc.*, 2008 U.S. Dist. LEXIS 60678, at *7- 10; *see also Sklar*, 2014 WL 3748248, at *4.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff in the Actions.

### 1. Movant's Claims are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, and (2) the claims are based on the same legal theory. *See In re Merck & Co., Inc. Securities*, No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511, at *39-40 (D.N.J. Jan. 20, 2013), *In re PharmaPrint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845, at *16 (D.N.J. April 17, 2002).

14

The claims asserted by Movant are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. Movant purchased shares of Celgene common stock, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby. Thus, Movant satisfies the typicality requirement of Rule 23(a).

### 2. Movant Will Fairly and Adequately Represent the Class' Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). A movant can demonstrate adequacy by showing that "(a) the [movant's] attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the [movant] must not have interests antagonistic to those of the class." *In re PharmaPrint, Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 19845, at *16-17. Here, Movant's interests are clearly aligned with the members of the proposed class. Not only is there no evidence of any antagonism between Movant's interests and those of the class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses it has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that the Movant will vigorously pursue the interests of the Class.

As detailed above, Movant's claims raise similar questions of law and fact as claims of the members of the class, and Movant's claims are typical of the members of the class. Further, Movant has demonstrated its adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff, as reflected in its signed certifications. *See* Korsinsky Decl., Ex. A. Having suffered substantial losses, Movant will be a zealous advocate on behalf of the class.

In addition, Movant has selected Levi & Korsinsky – counsel highly experienced in prosecuting securities class actions – to represent it. *See* Korsinsky Decl., Ex. D. Thus, the close alignment of interests between Movant and other class members, and Movant's strong desire to prosecute the Actions on behalf of the class, provide ample reason to grant Movant's motion for appointment as Lead Plaintiff in the Actions.

Accordingly, at this stage of the proceedings, the Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because the Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, they are, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

### 3. This Court Should Approve Movant's Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Movant has retained Levi & Korsinsky to file moving papers on behalf of itself seeking appointment as Lead Plaintiff and to serve as lead counsel to pursue this litigation on behalf of Movant and the class. Levi & Korsinsky attorneys have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Korsinsky Decl., Ex. D.

## IV. CONCLUSION

Movant has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, Movant respectfully requests that the Court consolidate the Actions, appoint it as Lead Plaintiff, approve its selection of counsel, and grant such other relief as the Court may deem just and proper.

Dated: May 29, 2018       Respectfully submitted

**LEVI & KORSINSKY, LLP**

/s/ Eduard Korsinsky
Eduard Korsinsky
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500

Fax: (212) 363-7171
Email: ek@zlk.com

-and-

Nicholas I. Porritt
Adam M. Apton
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: nporritt@zlk.com
Email: aapton@zlk.com
(*pro hac vice* forthcoming)

*Counsel for Movant Celgene Investor Group,*
*and Proposed Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Eduard Korsinsky (EK-8989)
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Counsel for Movant Celgene Investor Group*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:18-cv-04772-JMV-JBC |
| Plaintiff, | **DECLARATION OF EDUARD KORSINSKY IN SUPPORT OF THE CELGENE INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |
| v. | |
| CELGENE CORPORATION, MARK J. ALLES, PETER N. KELLOGG, SCOTT A. SMITH, NADIM AHMED and TERRIE CURRAN, | |
| Defendants. | |
| | **MOTION DATE: JULY 2, 2018** |
| CHARLES WITCHCOFF, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:18-cv-08785-JMV-JBC |
| Plaintiff, | |
| v. | |

1

CELGENE CORPORATION, ROBERT
J.  HUGIN,  MARK  J.  ALLES,
JACQUALYN A. FOUSE, PETER N.
KELLOGG, SCOTT A. SMITH, and
TERRIE CURRAN,

                                    Defendants.

I, EDUARD KORSINSKY, hereby declare that:

1.      I am a partner of the law firm Levi & Korsinsky, LLP, proposed Lead

Counsel for movants Sunil Kawatra, David Bravman, Wolfgang Fabschuetz,

William D'Ambruoso, and Oswaldo Guglielmo ("Celgene Investor Group" or

"Movant").  I respectfully submit this declaration in support of the Movant's Motion

for Consolidation of the Actions, Appointment as Lead Plaintiff and Approval of

Selection of Counsel in the above-captioned actions.  I have personal knowledge of

the matters stated herein and, if called upon, I could and would competently testify

thereto.

2.      Attached are true and correct copies of the following exhibits:

>     Exhibit A        Sworn Certifications from the members of the Celgene
>                      Investor Group;
>
>     Exhibit B        Movant's estimated losses;
>
>     Exhibit C        Notice of pendency of class action published on
>                      *BusinessWire* on March 29, 2018; and
>
>     Exhibit D        Levi & Korsinsky, LLP firm résumé.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of May, 2018.       */s/ Eduard Korsinsky*
                                       Eduard Korsinsky

# EXHIBIT A

**CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS**

I, SUNIL KAWATRA , duly certify and say, as to the claims asserted under the federal securities laws, that:

1. I have reviewed a complaint filed in the action(s).

2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transaction(s) in Celgene Corporation which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this May 29, 2018.

Name: SUNIL KAWATRA

Signed:

**Sunil Kawatra**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) |
|---|---|---|---|
| 2/19/2015 | B | 837 | 120.2400 |
| 2/19/2015 | B | 4,400 | 120.2500 |
| 2/19/2015 | B | 300 | 120.2400 |
| 2/19/2015 | B | 300 | 120.2399 |
| 2/20/2015 | B | 10,000 | 122.1300 |
| 2/23/2015 | B | 10,000 | 124.9200 |
| 2/24/2015 | S | (25,837) | 122.9200 |
| 7/21/2015 | B | 7,922 | 135.6800 |
| 7/21/2015 | B | 900 | 135.6300 |
| 7/21/2015 | B | 200 | 135.7000 |
| 7/21/2015 | B | 600 | 135.6900 |
| 7/22/2015 | B | 500 | 136.8500 |
| 7/22/2015 | B | 3,800 | 137.0000 |
| 7/22/2015 | B | 100 | 136.9900 |
| 7/22/2015 | B | 200 | 136.9700 |
| 7/22/2015 | B | 400 | 136.9400 |
| 7/24/2015 | S | (300) | 136.6300 |
| 7/24/2015 | S | (14,322) | 136.6200 |
| 8/10/2015 | B | 26,400 | 131.5600 |
| 8/10/2015 | B | 600 | 131.1500 |
| 12/31/2015 | S | (10,000) | 120.4300 |
| 12/31/2015 | B | 10,000 | 120.4300 |
| 6/24/2016 | B | 2,000 | 98.3900 |
| 7/15/2016 | B | 200 | 102.9100 |
| 7/15/2016 | B | 800 | 102.9037 |
| 10/24/2016 | S | (100) | 98.1500 |
| 10/24/2016 | S | (500) | 98.2000 |
| 10/24/2016 | S | (400) | 98.0434 |
| 6/12/2017 | B | 3,000 | 119.2999 |
| 6/19/2017 | S | (3,000) | 117.0000 |
| 7/25/2017 | S | (2,000) | 136.1601 |
| 7/26/2017 | B | 2,000 | 136.5000 |
| 10/20/2017 | S | (2,000) | 127.0000 |
| 11/14/2017 | B | 2,000 | 99.0755 |
| 11/21/2017 | B | 100 | 105.2500 |
| 11/21/2017 | B | 100 | 105.2425 |

| | | | |
|---|---|---|---|
| 11/22/2017 | B | 300 | 105.4000 |
| 11/24/2017 | B | 200 | 104.4200 |
| 11/30/2017 | S | (100) | 102.2911 |
| 11/30/2017 | S | (100) | 102.3100 |
| 11/30/2017 | S | (300) | 102.1300 |
| 11/30/2017 | S | (39) | 101.6000 |
| 11/30/2017 | S | (161) | 101.5200 |
| 11/30/2017 | S | (500) | 100.4810 |
| 11/30/2017 | S | (500) | 100.5100 |
| 12/1/2017 | B | 100 | 102.3750 |
| 12/1/2017 | S | (100) | 100.7000 |
| 12/4/2017 | B | 200 | 103.7200 |
| 12/6/2017 | S | (100) | 101.7975 |
| 12/6/2017 | S | (100) | 101.6854 |
| 12/7/2017 | B | 200 | 102.8500 |
| 12/8/2017 | B | 800 | 105.9000 |
| 12/8/2017 | B | 500 | 105.7700 |
| 1/8/2018 | S | (500) | 101.3100 |
| 1/8/2018 | B | 500 | 102.5800 |
| 1/17/2018 | S | (200) | 102.2000 |
| 1/17/2018 | S | (300) | 101.9800 |
| 2/1/2018 | S | (120) | 100.0950 |
| 2/1/2018 | S | (2,901) | 100.0901 |
| 2/1/2018 | S | (979) | 100.0900 |
| 2/1/2018 | B | 200 | 100.2000 |
| 2/1/2018 | B | 100 | 100.2101 |
| 2/1/2018 | B | 1,000 | 100.7000 |
| 2/1/2018 | B | 700 | 100.1699 |
| 2/1/2018 | B | 100 | 100.6500 |
| 2/1/2018 | B | 300 | 100.6500 |
| 2/2/2018 | B | 600 | 100.4399 |
| 2/2/2018 | B | 200 | 100.3700 |
| 2/5/2018 | S | (200) | 97.6400 |
| 2/5/2018 | S | (500) | 97.5300 |
| 2/5/2018 | S | (500) | 97.2500 |
| 2/5/2018 | S | (200) | 96.8400 |
| 2/7/2018 | S | (200) | 95.3859 |
| 2/7/2018 | S | (200) | 95.3400 |
| 2/7/2018 | S | (200) | 95.4000 |
| 2/8/2018 | S | (300) | 93.7300 |
| 2/8/2018 | S | (200) | 93.6600 |
| 2/8/2018 | S | (200) | 93.5500 |
| 2/8/2018 | S | (200) | 91.6950 |
| 2/9/2018 | S | (500) | 90.5700 |

| | | | |
|---|---|---|---|
| 2/9/2018 | S | (1,000) | 90.0110 |
| 2/9/2018 | S | (1,000) | 89.6500 |
| 2/9/2018 | S | (2,799) | 88.7900 |
| 2/9/2018 | S | (20,001) | 88.7600 |
| 2/9/2018 | B | 20,000 | 92.9500 |
| 2/12/2018 | S | (100) | 91.5000 |
| 2/15/2018 | B | 100 | 96.3000 |
| 2/15/2018 | B | 1,000 | 97.1700 |
| 2/22/2018 | S | (21,000) | 94.9300 |

# CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS

I, david bravman , duly certify and say, as to the claims asserted under the federal securities laws, that:

1. I have reviewed a complaint filed in the action(s).

2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transaction(s) in Celgene Corporation which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this May 29, 2018.

Name: david bravman

Signed:

**David Bravman**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) |
|---|---|---|---|
| 10/9/2017 | B | 5,800 | 138.4700 |
| 10/25/2017 | B | 200 | 119.4500 |

**CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS**

I, Wolfgang Fabschuetz , duly certify and say, as to the claims asserted under the federal securities laws, that:

1. I have reviewed a complaint filed in the action(s).

2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transaction(s) in Celgene Corporation which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this May 26, 2018.

Name: Wolfgang Fabschuetz

Signed:

**Wolfgang Fabschuetz**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) |
|---|---|---|---|
| 10/20/2017 | B | 200 | 121.6700 |
| 10/20/2017 | B | 900 | 121.6700 |
| 10/20/2017 | B | 1,038 | 121.6700 |
| 10/20/2017 | B | 1,039 | 121.6700 |
| 10/20/2017 | B | 1,500 | 121.6700 |
| 10/20/2017 | B | 200 | 121.6700 |
| 10/20/2017 | B | 23 | 121.6700 |

CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS

I, *William D'Ambruoso* , duly certify and say, as to the claims asserted under the federal securities laws, that:

    1. I have reviewed a complaint filed in the action(s).

    2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

    3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

    4. My transaction(s) in Celgene Corporation which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

    5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

    6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this May 24, 2018.

Name : *William D'Ambruoso*

Signed:

Clear

**William D'Ambruoso**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) |
|---|---|---|---|
| 12/1/2016 | B | 5,000 | 119.7400 |

**CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS**

I, Oswaldo Guglielmo , duly certify and say, as to the claims asserted under the federal securities laws, that:

1. I have reviewed a complaint filed in the action(s).

2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transaction(s) in Celgene Corporation which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this May 29, 2018.

Name: Oswaldo Guglielmo

Signed:



**Oswaldo Guglielmo**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) |
|---|---|---|---|
| **ACCOUNT 1** | | | |
| 11/20/2017 | B | 30 | 103.5490 |
| 11/20/2017 | B | 100 | 103.5295 |
| 11/20/2017 | B | 370 | 103.5340 |
| 12/22/2017 | B | 500 | 105.9999 |
| 12/27/2017 | B | 1,000 | 104.2220 |
| 1/3/2018 | S | (100) | 109.6553 |
| 1/3/2018 | S | (1,900) | 108.6301 |
| 1/4/2018 | B | 1,300 | 107.0500 |
| 1/4/2018 | B | 700 | 107.0599 |
| 1/5/2018 | B | 1,000 | 104.8838 |
| 1/8/2018 | B | 100 | 102.5769 |
| 1/8/2018 | B | 400 | 102.5764 |
| 1/16/2018 | B | 1,000 | 105.1399 |
| 1/17/2018 | B | 1,000 | 102.2757 |
| 1/29/2018 | B | 1,000 | 103.5399 |
| 2/2/2018 | B | 1,000 | 99.8870 |
| 2/5/2018 | B | 500 | 97.7383 |
| 2/5/2018 | B | 250 | 93.9600 |
| **ACCOUNT 2** | | | |
| 1/29/2018 | B | 500 | 103.0164 |
| 1/29/2018 | B | 500 | 103.4299 |
| 1/30/2018 | B | 200 | 101.4400 |
| 1/30/2018 | B | 800 | 101.4399 |
| 2/5/2018 | B | 115 | 96.5651 |

# EXHIBIT B

**Sunil Kawatra**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| | | | | Losses | $ | 1,062,427.80 |

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) | Cost/Proceeds ($) |
|---|---|---|---|---|
| 2/19/2015 | B | 837 | 120.2400 | 100,640.88 |
| 2/19/2015 | B | 4,400 | 120.2500 | 529,100.00 |
| 2/19/2015 | B | 300 | 120.2400 | 36,072.00 |
| 2/19/2015 | B | 300 | 120.2399 | 36,071.97 |
| 2/20/2015 | B | 10,000 | 122.1300 | 1,221,300.00 |
| 2/23/2015 | B | 10,000 | 124.9200 | 1,249,200.00 |
| 2/24/2015 | S | (25,837) | 122.9200 | (3,175,884.04) |
| 7/21/2015 | B | 7,922 | 135.6800 | 1,074,856.96 |
| 7/21/2015 | B | 900 | 135.6300 | 122,067.00 |
| 7/21/2015 | B | 200 | 135.7000 | 27,140.00 |
| 7/21/2015 | B | 600 | 135.6900 | 81,414.00 |
| 7/22/2015 | B | 500 | 136.8500 | 68,425.00 |
| 7/22/2015 | B | 3,800 | 137.0000 | 520,600.00 |
| 7/22/2015 | B | 100 | 136.9900 | 13,699.00 |
| 7/22/2015 | B | 200 | 136.9700 | 27,394.00 |
| 7/22/2015 | B | 400 | 136.9400 | 54,776.00 |
| 7/24/2015 | S | (300) | 136.6300 | (40,989.00) |
| 7/24/2015 | S | (14,322) | 136.6200 | (1,956,671.64) |
| 8/10/2015 | B | 26,400 | 131.5600 | 3,473,184.00 |
| 8/10/2015 | B | 600 | 131.1500 | 78,690.00 |
| 12/31/2015 | S | (10,000) | 120.4300 | (1,204,300.00) |
| 12/31/2015 | B | 10,000 | 120.4300 | 1,204,300.00 |
| 6/24/2016 | B | 2,000 | 98.3900 | 196,780.00 |
| 7/15/2016 | B | 200 | 102.9100 | 20,582.00 |
| 7/15/2016 | B | 800 | 102.9037 | 82,322.96 |
| 10/24/2016 | S | (100) | 98.1500 | (9,815.00) |
| 10/24/2016 | S | (500) | 98.2000 | (49,100.00) |
| 10/24/2016 | S | (400) | 98.0434 | (39,217.36) |
| 6/12/2017 | B | 3,000 | 119.2999 | 357,899.70 |
| 6/19/2017 | S | (3,000) | 117.0000 | (351,000.00) |
| 7/25/2017 | S | (2,000) | 136.1601 | (272,320.20) |
| 7/26/2017 | B | 2,000 | 136.5000 | 273,000.00 |
| 10/20/2017 | S | (2,000) | 127.0000 | (254,000.00) |
| 11/14/2017 | B | 2,000 | 99.0755 | 198,151.00 |
| 11/21/2017 | B | 100 | 105.2500 | 10,525.00 |
| 11/21/2017 | B | 100 | 105.2425 | 10,524.25 |
| 11/22/2017 | B | 300 | 105.4000 | 31,620.00 |
| 11/24/2017 | B | 200 | 104.4200 | 20,884.00 |
| 11/30/2017 | S | (100) | 102.2911 | (10,229.11) |
| 11/30/2017 | S | (100) | 102.3100 | (10,231.00) |
| 11/30/2017 | S | (300) | 102.1300 | (30,639.00) |
| 11/30/2017 | S | (39) | 101.6000 | (3,962.40) |
| 11/30/2017 | S | (161) | 101.5200 | (16,344.72) |
| 11/30/2017 | S | (500) | 100.4810 | (50,240.50) |
| 11/30/2017 | S | (500) | 100.5100 | (50,255.00) |
| 12/1/2017 | B | 100 | 102.3750 | 10,237.50 |
| 12/1/2017 | S | (100) | 100.7000 | (10,070.00) |
| 12/4/2017 | B | 200 | 103.7200 | 20,744.00 |
| 12/6/2017 | S | (100) | 101.7975 | (10,179.75) |
| 12/6/2017 | S | (100) | 101.6854 | (10,168.54) |
| 12/7/2017 | B | 200 | 102.8500 | 20,570.00 |
| 12/8/2017 | B | 800 | 105.9000 | 84,720.00 |
| 12/8/2017 | B | 500 | 105.7700 | 52,885.00 |
| 1/8/2018 | S | (500) | 101.3100 | (50,655.00) |
| 1/8/2018 | B | 500 | 102.5800 | 51,290.00 |
| 1/17/2018 | S | (200) | 102.2000 | (20,440.00) |
| 1/17/2018 | S | (300) | 101.9800 | (30,594.00) |
| 2/1/2018 | S | (120) | 100.0950 | (12,011.40) |
| 2/1/2018 | S | (2,901) | 100.0901 | (290,361.38) |
| 2/1/2018 | S | (979) | 100.0900 | (97,988.11) |
| 2/1/2018 | B | 200 | 100.2000 | 20,040.00 |
| 2/1/2018 | B | 100 | 100.2101 | 10,021.01 |
| 2/1/2018 | B | 1,000 | 100.7000 | 100,700.00 |
| 2/1/2018 | B | 700 | 100.1699 | 70,118.93 |
| 2/1/2018 | B | 100 | 100.6500 | 10,065.00 |
| 2/1/2018 | B | 300 | 100.6500 | 30,195.00 |

| 2/2/2018 | B | 600 | 100.4399 | 60,263.94 |
|---|---|---|---|---|
| 2/2/2018 | B | 200 | 100.3700 | 20,074.00 |
| 2/5/2018 | S | (200) | 97.6400 | (19,528.00) |
| 2/5/2018 | S | (500) | 97.5300 | (48,765.00) |
| 2/5/2018 | S | (500) | 97.2500 | (48,625.00) |
| 2/5/2018 | S | (200) | 96.8400 | (19,368.00) |
| 2/7/2018 | S | (200) | 95.3859 | (19,077.18) |
| 2/7/2018 | S | (200) | 95.3400 | (19,068.00) |
| 2/7/2018 | S | (200) | 95.4000 | (19,080.00) |
| 2/8/2018 | S | (300) | 93.7300 | (28,119.00) |
| 2/8/2018 | S | (200) | 93.6600 | (18,732.00) |
| 2/8/2018 | S | (200) | 93.5500 | (18,710.00) |
| 2/8/2018 | S | (200) | 91.6950 | (18,339.00) |
| 2/9/2018 | S | (500) | 90.5700 | (45,285.00) |
| 2/9/2018 | S | (1,000) | 90.0110 | (90,011.00) |
| 2/9/2018 | S | (1,000) | 89.6500 | (89,650.00) |
| 2/9/2018 | S | (2,799) | 88.7900 | (248,523.21) |
| 2/9/2018 | S | (20,001) | 88.7600 | (1,775,288.76) |
| 2/9/2018 | B | 20,000 | 92.9500 | 1,859,000.00 |
| 2/12/2018 | S | (100) | 91.5000 | (9,150.00) |
| 2/15/2018 | B | 100 | 96.3000 | 9,630.00 |
| 2/15/2018 | B | 1,000 | 97.1700 | 97,170.00 |
| 2/22/2018 | S | (21,000) | 94.9300 | (1,993,530.00) |

**David Bravman**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| | |
|---|---|
| **Net Retained Shares** | 6,000 |
| **Total Retained Cost** | $ 827,016.00 |
| **Value of Retained Shares** | $ 521,696.13 |
| **90-Day Average** | $ 86.9494 |
| **Losses** | $ 305,319.87 |

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) | Cost/Proceeds ($) |
|---|---|---|---|---|
| 10/9/2017 | B | 5,800 | 138.4700 | 803,126.00 |
| 10/25/2017 | B | 200 | 119.4500 | 23,890.00 |

**Wolfgang Fabschuetz**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| Net Retained Shares | 4,900 |
|---|---|
| Total Retained Cost | $ 596,183.00 |
| Value of Retained Shares | $ 426,051.84 |
| 90-Day Average | $ 86.9494 |
| Losses | $ 170,131.16 |

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) | Cost/Proceeds ($) |
|---|---|---|---|---|
| 10/20/2017 | B | 200 | 121.6700 | 24,334.00 |
| 10/20/2017 | B | 900 | 121.6700 | 109,503.00 |
| 10/20/2017 | B | 1,038 | 121.6700 | 126,293.46 |
| 10/20/2017 | B | 1,039 | 121.6700 | 126,415.13 |
| 10/20/2017 | B | 1,500 | 121.6700 | 182,505.00 |
| 10/20/2017 | B | 200 | 121.6700 | 24,334.00 |
| 10/20/2017 | B | 23 | 121.6700 | 2,798.41 |

**William D'Ambruoso**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| Net Retained Shares | 5,000 |
|---|---|
| Total Retained Cost | $ 598,700.00 |
| Value of Retained Shares | $ 434,746.78 |
| 90-Day Average | $ 86.9494 |
| Losses | $ 163,953.22 |

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) | Cost/Proceeds ($) |
|---|---|---|---|---|
| 12/1/2016 | B | 5,000 | 119.7400 | 598,700.00 |

**Oswaldo Guglielmo**
**Transactions in Celgene Corporation (CELG) Common Stock**
**Class Period: January 12, 2015, and February 27, 2018, inclusive**

| Net Retained Shares | 10,365 |
|---|---|
| Total Retained Cost | $ 1,060,874.92 |
| Value of Retained Shares | $ 901,230.07 |
| 90-Day Average | $ 86.9494 |
| Losses | $ 159,644.85 |

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) | Cost/Proceeds ($) |
|---|---|---|---|---|
| **ACCOUNT 1** | | | | |
| 11/20/2017 | B | 30 | 103.5490 | 3,106.47 |
| 11/20/2017 | B | 100 | 103.5295 | 10,352.95 |
| 11/20/2017 | B | 370 | 103.5340 | 38,307.58 |
| 12/22/2017 | B | 500 | 105.9999 | 52,999.95 |
| 12/27/2017 | B | 1,000 | 104.2220 | 104,222.00 |
| 1/3/2018 | S | (100) | 109.6553 | (10,965.53) |
| 1/3/2018 | S | (1,900) | 108.6301 | (206,397.19) |
| 1/4/2018 | B | 1,300 | 107.0500 | 139,165.00 |
| 1/4/2018 | B | 700 | 107.0599 | 74,941.93 |
| 1/5/2018 | B | 1,000 | 104.8838 | 104,883.80 |
| 1/8/2018 | B | 100 | 102.5769 | 10,257.69 |
| 1/8/2018 | B | 400 | 102.5764 | 41,030.56 |
| 1/16/2018 | B | 1,000 | 105.1399 | 105,139.90 |
| 1/17/2018 | B | 1,000 | 102.2757 | 102,275.70 |
| 1/29/2018 | B | 1,000 | 103.5399 | 103,539.90 |
| 2/2/2018 | B | 1,000 | 99.8870 | 99,887.00 |
| 2/5/2018 | B | 500 | 97.7383 | 48,869.15 |
| 2/5/2018 | B | 250 | 93.9600 | 23,490.00 |
| **ACCOUNT 2** | | | | |
| 1/29/2018 | B | 500 | 103.0164 | 51,508.20 |
| 1/29/2018 | B | 500 | 103.4299 | 51,714.95 |
| 1/30/2018 | B | 200 | 101.4400 | 20,288.00 |
| 1/30/2018 | B | 800 | 101.4399 | 81,151.92 |
| 2/5/2018 | B | 115 | 96.5651 | 11,104.99 |

# EXHIBIT C

Robbins Geller Rudman & Dowd LLP Files Class Action Suit against Ce...          https://www.businesswire.com/news/home/20180329006265/en/Robbin...

Case 3:18-cv-02493-GMR-JS Document 22-5 Filed 06/31/19 Page 53 of 96 PageID: 1073
Case 2:18-cv-04772-JMV-JBC Document 20-5 Filed 08/29/18 Page 2 of 5 PageID: 594

38.122.8.226



Robbins Geller
Rudman & Dowd LLP

# Robbins Geller Rudman & Dowd LLP Files Class Action Suit against Celgene Corporation

March 29, 2018 10:00 PM Eastern Daylight Time

SAN DIEGO--(BUSINESS WIRE)--Robbins Geller Rudman & Dowd LLP ("Robbins Geller") (http://www.rgrdlaw.com/cases /celgene/) today announced that a class action has been commenced by an institutional investor on behalf of purchasers of Celgene Corporation ("Celgene") (NASDAQ: CELG) common stock during the period between September 12, 2016 and February 27, 2018 (the "Class Period"). This action was filed in the District of New Jersey and is captioned *City of Warren General Employees' Retirement System v. Celgene Corporation, et al.*, No. 18-4772.

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Darren Robbins of Robbins Geller at 800/449-4900 or 619/231-1058, or via e-mail at djr@rgrdlaw.com. If you are a member of this class, you can view a copy of the complaint as filed at http://www.rgrdlaw.com/cases/celgene/. Any member of the putative class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges Celgene and certain of its officers and directors with violations of the Securities Exchange Act of 1934. Celgene is a biotechnology company that specializes in the discovery, development and commercialization of therapies for the treatment of cancer and inflammatory diseases. Its most successful drug is Revlimid, a drug for the treatment of multiple myeloma (a type of plasma cell cancer). However, Revlimid will lose its patent exclusivity in the coming years, at which point cheaper generics will be able to enter the market. As a result, it was important that the Company develop and successfully commercialize new drugs to diversify and ultimately replace its reliance on revenues from Revlimid sales, with the three most promising replacements being GED-0301, a late-stage developmental treatment for Crohn's disease, Otezla, a commercial-stage treatment for psoriasis, and Ozanimod, a developmental treatment for relapsing multiple sclerosis and ulcerative colitis.

The complaint alleges that during the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information regarding Celgene's business and the prospects for its drug products. Specifically, defendants failed to disclose that trials for GED-0301 suffered from fatal design defects, such that GED-0301 had failed to demonstrate meaningful clinical efficacy, and that, as a result, there was an undisclosed risk and high likelihood that Celgene would be unable to develop GED-0301 into a commercially viable treatment for Crohn's disease. In addition, defendants also failed to disclose that the growth of Otezla sales had dramatically slowed during Celgene's third fiscal quarter of 2017 and that the clinical and nonclinical pharmacology data in Celgene's new drug application ("NDA") for Ozanimod were insufficient to permit a complete review by the FDA, which resulted in the FDA issuing a refusal to file letter to Celgene regarding the NDA. As a result of these false statements and/or omissions, the price of Celgene stock was artificially inflated during the Class Period to over $145 per share.

would record a $1.6 billion impairment charge as a result of the drug's failure. On October 26, 2017, the Company revealed that certain of its key drugs had badly missed sales expectations for the quarter. Most notably, sales for Otezla – which management had just recently claimed were "going very, very well" – had slowed to only 2% U.S. growth, compared to 41% year-over-year growth in the prior quarter. Then, after the market closed on February 27, 2018, Celgene disclosed that it had received a refusal to file letter from the FDA in connection with the Company's NDA for Ozanimod. The Company revealed that both the clinical and nonclinical pharmacology sections of its NDA were found deficient by regulators. On this news, the price of Celgene stock dropped 9%, or $8.66 per share, to close at $87.12 per share on February 28, 2018.

Plaintiff seeks to recover damages on behalf of all purchasers of Celgene common stock during the Class Period (the "Class"). The plaintiff is represented by Robbins Geller, which has extensive experience in prosecuting investor class actions including actions involving financial fraud.

Robbins Geller is widely recognized as a leading law firm advising and representing U.S. and international investors in securities litigation and portfolio monitoring. With 200 lawyers in 10 offices, Robbins Geller has obtained many of the largest securities class action recoveries in history. For the third consecutive year, the Firm ranked first in both the total amount recovered for investors and the number of shareholder class action recoveries in ISS's SCAS Top 50 Report. Robbins Geller attorneys have shaped the law in the areas of securities litigation and shareholder rights and have recovered tens of billions of dollars on behalf of the Firm's clients. Robbins Geller not only secures recoveries for defrauded investors, it also implements significant corporate governance reforms, helping to improve the financial markets for investors worldwide. Please visit http://www.rgrdlaw.com for more information.

https://www.linkedin.com/company/rgrdlaw
https://twitter.com/rgrdlaw
https://www.facebook.com/rgrdlaw
https://plus.google.com/+Rgrdlaw/posts

## Contacts

Robbins Geller Rudman & Dowd LLP

Darren Robbins

800-449-4900 or 619-231-1058

djr@rgrdlaw.com

Robbins Geller Rudman & Dowd LLP Files Class Action Suit against Ce...    https://www.businesswire.com/news/home/20180329006265/en/Robbin...

Case 3:18-cv-02293-GC-RLS  Document 32-5  Filed 05/31/19  Page 55 of 96 PageID: 1075
Case 2:18-cv-04772-JMV-JBC  Document 20-5  Filed 08/29/18  Page 4 of 5 PageID: 396

# Tweets by @rgrdlaw

**Robbins Geller**
@rgrdlaw

Congratulations to @rgrdlaw partners Paul Geller, Jason Forge and Rachel Jensen for being named Plaintiffs' Lawyers Trailblazers by @TheNLJ for 2018. ow.ly/CECn50hdor9



18h

**Robbins Geller**
@rgrdlaw

Watch this video and see why the Honorable Alvin K. Hellerstein lauded @rgrdlaw attorneys, noting that "[w]ithout the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems." ow.ly/VhVl50fWEcO



Apr 26, 2018

## Social Media Profiles

Robbins Geller Rudman & Dowd LLP on Facebook

Robbins Geller Rudman & Dowd LLP on LinkedIn

# **EXHIBIT D**

# LEVI&KORSINSKY LLP

|              |                         |
|--------------|-------------------------|
| New York     | 30 Broad Street         |
|              | 24th Floor              |
|              | New York, NY 10004      |
|              | Toll Free 877-363-5972  |
|              | T. 212-363-7500         |
|              | F. 212-363-7171         |
|              |                         |
| Washington, D.C. | 1101 30th Street NW |
|              | Suite 115               |
|              | Washington, D.C. 20007  |
|              | T. 202-524-4290         |
|              | F. 202-333-2121         |
|              |                         |
| Connecticut  | 733 Summer Street       |
|              | Suite 304               |
|              | Stamford, CT 06901      |
|              | T. 203-992-4523         |
|              |                         |
| California   | *Los Angeles*           |
|              | 445 South Figueroa Street |
|              | 31st Floor              |
|              | Los Angeles, CA 90071   |
|              | T. 213-985-7290         |
|              |                         |
|              | *San Francisco*         |
|              | 44 Montgomery Street    |
|              | Suite 650               |
|              | San Francisco, CA 94104 |
|              | T. 415-291-2420         |
|              | F. 415-484-1294         |

# LEVI&KORSINSKY LLP

## ABOUT THE FIRM

Levi & Korsinsky, LLP is a national law firm with decades of combined experience litigating complex securities, class, and consumer actions in state and federal courts throughout the country. Our main office is located in New York City and we also maintain offices in Connecticut, California, and Washington, D.C.

We represent the interests of aggrieved shareholders in class action and derivative litigation through the vigorous prosecution of corporations that have committed securities fraud and boards of directors who have breached their fiduciary duties. We have served as Lead and Co-Lead Counsel in many precedent–setting litigations, recovered millions of dollars for shareholders via securities fraud lawsuits, and obtained fair value, multi-billion dollar settlements in merger transactions.

We also represent clients in high-stakes consumer class actions against some of the largest corporations in America. Our legal team has a long and successful track record of litigating high-stakes, resource-intensive cases and consistently achieving results for our clients.

Our attorneys are highly skilled and experienced in the field of securities class action litigation. They bring a vast breadth of knowledge and skill to the table and, as a result, are frequently appointed Lead Counsel in complex shareholder and consumer litigations in various jurisdictions. We are able to allocate substantial resources to each case, reviewing public documents, interviewing witnesses, and consulting with experts concerning issues particular to each case. Our attorneys are supported by exceptionally qualified professionals including financial experts, investigators, and administrative staff, as well as cutting-edge technology and e-discovery systems. Consequently, we are able to quickly mobilize and produce excellent litigation results.  Our ability to try cases, and win them, results in substantially better recoveries than our peers.

We do not shy away from uphill battles – indeed, we routinely take on complex and challenging cases, and we prosecute them with integrity, determination, and professionalism.

---

*"...a model for how [the] great legal profession should conduct itself."*

Justice Timothy S. Driscoll in *Grossman v. State Bancorp, Inc.*,
Index No. 600469/2011 (N.Y. Sup. Ct. Nassau Cnty. Nov. 29, 2011)

---

## PRACTICE AREAS

### Securities Fraud Class Actions

We prosecute claims on behalf of investors to recover losses suffered as a result of securities fraud, including the manipulation of a company's stock price by its executives, officers, directors, and advisors such as underwriters and accountants, through the issuance of false and misleading information. Our firm has been appointed Lead Counsel in numerous class actions filed in both federal and state courts across the country.

In *E-Trade Financial Corp. Securities Litigation*, No. 07-cv-8538 (S.D.N.Y. 2007), we were selected from a crowded field as Co-Lead Counsel for a landmark securities fraud class action that arose out of the mortgage crisis. Our successful prosecution of the case resulted in a $79 million recovery for the shareholder class.

We have been appointed Lead or Co-Lead Counsel in the following securities class actions:

- *Rensel v. Centra Tech, Inc.*, 17-cv-24500-JLK (S.D. Fla. Apr. 11, 2018)
- *Cullinan v. Cemtrex, Inc.* 2:17-cv-01067 (E.D.N.Y. Mar. 3, 2018)

---

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- *Emerson v. Genocea Biosciences, Inc.*, 1:17-cv-12137 (D. Mass. Feb. 2, 2018)
- *In re Navient Corporation Sec. Litig.*, 1:17-cv-08373-RBK-AMD (D.N.J. Feb. 2, 2018)
- *Abouzied v. Applied Optoelectronics, Inc.*, 4:17-cv-2399 (S.D. Tex. Jan. 22, 2018)
- *Huang v. Depomed, Inc.*, 3:17-cv-04830-JST (N.D. Cal. Dec. 8, 2017)
- *In re Regulus Therapeutics Inc. Sec. Litig.*, 3:17-cv-00182-BTM-RBB (D. Mass. Oct. 26, 2017)
- *Mahoney v. Foundation Medicine, Inc.*, 1:17-cv-11394-LTS (D. Mass. Oct. 20, 2017)
- *Murphy III v. JBS S.A.*, 1:17-cv-03084-ILG-RER (E.D.N.Y. Oct. 10, 2017)
- *Goldsmith v. Weibo Corporation*, 2:17-cv-04728-SRC-CLW (D.N.J. Sept. 28, 2017)
- *Waterford Township Police and Fire Retirement System v. Mattel, Inc.*, 2:17-cv-04732-VAP-KS (C.D. Cal. Sept. 9, 2017)
- *In re U.S. Steel Consolidated Cases*, Civil Action No. 17-559-CB (W.D. Pa. Aug. 16, 2017)
- *Hinshaw v. Neurotrope, Inc.*, 1:17-cv-03718-LGS (S.D.N.Y. Aug. 10, 2017)
- *Ohren v. Amyris, Inc.*, 3:17-cv-002210-WHO (N.D. Cal. Aug. 8, 2017)
- *Rodriguez v. Gigamon Inc.*, 5:17-cv-00434-EJD (N.D. Cal. July 26, 2017)
- *Beezley v. Fenix Parts, Inc.*, 2:17-cv-00233 (D.N.J. June 28, 2017)
- *M & M Hart Living Trust v. Global Eagle Entertainment, Inc.*, 2:17-cv-01479 (C.D. Cal. June 26, 2017)
- *Maurer v. Argos Therapeutics, Inc.*, 1:17-cv-00216 (M.D.N.C. June 23, 2017)
- *Ruedelstei v. U.S. Concrete, Inc.*, 4:17-cv-266 (N.D. Tex. June 22, 2017)
- *In re Aratana Therapeutics, Inc. Sec. Litig.*, 1:17-cv-880 (S.D.N.Y. June 6, 2017)
- *In re Insys Therapeutics, Inc.*, 1:17-cv-1954 (S.D.N.Y. May 31, 2017)
- *Clevlen v. Anthera Pharmaceuticals, Inc.*, 3:17-cv-00715 (N.D. Cal. May 18, 2017)
- *In re Agile Therapeutics, Inc. Sec. Litig.*, 3:17-cv-00119-AET-LHG (D.N.J. May 15, 2017)
- *Chupka v. Pearson Plc.*, 1:17-cv-1422 (S.D.N.Y. May 9, 2017)
- *Roper v. SITO Mobile Ltd.*, 2:17-cv-01106-ES-MAH (D.N.J. May 8, 2017)
- *In re Egalet Corporation Sec. Litig.*, 2:17-cv-00617 (E.D.Pa. May 1, 2017)
- *In re Illumina, Inc. Sec. Litig.*, 3:16-cv-03044-L-KSC (S.D. Cal. Mar. 30, 2017)
- *In re Arrowhead Pharmaceuticals, Inc.*, 2:16-cv-08505-PSG-PJW (C.D. Cal. Mar. 8, 2017)
- *Michael Gregory v ProNAi*, 1:16-cv-08703-PAE (Mass. Sup. Ct. Feb. 1, 2017)
- *Rossbach v. VASCO Data Security Int'l Inc.*, 1:15-cv-06605 (N.D. Ill. Dec. 1, 2016)
- *In re PTC Therapeutics, Inc.*, 2:16-cv-01224-KM-MAH (D.N.J. Nov. 14, 2016)
- *Schwab v. E*Trade Financial Corporation*, 1:16-cv-05891-JGK (S.D.N.Y. Nov. 9, 2016)
- *Wilbush v. Ambac Financial Group, Inc.*, Civ. No. 1:16-cv-05076 RMB (S.D.N.Y. Oct. 11, 2016)
- *The TransEnterix Investor Group v. TransEnterix, Inc.*, 5:16-cv-00313-D (E.D.N.C. Aug. 30, 2016)
- *Magro v. Freeport-McMoran Inc.*, 2:16-cv-00186-DJH (D. Ariz. Aug. 19, 2016)
- *Gormley v. magicJack VocalTec Ltd.*, 1:16-cv-01869-VM (S.D.N.Y. July 12, 2016)
- *Azar v. Blount Int'l Inc.*, Civ. No. 3:16-cv-00483-SI (D. Or. July 1, 2016)
- *Plumley v. Sempra Energy*, 3:16-cv-00512-BEN-RBB (S.D. Cal. June 6, 2016)
- *Francisco v. Abengoa, S.A.*, 1:15-cv-06279-ER (S.D.N.Y. May 24, 2016)

## LEVI&KORSINSKY LLP
NEW YORK | WASHINGTON, D.C. | CONNECTICUT | CALIFORNIA

- *Harrington v. Tetraphase Pharmaceuticals, Inc.,* Civ. No. 1:16-cv-10133-LTS (D. Mass. May 13, 2016)
- *De Vito v. Liquid Holdings Group, Inc.,* 2:15-cv-06969-KM-JBC (D.N.J. Apr. 7, 2016)
- *In re OvaScience Inc. Stockholder Litig.,* C.A. No. 15-3087-BLS2 (Mass. Super. Ct. Apr. 2, 2016)
- *Ford v. Natural Health Trends Corp.,* 2:16-cv-00255-TJH-AFM (C.D. Cal. Mar. 29, 2016)
- *Bai v. TCP International Holdings Ltd.,* 1:16-cv-00102-DCN (N.D. Ohio Mar. 18, 2016)
- *Meier v. Checkpoint Systems, Inc.,* 1:15-cv-08007 (D.N.J. Jan. 1, 2016)
- *Messner v. USA Technologies, Inc.,* 2:15-cv-05427-MAK (E.D. Pa. Dec. 15, 2015)
- *Levin v. Resource Capital Corp.,* 1:15-cv-07081-LLS (S.D.N.Y. Nov. 24, 2015)
- *Messerli v. Root 9B Technologies, Inc.,* 1:15-cv-02152-WYD (D. Colo. Oct. 14, 2015)
- *Martin v. Altisource Residential Corp.,* 1:15-cv-00024 (D.V.I. Oct. 7, 2015)
- *Paggos v. Resonant, Inc.,* 2:15-cv-01970 SJO (VBKx) (C.D. Cal. Aug. 7, 2015)
- *Fragala v. 500.com Ltd.,* 2:15-cv-01463-MMM (C.D. Cal. July 7, 2015)
- *Stevens v. Quiksilver Inc.,* 8:15-cv-00516-JVS-JCGx. (C.D. Cal. June 26, 2015)
- *In re Ocean Power Technologies, Inc. Sec. Litig.,* 14-3799 (FLW) (LHG) (D.N.J. Mar. 17, 2015)
- *In re Energy Recovery Inc. Sec. Litig.,* 3:15-cv-00265 (N.D. Cal. Jan. 20, 2015)
- *Klein v. TD Ameritrade Holding Corp.,* 3:14-cv-05738 (D. Neb. Dec. 2, 2014)
- *In re China Commercial Credit Sec. Litig.,* 1:15-cv-00557 (ALC) (D.N.J. Oct. 31, 2014)
- *In re Violin Memory, Inc. Sec. Litig.,* 4:13-cv-05486-YGR (N.D. Cal. Feb. 26, 2014)
- *Berry v. Kior, Inc.,* 4:13-cv-02443 (S.D. Tex. Nov. 25, 2013)
- *In re OCZ Technology Group, Inc. Sec. Litig.,* 3:12-cv-05265-RS (N.D. Cal. Jan. 4, 2013)
- *In re Digital Domain Media Group, Inc. Sec. Litig.,* 12-CIV-14333 (JEM) (S.D. Fla. Sept. 20, 2012)
- *Zaghian v. THQ, Inc.,* 2:12-cv-05227-GAF-JEM (C.D. Cal. Sept. 14, 2012)

## Derivative, Corporate Governance & Executive Compensation

We protect shareholders by enforcing the obligations of corporate fiduciaries. We are a leader in achieving important corporate governance reforms for the benefit of shareholders. Our efforts include the prosecution of derivative actions in courts around the country, making pre-litigation demands on corporate boards to investigate misconduct and taking remedial action for the benefit of shareholders. In situations where a company's board responds to a demand by commencing its own investigation, we frequently work with the board's counsel to assist with and monitor the investigation, ensuring that the investigation is thorough and conducted in an appropriate manner.

We also have successfully prosecuted derivative and class action cases to hold corporate executives and board members accountable for various abuses and to help preserve corporate assets through long-lasting and meaningful corporate governance changes, thus ensuring that prior misconduct does not reoccur. We have extensive experience challenging executive compensation, recapturing assets for the benefit of companies and their shareholders. In addition, we have secured corporate governance changes to ensure that executive compensation is consistent with shareholder-approved compensation plans, company performance, and federal securities laws.

In *MacCormack v. Groupon, Inc.,* C.A. No. 13-940-GMS (D. Del. 2013), we caused the cancellation of $2.3 million worth of restricted stock units granted to a company executive in violation of a shareholder-approved plan, as well as the adoption of enhanced corporate governance procedures designed to

**LEVI&KORSINSKY LLP**

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

ensure that the board of directors complies with the terms of the plan; we also obtained additional material disclosures to shareholders in connection with a shareholder vote on amendments to the plan.

In *Scherer v. Lu*, (Diodes Incorporated), No. 13-358-GMS, 2014 U.S. Dist. LEXIS 196440 (D. Del. 2014), we secured the cancellation of $4.9 million worth of stock options granted to the company's CEO in violation of a shareholder-approved plan, and obtained additional disclosures to enable shareholders to cast a fully-informed vote on the adoption of a new compensation plan at the company's annual meeting.

In *Edwards v. Benson*, (Headwaters Incorporated), (D. Utah 2014), we caused the cancellation of $3.2 million worth of stock appreciation rights granted to the company's CEO in violation of a shareholder-approved plan and the adoption of enhanced corporate governance procedures designed to ensure that the board of directors complies with the terms of the plan.

In *Pfeiffer v. Begley*, (DeVry, Inc.), (Cir. Ct. DuPage Cty., Ill. 2012), we secured the cancellation of $2.1 million worth of stock options granted to the company's CEO in 2008-2012 in violation of a shareholder-approved incentive plan.

In *Basch v. Healy* (D. Del. 2014), we obtained a cash payment to the company to compensate for equity awards issued to officers in violation of the company's compensation plan and caused significant changes in the company's compensation policies and procedures designed to ensure that future compensation decisions are made consistent with the company's plans, charters and policies. We also impacted the board's creation of a new compensation plan and obtained additional disclosures to stockholders concerning the board's administration of the company's plan and the excess compensation.

In *Pfeiffer v. Toll* (Toll Brothers Derivative Litigation), C.A. No. 4140-VCL (Del. Ch. 2010), we prevailed in defeating defendants' motion to dismiss in a case seeking disgorgement of profits that company insiders reaped through a pattern of insider-trading. After extensive discovery, we secured a settlement returning $16.25 million in cash to the company, including a significant contribution from the individuals who traded on inside information.

In *Kleba v. Dees*, C.A. 3-1-13 (Tenn. Cir. Ct. Knox Cty. 2014), we recovered approximately $9 million in excess compensation given to insiders and the cancellation of millions of shares of stock options issued in violation of a shareholder-approved compensation plan. In addition, we obtained the adoption of formal corporate governance procedures designed to ensure that future compensation decisions are made independently and consistent with the plan.

In *Lopez v. Nudelman*, (CTI BioPharma Corp.), 14-2-18941-9 SEA (Wash. Super. Ct. King Cnty. 2015), we recovered approximately $3.5 million in excess compensation given to directors and obtained the adoption of a cap on director compensation, as well as other formal corporate governance procedures designed to implement best practices with regard to director and executive compensation.

In *In re i2 Technologies, Inc. Shareholder Litigation*, C.A. No. 4003-CC (Del. Ch. 2008), as Counsel for the Lead Plaintiff, we challenged the fairness of certain asset sales made by the company and secured a $4 million recovery.

In *In re Activision, Inc. Shareholder Derivative Litigation*, No. 06-cv-04771-MRP (JTLX) (C.D. Cal. 2008), we were Co-Lead Counsel and challenged executive compensation related to the dating of options. This effort resulted in the recovery of more than $24 million in excessive compensation and expenses, as well as the implementation of substantial corporate governance changes.

In *In re Corinthian Colleges, Inc. Shareholder Derivative Litigation*, 8:06cv777-AHS (C.D. Cal. 2006), we were Co-Lead Counsel and achieved a $2 million benefit for the company, resulting in the re-pricing of executive stock options and the establishment of extensive corporate governance changes.

## LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

In *Pfeiffer v. Alpert (Beazer Homes Derivative Litigation)*, C.A. No. 10-cv-1063-PD (D. Del. 2010), we successfully challenged certain aspects of the company's executive compensation structure, ultimately forcing the company to improve its compensation practices.

In *In re Cincinnati Bell, Inc., Derivative Litigation*, Case No. A1105305 (Ohio, Hamilton Cty. 2012), we achieved significant corporate governance changes and enhancements related to the company's compensation policies and practices in order to better align executive compensation with company performance. Reforms included the formation of an entirely independent compensation committee with staggered terms and term limits for service.

In *Woodford v. Mizel (M.D.C. Holdings, Inc.)*, 1:2011cv00879 (D. Del. 2012), we challenged excessive executive compensation, ultimately obtaining millions of dollars in reductions of that compensation, as well as corporate governance enhancements designed to implement best practices with regard to executive compensation and increased shareholder input.

In *Bader v. Goldman Sachs Group, Inc.*, No. 10-4364-cv, 2011 WL 6318037 (2d Cir. Dec. 19, 2011), we persuaded the Second Circuit Court of Appeals to reverse the District Court's dismissal of derivative claims seeking to recover excessive compensation granted to officers and directors of Goldman Sachs.

In *In re Google Inc. Class C Shareholder Litigation*, C.A. No. 7469-CS (Del. Ch. 2012), we challenged a stock recapitalization transaction to create a new class of nonvoting shares and strengthen the corporate control of the Google founders. We helped achieve an agreement that provided an adjustment payment to shareholders in the event of certain discounts in the price of Google stock, and provided enhanced board scrutiny of the Google founders' ability to transfer stock, including the implementation of a new procedure for a waiver or modification of the founders' Transfer Restriction Agreement.


## Mergers & Acquisitions

We have achieved an impressive record in obtaining injunctive relief for shareholders and are one of the premier law firms engaged in mergers & acquisitions and takeover litigation, where we strive to maximize shareholder value. In these cases, we regularly fight to obtain settlements that enable the submission of competing buyout bid proposals, thereby increasing consideration for shareholders.

We have litigated landmark cases that have altered the landscape of mergers & acquisitions law and resulted in multi-million dollar awards to aggrieved shareholders.

In *In re Great Wolf Resorts, Inc. Shareholder Litigation*, C.A. No. 7328-VCN (Del. Ch. 2012), we achieved tremendous results for shareholders, including partial responsibility for a $93 million (57%) increase in merger consideration and the waiver of several "don't-ask-don't-waive" standstill agreements that were restricting certain potential bidders from making a topping bid for the company.

In *In re CNX Gas Corp. Shareholder Litigation*, 4 A.3d 397 (Del. Ch. 2010), as Plaintiffs' Executive Committee Counsel, we obtained a landmark ruling from the Delaware Chancery Court that set forth a unified standard for assessing the rights of shareholders in the context of freeze-out transactions and ultimately led to a common fund recovery of over $42.7 million for the company's shareholders.

In *In re Talecris Biotherapeutics Holdings Shareholder Litigation*, C.A. No. 5614-VCL (Del. Ch. 2010), we served as counsel for one of the Lead Plaintiffs, achieving a settlement that increased the merger consideration to Talecris shareholders by an additional 500,000 shares of the acquiring company's stock and providing shareholders with appraisal rights.

In *In re Minerva Group LP v. Mod-Pac Corp.*, Index No. 800621/2013 (N.Y. Sup. Ct. Erie Cty. 2013), we obtained a settlement in which defendants increased the price of an insider buyout from $8.40 to $9.25 per share, representing a recovery of $2.4 million for shareholders.

## LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

In **Stephen J. Dannis v. J.D. Nichols**, C.A. No. 13-CI-00452 (Ky. Cir. Ct. Jefferson Cty. 2014), as Co-Lead Counsel, we obtained a 23% increase in the merger consideration (from $7.50 to $9.25 per unit) for shareholders of NTS Realty Holdings Limited Partnership. The total benefit of $7.4 million was achieved after two years of hard-fought litigation, challenging the fairness of the going-private, squeeze-out merger by NTS's controlling unitholder and Chairman, Defendant Jack Nichols. The unitholders bringing the action alleged that Nichols' proposed transaction grossly undervalued NTS's units. The 23% increase in consideration was a remarkable result given that on October 18, 2013, the Special Committee appointed by the Board of Directors had terminated the existing merger agreement with Nichols. Through counsel's tenacious efforts the transaction was resurrected and improved.

In **In re Craftmade International, Inc. Shareholders Litigation**, C.A. No. 6950-VCL (Del. Ch. 2011), we served as Co-Lead Counsel and successfully obtained an injunction requiring numerous corrective disclosures and a "Fort Howard" release announcing that the Craftmade Board of Directors was free to conduct discussions with any other potential bidders for the company.

In **Dias v. Purches**, C.A. No. 7199-VCG (Del. Ch. 2012), Vice Chancellor Sam Glasscock, III of the Delaware Chancery Court partially granted shareholders' motion for preliminary injunction and ordered that defendants correct a material misrepresentation in the proxy statement related to the acquisition of Parlux Fragrances, Inc. by Perfumania Holding, Inc.

In **Forgo v. Health Grades, Inc.**, C.A. No. 5716-VCS (Del. Ch. 2010), as Co-Lead Counsel, our attorneys established that defendants had likely breached their fiduciary duties to Health Grades' shareholders by failing to maximize value as required under *Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173 (Del. 1986). We secured an agreement with defendants to take numerous steps to seek a superior offer for the company, including making key modifications to the merger agreement, creating an independent committee to evaluate potential offers, extending the tender offer period, and issuing a "Fort Howard" release affirmatively stating that the company would participate in good faith discussions with any party making a bona fide acquisition proposal.

---

*"I think you've done a superb job and I really appreciate the way this case was handled."*

The Honorable Ronald B. Rubin in *Teoh v. Ferrantino*, C.A. No. 356627
(Cir. Ct. for Montgomery Cnty., MD 2012)

---

In **Chen v. Howard-Anderson**, C.A. No 5878-VCL (Del. Ch. 2010), we represented shareholders in challenging the merger between Occam Networks, Inc. and Calix, Inc., obtaining a preliminary injunction against the merger after showing that the proxy statement by which the shareholders were solicited to vote for the merger was materially false and misleading. We then took the case to trial and recovered $35 million for the shareholders.

In **In re Pamrapo Bancorp Shareholder Litigation**, Docket C-89-09 (N.J. Ch. Hudson Cty. 2011) & HUD-L-3608-12 (N.J. Law Div. Hudson Cty. 2015), we defeated defendants' motion to dismiss shareholders' class action claims for money damages and a motion for summary judgment, ultimately securing a settlement recovering $1.95 million for the Class plus the Class's legal fees and expenses up to $1 million (representing an increase in consideration of 15-23% for the members of the Class). The case stemmed from the sale of Pamrapo Bancorp to BCB Bancorp at an allegedly unfair price through an unfair process. In addition to obtaining this recovery, the Court also found that our efforts substantially benefited the shareholders by obtaining supplemental disclosures for shareholders ahead of the merger vote.

In **In re Complete Genomics, Inc. Shareholder Litigation**, C.A. No. 7888-VCL (Del. Ch. 2012), we obtained preliminary injunctions of corporate merger and acquisition transactions, and Plaintiffs successfully enjoined

a "don't-ask-don't-waive" standstill agreement.

In **In re Integrated Silicon Solution, Inc. Stockholder Litigation**, Lead Case No. 115CV279142 (Super. Ct. Santa Clara, CA 2015), we won an injunction requiring corrective disclosures concerning "don't-ask-don't-waive" standstill agreements and certain financial advisor conflicts of interests, and contributed to the integrity of a post-agreement bidding contest that led to an increase in consideration from $19.25 to $23 per share, a bump of almost 25 percent.

In **In re Bluegreen Corp. Shareholder Litigation**, Case No. 502011CA018111 (Cir. Ct. for Palm Beach Cty., FL), as Co-Lead Counsel, we achieved a common fund recovery of $36.5 million for minority shareholders in connection with a management-led buyout, increasing gross consideration to shareholders in connection with the transaction by 25% after three years of intense litigation.

## Consumer Litigation

Levi & Korsinsky works hard to protect consumers by holding corporations accountable for defective products, false and misleading advertising, overcharging, and unfair or deceptive business practices.

Our litigation and class action expertise combined with our in-depth understanding of federal and state laws enables us to fight for consumers who purchased defective products, including automobiles, appliances, electronic goods, and home products, as well as consumers who were deceived by consumer service providers such as banks and insurance, credit card, or phone companies.

> *"The quality of the representation... has been extremely high, not just in terms of the favorable outcome in terms of the substance of the settlement, but in terms of the diligence and the hard work that has gone into producing that outcome."*
>
> The Honorable Joseph F. Bianco, in *Landes v. Sony Mobile Communications*, 17-cv-02264-JFB-SIL (E.D.N.Y. Dec. 1, 2017)

In **NV Security, Inc. v. Fluke Networks**, Case No. CV05-4217 GW (SSx) (C.D. Cal. 2005), we negotiated a settlement on behalf of purchasers of Test Set telephones in an action alleging that the Test Sets contained a defective 3-volt battery. We benefited the consumer class by obtaining the following relief: free repair of the 3-volt battery, reimbursement for certain prior repair, an advisory concerning the 3-volt battery on the outside of packages of new Test Sets, an agreement that defendants would cease to market and/or sell certain Test Sets, and a 42-month warranty on the 3-volt battery contained in certain devices sold in the future.

In **Bustos v. Vonage America, Inc.**, Case No. 06 Civ. 2308 (HAA) (D.N.J. 2006), our firm achieved a common fund settlement of $1.75 million on behalf of class members who purchased Vonage Fax Service in an action alleging that Vonage made false and misleading statements in the marketing, advertising, and sale of Vonage Fax Service by failing to inform consumers that the protocol Defendant used for the Vonage Fax Service was unreliable and unsuitable for facsimile communications.

In **Masterson v. Canon U.S.A.**, Case No. BC340740 (Cal. Super. Ct. L.A. Cty. 2006), we represented purchasers of Cannon SD Cameras in an action alleging that liquid crystal display ("LCD") screens on Cannon SD Cameras cracked, broke, or otherwise malfunctioned, and obtained refunds for certain broken LCD repair charges and important changes to the product warranty.

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

---

**OUR ATTORNEYS**

### *Managing Partners*

**Eduard Korsinsky**

For more than 20 years Eduard Korsinsky has represented clients in securities cases, derivative actions, consumer fraud, and complex commercial matters. He has been named a New York "Super Lawyer" by Thomson Reuters and is recognized as one of the country's leading practitioners in class and derivative matters. Mr. Korsinsky also has served as an editor of the American Bar Association's Securities Litigation Section's newsletter and is a member of the American Bar Association's Derivative Suits Subcommittee.

Cases which he has litigated include:

- *E-Trade Financial Corp. Sec. Litig.*, No. 07-cv-8538 (S.D.N.Y. 2007), $79 million recovery
- *In re Activision, Inc. S'holder Derivative Litig.*, No. 06-cv-04771-MRP (JTLX)(C.D. Cal. 2006), recovered $24 million in excess compensation
- *Corinthian Colleges, Inc., S'holder Derivative Litig.*, SACV-06-0777-AHS (C.D. Cal. 2009), obtained re-pricing of executive stock options providing more than $2 million in benefits to the company
- *Pfeiffer v. Toll*, C.A. No. 4140-VCL (Del. Ch. 2010), $16.25 million in insider trading profits recovered
- *In re Net2Phone, Inc. S'holder Litig.*, Case No. 1467-N (Del. Ch. 2005), obtained increase in tender offer price from $1.70 per share to $2.05 per share
- *In re Pamrapo Bancorp S'holder Litig.*, C-89-09 (N.J. Ch. Hudson Cty. 2011) & HUD-L-3608-12 (N.J. Law Div. Hudson Cty. 2015), obtained supplemental disclosures following the filing of a motion for preliminary injunction, pursued case post-closing, defeated motion for summary judgment, and obtained an increase in consideration of between 15-23% for the members of the Class
- *In re Google Inc. Class C S'holder Litig.*, C.A. No. 19786 (Del. Ch. 2012), obtained payment ladder indemnifying investors up to $8 billion in losses stemming from trading discounts expected to affect the new stock
- *Woodford v. M.D.C. Holdings, Inc.*, 1:2011cv00879 (D. Del. 2012), one of a few successful challenges to say on pay voting, recovered millions of dollars in reductions to compensation
- *i2 Technologies, Inc. S'holder Litig.*, C.A. No. 4003-CC (Del. Ch. 2008), $4 million recovered, challenging fairness of certain asset sales made by the company
- *Pfeiffer v. Alpert (Beazer Homes)*, C.A. No. 10-cv-1063-PD (D. Del. 2011), obtained substantial revisions to an unlawful executive compensation structure
- *In re NCS Healthcare, Inc. Sec. Litig.*, C.A. CA 19786, (Del. Ch. 2002), case settled for approximately $100 million
- *Paraschos v. YBM Magnex Int'l, Inc.*, No. 98-CV-6444 (E.D. Pa.), United States and Canadian cases settled for $85 million Canadian

Education

- New York University School of Law, LL.M. Master of Law(s) Taxation (1997)

---

8

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- Brooklyn Law School, J.D. (1995)
- Brooklyn College, B.S., Accounting, *summa cum laude* (1992)

Admissions

- New York (1996)
- New Jersey (1996)
- United States District Court for the Southern District of New York (1998)
- United States District Court for the Eastern District of New York (1998)
- United States Court of Appeals for the Second Circuit (2006)
- United States Court of Appeals for the Third Circuit (2010)
- United States District Court for the Northern District of New York (2011)
- United States District Court of New Jersey (2012)
- United States Court of Appeals for the Sixth Circuit (2013)

Publications

- Delaware Court Dismisses Compensation Case Against Goldman Sachs, ABA Section of Securities Litigation News & Developments (Nov. 7, 2011)
- SDNY Questions SEC Settlement Practices in Citigroup Settlement, ABA Section of Securities Litigation News & Developments (Nov. 7, 2011)
- New York Court Dismisses Shareholder Suit Against Goldman Sachs, ABA Section of Securities Litigation News & Developments (Oct. 31, 2011)

### Joseph E. Levi

Joseph E. Levi is a central figure in shaping and managing the Firm's securities litigation practice. Mr. Levi has been lead or co-lead in dozens of cases involving the enforcement of shareholder rights in the context of mergers & acquisitions and securities fraud. In addition to his involvement in class action litigation, he has represented numerous patent holders in enforcing their patent rights in areas including computer hardware, software, communications, and information processing, and has been instrumental in obtaining substantial awards and settlements.

Mr. Levi and the attorneys achieved success on behalf of the former shareholders of Occam Networks, Inc. in litigation challenging the Company's merger with Calix, Inc., obtaining a preliminary injunction against the merger due to material representations and omissions in the proxy statement by which the shareholders were solicited to vote. See *Chen v. Howard-Anderson*, No. 5878-VCL (Del. Ch. Jan. 24, 2011). Vigorous litigation efforts continued to trial, recovering $35 million for the shareholders.

Another victory for Mr. Levi and the attorneys was in litigation challenging the acquisition of Health Grades, Inc. by affiliates of Vestar Capital Partners, L.P., where it was successfully demonstrated to the Delaware Court of Chancery that the defendants had likely breached their fiduciary duties to Health Grades' shareholders by failing to maximize value as required by *Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173 (Del. 1986). See *Weigard v. Hicks*, No. 5732-VCS (Del. Ch. Sept. 3, 2010). This ruling was used to reach a favorable settlement in which defendants agreed to a host of measures designed to increase the likelihood of superior bid. Vice Chancellor Strine "applaud[ed]" the litigation team for their preparation and the extraordinary high-quality of the briefing. He and the attorneys also played a

## LEVI&KORSINSKY LLP

prominent role in the matter of *In re CNX Gas Corp. Shareholders Litigation*, C.A. No. 5377-VCL (Del. Ch. 2010), in which plaintiffs recovered a common fund of over $42.7 million for stockholders.

Education

- Brooklyn Law School, J.D., *magna cum laude* (1995)
- Polytechnic University, B.S., *summa cum laude* (1984); M.S. (1986)

Admissions

- New York (1996)
- New Jersey (1996)
- United States Patent and Trademark Office (1997)
- United States District Court for the Southern District of New York (1997)
- United States District Court for the Eastern District of New York (1997)

> *"[The court] appreciated very much the quality of the argument...,*
> *the obvious preparation that went into it, and the ability of counsel..."*
>
> Vice Chancellor Sam Glasscock, III in *Dias v. Purches*, C.A. No. 7199-VCG (Del. Ch. Apr. 5, 2012)

### *Partners*

#### Adam M. Apton

Adam M. Apton focuses his practice on investor protection. He represents institutional investors and high net worth individuals in securities fraud, corporate governance, and shareholder rights litigation. Prior to joining the firm, Mr. Apton defended corporate clients against complex mass tort, commercial, and products liability lawsuits. Thomson Reuters selected Mr. Apton to the Super Lawyers Washington, DC "Rising Stars" list for the years 2016 and 2017, a distinction given to only the top 2.5% of lawyers.

Mr. Apton currently serves as court-appointed lead counsel in several class action lawsuits throughout the United States:

- *Carlton v. Cannon (KiOR Inc.)*, 4:13-cv-02443 (LHR) (S.D. Tex.), federal class action securities fraud lawsuit against former officers of biofuel firm KiOR, Inc., featured on CBS's "60 Minutes"
- *In re Energy Recovery Inc. Sec. Litig.*, 3:15-cv-00265 (N.D. Cal.), federal class action lawsuit alleging securities fraud violations against company and former chief executive officer for false projections and reports of finances and operations
- *Cortina v. Anavex Life Sciences Corp.*, 1:15-cv-10162-JMF (S.D.N.Y.), federal class action lawsuit for market manipulation against biopharmaceutical company for promoting itself as extraordinary investment opportunity based on supposed cure for Alzheimer's Disease
- *Rux v. Meyer (Sirius XM Holdings Inc.)*, No. 11577 (Del. Ch.), shareholder rights lawsuit against SiriusXM's Board of Directors for engaging in harmful related-party transactions with controlling stockholder, John. C. Malone and Liberty Media Corp.

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- *Stadnick v. Vivint Solar, Inc.*, No. 16-65 (2d Cir.), federal class action lawsuit alleging violations under the Securities Act of 1933 in connection with misleading initial public offering documents

Mr. Apton's past representations and successes include:

- *In re Violin Memory Inc. Sec. Litig.*, 4: 13-cv-05486-YGR (N.D. Cal.) (settlement of $7.5 million over allegations of false statements in initial public offering documents concerning sales to government sector)
- *Roby v. Ocean Power Technologies, Inc.*, 3:14-cv-3799-FLW-LHG (D.N.J.) (settlement fund of $3 million and 380,000 shares of common stock in response to allegations over failed technology)
- *Maritime Asset Management, LLC v. NeurogesX, Inc.*, 4: 12-cv-05034-YGR (N.D. Cal.) (recovery of $1.25 million on behalf of private offering class)
- *Monson v. Friedman (Associated Estates Realty Corp.)*, 1:14-cv-01477-PAG (N.D. Ohio) (revoking improperly awarded stock options and implementing corporate governance preventing reoccurrence of similar violations)
- *In re OCZ Technology Group, Inc. Sec. Litig.*, 3:12-cv-05265-RS (N.D. Cal.) (settlement fund of $7.5 million over allegations of accounting fraud relating to improper revenue recognition)

Education

- New York Law School, J.D., *cum laude* (2009), where he served as Articles Editor of the *New York Law School Law Review* and interned for the New York State Supreme Court, Commercial Division
- University of Minnesota, B.A., Entrepreneurial Management & Psychology, With Distinction (2006)

Admissions

- New York (2010)
- United States District Court for the Southern District of New York (2010)
- United States District Court for the Eastern District of New York (2010)
- District of Columbia (2013)
- United States Court of Appeals for the Ninth Circuit (2015)
- United States Court of Appeals for the Second Circuit (2016)
- United States Court of Appeals for the Third Circuit (2016)
- California (2017)
- United States District Court for the Northern District of California (2017)
- United States District Court for the Central District of California (2017)
- United States District Court for the Southern District of California (2017)

## Donald J. Enright

During his 20 years as a litigator and trial lawyer, Mr. Enright has handled matters in the fields of securities, commodities, consumer fraud and commercial litigation, with a particular emphasis on shareholder M&A and securities fraud class action litigation. He has been named as a Washington, D.C. "Super Lawyer" by Thomson Reuters for several consecutive years, and as one of Washington's "Top Lawyers" by *Washingtonian* magazine.

Mr. Enright has shown a track record of achieving victories in federal trials and appeals, including:

- ***Nathenson v. Zonagen, Inc.***, 267 F. 3d 400, 413 (5th Cir. 2001)
- ***SEC v. Butler***, 2005 U.S. Dist. LEXIS 7194 (W.D. Pa. April 18, 2005)
- ***Belizan v. Hershon***, 434 F. 3d 579 (D.C. Cir. 2006)

Most recently, as Co-Lead Counsel in ***In re Bluegreen Corp. Shareholder Litigation***, Case No. 502011CA018111 (Cir. Ct. for Palm Beach Cnty., Fla.), Mr. Enright achieved a $36.5 million common fund settlement in the wake of a majority shareholder buyout, representing a 25% increase in total consideration to the minority stockholders. Similarly, in ***In re CNX Gas Corp. Shareholders Litigation***, C.A. No. 53377-VCL (Del. Ch. 2010), in which Levi & Korsinsky served upon plaintiffs' Executive Committee, Mr. Enright helped obtain the recovery of a common fund of over $42.7 million for stockholders.

Mr. Enright has also played a leadership role in numerous securities and shareholder class actions from inception to conclusion. His leadership has produced multi-million dollar recoveries in shareholder class actions involving such companies as:

- Allied Irish Banks PLC
- Iridium World Communications, Ltd.
- En Pointe Technologies, Inc.
- PriceSmart, Inc.
- Polk Audio, Inc.
- Meade Instruments Corp.
- Xicor, Inc.
- Streamlogic Corp.
- Interbank Funding Corp.
- Riggs National Corp.
- UTStarcom, Inc.
- Manugistics Group, Inc.

Mr. Enright also has a successful track record of obtaining injunctive relief in connection with shareholder M&A litigation, having won preliminary injunctions or other injunctive relief in the cases of:

- ***In re Portec Rail Products, Inc. S'holder Litig.***, G.D. 10-3547 (Ct. Com. Pleas Pa. 2010)
- ***In re Craftmade International, Inc. S'holder Litig.***, C.A. No. 6950-VCL (Del. Ch. 2011)
- ***Dias v. Purches***, C.A. No. 7199-VCG (Del. Ch. 2012)
- ***In re Complete Genomics, Inc. S'holder Litig.***, C.A. No. 7888-VCL (Del. Ch. 2012)
- ***In re Integrated Silicon Solution, Inc. Stockholder Litig.***, Lead Case No. 115CV279142 (Sup. Ct. Santa Clara, CA 2015)

Mr. Enright has also demonstrated considerable success in obtaining deal price increases for shareholders in M&A litigation. As Co-Lead Counsel in the matter of ***In re Great Wolf Resorts, Inc. Shareholder Litigation***, C.A. No. 7328-VCN (Del. Ch. 2012), Mr. Enright was partially responsible for a $93 million (57%) increase in merger consideration and waiver of several "don't-ask-don't-waive" standstill agreements that were precluding certain potential bidders from making a topping bid for the company.

## LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Similarly, Mr. Enright served as Co-Lead Counsel in the case of ***Berger v. Life Sciences Research, Inc.***, No. SOM-C-12006-09 (NJ Sup. Ct. 2009), which caused a significant increase in the transaction price from $7.50 to $8.50 per share, representing additional consideration for shareholders of approximately $11.5 million.

And most recently, representing a substantial institutional investor, Mr. Enright served as Co-Lead Counsel in ***Minerva Group, LP v. Keane***, Index No. 800621/2013 (NY Sup. Ct. of Erie Cnty.), and obtained a settlement in which Defendants increased the price of an insider buyout from $8.40 to $9.25 per share.

The courts have consistently recognized and praised the quality of Mr. Enright's work. In ***In re Interbank Funding Corp. Securities Litigation*** (D.D.C. 02-1490), Judge Bates of the United States District Court for the District of Columbia observed that Mr. Enright had "...skillfully, efficiently, and zealously represented the class, and... worked relentlessly throughout the course of the case."

Similarly, in ***Freeland v. Iridium World Communications***, LTD, (D.D.C. 99-1002), Judge Nanette Laughrey stated that Mr. Enright had done "an outstanding job" in connection with the recovery of $43.1 million for the shareholder class.

And, in the matter of ***Osieczanek v. Thomas Properties Group***, C.A. No. 9029-VCG (Del. Ch. 2013), Vice Chancellor Sam Glasscock of the Chancery Court of Delaware observed that "it's always a pleasure to have counsel [like Mr. Enright] who are articulate and exuberant in presenting their position," and that Mr. Enright's prosecution of a merger case was "wholesome" and served as "a model of . . . plaintiffs' litigation in the merger arena."

Education

- George Washington University School of Law, J.D. (1996), where he was a Member Editor of The George Washington University Journal of International Law and Economics from 1994 to 1996
- Drew University, B.A., Political Science and Economics, *cum laude* (1993)

Admissions

- Maryland (1996)
- New Jersey (1996)
- United States District Court for the District of Maryland (1997)
- United States District Court for the District of New Jersey (1997)
- District of Columbia (1999)
- United States Court of Appeals for the Fourth Circuit (1999)
- United States Court of Appeals for the Fifth Circuit (1999)
- United States District Court for the District of Columbia (1999)
- United States Court of Appeals for the District of Columbia (2004)
- United States Court of Appeals for the Second Circuit (2005)
- United States Court of Appeals for the Third Circuit (2006)
- United States District Court for the District of Colorado (2017)

Publications

- "SEC Enforcement Actions and Investigations in Private and Public Offerings," Securities: Public and Private Offerings, Second Edition, West Publishing 2007

# LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

---

- "Dura Pharmaceuticals: Loss Causation Redefined or Merely Clarified?" J. Tax'n & Reg. Fin. Inst. September/October 2007, Page 5

## Shannon L. Hopkins

Shannon L. Hopkins manages the Firm's Connecticut office. She was selected in 2013 as a New York "Super Lawyer" by Thomson Reuters. For more than a decade Ms. Hopkins has been prosecuting a wide range of complex class action matters in securities fraud, mergers and acquisitions, and consumer fraud litigation on behalf of individuals and large institutional clients. Ms. Hopkins has played a lead role in numerous shareholder securities fraud and merger and acquisition matters and has been involved in recovering multi-million dollar settlements on behalf of shareholders, including:

- *In re Force Protection, Inc. S'holder Litig.*, C.A. No. A-11-651336-B (D. Nev. 2015), $11 million shareholder recovery
- *Craig Telke v. New Frontier Media, Inc.*, C.A. No. 1:12-cv-02941-JLK (D. Co. 2015), $2.25 million shareholder recovery
- *Shona Investments v. Callisto Pharmaceuticals, Inc.*, C.A. No. 652783/2012 (NY Sup. Ct. 2015), shareholder recovery of $2.5 million and increase in exchange ratio from 0.1700 to 0.1799
- *E-Trade Financial Corp. S'holder Litig.*, No. 07-cv-8538 (S.D.N.Y. 2007), $79 million recovery for the shareholder class
- *In re Cogent, Inc. S'holder Litig.*, C.A. No. 5780-VCP (Del. Ch. 2010), $1.9 million shareholder recovery and corrective disclosures relating to the Merger
- *In re CMS Energy Sec. Litig.*, Civil No. 02 CV 72004 (GCS) (E.D. Mich. Sept. 6, 2007), $200 million recovery
- *In re Sears, Roebuck and Co. Sec. Litig.*, No. 02-cv-07527 (N.D. Ill. Jan. 8, 2007), $200 million recovery
- *In re El Paso Electric Co. Sec. Litig.*, C.A. No. 3:03-cv-00004-DB (W.D. Tex. Sept. 15, 2005), $10 million recovery
- *In re Novastar Fin. Sec. Litig.*, 4:04-cv-00330-ODS (W.D. Mo. Apr. 14, 2009), $7.25 million recovery

The quality of Ms. Hopkin's work has been noted by courts. In *In re Health Grades, Inc. Shareholder Litigation*, C.A. No. 5716-VCS (Del. Ch. 2010), where Ms. Hopkins was significantly involved with the briefing of the preliminary injunction motion, then Vice Chancellor Strine "applaud[ed]" Co-Lead Counsel for their preparation and the extraordinary high-quality of the briefing.

In addition to her legal practice, Ms. Hopkins is a Certified Public Accountant (1998 Massachusetts). Prior to becoming an attorney, Ms. Hopkins was a senior auditor with PricewaterhouseCoopers LLP, where she led audit engagements for large publicly held companies in a variety of industries.

Education

- Suffolk University Law School, J.D., *magna cum laude* (2003), where she served on the Journal for High Technology and as Vice Magister of the Phi Delta Phi International Honors Fraternity
- Bryant University, B.S.B.A., Accounting and Finance, *cum laude* (1995), where she was elected to the Beta Gamma Sigma Honor Society

---

# LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Admissions

- Massachusetts (2003)
- United States District Court for the District of Massachusetts (2004)
- New York (2004)
- United States District Court for the Southern District of New York (2004)
- United States District Court for the Eastern District of New York (2004)
- United States District Court for the District of Colorado (2004)
- United States Court of Appeals for the First Circuit (2008)
- United States Court of Appeals for the Third Circuit (2010)
- Connecticut (2013)

Publications

- "Cybercrime Convention: A Positive Beginning to a Long Road Ahead," 2 J. High Tech. L. 101 (2003)

*In appointing the Firm Lead Counsel, the Honorable Gary Allen Feess noted our "significant prior experience in securities litigation and complex class actions."*

*Zaghian v. THQ, Inc., 2:12-cv-05227-GAF-JEM (C.D. Cal. Sept. 14, 2012)*

## Nancy A. Kulesa

Nancy A. Kulesa has extensive experience in complex litigation in federal and state courts, including securities litigation, Employee Retirement Income Security Act of 1974 (ERISA) litigation, consumer fraud litigation, mergers and acquisitions cases, and antitrust litigation.

Ms. Kulesa is involved in all of the Firm's practice areas, with a primary focus on securities litigation and institutional investor relations. She directs the Firm's Portfolio Monitoring Services and assists clients in identifying material losses in their securities portfolios caused by corporate wrongdoing. She consults with investors regarding securities litigation, corporate governance, and shareholder rights. She has been involved in numerous securities fraud litigations which have recovered millions of dollars for shareholders, including:

- *In re CIT Group Sec. Litig.*, 1:08-06613 (S.D.N.Y. 2008), $75 million
- *Klugmann v. American Capital Ltd.*, 09-cv-0005 (D. Md. 2009), $18 million
- *In re Nuvelo, Inc. Sec. Litig.*, 07-cv-4056 (N.D. Cal. 2007), $8.9 million
- *Bauer v. Prudential, Inc.*, 09-cv-1120 (JLL) (D.N.J. 2009), $16.5 million

Prior to joining the Firm, Ms. Kulesa practiced at Izard Nobel, LLP, where she represented investors in securities class actions and employees under ERISA. Ms. Kulesa has experience in representing corporations seeking antitrust clearance of mergers and acquisitions and has also handled commercial litigation matters and contractual disputes.

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Education

- University of Connecticut School of Law, J.D. (2001)
- Fordham University, B.A., International Politics (1998)

Admissions

- Connecticut (2001)
- United States District Court for the District of Connecticut (2004)
- United States District Court for the Southern District of New York (2015)
- United States Court of Appeals for the Ninth Circuit (2016)

### Amy Miller

Amy Miller has represented clients in stockholder derivative law suits, corporate governance litigation, securities class actions, and appraisal proceedings over the last fifteen years. She currently prosecutes these cases on behalf of stockholders seeking accountability from corporate management on issues ranging from breach of fiduciary duties to corporate waste. Ms. Miller has secured significant monetary recoveries and corporate governance reforms on behalf of stockholders, including:

- *In re Jefferies Group, Inc. Shareholders Litig.*, C.A. No. 8059-CB (Del. Ch. 2015) ($70 million recovery)
- *In re News Corp. S'holder Deriv. Litig.*, C.A. No. 6285-VCN (Del. Ch. 2013) ($139 million recovery and a variety of corporate governance enhancements)
- *In re ACS S'holder Litig.*, C.A. No. 4940-VCP (Del. Ch. 2010) ($69 million recovery)

Prior to joining the Firm, Ms. Miller practiced at Cadwalader, Wickersham & Taft LLP for more than seven years before working at two boutique plaintiffs firms in New York. While in law school, Ms. Miller participated in an externship with the Honorable George B. Daniels of the United States District Court for the Southern District of New York.

Education

- New York Law School, J.D., *summa cum laude*, where she served as a Member & Articles Editor on the New York Law School Law Review, and was awarded Merit Based Scholarships from 1997 through 2001 (2001)
- Boston University, B.A., *magna cum laude* (1995)

Admissions

- New York (2002)
- United States District Court for the Southern District of New York
- United States District Court for the Eastern District of New York
- United States Court of Appeals for the Sixth Circuit

Publications

- Co-Author of "Coaches Should Stick to the Sidelines: Why the Federal Rules Should Track Delaware Rules Regarding Conferences Between Deponents and Counsel," used in conjunction with

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Practising Law Institute's Corporate Law and Practice Course Handbook Series

## Nicholas I. Porritt

Nicholas I. Porritt prosecutes securities class actions, shareholder class actions, derivative actions, and mergers and acquisitions litigation. He has extensive experience representing plaintiffs and defendants in a wide variety of complex commercial litigation, including civil fraud, breach of contract, and professional malpractice, as well as defending SEC investigations and enforcement actions. Mr. Porritt has helped recover hundreds of millions of dollars on behalf of shareholders. He was one of the Lead Counsel in *In re Google Inc. Class C Shareholder Litigation*, C.A. No. 7469-CS (Del. Ch. 2012) that resulted in a payment of $522 million to shareholders and overall benefit of over $3 billion to Google's minority shareholders. He was one of the lead counsel in *Chen v. Howard-Anderson*, No. 5878-VCL (Del. Ch. Jan. 24, 2011) that settled during trial resulting in a $35 million payment to the former shareholders of Occam Networks, Inc., one of the largest quasi-appraisal recoveries for shareholders. Some of Mr. Porritt's cases include:

- *Zaghian v. Farrell,* 675 Fed. Appx. 718, (9th Cir. 2017)
- *SEC v. Cuban*, 620 F.3d 551 (5th Cir. 2010)
- *Cozzarelli v. Inspire Pharmaceuticals, Inc.*, 549 F.3d 618 (4th Cir. 2008)
- *Teachers' Retirement System of Louisiana v. Hunter*, 477 F.3d 162 (4th Cir. 2007)
- *In re PTC Therapeutics Sec. Litig.,* 2017 WL 3705801 (D.N.J. Aug. 28, 2017)
- *Gormley v. magicJack VocalTec Ltd.,* 220 F. Supp. 3d 510 (S.D.N.Y. 2016)
- *Carlton v. Cannon*, 184 F. Supp. 3d 428 (S.D. Tex. 2016)
- *Zola v. TD Ameritrade, Inc.*, 172 F. Supp. 3d 1055 (D. Neb. 2016)
- *In re Energy Recovery Sec. Litig.,* 2016 WL 324150 (N.D. Cal. Jan. 27, 2016)
- *In re EZCorp Inc. Consulting Agreement Deriv. Litig.*, 2016 WL 301245 (Del. Ch. Jan. 25, 2016)
- *In re Violin Memory Sec. Litig.*, 2014 WL 5525946 (N.D. Cal. Oct. 31, 2014)
- *Garnitschnig v. Horovitz*, 48 F. Supp. 3d 820 (D. Md. 2014)

Mr. Porritt speaks frequently on current topics relating to securities laws and derivative actions, including presentations on behalf of the Council for Institutional Investors, Nasdaq, and the Practising Law Institute. He currently serves as co-chair of the American Bar Association Sub-Committee on Derivative Actions.

Before joining the Firm, Mr. Porritt practiced as a partner at Akin Gump Strauss Hauer & Feld LLP and prior to that was a partner at Wilson Sonsini Goodrich & Rosati PC.

Education

- University of Chicago Law School, J.D., With Honors (1996)
- University of Chicago Law School, LL.M. (1993)
- Victoria University of Wellington, LL.B. (Hons.), With First Class Honors, Senior Scholarship (1990)

Admissions

- New York (1997)
- District of Columbia (1998)
- United States District Court for the District of Columbia (1999)
- United States District Court for the Southern District of New York (2004)

## LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- United States Court of Appeals for the Fourth Circuit (2004)
- United States Court of Appeals for the District of Columbia Circuit (2006)
- United States Supreme Court (2006)
- United States District Court for the District of Maryland (2007)
- United States District Court for the Eastern District of New York (2012)
- United States Court of Appeals for the Second Circuit (2014)
- United States Court of Appeals for the Ninth Circuit (2015)
- United States District Court for the District of Colorado (2015)
- United States Court of Appeals for the Tenth Circuit (2016)
- United States Court of Appeals for the Eleventh Circuit (2017)

Publications

- "Current Trends in Securities Litigation: How Companies and Counsel Should Respond," *Inside the Minds Recent Developments in Securities Law* (Aspatore Press 2010)

### Rosemary M. Rivas

Rosemary M. Rivas is a partner in Levi & Korsinsky's San Francisco office. She has dedicated her legal career to representing consumers in complex, class action litigation involving false advertising and defective product claims.  Most recently, in a highly competitive application process, Judge Charles R. Breyer appointed Ms. Rivas to the Plaintiffs' Steering Committee in *In re: Volkswagen "Clean Diesel" MDL*, Case No. 15-MDL-2672-CRB (JSC), which has resulted in unprecedented settlements exceeding $14 billion dollars.

Ms. Rivas has served in a leadership role in a number of cases, including:

- *Lima v. Gateway*, Case No. SACV-09-1366 (C.D. Cal.), Co-Lead Class Counsel in nationwide class action involving defective monitor; achieved $195 refund for each monitor purchased
- *Pappas v. Naked Juice*, Case No. 2:11-cv-08276 (C.D. Cal.), Co-Lead Class Counsel; achieved $9 million settlement and changes to the company's testing procedures and product labels)
- *Garcia v. Allergan, Inc.*, Case No. 09-cv-7088 PSG (Ex) (C.D. Cal.), Co-Lead Class Counsel; achieved $7.75 million settlement and changes to the company's training procedures

She has also been instrumental in obtaining favorable appellate decisions on behalf of consumers in the areas of false advertising, federal preemption, and arbitration, such as:

- *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662 (9th Cir. 2014)
- *In re Sony PS3 "Other OS" Litig.,* 551 Fed. App. 916 (9th Cir. 2014)
- *Probst v. Superior Court (Health Net of California)*, 2012 Cal. LEXIS 4476 (Ct. Appeal, 1st Dist., May 9, 2012)

Ms. Rivas was a recipient of the 2018 California Lawyer of the Year (CLAY) Award. The CLAY awards are given annually to outstanding California practitioners "whose extraordinary work and cases had a major impact on the law." From 2009-2011, Ms. Rivas was selected as a Rising Star by Law & Politics Magazine, which recognizes the best lawyers 40 years old or under or in practice for ten years or less. In 2015, Bay Area

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Legal Aid presented her with the Guardian of Justice award, for her work achievements in the law and her role in helping direct cy pres funds to ensure equal access to the civil justice system.

Ms. Rivas has presented at a number of speaking engagements, including: Section 17200: The Fertility of Man's Invention, 2016 (The Bar Association of San Francisco); Data Privacy Law 101: U.S. Data Privacy and Security Laws 2015 (The Bar Association of San Francisco); Food Labeling and False Advertising Class Actions, 2015 (The Bar Association of San Francisco); and Class Actions: New Developments & Approaches for Strategic Response, 2013 (American Bar Association).

Previously, Ms. Rivas served as a Board Member and Diversity Director of the Barristers Club of the San Francisco Bar Association. Ms. Rivas is fluent in Spanish.

Education

- University of California, Hastings College of Law, J.D. (2000)
- San Francisco State University, B.A., Political Science (1997)

Admissions

- United States Court of Appeals for the Ninth Circuit (2001)
- United States District Court for the Northern District of California (2001)
- United States District Court for the Central District of California (2002)
- United States District Court for the Eastern District of California (2005)
- United States District Court for the Southern District of California (2005)

---

*Then Vice Chancellor Leo E. Strine, Jr. praised the Firms'*
*"exceedingly measured and logical" argument*

*Forgo v. Health Grades, Inc.*, C.A. No. 5716-VCS (Del. Ch. Sept. 3, 2010)

---

## Elizabeth K. Tripodi

Elizabeth K. Tripodi focuses her practice on shareholder M&A litigation, representing shareholders of public companies impacted by mergers, acquisitions, tender offers, and other change-in-control transactions. Ms. Tripodi has been named as a Washington, DC "Super Lawyer" and was selected as a "Rising Star" by Thomson Reuters for several consecutive years.

Ms. Tripodi has played a lead role in obtaining monetary *recoveries* for shareholders in M&A litigation:

- *In re Bluegreen Corp. S'holder Litig.*, Case No. 502011CA018111 (Circuit Ct. for Palm Beach Cty., FL), creation of a $36.5 million common fund settlement in the wake of a majority shareholder buyout, representing a 25% increase in total consideration to the minority stockholders

- *In re Cybex International S'holder Litig*, Index No. 653794/2012 (N.Y. Sup. Ct. 2014), recovery of $1.8 million common fund, which represented an 8% increase in stockholder consideration in connection with management-led cash-out merger

- *In re Great Wolf Resorts, Inc. S'holder Litig*, C.A. No. 7328-VCN (Del. Ch. 2012), where there was a $93 million (57%) increase in merger consideration
- *Minerva Group, LP v. Keane*, Index No. 800621/2013 (N.Y. Sup. Ct. 2013), settlement in which Defendants increased the price of an insider buyout from $8.40 to $9.25 per share

Ms. Tripodi has played a key role in obtaining injunctive relief while representing shareholders in connection with M&A litigation, including obtaining preliminary injunctions or other injunctive relief in the following actions:

- *In re Portec Rail Products, Inc. S'holder Litig*, G.D. 10-3547 (Ct. Com. Pleas Pa. 2010)
- *In re Craftmade International, Inc. S'holder Litig*, C.A. No. 6950-VCL (Del. Ch. 2011)
- *Dias v. Purches*, C.A. No. 7199-VCG (Del. Ch. 2012)
- *In re Complete Genomics, Inc. S'holder Litig*, C.A. No. 7888-VCL (Del. Ch. 2012)
- *In re Integrated Silicon Solution, Inc. Stockholder Litig.*, Lead Case No. 115CV279142 (Sup. Ct. Santa Clara, CA 2015)

Prior to joining Levi & Korsinsky, Ms. Tripodi was a member of the litigation team that served as Lead Counsel in, and was responsible for, the successful prosecution of numerous class actions, including: *Rudolph v. UTStarcom* (stock option backdating litigation obtaining a $9.5 million settlement); *Grecian v. Meade Instruments* (stock option backdating litigation obtaining a $3.5 million settlement).

Education

- American University Washington College of Law, *cum laude* (2006), where she served as Editor in Chief of the Business Law Brief, was a member of the National Environmental Moot Court team, and interned for Environmental Enforcement Section at the Department of Justice
- Davidson College, B.A., Art History (2000)

Admissions

- Virginia (2006)
- District of Columbia (2008)
- United States District Court for the Eastern District of Virginia (2006)
- United States District Court for the District of Columbia (2010)

## Associates

### Stephanie A. Bartone

Stephanie A. Bartone practices in all areas of the firm, with a focus on consumer class action litigation. Prior to joining the firm, Ms. Bartone worked for the Connecticut Judicial System where she assisted State court judges in civil and family matters. Ms. Bartone also previously worked for a firm specializing in civil litigation and criminal defense at the state and federal level.

Education

- The University of Connecticut School of Law, J.D. (2012), where she served as Symposium Editor of the Connecticut Law Review

## LEVI&KORSINSKY LLP

- University of New Hampshire, B.A., Psychology and Justice Studies, *summa cum laude* (2008)

Admissions

- Connecticut (2012)
- Massachusetts (2012)
- United States District Court for the District of Colorado (2013)
- United States District Court for the District of Connecticut (2015)
- United States District Court for the District of Massachusetts (2016)

### Jordan A. Cafritz

Jordan Cafritz is an Associate with the Firm's Washington, D.C. office. While attending law school at American University he was an active member of the American University Business Law Review and worked as a Rule 16 attorney in the Criminal Justice Defense Clinic. After graduating from law school, Mr. Cafritz clerked for the Honorable Paul W. Grimm in the U.S. District Court for the District of Maryland.

Education

- American University Washington College of Law, J.D. (2014)
- University of Wisconsin-Madison, B.A., Economics & History (2010)

Admissions

- Maryland (2014)
- Admission to DC Bar pending—*practice in the District of Columbia authorized only under Rule 49(c)(3)*

### Cecille B. Cargill

Cecille B. Cargill manages the Firm's client development services. She advises shareholders of their rights related to securities litigation, complex class actions, and shareholder and derivative litigation, and also responds to shareholder inquiries pertaining to the Firm and specific cases.

Education

- Boston University School of Law, J.D. (1994)
- State University at Buffalo, B.A., History & Legal Studies (1990)

Admissions

- Massachusetts (1995)

### John A. Carriel

John A. Carriel is an Associate with the Firm in the Washington, D.C. office, where he focuses his practice on financial litigation, including class action litigation relating to corporate governance, securities, cryptocurrencies, and initial coin offerings.  During law school, he interned for the Enforcement and Investment Management Divisions of the Securities and Exchange Commission and the Legal Division of the

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Consumer Financial Protection Bureau. In addition, he worked as a summer associate for a midsize business law firm in New York.

Education

- The George Washington University Law School, J.D., With Honors (2017)
- Universidad Pontificia Comillas (ICADE), LL.M., International and European Business Law, With Honors (2015)
- Drew University, B.A., Business Studies (2013)

Admissions

- District of Columbia (2017)
- United States District Court for the District of Colorado (2018)

Publications

- "M-U-N-I: Evidencing the Inadequacies of the Municipal Securities Regulatory Framework," 1 BUS. ENTREPRENEURSHIP & TAX L. REV. 528 (2017).

### Andrea Clisura

Andrea Clisura focuses her practice on prosecuting consumer class actions. Prior to joining Levi & Korsinsky, she was an associate at a boutique law firm in New York specializing in class action litigation. While attending Brooklyn Law School, Ms. Clisura served as an Associate Managing Editor of the Journal of Law and Policy and was a member of the Moot Court Honor Society, Appellate Advocacy Division. Her note, "None of Their Business: The Need for Another Alternative to New York's Bail Bond Business," was published in Brooklyn Law School's Journal of Law and Policy.

Ms. Clisura also gained experience in law school as an intern to the Honorable David G. Trager of the U.S. District Court for the Eastern District of New York and as a summer law intern with the U.S. Department of Justice, Antitrust Division, and a New York Legal Services office engaged in foreclosure defense.

Education

- Brooklyn Law School, J.D., *magna cum laude* (2011)
- New York University, B.A., *magna cum laude* (2005)

Admissions

- New Jersey (2011)
- New York (2012)
- United States District Court for the District of New Jersey (2012)
- United States District Court for the Eastern District of New York (2012)
- United States District Court for the Southern District of New York (2012)

## LEVI&KORSINSKY LLP

NEW YORK | WASHINGTON, D.C. | CONNECTICUT | CALIFORNIA

### William J. Fields

William J. Fields is a member of the New York City Bar Association and serves on the New York City Affairs Committee. Before joining the Firm, Mr. Fields was a Law Clerk in the Second Circuit Court of Appeals – Staff Attorney's Office.

Education

- Cornell Law School, J.D. (2011)
- University of Connecticut, B.A., *cum laude* (2008)

Admissions

- New York (2012)
- United States District Court for the Eastern District of Michigan (2016)

---

*Vice Chancellor Sam Glasscock, III said "it's always a pleasure to have counsel who are articulate and exuberant…" and referred to our approach to merger litigation as "wholesome" and "a model of… plaintiffs' litigation in the merger arena."*

*Ocieczanek v. Thomas Properties Group*, C.A. No. 9029-VCG (Del. Ch. May 15, 2014)

---

### James Grohsgal

James Grohsgal is an Associate in the Connecticut office. He represents shareholders in federal securities fraud litigation and has nearly a decade of experience representing clients in securities fraud and shareholder derivative cases.

Prior to joining the firm, Mr. Grohsgal was an associate at the New York offices of Skadden, Arps, Slate, Meagher & Flom LLP and then at Orrick, Herrington, & Sutcliffe LLP, where he represented publicly traded companies, investment banks, mortgage loan originators, and financial services firms in federal and state securities litigation, shareholder derivative suits, and SEC enforcement matters.  He also represented Fortune 500 companies and sovereign states in commercial, investment, and intellectual property litigation and international arbitration.

Education

- McGill University Faculty of Law, LL.B. and B.C.L., great distinction, where he served as Case Comments Editor on the McGill Law Journal (2008)
- McGill University, B.A., Political Science, Honors (2004)

Admissions

- New York (2009)
- United States District Court for the Southern District of New York (2010)
- United States District Court for the Eastern District of New York (2010)

**LEVI & KORSINSKY LLP**

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- United States Court of Appeals for the District of Columbia (2016)
- Not admitted to practice in Connecticut; practice limited to federal law

## Michelle Gruesbeck

Michelle Gruesbeck practices in the Washington, D.C. office, focusing on securities class actions and stockholder derivative suits. While attending law school, Ms. Gruesbeck gained experience as an intern at the Securities and Exchange Commission in the Office of Compliance Inspections Examinations, the Division of Enforcement, the Division of International Corporation Finance, and the Division of Corporation Finance (AD 5). She also served as an editor of the *Journal of Land and Development* and was a member of the Stetson International Environmental Moot Court Team.

Education

- Georgetown University Law Center, LL.M., Securities and Financial Regulation (2015)
- University of Baltimore School of Law, J.D., *cum laude* (2013)
- Purdue University, B.A., Biology (2003)

Admissions

- Maryland (2013)
- United States District Court for the District of Colorado (2018)

## Zare Khorozian

Zare Khorozian is an Associate in the New York office. While attending New York Law School, he served as Staff Editor for the New York Law School Law Review and as a Research Fellow for the Center for Business and Financial Law.

Education

- New York Law School, J.D., *cum laude* (2017)
- Montclair State University, B.A., Political Science (2014)

Admissions

- New Jersey
- New York (admission pending)

## Alexander Krot

Education

- The George Washington University, B.B.A., Finance and International Business (2003)
- American University Washington College of Law, J.D. (2010)
- Georgetown University Law Center, LL.M., Securities and Financial Regulation,  With Distinction (2011)
- American University, Kogod School of Business, M.B.A. (2012)

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Admissions

- Maryland (2011)
- District of Columbia (2014)
- United States District Court for the District of Colorado (2015)
- United States Court of Appeals for the Tenth Circuit (2016)
- United States District Court for the Eastern District of Wisconsin (2017)

### Christopher J. Kupka

Christopher J. Kupka represents victims of wrongdoing in employment, consumer, and securities class actions and stockholder derivative suits. In law school, Mr. Kupka was awarded the M.H. Goldstein Memorial Prize for excellence in labor law. Mr. Kupka was also the recipient of an Edward V. Sparer Public Interest Fellowship.

Education

- University of Pennsylvania Law School, J.D. (2010), where he served as an editor of the Journal of International Law
- Cornell University, A.B. (2007)

Admissions

- New York (2011)
- United States District Courts for the Southern District of New York (2012)
- United States District Courts for the Eastern District of New York (2012)
- Illinois (2013)
- United States District Courts for the Northern District of Illinois (2014)

Publications

- "Remediation of Unfair Labor Practices and the EFCA: Justifications, Criticisms, and Alternatives," 38 Rutgers L. Rec. 197 (May 2011)
- Co-author of "Turning Tides For Employee Arbitration Agreements" as featured on Law360.com (October 2016)

### Jonathan Lindenfeld

Jonathan Lindenfeld is an Associate with the Firm in the New York office. Mr. Lindenfeld's practice focuses on securities class actions and stockholder derivative suits. While attending law school, Mr. Lindenfeld gained experience as an intern at the U.S. Attorney's Office in the Eastern District of New York and a boutique law firm specializing in derivatives and forex exchanges. Mr. Lindenfeld also served as an editor of the Hofstra Journal of International Business and Law.

Education

- Hofstra University School of Law, J.D., *cum laude*, where he received Honors in Business Law, and was awarded Merit Based Scholarships from 2012 through 2015 (2015)

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- City University of New York-Queens College, B.A., Economics (2012)

Admissions

- New Jersey (2015)
- New York (2016)
- United States District Court for the Southern District of New York (2016)

Publications

- The CFTC's Substituted Compliance Approach: An Attempt to Bring About Global Harmony and Stability in the Derivatives Market, 14 J. INT'L BUS. & L. 125 (2015)

### Courtney E. Maccarone

Courtney E. Maccarone focuses her practice on prosecuting consumer class actions. Prior to joining Levi & Korsinsky, Ms. Maccarone was an associate at a boutique firm in New York specializing in class action litigation. While attending Brooklyn Law School, Ms. Maccarone served as the Executive Symposium Editor of the *Brooklyn Journal of International Law* and was a member of the Moot Court Honor Society. Her note, "Crossing Borders: A TRIPS-Like Treaty on Quarantines and Human Rights" was published in the Spring 2011 edition of the *Brooklyn Journal of International Law.*

Ms. Maccarone also gained experience in law school as an intern to the Honorable Martin Glenn of the Southern District of New York Bankruptcy Court and as a law clerk at a New York City-based class action firm. Ms. Maccarone was selected as a New York Super Lawyers "Rising Star" in 2014, 2015, 2016 and 2017.

Education

- Brooklyn Law School, J.D., *magna cum laude* (2011), where she served as the Executive Symposium Editor of the *Brooklyn Journal of International Law* and was a member of the Moot Court Honor Society
- New York University, B.A., *magna cum laude* (2008)

Admissions

- New Jersey (2011)
- New York (2012)
- United States District Court for the District of New Jersey (2012)
- United States District Court for the Eastern District of New York (2012)
- United States District Court for the Southern District of New York (2012)

Publications

- "Crossing Borders: A TRIPS-Like Treaty on Quarantines and Human Rights," published in the Spring 2011 edition of the *Brooklyn Journal of International Law*

### Adam C. McCall

Adam C. McCall is an Associate with the Firm. Prior to joining Levi & Korsinsky, Mr. McCall was a Summer Analyst at Moelis & Company and an intern at Fortress Investment Group. While attending the Georgetown

**LEVI&KORSINSKY LLP**

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

University Law Center, he was an extern at the Securities and Exchange Commission's Division of Corporate Finance.

Education

- Georgetown University Law Center, LL.M., Securities and Financial Regulation (2015)
- California Western School of Law, J.D., *cum laude* (2013)
- Santa Clara University, Certificate of Advanced Accounting Proficiency (2010)
- University of Southern California, B.A., Economics (2008)

Admissions

- California (2014)
- United States District Court for the Central District of California (2015)
- United States District Court for the Eastern District of California (2015)
- United States District Court for the Northern District of California (2015)
- United States District Court for the Southern District of California (2015)
- United States Court of Appeals for the Ninth Circuit (2016)
- District of Columbia (2017)

## Gregory M. Potrepka

Gregory M. Potrepka is an Associate in Levi & Korsinsky's Connecticut office. Mr. Potrepka is an experienced lawyer having litigated cases in State, Federal, and Tribal courts, at both the trial and appellate levels.  While in law school, Mr. Potrepka clerked in the Civil Division of the United States Attorney's Office for the District of Columbia.

Education

- University of Connecticut School of Law, J.D. (2015)
- University of Connecticut Department of Public Policy, M.P.A. (2015)
- University of Connecticut, B.A., Political Science (2010)

Admissions

- Connecticut (2015)
- Mashantucket Pequot Tribal Court (2015)
- United States District Court for the District of Connecticut (2016)

## Quentin A. Roberts

Quentin A. Roberts is an Associate in Levi & Korsinsky's San Francisco office. While attending law school, Mr. Roberts was a member of the Law Review and worked on class action litigation as a law clerk. Mr. Roberts concentrates on litigating class action matters, particularly those involving consumer fraud. He has worked on a number of high-profile cases, such as *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, & Prods. Liab. Litig.*, No. 15-md-2672 (N.D. Cal.), pending in the Northern District of California.

Education

---

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- University of San Francisco School of Law, J.D., *magna cum laude* (2015)
- University of California, San Diego, B.A., Economics (2010)

Admissions

- California (2015)
- United States District Court for the Northern District of California (2016)
- United States District Court for the Central District of California (2017)

### Andrew Rocco

Andrew Rocco is an Associate with the Firm in the Connecticut office. As a law student, he interned for the Office of the Attorney General for the State of Connecticut in the Employment Rights Department, and served as the Editor-in-Chief of the Quinnipiac Probate Law Journal.

Education

- Quinnipiac University School of Law, J.D., *summa cum laude* (2017)
- Champlain College, B.A., Legal Studies, *summa cum laude* (2014)

Admissions

- Connecticut

### Samir Shukurov

Mr. Shukurov is an associate in Levi & Korsinsky's New York office and represents shareholders in complex corporate litigation, corporate governance and securities matters in state and federal courts nationwide. Mr. Shukurov also has corporate experience representing clients in various exempted securities offerings and 1934 Securities Exchange Act reporting matters. Previously, Mr. Shukurov worked in the General Counsel's office of Ernst & Young in his home country of Azerbaijan.

Education

- Boston University School of Law, LL.M., Outstanding Achievement Award (2015)
- Baku State University, LL.M., Civil Law, With Honors (2012)
- Baku State University, LL.B. (2009)

Admissions

- Massachusetts (2015)
- New York (2016)
- United States District Court for the Southern District of New York (2016)

### Brian Stewart

Brian Stewart is an Associate with the Firm practicing in the Washington, D.C. office. Prior to joining the firm, Mr. Stewart was an associate at a small litigation firm in Washington D.C. and a regulatory analyst at the

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Financial Industry Regulatory Authority (FINRA).  During law school, he interned for the Enforcement Divisions of the SEC and CFPB.

Education

- American University Washington College of Law, J.D. (2012)
- University of Washington, B.S., Economics and Mathematics (2008)

Admissions

- Maryland (2012)
- District of Columbia (2014)

### Sebastian Tornatore

Sebastian Tornatore is an Associate in the Connecticut office where he focuses on representing shareholders in federal securities actions.  While at the University of Connecticut School of Law, Mr. Tornatore served as an Executive Editor of the *Connecticut Law Review* and as a member of the Connecticut Moot Court Board.  Prior to joining the Firm, Mr. Tornatore worked for the Connecticut Judicial System, where he gained significant experience assisting various state judges.

Education

- The University of Connecticut School of Law, J.D. (2012)
- Boston College, B.A., Political Science (2008)

Admissions

- Massachusetts (2012)
- Connecticut (2012)
- New York (2014)
- United States District Court for the District of Connecticut (2014)
- United States District Court for the Southern District of New York (2016)
- United States District Court for the District of Massachusetts (2016)

### *Staff Attorneys*

### Silpa Rao

Silpa Rao works as a Staff Attorney in the Connecticut office. Prior to joining the firm, Ms. Rao worked with the Connecticut Judicial Branch in Danbury, where she assisted state court judges in civil jury trials and other courtroom matters on the civil and family docket. While at the University of Connecticut School of Law, Ms. Rao served as a Competition Editor for the Connecticut Public Interest Law Journal and President of the South Asian Law Students Association. She also completed an Honors Law Clerk externship with the Environmental Protection Agency while studying for a semester in Washington, D.C.

Education

- University of Connecticut School of Law, J.D., Certificate in Environmental Law (2013)
- New York University, B.A., Environmental Studies (2009)

LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Admissions

- Massachusetts (2014)
- New York (2017)


### Michelle Thompson

Michelle Thompson is a Staff Attorney in the New York office. Mrs. Thompson has corporate experience in the U.S. as well as in Brazil.

Education

- The University of Texas School of Law, L.L.M. (2015)
- Universidade Gama Filho, Brazil, Post-graduate law degree (2009)
- Pontificia Universidade Católica de Goiás, Brazil, L.L.B. (2005)
- Universidade Federal de Goiás, Brazil, B.A., Communications (2003)

Admissions

- Brazil (2006)
- Texas (2015)

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CELGENE CORPORATION, MARK J. ALLES, PETER N. KELLOGG, SCOTT A. SMITH, NADIM AHMED and TERRIE CURRAN,<br><br>Defendants. | Case No. 2:18-cv-04772-JMV-JBC<br><br>**[PROPOSED] ORDER GRANTING MOTION OF THE CELGENE INVESTOR GROUP FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>**MOTION DATE: JULY 2, 2018** |
| CHARLES WITCHCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CELGENE CORPORATION, ROBERT J. HUGIN, MARK J. ALLES, JACQUALYN A. FOUSE, PETER N. KELLOGG, SCOTT A. SMITH, and TERRIE CURRAN,<br><br>Defendants. | Case No. 2:18-cv-08785-JMV-JBC |

Having considered the papers filed in support of the Motion of Sunil Kawatra, David Bravman, Wolfgang Fabschuetz, William D'Ambruoso, and Oswaldo Guglielmo (the "Celgene Investor Group" or "Movant") for Consolidation of the Actions, Appointment as Lead Plaintiff and Approval of Selection of Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) (the "Motion"), and for good cause shown, the Court hereby enters the following Order:

## I.     CONSOLIDATION OF RELATED ACTIONS

1.     The above-captioned securities fraud class actions pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Any actions that have been filed, or may be filed, which are related and which may be considered herewith, are consolidated with the *City of Warren* Action under Case No. 2:18-cv-04772-JMV-JBC (the "Consolidated Action").

2.     A Master File is hereby established for the consolidated proceedings in the Consolidated Action.  The docket number for the Master File shall be Master File No. 2:18-cv-04772-JMV-JBC.  The original of this Order shall be filed by the Clerk in the Master File.  The Clerk shall mail a copy of this Order to counsel of record in each of the above-captioned actions.

3.      Every pleading filed in the Consolidated Action shall bear the following

caption:

| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Master File No. 2:18-cv-04772-JMV-JBC |
|---|---|

## II.    APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

4.      Movant has moved this Court to be appointed as Lead Plaintiff in the

actions and to approve the counsel it retained to be Lead Counsel.

5.      Having considered the provisions of Section 21D(a)(3)(B) of the

PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Movant is the

most adequate plaintiff and satisfy the requirements of the PSLRA.  The Court

hereby appoint Movant as Lead Plaintiff to represent the interests of the class.

6.      Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-

4(a)(3)(B)(v), Movant has selected and retained the law firm Levi & Korsinsky, LLP

to serve as Lead Counsel.  The Court approves Movant's selection of Lead Counsel

for the Consolidated Action.

7.      Lead Counsel shall have the following responsibilities and duties, to be

carried out either personally or through counsel whom Lead Counsel shall designate:

        a.      to coordinate the briefing and argument of any and all motions;

        b.      to coordinate the conduct of any and all discovery proceedings;

         c.     to coordinate the examination of any and all witnesses in depositions;

         d.     to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

         e.     to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

         f.     to coordinate all settlement negotiations with counsel for defendants;

         g.     to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

         h.     to coordinate the preparation and filings of all pleadings; and

         i.     to supervise all other matters concerning the prosecution or resolution of the Consolidated Action.

    8.    No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of the Lead Counsel.

9.      Service upon any plaintiff of all pleadings in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

10.     Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.  Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

## III.    NEWLY FILED OR TRANSFERRED ACTIONS

11.     When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a.      file a copy of this Order in the separate file for such action;

    b.      mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c.      make the appropriate entry on the docket for this action.

12.     Each new case that arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with the Consolidate Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date

upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

13. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

IT IS SO ORDERED

Dated: _____

_____
The Honorable John Michael Vazquez
United States District Judge

**LEVI & KORSINSKY LLP**
Eduard Korsinsky (EK-8989)
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

*Counsel for Movant Celgene Investor Group*


## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>CELGENE CORPORATION, MARK J. ALLES, PETER N. KELLOGG, SCOTT A. SMITH, NADIM AHMED and TERRIE CURRAN,<br><br>       Defendants. | Case No. 2:18-cv-04772-JMV-JBC<br><br>**CERTIFICATE OF SERVICE** |
| CHARLES WITCHCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>CELGENE CORPORATION, ROBERT J. HUGIN, MARK J. ALLES, JACQUALYN A. FOUSE, PETER N. | Case No. 2:18-cv-08785-JMV-JBC |

KELLOGG, SCOTT A. SMITH, and
TERRIE CURRAN,

                         Defendants.

       I, Eduard Korsinsky, hereby certify that on May 29, 2018, I authorized the electronic filing of the foregoing motion and accompanying exhibits with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

                                   */s/Eduard Korsinsky*
                                   Eduard Korsinsky