**LEVI & KORSINSKY, LLP**
Donald J. Enright
1101 30th Street NW
Suite 115
Washington, DC 20007
Tel.: (202) 524-4292
Fax: (202) 333-2121
Email: denright@zlk.com

*Counsel for Movants Joseph J. Klapper, Jr.,
Ashish Rana, and Sonia C. Estoesta,
and [Proposed] Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CREIGHTON TAKATA, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL,<br><br>            Defendants. | C.A. No. 3:18-cv-02293-FLW-TJB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE KLAPPER, RANA AND ESTOESTA GROUP'S MOTION TO STRIKE SUR-REPLY (DKT. NO. 32)**<br><br><u>CLASS ACTION</u><br><br>**MOTION DATE: July 2, 2018** |

i

# **TABLE OF CONTENTS**

**Page**

BACKGROUND ...............................................................................................................1

ARGUMENT ...................................................................................................................3

    I.     STANDARDS OF LAW .........................................................................3

    II.    THE SUR-REPLY DOES NOT SUBMIT MATERIAL SUBJECT TO JUDICIAL NOTICE ........................................................................4

    III.   THE SUR-REPLY SHOULD BE STRICKEN ....................................7

CONCLUSION ................................................................................................................9

# Table of Authorities

**Page(s)**

**Cases**

*Bravetti v. Liu*,
  No. CIV.A. 12-7492 MAS, 2015 WL 1954466 (D.N.J. Apr. 29, 2015) .................... 6

*Cooper v. Cape May County Bd. Of Soc. Servs.*,
  175 F. Supp. 732 (D.N.J. 2001) ................................................................. 4, 9

*Hailstalk v. Antique Auto Classic Car Stor. LLC*,
  No. 07-5195 (NLH), 2008 U.S. Dist. LEXIS 68016 (D.N.J. Sept. 9,
  2008) ......................................................................................................... 9

*In re A2p SMS Antitrust Litig.*,
  972 F. Supp. 2d 465 (S.D.N.Y. 2013) .......................................................... 9

*In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*,
  No. 03-4558 (GEB), 2010 U.S. Dist. LEXIS 68241 (D.N.J. July 9,
  2010) ...................................................................................................... 4, 8

*In re Intelligroup Sec. Litig.*,
  527 F. Supp. 2d 262 (D.N.J. 2007) ............................................................ 3, 5

*In re NAHC Inc. Sec. Litig.*, 306 F.3d 1314 (3d Cir. 2002) ............................. 3

*Jackson v. Broad. Music, Inc.*,
  2006 U.S. Dist. LEXIS 3960 (S.D.N.Y. Jan. 31, 2006) ............................... 3

*Midamines SPRL Ltd. v. KBC Bank NV*,
  601 Fed. Appx. 43 (2d Cir. 2015) ............................................................... 5

*Munich Reins. Am., Inc. v. Am. Natl. Ins. Co.*,
  No. 09-6435 (FLW), 2014 U.S. Dist. LEXIS 71777 (D.N.J. May 27,
  2017) ......................................................................................................... 3

*Pakter v. New York City Dep't of Educ.*,
  No. 08 Civ. 7673 (DAB), 2011 U.S. Dist. LEXIS 8813 (S.D.N.Y. Jan.
  31, 2011) ................................................................................................... 9

*Schuylkill Health Sys. V. Cardinal Health, Inc.*,
  No. CIV.A. 12-7065, 2014 WL 3805466 (E.D. Pa. Mar. 14, 2014) .......... 6

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group,
  Ltd.*,
  181 F.2d 410 (3d Cir. 1999) ....................................................................... 3, 6

**Rules**

L.Civ.R. 7.1(d)(6) .................................................................................. *passim*

Lead plaintiff movant the Klapper, Rana and Estoesta Group,[1] by its counsel, respectfully submits this memorandum of law in support of its motion for an order striking the improper sur-reply (Dkt. No. 32) (the "Sur-Reply") filed in direct violation of L.Civ.R. 7.1(d)(6) by the Rosen Law Group[2] and The Rosen Law Firm ("Rosen Law") (collectively, "Rosen").

## BACKGROUND

Presently pending before this Court are competing motions for appointment as lead plaintiff and approval of lead counsel. The briefing upon these motions concluded on May 14, 2018.

On May 31, 2018, Rosen filed the Sur-Reply. While the Sur-Reply was fashioned as "request" for "judicial notice," this premise rests upon tenuous logic, legal standards invented out of whole cloth, and misrepresentations of case law. In other words, the Sur-Reply's guise as a request for "judicial notice" is mere pettifoggery intended to obscure the fact that—as set forth in great detail in the Klapper, Rana and Estoesta Group's opposition and reply papers (Dkt. No. 23 at 13–18 and Dkt. No. 28 at 11–16, respectively)—the Rosen Law Group: (i) is the obvious byproduct of precisely the sort of lawyer-driven litigation that the PSLRA was

---

[1] The "Klapper, Rana and Estoesta Group" or "Group" is comprised of Joseph J. Klapper, Jr., Ashish Rana, and Sonia Estoesta.

[2] The Rosen Law Group is comprised of Simon Lee, Bryan Siegel and Vivek Singhal. Dkt. No. 14.

1

designed to prevent; (ii) has failed to demonstrate its ability to properly monitor and supervise this litigation; and (iii) is chiefly concerned with Rosen Law being appointed lead counsel for the proposed class rather than actually participating in managing this litigation.

Rather than acknowledge the foregoing and litigate the legal issues at hand, the Rosen Law Group filed the Sur-Reply which attached lead plaintiff motion papers that Levi & Korsinsky, LLP ("Levi & Korsinsky") filed on May 29, 2018 in a completely unrelated matter, *City of Warren General Employees' Retirement System v. Celgene Corporation, et al.*, Case No. 2:18-cv-04772-JMV-JBC (D.N.J.) (the "*Celgene* LP Papers" filed in the "*Celgene* Action").  The *Celgene* Action does not involve the same, or even similar, facts, plaintiffs, defendants, or movants seeking appointment as lead plaintiff.  Despite the foregoing, the Sur-Reply argues that the *Celgene* LP Papers somehow "demonstrate[] the meritless nature of the Klapper Group's arguments" because "L&K [Levi & Korsinsky] did not file a joint declaration with its opening papers."  Sur-Reply at 1.

As discussed below, the *Celgene* LP Papers attached to the Sur-Reply are not subject to judicial notice, the Sur-Reply improperly presented new arguments in an inappropriate attempt to obscure the issues before this Court, and was submitted in direct contravention of this District's Local Rules.  Based on the foregoing, the Sur-Reply should be stricken.

## ARGUMENT

**I.    STANDARDS OF LAW**

Federal Rule of Civil of Evidence 201(b) "permits a district court to take judicial notice of facts that are 'not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably questioned.'" *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 273 (D.N.J. 2007) (quoting *In re NAHC Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002). "It is well established that a court 'may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Munich Reins. Am., Inc. v. Am. Natl. Ins. Co.*, No. 09-6435 (FLW), 2014 U.S. Dist. LEXIS 71777, at *8 (D.N.J. May 27, 2017) (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.2d 410, 426 (3d Cir. 1999)) (Emphasis added.). Additionally, "the court may take judicial notice of public records and of 'admissions in pleadings and other documents in the public record **filed by a party** in other judicial proceedings **that contradict the party's factual assertions** in a subsequent action' . . . ." *In re Intelligroup*, 527 F. Supp. 2d at 273 (quoting *Jackson v. Broad. Music, Inc.*, 2006 U.S. Dist. LEXIS 3960, at *18 (S.D.N.Y. Jan. 31, 2006)) (Emphasis added.).

"Local Rule 7.1(d)(6) provides that '[n]o sur-replies are permitted without permission of the Judge or Magistrate to whom the case is assigned.' A court may strike a party's sur-reply if filed without permission from the court." *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*, No. 03-4558 (GEB), 2010 U.S. Dist. LEXIS 68241, at *85 (D.N.J. July 9, 2010) (finding that a plaintiffs' "letter and affidavit, filed without permission from the Court, constitute[d] improper sur-replies," granting defendants' "motion to strike Plaintiffs' August 7 letter and affidavit," and finding that even if the sur-replies were considered, "the arguments presented . . . [were] without merit . . ."); *see also Cooper v. Cape May County Bd. Of Soc. Servs.*, 175 F. Supp. 732, 741–42 (D.N.J. 2001) (finding that a letter submitted after briefing on a summary judgment motion constituted the filing of an improper sur-reply).

## II.   THE SUR-REPLY DOES NOT SUBMIT MATERIAL SUBJECT TO JUDICIAL NOTICE

The Sur-Reply attaches the *Celgene* LP Papers which purportedly "demonstrate[] the meritless nature of the Klapper Group's arguments" because "L&K [Levi & Korsinsky] did not file a joint declaration with its opening papers." Sur-Reply at 1. The *Celgene* LP Papers are improper for judicial notice as they are filings made in a case involving unrelated plaintiffs, defendants, movants and facts.

4

As noted, "the court may take judicial notice of public records and of 'admissions in pleadings and other documents in the public record **filed by a party** in other judicial proceedings **that contradict the party's factual assertions** in a subsequent action' . . . ." *In re Intelligroup*, 527 F. Supp. 2d at 273 (citation omitted) (Emphasis added.). Here, the *Celgene* LP papers do not involve any **parties** related to the instant litigation and thus, there is no legal basis, or rational explanation, for why they are subject to judicial notice. Indeed, the *Celgene* LP Papers have no bearing whatsoever on the Klapper, Rana and Estoesta Group's adequacy or typicality to serve as lead plaintiff on behalf of the proposed class. *See, e.g.*, *Midamines SPRL Ltd. v. KBC Bank NV*, 601 Fed. Appx. 43, 46 (2d Cir. 2015) (denying motion to take judicial notice of documents because they were "generally irrelevant").

While the *Celgene* LP Papers were filed by Levi & Korsinsky, the firm itself is not a **party** to the *Celgene* Action. Rather, the firm's clients are parties to the action, as with *Riot* and every other case the firm is involved in. It is telling that the Rosen Law Group cannot distinguish between a party and its counsel – since the Rosen Law Group appears to be, itself, so completely dominated by its own lawyers.

The case law Rosen submits in its Sur-Reply does not support the proposition that unrelated pleadings or filings in an unrelated case involving unrelated parties are subject to judicial notice. More specifically, Rosen cites to *Schuylkill Health*

*Sys. V. Cardinal Health, Inc.*, No. CIV.A. 12-7065, 2014 WL 3805466, at *1 (E.D. Pa. Mar. 14, 2014) for an example in which the Court took "judicial notice of . . . court filings because, as public filings on the docket of a district court, they [could] be readily determined from sources whose accuracy [could not] be reasonably questioned." The holding in *Schuylkill* is entirely inapplicable here because the documents judicially noticed in *Schuylkill* were judicial **opinions** not mere pleadings filed in a separate action. Moreover, the *Schuylkill* decision was decided in the context of a **motion to dismiss**, which has its own standard for judicial notice in the Third Circuit. *See S. Cross Overseas Agencies, Inc.*, 181 F.3d at 426 ("**[O]n a motion to dismiss**, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authority.") (Emphasis Added.).

The second case Rosen cites to in the Sur-Reply is *Bravetti v. Liu*, No. CIV.A. 12-7492 MAS, 2015 WL 1954466, at *1 (D.N.J. Apr. 29, 2015). Rosen cites to *Bravetti* as an example in which the Court took judicial notice of "court filings and dockets which are relevant." However, the Sur-Reply neglects to mention the fact that in *Bravetti*: (1) the "court filings" that were judicially noticed were each from **related cases** involving the **same parties** (*Mcgee v. American Oriental Bioengineering, Inc.*, CV12-54760-SVW (C.D. Cal.); and *Barbato v. Liu, et al.*, CV12-02480 (D. Nev.); and (2) the docket that was judicially noticed was from a

related case, *Barbato v. Liu, et al.*, with identical defendants as those named in *Bravatti*. The Rosen Law Group should be familiar with these crucial distinguishing facts, since it was Bravetti's counsel, Rosen Law, which submitted one of the requests for judicial notice in *Bravetti*.

In this instance, common sense confirms the legal doctrine. Simply stated, the papers filed in the *Celgene* matter are utterly irrelevant to the instant matter. Whatever strategies or legal theories the attorneys in the *Celgene* Action applied on behalf of their clients, they have no bearing on the law or the facts in **this** case.

In the end, the Sur-Reply provides no legal authority or justification for why filings in a separate case, involving separate parties, facts, and even different attorneys with Levi & Korsinsky, are subject to judicial notice. Based on the foregoing, it is clear that the *Celgene* LP Papers are not subject to judicial notice and Rosen's request for such was, at best, a ham-fisted attempt to obfuscate the fact that the Rosen Law Group is inadequate to represent the proposed class in the instant litigation.

### III. THE SUR-REPLY SHOULD BE STRICKEN

The Sur-Reply was hardly a good faith request for judicial notice. Rather, it submits new arguments, and re-arguments, on issues that have been fully briefed for weeks. More specifically, the Sur-Reply argues that: (i) the Klapper, Rana and Estoesta Group "argued in its opposition and reply that a joint declaration

demonstrating cohesiveness was required with Movants' opening papers;" (ii) the Group "was wrong and caselaw allowed such joint declarations to be filed with the opposition papers—which [Rosen] did"; and (iii) because Levi & Korsinsky "did not file a joint declaration with its opening papers—precisely what they complain here disqualifies [Rosen] in this case" this somehow "demonstrates the meritless nature of the Klapper [Rana and Estoesta] Group's arguments." Thus, the Sur-Reply was not simply a submission of documents for judicial notice, but rather was a submission of substantial (not to mention improper and incorrect) legal argumentation.³  Hence, it is accurate to reference it as an improper sur-reply filed without leave of the Court.

Again, where a party submits a sur-reply disguised as a letter in violation of L.R.Civ. 7.1(d)(6), it is proper to strike such filing. *See, e.g.*, *In re Ford*, 2010 U.S. Dist. LEXIS 68241, at *85 (finding that a plaintiffs' "letter and affidavit, filed

---

³  It should be noted that the Klapper, Rana and Estoesta Group did not argue that the Rosen Law Group is disqualified from consideration merely because it did not submit a joint declaration in its opening papers.  Rather, the Group argued that the Rosen Law Group is disqualified because, *inter alia*, it (i) is the obvious byproduct of precisely the sort of lawyer-driven litigation that the PSLRA was designed to prevent; (ii) has failed to demonstrate its ability to monitor class counsel on behalf of the proposed class or to direct this litigation without undue influence from proposed lead counsel; and (iii) is chiefly concerned with Rosen Law being appointed class counsel for the proposed class rather than actually participating in managing this litigation—regardless of whether such representation would be as part of a group or on an individual basis.  (Dkt. No. 23 at 13–18 and Dkt. No. 28 at 11–16).

8

without permission from the Court, constitute[d] improper sur-replies" and granting defendants' "motion to strike Plaintiffs' August 7 letter and affidavit"); *see also Hailstalk v. Antique Auto Classic Car Stor. LLC*, No. 07-5195 (NLH), 2008 U.S. Dist. LEXIS 68016, at *26 (D.N.J. Sept. 9, 2008) ("Local Rule 7.1(d)(6) clearly states that sur-replies are not allowed except upon permission of the Judge. Hailstalk did not request permission to file a sur-reply and, therefore, defendants' unopposed motion to strike is granted and Hailstalk's sur-reply is stricken.") (citations omitted); *Cooper*, 175 F. Supp. at 741–42 (finding that a letter submitted after briefing on a summary judgment motion constituted the filing of an improper sur-reply). Accordingly, this Court should strike Rosen's improperly filed sur-reply. *In re A2p SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 500 (S.D.N.Y. 2013) (striking "non-compliant" sur-reply); *Pakter v. New York City Dep't of Educ.*, No. 08 Civ. 7673 (DAB), 2011 U.S. Dist. LEXIS 8813, at *5 (S.D.N.Y. Jan. 31, 2011) (approving magistrate report recommending reimbursement of attorney's fees incurred in responding to "untimely and unauthorized sur-reply").

## **CONCLUSION**

For the foregoing reasons, the Klapper, Rana and Estoesta Group respectfully requests that this Court strike the improper Sur-Reply (Dkt. No. 32).

*[Signature on the Following Page]*

9

Dated:  June 7, 2018	**LEVI & KORSINSKY, LLP**

/s/ Donald J. Enright
Donald J. Enright
Elizabeth K. Tripodi (*pro hac vice to be submitted*)
John A. Carriel (*pro hac vice to be submitted*)
**LEVI & KORSINSKY, LLP**
1101 30th Street, N.W., Suite 115
Washington, D.C. 20007
Telephone: (202) 524-4292
Facsimile:  (202) 333-2121
Email: denright@zlk.com
Email: etripodi@zlk.com
Email: jcarriel@zlk.com

*Counsel for Movants
and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, a true and correct copy of the foregoing document was served by CM/ECF to all counsel of record registered to the Court's CM/ECF system.

/s/ Donald J. Enright