

Laurence M. Rosen
lrosen@rosenlegal.com

June 18, 2018

**VIA ECF**

Hon. Freda L. Wolfson
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Takata v. Riot Blockchain, Inc., et al.*, 3:18-cv-02293-FLW-TJB

Your Honor:

We submit this letter on behalf of lead plaintiff movants Simon Lee, Bryan Siegel, and Vivek Singhal ("Movants') in response to the Klapper Group's motion to strike filed on June 7, 2018 (Dkt. No. 33) ("Motion to Strike"). The Motion to Strike should be denied on several grounds.

First, Movant's May 31, 2018 letter (Dkt. No. 32) (the "Letter") is not a sur-reply, thus Local Rule 7.1(d)(6) does not apply. The Letter did not advance any new arguments or try to supplement Movants' briefing on their lead plaintiff motion.  Rather, Movants asked the Court to judicially notice Levi & Korsinsky, LLP ("L&K")'s lead plaintiff filing in the *City of Warren General Employees' Retirement System v. Celgene Corporation, et al.*, Case No. 2:18-cv-04772-JMV-JBC (D.N.J.) (the "*Celgene* Action") because it further demonstrated the lack of merit of L&K's argument that Movants were required to file a joint declaration with their opening papers.

L&K's cases on this point are distinguishable. In *In re Ford Motor Co. E-350 Van Prod. Liab. Litig. (No. II)*, No. CIV. A. 03-4558, 2010 WL 2813788, at *28 (D.N.J. July 9, 2010), amended, No. CIV.A. 03-4558 GEB, 2011 WL 601279 (D.N.J. Feb. 16, 2011), the letter made "several additional arguments in opposition to Ford's summary judgment motion…along with an affidavit pursuant to Federal Rule of Civil Procedure 56(f) requesting time for additional discovery." *Id*. Likewise, in *Cooper v. Cape May Cty. Bd. of Soc. Servs.,* 175 F. Supp. 2d 732, 741 (D.N.J. 2001) the plaintiff attempted to supplement his opposition to summary judgment by providing a new case that was "allegedly distinguishable on its facts, offering no legal argument as to how, if at all, this case applies to the matter before the Court…and does not aid the Court in arriving at

1

its decision." *Id.*, at 742.[1] Here, no new arguments were raised in the Letter and the Letter was submitted soon after the *Celgene* Action filing was made.[2]

Second, contrary to L&K's assertions, courts routinely take judicial notice of filings made in other actions without a shared party.[3] *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 273 (D.N.J. 2007), a case cited by L&K, is no different. There, the court did not hold that court filings are only judicially noticeable unless they share the same party. In any event, L&K is a "party" in both matters as it is seeking to be lead counsel. The Court should take judicial notice of the *Celgene* Action filing as it undermines L&K's argument here and is consistent with the majority of courts around nation. *See,* Dkt. No. 27 at 3-5; *In re Blue Apron Holdings, Inc. Sec. Litig.*, 2017 WL 6403513, at * 4 (E.D.N.Y. Dec. 15, 2017) ("the PSLRA does not require that any such evidence be submitted with the initial motion … Accordingly, the Court will not penalize the Blue Apron Investor Group for filing a declaration only in its response papers.").

---

[1] The Klapper Groups' additional cases do not support the position that the Letter is a sur-reply. *Hailstalk v. Antique Auto Classic Car Storage, LLC*, No. CIV.A.07-5195(NLH), 2008 WL 4192275, at *6 (D.N.J. Sept. 9, 2008) does not analyze or address the contents of plaintiff's filing which was deemed a sur-reply. The court in *In re A2P SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 500 (S.D.N.Y. 2013) did not allow a sur-reply because it was "non-compliant" as "it does not respond to 'new issues which are material to the disposition of the question before the [C]ourt.'" *Pakter v. New York City Dep't of Educ.*, No. 08 CIV. 7673 DAB, 2011 WL 308272, at *1 (S.D.N.Y. Jan. 31, 2011) is irrelevant as, again, the Letter is not a sur-reply and awarding attorneys' fees for responding to a sur-reply is not similar to the instant issue before the Court.

[2] Additionally, Fed. R. Evid. 201(d) specifically provides that the Court can take judicial notice "at any stage of the proceeding."

[3] *See Pac. Bell Tel. Co. v. City of Hawthorne*, 188 F. Supp. 2d 1169, 1172 (C.D. Cal. 2001) (brief filed in separate action with different parties was judicially noticed); *Rutledge v. Healthport Techs., LLC*, No. 16-CV-06920-VC, 2017 WL 728375, at *2 (N.D. Cal. Feb. 24, 2017) (judicial notice of fee award "in a state court case with different parties and circumstances."); *Brown v. DIRECTV, LLC*, No. CV1301170DMGCFEX, 2014 WL 12599363, at *1 (C.D. Cal. May 27, 2014) (court taking judicial notice of court filings entered in actions without shared parties); *Rowland v. Paris Las Vegas*, No. 3:13-CV-02630-GPC, 2014 WL 769393, at *2 (S.D. Cal. Feb. 25, 2014) (the content of court filings "are proper subjects for judicial notice under Rule 201(d)"); *Nat'l Ass'n of Chain Drug Stores v. Schwarzenegger*, No. CV097097CASMANX, 2009 WL 10673205, at *2 (C.D. Cal. Dec. 22, 2009)(judicial notice of court filings in a separate lawsuit). Docket entries, regardless whether a judicial opinion or party-filed document, can both be judicially noticed as they are not being recognized for the truth of the facts contained therein. Therefore, L&K's attack on Movants' citation to *Schuylkill Health Sys. v. Cardinal Health, Inc.*, No. CIV.A. 12-7065, 2014 WL 3805466, at *1 (E.D. Pa. Mar. 14, 2014) is frivolous.

2

Third, L&K's speculation that Movants are improperly lawyer-driven is baseless. "Allegations of impropriety are not proof of wrongdoing," sufficient to rebut the lead plaintiff presumption. *In re Cendant Corp. Litig.*, 264 F.3d 201, 270 (3d Cir. 2001). Contrary to L&K (Dkt. No. 23 at 10-11; Dkt. No. 28 at 7, 9; Dkt No. 33-2 at fn. 3), no reading of Movants' opening brief and Joint Declaration suggests that Movants were not aware of each other, did not have contact information of each other, or did not communicate with each other prior to making their lead plaintiff motion. Indeed, the documents show otherwise and such speculation is untrue. (Dkt. No. 15 at 8; Dkt. No. 22 at 5-7; Dkt. No. 22-2).

Accordingly, we respectfully request that the Court deny the Motion to Strike.

Respectfully submitted,

/s/ Laurence M. Rosen
Laurence M. Rosen

cc:   all counsel of record via ECF

**THE ROSEN LAW FIRM, P.A. ♦ 609 W. SOUTH ORANGE AVENUE, SUITE 2P ♦ SOUTH ORANGE, NJ 07079 ♦ TEL: (973) 313-1887 ♦ FAX: (973) 833-0399**