**LEVI & KORSINSKY, LLP**
Donald J. Enright
1101 30th Street NW
Suite 115
Washington, DC 20007
Tel.: (202) 524-4292
Fax: (202) 333-2121
Email: denright@zlk.com

*Counsel for Movant the Klapper, Rana and Estoesta Group and [Proposed] Lead Counsel for the Class*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL,<br><br>          Defendants. | C.A. No. 3:18-cv-02293-FLW-TJB<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE KLAPPER, RANA AND ESTOESTA GROUP'S MOTION TO STRIKE SUR-REPLY (DKT. NO. 32)**<br><br><u>CLASS ACTION</u><br><br>**MOTION DATE: July 2, 2018** |

## **TABLE OF CONTENTS**

                                                                                                                          **Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT .................................................................................................................2

      I.      THE LETTER BRIEF FAILS TO REBUT THE SUBSTANCE OF
             THE MOTION PAPERS ..................................................................2

            A.     The *Celgene* LP Papers Are Not Subject to Judicial Notice ......2

            B.     The Sur-Reply Should Be Stricken............................................4

      II.     THE ROSEN LAW GROUP ONCE AGAIN SUBMITS NEW
             IMPROPER ARGUMENTATION.......................................................6

CONCLUSION ..............................................................................................................8

## **Table of Authorities**

**Page(s)**

**Cases**

*Bounasissi v. NY Life Ins. & Annuity Corp.*,
  No. 15-7585 (JBS/JS), 2016 U.S. Dist. LEXIS 28010 (D.N.J. Mar. 4,
  2016) ...................................................................................................................... 1

*Cooper v. Cape May County Bd. Of Soc. Servs.*,
  175 F. Supp. 732 (D.N.J. 2001) .......................................................................... 8

*Hailstalk v. Antique Auto Classic Car Stor. LLC*,
  No. 07-5195 (NLH), 2008 U.S. Dist. LEXIS 68016 (D.N.J. Sept. 9,
  2008) ...................................................................................................................... 6

*In re A2p SMS Antitrust Litig.*,
  972 F. Supp. 2d 465 (S.D.N.Y. 2013) ................................................................ 8

*In re Ford Motor Co. E-350 Van Prods. Liabl. Litig.*,
  No. 03-4558 (GEB), 2010 U.S. Dist. LEXIS 68241 (D.N.J. July 9,
  2010) ...................................................................................................................... 6

*Rowland v. Paris Las Vegas*,
  No. 3:13-CV-02630-GPC-DHB, 2014 U.S. LEXIS 24718 (S.D. Cal.
  Feb. 25, 2014) ........................................................................................................ 3

*Tolia v. Dunkin Brands*,
  No. 11-3656 (JLL), 2011 U.S. Dist. LEXIS 142170 (D.N.J. Oct. 7,
  2011) ...................................................................................................................... 1

*Traditional Trim Work & Design v. Unitek Global Servs.*,
  No. 12-3558 (ES), 2013 U.S. Dist. LEXIS 44048 (D.N.J. Mar. 28,
  2013) ...................................................................................................................... 1

**Rules**

L.Civ.R. 7.1(d)(6) ................................................................................................*passim*

L.Civ.R. 7.2 ........................................................................................................................ 1

Lead plaintiff movant the Klapper, Rana and Estoesta Group ("Movant"),[1] by its counsel, respectfully submits this memorandum of law in further support of its motion for an order striking the improper Sur-Reply (Dkt. No. 32) filed in direct violation of L.Civ.R. 7.1(d)(6) by the Rosen Law Group and Rosen Law.

## PRELIMINARY STATEMENT

On June 7, 2018, the Klapper, Rana and Estoesta Group filed its Motion, seeking an order striking the improper Sur-Reply. On June 18, 2018, the Rosen Law Group filed their letter brief in response to the Motion (Dkt. No. 36) (the "Letter Brief" or "Ltr. Br.").[2] As discussed herein, the Letter Brief fails to rebut any of the arguments in Movant's Motion Papers. Despite the Rosen Law Group's contentions,

---

[1] Unless otherwise defined, capitalized terms contained herein have the same meaning ascribed to them in the Group's Motion and Memorandum of Law in Support of the Klapper, Rana and Estoesta Group's Motion to Strike Sur-Reply (Dkt. No. 32). Dkt. No. 33 (the "Memorandum" in support of the "Motion") (collectively, "Motion Papers").

[2] Notably, the Rosen Law Group did not seek leave to file a letter response and thus, the Letter Brief itself was is in direct violation of Local Rule 7.1 & 7.2's formatting requirements for opposition papers. *See, e.g.*, *Traditional Trim Work & Design v. Unitek Global Servs.*, No. 12-3558 (ES), 2013 U.S. Dist. LEXIS 44048, at *5, n.1 (D.N.J. Mar. 28, 2013) ("Plaintiff's letter-brief violates this District's local civil rules. *See* L. Civ. R. 7.1(d) & 7.2 (b)-(d)."); *Tolia v. Dunkin Brands*, No. 11-3656 (JLL), 2011 U.S. Dist. LEXIS 142170, at *6, n. 2 (D.N.J. Oct. 7, 2011) (same); *Bounasissi v. NY Life Ins. & Annuity Corp.*, No. 15-7585 (JBS/JS), 2016 U.S. Dist. LEXIS 28010, at *4, n.1 (D.N.J. Mar. 4, 2016) ("The Local Civil Rules are not an invitation to parties to submit whatever papers they please; they are rules that exist for a reason, to assist the courts in the accurate and efficient adjudication of cases.").

the Motion Papers clearly set forth the legal and factual basis as to why the Sur-Reply should be stricken. The Letter Brief fails to rebut the substance of the Motion Papers. Hence, for the reasons stated in the Motion Papers and below, the Motion should be granted.

## ARGUMENT

### I. THE LETTER BRIEF FAILS TO REBUT THE SUBSTANCE OF THE MOTION PAPERS

#### A. The *Celgene* LP Papers Are Not Subject to Judicial Notice

The Letter Brief argues that the *Celgene* LP Papers are subject to judicial notice because (1) "courts routinely take judicial notice of filings made in other actions without a shared party"; and (2) "L&K [Levi & Korsinsky] is a 'party' in both matters as it is seeking to be lead counsel." Ltr. Br. 1–2.

The cases cited by the Rosen Law Group simply do not support this position. For example, the Letter Brief cites to three cases from the Central District of California, one from the Northern District of California and one from the Southern District of California for the overarching principle that "[d]ocket entries, **regardless of whether a judicial opinion or party-filed document**, can both be judicially noticed as they are not being recognized for the truth of the facts contained therein." Ltr. Br. at 2, n. 2. (Emphasis added.) One of these cases is *Rowland v. Paris Las Vegas*, No. 3:13-CV-02630-GPC-DHB, 2014 U.S. LEXIS 24718, at *5 (S.D. Cal.

Feb. 25, 2014). Ltr. Br. at 2, n. 2. However, the *Rowland* decision does not support the proposition that all filings in separate actions are subject to judicial notice. In *Rowland*, the court explained:

> Plaintiff requests judicial notice of two documents: (1) the California Secretary of State Business Entity Detail for Caesars Entertainment Operating Company, Inc.; and (2) **the U.S. District Court opinion** in *Day v. Harrah's Hotel & Casino Las Vegas*, 2010 U.S. Dist. LEXIS 116817. (Dkt. No. 5-5.)

*Rowland*, 2014 U.S. Dist LEXIS 24715, at *5–6 (Emphasis added.) Thus, *Rowland* does not support the Rosen Law Group's position because the document judicially notice was a judicial opinion.

Inexplicably, the Letter Brief further argues that the *Celgene* LP Papers are relevant and subject to judicial notice because "L&K [Levi & Korsinsky] is a 'party' in both [the instant action and the *Celgene* Action] as it is seeking to be lead counsel." Ltr. Br. at 2. This argument fails because Levi & Korsinsky is **not a party** in either litigation. Black's Law Dictionary defines "party" in the context of litigation as: "One by or against whom a lawsuit is brought; anyone who both is directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment; litigant <a party to the lawsuit>." (10th ed. 2014). Stated otherwise, the "parties" to an action are the *plaintiffs* and the *defendants*. In contrast, a party's counsel, or "attorney," is "[s]trictly, one who is designated to transact business for another; a legal agent." *Id*. Clearly, the Rosen

Law Group does not grasp this vital distinction. The fact that the Rosen Law Group apparently believes that lawyers are a "party" to this action, and therefore have a "right to control the proceedings,"[3] only further supports the clear inference that the Rosen Law Group is a product of lawyer-driven litigation.

In short, the Letter Brief fails to establish that the *Celgene* LP Papers are properly subject to judicial notice or relevant to the instant action. As such, they should be disregarded.

### B. The Sur-Reply Should Be Stricken

The Letter Brief argues that the Sur-Reply "did not advance any new arguments or try to supplement [the Rosen Law Group's] briefing on their lead plaintiff Motion" and that the Sur-Reply purportedly contained "no new arguments" and was "submitted soon after the *Celgene* Action filing was made." Ltr. Br. at 1.

As set forth in the Motion Papers, the Sur-Reply undoubtedly submitted "substantial (not to mention improper and incorrect) legal argumentation." Dkt. No. 33-2 at 11. Indeed, the Letter Brief itself contradicts the notion that the Sur-Reply did not contain any new or supplemental arguments by reiterating one of the Sur-Reply's improper arguments -- that the *Celgene* LP Papers purportedly "demonstrated the lack of merit in L&K's [Levi & Korsinsky] argument that" the

---

[3] This of course being under the assumption that the Rosen Law Group is fully informed of a party's rights in a litigation.

Rosen Law Group was "required to file a joint declaration with their opening papers." Ltr. Br. at 1.

With respect to the Rosen Law Group's argument that the Sur-Reply does not contain improper new and supplemental argument because the *Celgene* LP Papers were submitted "soon after the *Celgene* Action filing was made," Ltr. Br. at 2, this point is utterly irrelevant. The temporal proximity to the Sur-Reply's filing to the filings in the *Celgene* Action has no bearing on whether the Sur-Reply constituted an impermissible submission of additional substantive argumentation.

With regard to the notion that the Sur-Reply did not contain substantive argument, any reading of the Sur-Reply demonstrates the contrary. For example, the Sur-Reply argued that the Klapper, Rana and Estoesta Group "argued in its opposition and reply that a joint declaration demonstrating cohesiveness was required with Movants' opening papers"[4] and that it "was wrong and caselaw allowed such joint declarations to be filed with the opposition papers—which [Rosen] did." Sur-Reply at 1. Based on the foregoing and the arguments set forth in the Motion Papers, the Sur-Reply should be stricken. *See, e.g.*, *In re Ford Motor*

---

[4] As noted in the Motion Papers, Dkt at 33-2 at 11, n.3, the Klapper, Rana and Estoesta Group's did not argue that the Rosen Law Group was disqualified from consideration merely because it did not submit a joint declaration with its opening papers, rather that such failure was one of numerous factors evidencing that the Rosen Law Group is the product of lawyer-driven litigation.

*Co. E-350 Van Prods. Liab. Litig.*, No. 03-4558 (GEB), 2010 U.S. Dist. LEXIS 68241, at *85 (D.N.J. July 9, 2010) (finding that a plaintiffs' "letter and affidavit, filed without permission from the Court, constitute[d] improper sur-replies," granting defendants' "motion to strike Plaintiffs' August 7 letter and affidavit"); *see also Hailstalk v. Antique Auto Classic Car Stor. LLC*, No. 07-5195 (NLH), 2008 U.S. Dist. LEXIS 68016, at *26 (D.N.J. Sept. 9, 2008) ("Local Rule 7.1(d)(6) clearly states that sur-replies are not allowed except upon permission of the Judge.  Hailstalk did not request permission to file a sur-reply and, therefore, defendants' unopposed motion to strike is granted and Hailstalk's sur-reply is stricken.") (citations omitted).

## II. THE ROSEN LAW GROUP ONCE AGAIN SUBMITS NEW IMPROPER ARGUMENTATION

The Letter Brief's "third" response does not even attempt to address the Motion Papers, but rather submits further improper new argumentation in rebuttal of arguments that have been fully briefed for over one month.  More specifically, the Letter Brief argues that the Klapper, Rana and Estoesta Group did not submit evidence "sufficient to rebut the lead plaintiff presumption" and that "no reading of [the Rosen Law Group's] opening brief and Joint Declaration suggests that Movants were not aware of each other, did not have contact information of each other, or did not communicate with each other prior to making their lead movant motion.  Indeed, the documents show otherwise and such speculation is untrue."  Ltr. Br. at 3.

6

The Klapper, Rana and Estoesta Group's opposition papers (Dkt. No. 23) included substantial analyses of the Rosen Law Group's opening papers supporting a "reading" that, *inter alia*, the papers made "it abundantly clear that the Rosen Law Group's members have apparently **never even spoken to each other** or even exchanged contact information"; (ii) that the group's members had been "merely 'aware' that the other group membered exist[ed]"; and (iii) that the group's "primary 'communication line' appears to be The Rosen Law Firm's 'toll-free conference line'" indicating that their "primary method of communication" was "through their counsel." (Dkt. No. 23 at 14) (Emphasis in original.)

The Rosen Law Group's reply papers (Dkt. No. 27) did not even make a pretense of denying the foregoing conclusions. Indeed, the Letter Brief is the first attempt the Rosen Law Group has made to challenge these arguments (which were put forward on May 7, 2018). Furthermore, the Letter Brief is the first attempt that the Rosen Law Group has made to argue -- or insinuate by way of arguing a negative -- that the Rosen Law Group's individual members may have had each other's contact information prior to filing their motion for appointment as lead plaintiff. As set forth in the Group's opposition papers, in stating that the Rosen Law Group's members were merely "aware" of each other, they had tacitly admitted that they had never had any direct contact with each other. Dkt. No. 23 at 14–16.

7

In sum, the Letter Brief fails to rebut arguments set forth in the Motion Papers, and even submits additional improper argumentation. Based on the foregoing and the arguments set forth in the Motion Papers, the Sur-Reply should be stricken. *See Cooper v. Cape May County Bd. Of Soc. Servs.*, 175 F. Supp. 732, 741–42 (D.N.J. 2001) (finding that a letter submitted after briefing on a summary judgment motion constituted the filing of an improper sur-reply); *In re A2p SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 500 (S.D.N.Y. 2013) (striking "non-compliant" sur-reply).

## CONCLUSION

For the foregoing reasons, the Klapper, Rana and Estoesta Group respectfully requests that this Court strike the improper Sur-Reply (Dkt. No. 32).

Dated:  June 25, 2018  **LEVI & KORSINSKY, LLP**

/s/ Donald J. Enright
Donald J. Enright
Elizabeth K. Tripodi (*pro hac vice to be submitted*)
John A. Carriel (*pro hac vice to be submitted*)
**LEVI & KORSINSKY, LLP**
1101 30th Street, N.W., Suite 115
Washington, D.C. 20007
Telephone: (202) 524-4292
Facsimile:  (202) 333-2121
Email: denright@zlk.com
Email: etripodi@zlk.com
Email: jcarriel@zlk.com

*Counsel for Movant the Klapper, Rana and Estoesta Group and [Proposed] Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2018, a true and correct copy of the foregoing document was served by CM/ECF to all counsel of record registered to the Court's CM/ECF system.

/s/ Donald J. Enright