**LEVI & KORSINSKY, LLP**
Donald J. Enright
1101 30th Street NW
Suite 115
Washington, DC 20007
Tel.: (202) 524-4292
Fax: (202) 333-2121
Email: denright@zlk.com

*Counsel for Movants and*
*[Proposed] Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CREIGHTON TAKATA, individually and on behalf of all others similarly situated, | ) ) ) | C.A. No. 3:18-cv-2293 |
| | ) ) | **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF** |
| Plaintiff, | ) ) | **THE KLAPPER, RANA AND ESTOESTA GROUP FOR** |
| v. | ) ) ) | **PARTIAL RECONSIDERATION AND AMENDMENT TO THE** |
| RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL, | ) ) ) ) | **ORDER APPOINTING LEAD PLAINTIFF (ECF NO. 40)** |
| | ) ) | **MOTION DATE: Jan. 7, 2019** |
| Defendants. | ) | |
| JOSEPH J. KLAPPER, JR., individually and on behalf of all others similarly situated, | ) ) ) ) | C.A. No. 3:18-cv-8031 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL, Defendants. | ) ) ) ) ) | |

i

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

I.    STANDARD OF LAW ON A MOTION FOR RECONSIDERATION AND AMENDMENT................................................................................................................2

II    RECONSIDERATION AND AMENDMENT TO THE OPINION IS WARRANTED AS THE COURT OVERLOOKED CASE DISPOSITIVE FACTUAL FINDINGS AND MISAPPLIED BINDING LEGAL PRECEDENTS............................................................4

CONCLUSION................................................................................................................................9

Pursuant to Local Rule 7.1(i) and Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure, proposed lead plaintiff movants Joseph J. Klapper, Jr. ("Klapper'), Ashish Rana ("Rana"), and Sonia Estoesta ("Estoesta") (collectively, the "Klapper, Rana and Estoesta Group" or "Group"), respectfully submit this memorandum of law in support of its motion for partial reconsideration of, and amendment to, this Court's November 6, 2018 Order. (Dkt. No. 40) (the "Order"). The Group seeks amendment to the Order to the extent it appointed Stanley Golovac ("Golovac") as lead plaintiff absent a valid factual or legal basis for depriving the Klapper, Rana and Estoesta Group's of its entitlement to presumptive lead plaintiff status under controlling authority in this District and the Third Circuit.

## PRELIMINARY STATEMENT

The purported factual and legal support for the Court's Order was set forth in the Court's November 6, 2018 opinion (Dkt. No. 39) (the "Opinion" or "Op"). The Opinion stated that Golovac was appointed lead plaintiff because it found that the Group had "failed to establish that they possess the requisite cohesiveness or independence." Op. at 11. In reaching this finding, the Opinion's only factual support was its statement that the Group's declaration had no indication that they had contact prior to moving for lead plaintiff. This statement was false and thus, the Opinion lacked any factual support for its finding in this respect. Similarly, the

1

Opinion provided just one sentence purporting to address precisely how the Group lacked "cohesiveness or independence" and thus, its presumption had been rebutted:

> Although they submitted a timely declaration, the declaration lacks any mention of contact prior to filing the motion: it merely states that the group is made up of investors who have shared "interests in prosecuting the case in a collaborative, likeminded manner," an identical representation to one that a court in this district rejected as "conclusory." *Stires*, 2018 U.S. Dist. LEXIS 25088, at *14-15.

Opinion. at 11.

As further detailed *infra*, this reasoning is insufficient to rebut the Group's presumption because, *inter alia*, the *Stires* court did not find such language conclusory at all. Accordingly, the Group seeks reconsideration of, and amendment to, the Court's Order so that the most adequate lead plaintiff – the Klapper, Rana and Estoesta Group – may serve on behalf of the class.

## ARGUMENT

### I. STANDARD OF LAW ON A MOTION FOR RECONSIDERATION AND AMENDMENT

Local Civil Rule 7.1(i) provides: "Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Rule 59(e) provides that: "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

2

judgment." "The standard for a motion brought under Local Civil Rule 7.1(i) is the same as that for a motion brought under Rule 59(e), which governs motions to alter or amend a judgment." *In re Veh. Carrier Servs. Antitrust Litig.*, Civil Action No. 13-3306 (ES) (JAD)], 2016 U.S. Dist. LEXIS 55483, at *19–21 (D.N.J. Apr. 25, 2016) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

"A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F3d 666, 669 (3d Cir. 2010).

"Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *In re Merck & Co. Sec., Derivative & ERISA Litig.*, 2006 U.S. Dist. LEXIS 79294, at *17 (D.N.J. Oct. 30, 2006) (citation omitted). Importantly, reconsideration and amendment "does not contemplate a recapitulation of arguments considered by the court before rendering its decision." *Id.* (citing *Bermingham v. Sony Corp. of Am., Inc.,* 820 F.Supp. 834, 856 (D.N.J. 1992), *aff'd,* 37 F.3d 1485 (3d Cir. 1994)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked.'" *In re Valeant*

*Pharms. Intl. Sec. Litig.*, 2017 U.S. Dist. LEXIS 143232, at *2–3 (D.N.J. Sep. 5, 2017) (citation omitted).

"Generally, a motion for reconsideration will only be granted "when `dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *Raritan Baykeeper, Inc. v NL Indus.*, 2018 U.S. Dist. LEXIS 147469, at *7 (D.N.J. Aug. 29, 2018) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1) may be applicable "'where the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Cech v. Crescent Hills Coal Co. (in Re Shannopin Min. Co.)*, Civil Action No. 96-2185, 2002 U.S. Dist. LEXIS 15731, at *106 (W.D. Pa. July 25, 2002) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)); *see also Martinez-Mcbean v. Govt. of Virgin Is.*, 562 F.2d 908, 912, n. 4 (3d Cir. 1977) (citing *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964)).

**II    RECONSIDERATION AND AMENDMENT TO THE OPINION IS WARRANTED AS THE COURT OVERLOOKED CASE DISPOSITIVE FACTUAL FINDINGS AND MISAPPLIED BINDING LEGAL PRECEDENTS**

4

As noted, the Opinion's only explanation purporting to find that the Group's presumptive lead plaintiff status had been rebutted is contained within two sentences in the entirety of the its fourteen-pages. These sentences and their subsequent legal citations are insufficient to support such a finding because they are based on an incorrect record of facts, conclusions of law in direct contradiction to controlling Third Circuit precedent, and misstatements of law. The Opinion's lack of factual or legal basis to bypass the Group in appointing Golovac is in direct conflict with the Private Securities Litigation Reform Act's ("PSLRA") mandate that the most adequate lead plaintiff be appointed to serve on behalf of the proposed class. Accordingly, reconsideration and amendment to the Order's appointment of lead plaintiff under Local Rule 7.1(i) and Rule 59(e) or under Rule 60(b)(1) is warranted to correct a manifest injustice.

The PSLRA sets forth a two-step procedure in which "the court first identifies the presumptive lead plaintiff, and then determines whether any member of the putative class has rebutted the presumption." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II)). Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) of the PSLRA, the presumptive "most adequate plaintiff" to serve as lead plaintiff is the movant: (1) that has the largest financial interest in the relief sought by the class; and (2) that has made a *prima facie* showing

that he, she, or it is satisfies the requirements to serve as class representative under Rule 23. *Id*.

Here, the Klapper, Rana and Estoesta Group claims a loss of approximately $715,015.25—significantly greater than Golovac's loss of approximately $463,232. Consequently, Golovac could have only be considered for appointment as lead plaintiff if the Group's status as presumptive lead plaintiff had been rebutted by submitting proof that the Group was an inadequate or atypical representative. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Given the absence of a legitimate basis to call the Group's adequacy or typicality into question, its status as the presumptive lead plaintiff had not been rebutted. While, the Opinion found that the Group's presumption as lead plaintiff had been rebutted, this finding was premised on an incorrect record of facts, legal conclusions conflicting with binding precedent and misstatements of law.

The entirety of the Opinion's justification for finding the Group's presumption had been rebutted was as follows:

> In the same vein, Klapper Movants have failed to establish that they possess the requisite cohesiveness or independence to be appointed lead plaintiff. Although they submitted a timely declaration, the declaration lacks any mention of contact prior to filing the motion: it merely states that the group is made up of investors who have shared "interests in prosecuting the case in a collaborative, likeminded manner," an identical representation to one that a court in this district rejected as "conclusory." *Stires*, 2018 U.S. Dist. LEXIS 25088, at *14-15; *see also Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM*

6

*Inc.*, No. 15-CV-3599, 2015 WL 7018024, at *4 (S.D.N.Y. Nov. 12, 2015) (rejecting group that "failed to provide the Court with anything beyond conclusory assurances that appointing a group of unrelated investors will not lead to fragmentation"); In re Gentiva Sec. Litig., 281 F.R.D. 108, 119 (E.D.N.Y. Jan. 26, 2012) (holding insufficient group whose declaration stated its members "are similarly situated," "share common goals," and have "'shared belief regarding the role of corporate governance in detecting and preventing securities fraud'"); *Frias v. Dendreon Corp.*, 835 F.Supp. 2d 1067,1074 (W.D. Wash. 2011) (rejecting proposed group whose "joint declaration contain[ed] myriad conclusory statements and generalizations, such as that they are a 'small, cohesive group' who 'intend to work closely together['] and they will 'communicat[e], individually or as a group, with each other and with counsel, to the extent [they] determine necessary to fairly and adequately represent the interests of the Class'") (third and fourth alteration in original).

The Opinion's sole factual basis for finding the Group's presumption had been rebutted was its incorrect statement that the Group's "declaration lacks any mention of contact prior to filing the motion." Opinion at 5. This is incorrect given that the declaration expressly stated that the Group took part in not one, but two separate conference calls to discuss various topics relating to their jointly moving for appointment as lead plaintiff:

> In furtherance of our responsibilities as Lead Plaintiffs, we participated in conference calls on April 16 and April 17, 2018 to discuss, among other things: the strength of the claims against Defendants; a strategy for prosecuting these actions; the benefits that the Class would receive from the leadership of co- lead plaintiffs; our shared desire to achieve the best possible result for the Class; our interests in prosecuting the case in a collaborative, likeminded manner; and the actions that we will take to continue to ensure that the Class's claims will be zealously and efficiently litigated.

7

*See Group's* Joint Declaration, Dkt No. 19-3 at 8.

Based on the foregoing, the Opinion lacks any factual support for its finding that the Group's presumption had been rebutted. With respect to the Opinion's claim that the Group's joint declaration contained statements similar or identical to those a court in this district found to be merely "conclusory," the *Stires* court did not find such language conclusory at all. Contrary to the Opinion's legal citation, the *Stires* Court did not find the language "interests in prosecuting the case in a collaborative, likeminded manner" to be "conclusory." In fact, the *Stires* Court's did not criticize any of the declaration at issue's language as conclusory. Rather, as the Group briefed extensively in its opposition brief, Dkt. No. 23, the *Stires* Court criticized the movant group's belated participation in a conference call to discuss the action *after* its motion had been filed and submission of a joint declaration with its opposition papers. Dkt. No. 23 at 10–12. Neither of these points support the notion that the Group's declaration was the least bit conclusory. In fact, the Group's declaration provided precisely the substantive information indicative of cohesiveness. *Id*. at 16–17.

As for the Opinion's subsequent legal citations to case law outside of this Circuit, such citations fail to account for the fact that within this district, binding Third Circuit precedent permits cohesive groups precisely like the Klapper, Rana

8

and Estoesta Group to move for, and be appointed, as the most adequate lead plaintiff under the PSLRA. *See, e.g.*, *In re Cendant*, 264 F.3d at 262.

In sum, reconsideration and amendment under Local Rule 7.1(i) and Rule 59(e) or under Rule 60(b)(1) is warranted because the Opinion lacks any factual or legal basis for its finding that the Group's status as presumptive lead plaintiff had been rebutted. Because the Group's presumption as the most adequate lead plaintiff remains, the Court's Order should be amended to appoint the Klapper, Rana and Estoesta Group as lead plaintiff.

## CONCLUSION

For the foregoing reasons, the Group respectfully requests that this Court reconsider and amend its Order to the extent it appointed Golovac as lead plaintiff so that the most adequate lead plaintiff – the Klapper, Rana and Estoesta Group – may serve on behalf of the class.

Dated:  November 23, 2018      **LEVI & KORSINSKY, LLP**

/s/ Donald J. Enright
Donald J. Enright
Elizabeth K. Tripodi (*pro hac vice to be submitted*)
John A. Carriel (*pro hac vice to be submitted*)
**LEVI & KORSINSKY, LLP**
1101 30th Street, N.W., Suite 115
Washington, D.C. 20007
Telephone: (202) 524-4292
Facsimile:  (202) 333-2121
Email: denright@zlk.com
Email: etripodi@zlk.com

Email: jcarriel@zlk.com

*Counsel for Movants
and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Donald J. Enright, hereby certify that on November 23, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

 /s/ Donald J. Enright
Donald J. Enright