UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL,<br><br>*Defendants*. | Civil Action No.: 18-2293 (FLW) (TJB) |

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF THE KLAPPER, RANA AND ESTOESTA GROUP FOR PARTIAL RECONSIDERATION AND AMENDMENT TO THE ORDER APPOINTING LEAD PLAINTIFF (ECF NO. 40)**

**LITE DEPALMA GREENBERG**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Local Counsel for Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton
Joshua C. Littlejohn
Christopher F. Moriarty
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Dr. Stanley Golovac and Lead Counsel for the Class*

758333.2

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii
I.      PRELIMINARY STATEMENT ..................................................................................... 1
II.     ARGUMENT .................................................................................................................... 2
        A.      The Klapper, Rana and Estoesta Group's Motion Is Untimely .............................. 2
        B.      The Court Did Not Overlook Facts Or Law To Justify Reconsideration ............... 3
III.    CONCLUSION ................................................................................................................ 6

## TABLE OF AUTHORITIES

**CASES**

*Antoine v. Rucker*,
  No. 03-3738(DRD), 2007 WL 789068 (D.N.J. Mar. 12, 2007) ................................................ 2

*Calabria v. State Operated School District for City of Paterson*,
  No. 06-CV-6256(DMC), 2009 WL 1269263 (D.N.J. May 7, 2009) ......................................... 4

*Carolina Casualty Insurance Co. v. Travelers Property Casualty Co.*,
  No. 09-4871 (KM)(MCA), 2015 WL 794909 (D.N.J. Feb. 25, 2015) ...................................... 3

*Cole v. Guardian Life Insurance Co. of America*,
  594 F. App'x 752 (3d Cir. 2014) ............................................................................................... 4

*Deily v. Waste Management*,
  No. 00-1100, 2000 U.S. Dist. LEXIS 18205 (E.D. Pa. Dec. 19, 2000) .................................... 3

*Fritz v. Warren*,
  No. 12-7530 (FLW), 2018 WL 6178868 (D.N.J. Nov. 27, 2018) ......................................... 4, 5

*Garrison v. Porch*,
  No. 04-1114 (NLH), 2008 U.S. Dist. LEXIS 30120 (D.N.J. Apr. 11, 2008) ........................... 2

*In re Cendant Corp. Litigation*,
  264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 5

*Jones v. Citigroup Inc.*,
  No. 14-6547 (ES)(JAD), 2015 WL 3385938 (D.N.J. May 26, 2015) ...................................... 3

*Maselli v. BMW Financial Services NA, LLC*,
  No. 16-0080, 2016 WL 1260062 (D.N.J. Mar. 31, 2016) ......................................................... 3

*MLC, Inc. v. North American Phillips Corp.*,
  No. 78 Civ. 6080 (SWK), 1987 WL 27678 (S.D.N.Y. Dec. 9, 1987) ...................................... 3

*Navarrete v. United States*,
  No. 09-3683 (JBS/AMD), 2013 WL 796274 (D.N.J. Mar. 4, 2013) ........................................ 3

*Stires v. Eco Science Solutions, Inc.*,
  No. 17-3707(RMB/KMW), 2018 U.S. Dist. LEXIS 25088 (D.N.J. Feb. 13, 2018) ................. 5

*Thompson v. D'Ilio*,
  No. 13-6282 (FLW), 2018 WL 6182431 (D.N.J. Nov. 27, 2018) ............................................ 4

*Wilder v. AT&T*,
  No. 99-CV-5667 (DMC), 2008 U.S. Dist. LEXIS 28052 (D.N.J. Apr. 1, 2008) ...................... 2

758333.2

Court-appointed Lead Plaintiff Dr. Stanley Golovac respectfully submits this memorandum of law in opposition to the Motion of the Klapper, Rana and Estoesta Group for Partial Reconsideration and Amendment to the Order Appointing Lead Plaintiff (ECF No. 40). ECF No. 42.

## I.    PRELIMINARY STATEMENT

On November 6, 2018, the Court appointed Dr. Stanley Golovac as Lead Plaintiff and approved his selection of Motley Rice LLC as Lead Counsel.  ECF No. 40.  The order was supported by a thorough and well-reasoned 14-page opinion that addressed the competing lead plaintiff movants' arguments.  *See* ECF No. 39.

In so ruling, the Court adhered to the PSLRA's straightforward process for selecting a lead plaintiff and correctly determined that Dr. Golovac is the most adequate plaintiff.  *Id.* at 12-13.  The Court explicitly considered the arguments of the Klapper, Rana and Estoesta Group for appointment as lead plaintiff and denied its motion.  *See id.* at 11-12 (holding the "Klapper Movants have failed to establish that they possess the requisite cohesiveness or independence to be appointed lead plaintiff" and finding the joint declaration conclusory).  Now, disappointed with the Court's well-reasoned opinion and order, the Klapper, Rana and Estoesta Group seeks reconsideration of the Court's order appointing Dr. Golovac as Lead Plaintiff.

The Klapper, Rana and Estoesta Group's motion is without merit and should be denied. First, there is no question that it is untimely and should not be considered.  Second, the Klapper, Rana and Estoesta Group have not shown a "clear error of law or fact" that would justify reconsideration.

## II.     ARGUMENT

### A.     The Klapper, Rana and Estoesta Group's Motion Is Untimely

Under Local Rule 7.1(i), "[u]nless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Rule 7.1(i) is strictly construed. *See, e.g.*, *Antoine v. Rucker*, No. 03-3738(DRD), 2007 WL 789068, at *1, *3 (D.N.J. Mar. 12, 2007) (denying "with prejudice" "motion for reconsideration" filed "beyond the strict time limitations of Local Civil Rule 7.1," noting motion "fail[ed] as untimely"). Despite this clear mandate, the Klapper, Rana and Estoesta Group filed its motion on November 23, 2018 – ***17 days*** after the Court issued its order appointing Dr. Golovac as Lead Plaintiff. This ends the matter. *See Garrison v. Porch*, No. 04-1114 (NLH), 2008 U.S. Dist. LEXIS 30120, at *4 (D.N.J. Apr. 11, 2008) ("[A] district court may deny a motion for reconsideration simply because it was filed beyond the [deadline] provided by *Rule 7.1(i)*." (emphasis added)); *Wilder v. AT&T*, No. 99-CV-5667 (DMC), 2008 U.S. Dist. LEXIS 28052, at *4 (D.N.J. Apr. 1, 2008) ("[U]ntimeliness 'alone is sufficient grounds to deny the Plaintiffs' motion [for reconsideration].'" (second alteration in original)).

Accordingly, given the clear mandate regarding the timing for filing a motion for reconsideration, and in an attempt to preserve judicial resources, Lead Counsel wrote to counsel for the Klapper, Rana and Estoesta Group on November 28, 2018 to advise them that its motion was untimely and requesting that it be withdrawn. *See* Declaration of Joseph J. DePalma, Ex. A. Counsel for the Klapper, Rana and Estoesta Group chose not to respond to Lead Counsel. As a result, this filing – which has taken time away from Lead Counsel's vigorous ongoing efforts to investigate the claims at issue in the Consolidated Actions – became necessary.

Perhaps acknowledging the untimeliness of its reconsideration request, the Klapper, Rana and Estoesta Group argues that its motion is governed by Rules 59(e) and 60(b)(1). *See* ECF No. 42-2 at 2-4. This is wholly without merit. Neither Rule 59 nor Rule 60 apply to interlocutory orders. *See Carolina Cas. Ins. Co. v. Travelers Prop. Cas. Co.*, No. 09-4871 (KM)(MCA), 2015 WL 794909, at *1 n.3 (D.N.J. Feb. 25, 2015) ("'[T]he fundamental distinction between Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i) is that "the provisions of rule 59 are designed to address orders rendering a final judgment," whereas L. Civ. R. 7.1(i) is a mechanism for reconsideration of interlocutory orders.'"); *see also Navarrete v. United States*, No. 09-3683 (JBS/AMD), 2013 WL 796274, at *2 (D.N.J. Mar. 4, 2013); *Deily v. Waste Mgmt.*, No. 00-1100, 2000 U.S. Dist. LEXIS 18205, at *2-3 (E.D. Pa. Dec. 19, 2000) ("[N]either Rule 59(e) nor 60(b) applies here because the order Deily seeks to have reconsidered is not a final judgment or order but rather an interlocutory decision"); *MLC, Inc. v. N. Am. Phillips Corp.*, No. 78 Civ. 6080 (SWK), 1987 WL 27678, at *1 n.3 (S.D.N.Y. Dec. 9, 1987) ("A motion to amend the judgment pursuant to Rule 59(e) is obviously inappropriate since no judgment yet exists."); *Maselli v. BMW Fin. Servs. NA, LLC*, No. 16-0080, 2016 WL 1260062, at *3 (D.N.J. Mar. 31, 2016) ("[T]he Third Circuit has ruled that interlocutory orders . . . do not fall within the scope of Rule 60(b)" (collecting cases)). Moreover, "'[t]he remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it.'" *Jones v. Citigroup Inc.*, No. 14-6547 (ES)(JAD), 2015 WL 3385938, at *3 (D.N.J. May 26, 2015). No such circumstances exist here. This should be the end of the matter.

**B.    The Court Did Not Overlook Facts Or Law To Justify Reconsideration**

Even if the Court were to consider the merits of the Klapper, Rana and Estoesta Group's motion (and it need not), it is well-established that a "motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to 'ask the court to rethink what it ha[s] already thought through – rightly or wrongly.'" *Calabria v. State Operated Sch. Dist. for City of Paterson*,

3

No. 06-CV-6256(DMC), 2009 WL 1269263, at *2 (D.N.J. May 7, 2009). Motions for reconsideration are thus "considered an extraordinary remedy and . . . granted only sparingly." *Thompson v. D'Ilio*, No. 13-6282 (FLW), 2018 WL 6182431, at *1 (D.N.J. Nov. 27, 2018) (Wolfson, J.); *see also Fritz v. Warren*, No. 12-7530 (FLW), 2018 WL 6178868, at *4 (D.N.J. Nov. 27, 2018) (Wolfson, J.) ("Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously.") No relevant criteria justifying reconsideration are present here.

To prevail on its motion, the Klapper, Rana and Estoesta Group must show that the Court committed a "clear error of law or fact" by overlooking "proof" of its adequacy and typicality. *See Cole v. Guardian Life Ins. Co. of Am.*, 594 F. App'x 752, 756 (3d Cir. 2014) ("Reconsideration is warranted where there is a need 'to correct manifest errors of law or fact or to present newly discovered evidence.' A party seeking reconsideration must show at least one of the following: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" (citation omitted)). The Klapper, Rana and Estoesta Group falls well short of the mark. The best the Klapper, Rana and Estoesta Group can muster is that the "sole factual basis for finding the Group's presumption had been rebutted was [the court's] incorrect statement that the Group's 'declaration lacks any mention of contact prior to filing the motion.'" ECF No. 42-2 at 7 (citing ECF No. 39 at 5). Contrary to this assertion, the Court's ruling was not so limited. In fact, the Court carefully considered the Klapper, Rana and Estoesta Group's motion and declaration and found that the declaration "states that the group of investors is made up of investors who have shared 'interests in prosecuting the case in a collaborative, likeminded manner,' and *identical* representation to one that a court in this district

4

rejected as 'conclusory.'" ECF No. 39 at 11 (citation omitted). Nothing in the Klapper, Rana and Estoesta Group's motion for reconsideration alters the "conclusory" nature of the declaration. Nor does the reconsideration motion cite to facts in the record showing "the way in which . . . [the] group . . . was formed or the manner in which it is constituted." ECF No. 39 at 9; *see also* ECF No. 39 at 10 ("[M]ovants must show their cohesiveness and independence from proposed counsel . . . ."). Accordingly, the case of *In re Cendant Corp. Litigation*, 264 F.3d 201 (3d Cir. 2001), which the Court cited repeatedly in its opinion appointing Dr. Golovac as Lead Plaintiff (ECF No. 39 at 5-10, 12-13), is instructive. There, the Third Circuit held that "[i]f the court determines that ***the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted*** would preclude it from fulfilling the tasks assigned to a lead plaintiff, the court should disqualify that movant." 264 F.3d at 266 (emphasis added). Likewise here, the conclusory statement regarding shared "interests in prosecuting the case in a collaborative, likeminded manner," ECF No. 39 at 11; *see also* Joint Decl. 3 (ECF No. 19-6), fell far short of showing the requisite cohesiveness. *See Stires v. Eco Sci. Sols., Inc.*, No. 17-3707(RMB/KMW), 2018 U.S. Dist. LEXIS 25088, at *14-15 (D.N.J. Feb. 13, 2018) (finding joint declaration insufficient and noting a group's "'interests in prosecuting the case in a collaborative, likeminded manner'" was bereft of "information regarding how these . . . apparent strangers . . . found each other"). Indeed, the Klapper, Rana and Estoesta Group's motion for reconsideration makes no mention of how the three individual constituents – "apparent strangers" – "found each other" and their independence from counsel. Their continued collective silence on this matter is telling.

Accordingly, the Court did not overlook any relevant facts that would cause a manifest injustice or require that a clear error be corrected. The Klapper, Rana and Estoesta Group presents no valid basis for reconsideration, and its motion should be denied. *See Fritz*, 2018 WL 6178868,

5

758333.2

at *4 ("[I]t is clear that Fritz simply seeks another opportunity to reargue his IAC claims that this Court previously denied on their merits.  This is precisely what reconsideration motions are not intended to allow.").

### III.   CONCLUSION

For the above reasons, Dr. Golovac respectfully requests that the Court deny the Klapper, Rana and Estoesta Group's motion for reconsideration.

Dated:  December 12, 2018

**LITE DEPALMA GREENBERG**

*/s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
*Local Counsel for Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton (*pro hac vice* pending)
Joshua C. Littlejohn (*pro hac vice* pending)
Christopher F. Moriarty (*pro hac vice* pending)
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com
*Counsel for Dr. Stanley Golovac
and Lead Counsel for the Class*