**LITE DEPALMA GREENBERG**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Counsel for Dr. Stanley Golovac*

**MOTLEY RICE LLC**
Gregg S. Levin
Michael J. Pendell
Joshua L. Littlejohn
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
glevin@motleyrice.com
mpendell@moteyrice.com
jlittlejohn@motleyrice.com

*Counsel for Dr. Stanley Golovac*
*and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated, | : : : | Civil Action No.: 18-2293(FLW)(TJB) |
| *Plaintiff*, | : : | **DECLARATION OF JOSEPH J. DEPALMA IN SUPPORT OF MEMORANDUM OF LAW IN** |
| v. | : : | **OPPOSITION TO THE MOTION OF THE KLAPPER, RANA AND** |
| RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL, | : : : : | **ESTOESTA GROUP FOR PARTIAL RECONSIDERATION AND AMENDMENT TO THE ORDER APPOINTING LEAD PLAINTIFF** |
| *Defendants.* | : : | **(ECF NO. 40)** |

I, Joseph J. DePalma, declare as follows:

      1.    I am an attorney duly licensed to practice before the courts of the State of New

Jersey and this Court.  I am an attorney of the law firm of Lite DePalma Greenberg, Counsel for the proposed Lead Plaintiff Dr. Stanley Golovac ("Dr. Golovac") in the above-captioned action.  I make this declaration in support of Dr. Golovac's Memorandum of Law in Opposition to the Motion of the Klapper, Rana and Estoesta Group for Partial Reconsideration and Amendment to the Order Appointing Lead Plaintiff (ECF No. 40).  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.     Attached as Exhibit A is a true and correct copy of a letter Lead Counsel wrote to counsel for the Klapper, Rana and Estoesta Group on November 28, 2018 to advise them that its motion was untimely and requesting that it be withdrawn.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 12th day of December, 2018, at Newark, New Jersey.

 */s/ Joseph J. DePalma*
Joseph J. DePalma

# EXHIBIT A



One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
**o.** 860.882.1681    **f.** 860.882.1682

**William H. Narwold**
*Licensed in CT, DC, NY, SC*
direct: 860.882.1676
bnarwold@motleyrice.com

MotleyRice®
ATTORNEYS AT LAW
www.motleyrice.com
"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

November 28, 2018

<u>VIA EMAIL (DENRIGHT@ZLK.COM)</u>
Donald J. Enright
Levi & Korinsky, LLP
1101 30th Street N.W., Suite 115
Washington, D.C. 20007

Re:    *Takata v. RIOT Blockchain, Inc.*, No. 3:18-2293 (FLW) (TJB) (D.N.J.)

Dear Donald:

I write on behalf of Dr. Stanley Golovac, the Court-appointed Lead Plaintiff in the above-referenced matter, concerning your clients' Motion For Partial Reconsideration and Amendment to the Order Appointing Lead Plaintiff (the "Motion"), filed this past Friday, November 23, 2018. ECF No. 42.

As an initial matter, the Motion is untimely. "[A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i) ("Rule 7.1(i)"). Your clients' motion was filed on November 23—**17 days** after Judge Wolfson issued her November 6, 2018 order (ECF No. 40) appointing Dr. Golovac as Lead Plaintiff. To be clear, Rule 7.1(i) is strictly construed. *See, e.g.*, *Antoine v. Rucker*, No. 03-3738(DRD), 2007 WL 789068, at *1, *3 (D.N.J. Mar. 12, 2007) (denying "untimely" "motion for reconsideration" "with prejudice" because it was filed "beyond the strict time limitations of Local Civil Rule 7.1"). Furthermore, to the extent the Motion attempts to extend the 14-day period provided for under Rule 7.1(i) by claiming relief under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), it is well-settled that Rule 59(e) does not apply when, as here, the order is interlocutory and not a final judgment. *See Carolina Cas. Ins. Co. v. Travelers Prop. Cas. Co.*, Civ. No. 09-4871 (KM)(MCA), 2015 WL 794909, at *1 n.3 (D.N.J. Feb. 25, 2015) ("[T]he fundamental distinction between Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i) is that 'the provisions of rule 59 are designed to address orders rendering a final judgment,' whereas L. Civ. R. 7.1(i) is a mechanism for reconsideration of interlocutory orders." (quoting *Navarrete v. United States*, No. 09-3683 (JBS/AMD), 2013 WL 796274, at *2 (D.N.J. Mar. 4, 2013)).[1]

Aside from its untimeliness, the brief in support of the Motion erroneously mischaracterizes the Court's ruling as one that is based on an "incorrect record of facts [and] conclusions of law in direct contradiction to controlling Third Circuit precedent." Mem. at 5 (ECF No. 42-2). In point of fact,

---

[1]    Moreover, Rule 60(b) of the Federal Rules of Civil Procedure cannot be used to review and modify interlocutory orders. *Maselli v. BMW Fin. Servs. NA, LLC*, No. 16-0080, 2016 WL 1260062, at *3 (D.N.J. Mar. 31, 2016).



Donald J. Enright
Levi & Korinsky, LLP
November 28, 2018

Page 2 of 2

the Court issued a thoughtful and well-reasoned opinion based not only on your clients' own declaration but also on *In re Cendant Corp. Litigation*, 264 F.3d 201 (3d Cir. 2001), among other cases. *See* Op. at 8-9 (ECF No. 39).  In *Cendant*, the Third Circuit held that "[i]f the court determines that **the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted** would preclude it from fulfilling the tasks assigned to a lead plaintiff, the court should disqualify that movant." 264 F.3d at 266 (emphasis added).  This is precisely what the Court did when it analyzed the group proposed by your clients.  Your clients' declaration failed to describe "the way in which . . . [the] group . . . was formed or the manner in which it is constituted." Op. at 9-10.  As the Court correctly found, the conclusory statement regarding shared "interests in prosecuting the case in a collaborative, likeminded manner," *id.* at 11; *see also* Joint Decl. 3 (ECF No. 19-6), fell far short of showing the requisite cohesiveness.  *See Stires v. Eco Sci. Sols., Inc.*, No. 17-3707(RMB/KMW), 2018 U.S. Dist. LEXIS 25088, at *14-15 (D.N.J. Feb. 13, 2018) (finding joint declaration insufficient and noting a group's "'interests in prosecuting the case in a collaborative, likeminded manner'" was bereft of "information regarding how these . . . apparent strangers . . . found each other").  Thus, by any measure—and contrary to various representations made in the Motion—the Court's decision falls squarely within the reasoning of *Cendant* and its progeny.

In light of the above, we ask that your clients withdraw the Motion before Lead Counsel is forced to spend additional resources drafting a response.  If they choose not to do so, please advise them that we intend to oppose the Motion vigorously and are reserving all rights to seek costs.

Sincerely,

William H. Narwold

cc:     <u>VIA EMAIL ONLY</u>
        Joseph J. DePalma (jdepalma@litedepalma.com)
        D. Scott Carlton (scottcarlton@paulhastings.com)
        Chad J. Peterman (chadpeterman@paulhastings.com)
        Thomas A Zaccaro (thomaszaccaro@paulhastings.com)