# EXHIBIT A

**LEVI & KORSINSKY, LLP**
Donald J. Enright
1101 30th Street NW
Suite 115
Washington, DC 20007
Tel.: (202) 524-4292
Fax: (202) 333-2121
Email: denright@zlk.com

*Counsel for Movants and*
*[Proposed] Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CREIGHTON TAKATA, individually and on behalf of all others similarly situated, | ) ) ) | C.A. No. 3:18-cv-2293 |
| Plaintiff, | ) ) ) | **[PROPOSED] REPLY MEMORANDUM OF LAW IN** |
| v. | ) ) ) | **FURTHER SUPPORT OF THE KLAPPER, RANA AND ESTOESTA** |
| RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL, | ) ) ) ) | **GROUP'S MOTION FOR PARTIAL RECONSIDERATION AND AMENDMENT TO THE ORDER APPOINTING LEAD PLAINTIFF (DKT. NO. 40)** |
| Defendants. | ) ) | **MOTION DATE: Jan. 7, 2018** |
| | | |
| JOSEPH J. KLAPPER, JR., individually and on behalf of all others similarly situated, | ) ) ) ) | C.A. No. 3:18-cv-8031 |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | |
| RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL, | ) ) ) | |
| Defendants. | ) | |

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ..............................................................................................................2

I.      THE MOTION IS TIMELY UNDER L.R. 7.1(I), RULE 59(E), AND RULE 60(B)(1)....2

      A.     Rule 59(e) And Rule 60(b) Motions Are Types of Motions for Reconsideration Generally Referenced by Local Rule 7.1(i) .............................................................2

      B.     The Motion Was Filed Well Within the Applicable Filing Deadline For Motions Under Local Rule 7.1(i), Rule 59(e) and 60(b)(1). ....................................................4

      C.     Golovac's Timeliness Arguments Defy Logic and Lack Legal Support ................5

      D.     Whether Interlocutory Orders Are Proper Subjects of Rule 59(e) and 60(b) Motions Is Irrelevant to Whether the Motion Was Timely.....................................7

      CONCLUSION.....................................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Antoine v. Rucker*,
    No. 03-3738(DRD), 2007 U.S. Dist. LEXIS 17602 (D.N.J. Mar. 12, 2007) ...................................6

*Cashner v. Freedom Stores, Inc.*,
    98 F.3d 572 (10th Cir. 1996) ...................................5

*Cech v. Crescent Hills Coal Co. (in Re Shannopin Min. Co.)*,
    Civil Action No. 96-2185, 2002 U.S. Dist. LEXIS 15731 (W.D. Pa. July 25, 2002) ....................5

*Desantis v. Alder Shipping Co.*,
    No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535 (D.N.J. Feb. 20, 2009) ...........................2, 3

*Durst v. Durst*,
    663 F. App'x 231 (3d Cir. 2016) ...................................8

*Holsworth v. Berg*,
    322 F.App'x 143 (3d Cir. 2009) ...................................3

*In re Energy Future Holdings Corp.*,
    904 F3d 298 (3d Cir. 2018) ...................................8

*Maselli v. BMW Fin Servs. NA, LLC*,
    No. 16-0080, 2016 WL 1260062 (D.N.J. Mar. 31, 2016) ...................................8

*Med-X Global, LLC v Azimuth Risk Solutions, LLC*,
    No. 17-13086, 2018 U.S. Dist. LEXIS 186084 (D.N.J. Oct. 31, 2018) ...........................4

*Muslim v. D'Ilio*, No. 15-cv-05796 (PGS)(DEA),
    2018 U.S. Dist. LEXIS 161722 (D.N.J. Sep. 21, 2018) ...................................4

*Penn W. Associates, Inc. v. Cohen*,
    371 F.3d 118 (3d Cir. 2004) ...................................8

*State Nat'l Ins. Co. v. Cty. of Camden*,
    824 F.3d 399 (3d Cir. 2016) ...................................8

*Stires v. Eco Sci. Sols., Inc.*,
    No. 17-3707, 2018 U.S. Dist. LEXIS 25088 (D.N.J. Feb. 13, 2018) ...........................9, 10

*United States v. Compaction Sys. Corp.*,
    88 F.Supp.2d 339 (D.N.J. 1999) ...................................3

**<u>Rules</u>**

Fed.R.Civ.P 59(e) ...................................passim

Fed.R.Civ.P 60(b) ...................................passim

L.Civ.R 7.1(i) ...................................passim

Lead plaintiff movants Joseph J. Klapper, Jr. ("Klapper'), Ashish Rana ("Rana"), and Sonia Estoesta ("Estoesta") (collectively, the "Klapper, Rana and Estoesta Group" or "Group"), respectfully submit this reply memorandum of law in further support of their motion (ECF No. 42) (the "Motion") for partial reconsideration and amendment to the Order Appointing Lead Plaintiff (ECF No. 40) (the "Order") and in response to Stanley Golovac's ("Golovac") Memorandum of Law in Opposition to the Group's Motion (ECF No. 48) (the "Opposition" or "Opp.").

## PRELIMINARY STATEMENT

On November 23, 2018, the Klapper, Rana and Estoesta Group filed its Motion pursuant Local Rule 7.1(i) ("L.R. 7.1(i)") and Rules 59(e) ("Rule 59") and 60(b)(1) ("Rule 60(b)(1)") of the Federal Rules of Civil Procedure seeking amendment to the Court's Order appointing Golovac as lead plaintiff. As set forth in the Group's Motion, the Court's appointment of Golovac was a clear error of law and should be amended because, *inter alia*, the PSLRA's express statutory language and controlling precedent in this Circuit entitles the Klapper, Rana and Estoesta Group to the presumption that it is the "most adequate plaintiff" and because such presumption was not rebutted, the Court erred in appointing a less adequate movant.

On December 12, 2018, Golovac filed his Opposition which argues that the Motion should be denied because, purportedly, (1) "there is no question that it is

untimely" and (2) the "Group have [sic] not shown a 'clear error of law or fact' that would justify reconsideration."  Opp. at 4.  As detailed herein, Golovac's first argument is so riddled with misstatements of fact and law as to require correction.

Similarly, Golovac's second argument is simply an uncomfortable attempt to transform the Opinion's two sentences regarding the basis for its denial of the Group's presumptive lead plaintiff status into an entirely different rationalization for the decision.

Accordingly, for the reasons set forth below, as well as in the Group's initial Motion papers, the Klapper, Rana and Estoesta Group respectfully request the Court amend its Order to the extent that it appointed Golovac rather than the most adequate plaintiff, and presumptive lead plaintiff, the Group.

## **ARGUMENT**

## I.    **THE MOTION IS TIMELY UNDER L.R. 7.1(I), RULE 59(E), AND RULE 60(B)(1)**

### A.    **Rule 59(e) And Rule 60(b) Motions Are Types of Motions for Reconsideration Generally Referenced by Local Rule 7.1(i)**

The Federal Rules of Civil Procedure do not expressly authorize the filing of a "motion for reconsideration."  *See Desantis v. Alder Shipping Co.*, No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535, at *1 (D.N.J. Feb. 20, 2009).  Rather, "a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order

under Fed.R.Civ.P. 60(b)." *Id.* (citing *United States v. Compaction Sys. Corp.,* 88 F.Supp.2d 339, 345 (D.N.J. 1999)); *see also Holsworth v. Berg*, 322 F.App'x 143, 146 (3d Cir. 2009) ("Although Berg did not identify whether his motion for reconsideration was pursuant to Rule 59(e) or Rule 60(b), we view such a motion 'as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.'") (internal citation omitted).

In contrast, this District's L.R. 7.1(i) governs motions for reconsideration in general. *Desantis*, 2009 U.S. Dist. LEXIS 13535, at *1. Local Civil Rule 7.1(i) states: "**Unless otherwise provided** by statute or rule (**such as Fed. R. Civ. P.** 50, 52 and **59**), **a motion for reconsideration shall be served and filed within 14 days** after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." (Emphasis added). Stated otherwise, if a motion for reconsideration is not being filed pursuant to a statute or rule that provides its own deadline for filing a motion for reconsideration, then such motion must be filed within 14 days. However, if such a statute or rule does include its own deadline for filing of a motion for reconsideration, then the deadline therein governs rather than the 14 days provided for under Local Rule 7.1(i). That is precisely the case here, as Rules 59 and 60 provide for a 28-day and a one-year deadline, respectively, to file a motion for reconsideration and thus, Local Rule 7.1(i)'s 14-day deadline does not apply to the Motion. Rather, the Motion's requested relief under Rule 59(e) was due

28 days following the Court's order and its relief under 60(b)(1) was due one-year following the Court's order.

**B.     The Motion Was Filed Well Within the Applicable Filing Deadline For Motions Under Local Rule 7.1(i), Rule 59(e) and 60(b)(1).**

Here, the Group's Motion was filed under 7.1(i), Rule 59(e), and Rule 60(b). Local Rule 7.1(i) provides three examples of rules that contain filing deadlines that control rather than its own 14-day deadline, including Rule 59.  Rule 59(e) sets forth the procedure for seeking reconsideration by way of a "motion to alter or amend a judgment" and requires that such motions be filed "28 days after the entry of the judgment."  *See, e.g.*, *Muslim v. D'Ilio*, No. 15-cv-05796 (PGS)(DEA), 2018 U.S. Dist. LEXIS 161722, at *7 (D.N.J. Sep. 21, 2018) ("Motions for reconsideration are governed by Fed. R. Civ. P. 59(e)and L. Civ. R. 7.1(i)."); *Med-X Global, LLC v Azimuth Risk Solutions, LLC*, No. 17-13086, 2018 U.S. Dist. LEXIS 186084, at *3 (D.N.J. Oct. 31, 2018) (setting forth grounds for a motion for reconsideration and explaining that such motion is "[f]iled pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i)").  Accordingly, the deadline for filing a motion for relief from the Order under Rule 59(e) was December 4, 2018.  Given that the Group's Motion was filed on November 23, 2018, it can hardly be considered untimely.

Similarly, Rule 60(b) sets forth the procedure for seeking relief from a "final judgment, order, or proceeding" for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1) may be applicable "'where the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Cech v. Crescent Hills Coal Co. (in Re Shannopin Min. Co.)*, Civil Action No. 96-2185, 2002 U.S. Dist. LEXIS 15731, at *106 (W.D. Pa. July 25, 2002) (citing *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996)). Rule 60 states: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Accordingly, the deadline for filing a motion for relief from the Order under Rule 60(b)(1) is November 6, 2019. Given that the Group's motion was filed just 17 days into this one-year deadline, it can hardly be characterized as untimely.

Thus, Local Rule 7.1(i)'s 14 day deadline is superseded by the specific 28 day deadline set forth in Rule 59 and the one-year deadline set forth in Rule 60, and the Motion was timely.

## C.   Golovac's Timeliness Arguments Defy Logic and Lack Legal Support

Golovac's argument that the Motion is untimely because Local Rule 7.1(i)'s 14-day deadline for filing a motion for reconsideration is "strictly construed" fails.

Given that the Motion seeks leave under Rules 59(e) and 60(b), the 28-day filing deadline contained in the former, and the one-year deadline in the latter, apply. Hence, the cases relied upon by Golovac to support his untimeliness argument fail to support his position and are entirely distinguishable from the facts here.   In *Antoine v. Rucker*, No. 03-3738(DRD), 2007 U.S. Dist. LEXIS 17602 (D.N.J. Mar. 12, 2007),[1] the court considered a motion made under Rule 7.1 **alone** on February 15, 2007 seeking general reconsideration and/or clarification of an order. *Antoine*, 2007 U.S. Dist. LEXIS 17602, at *3.

Additionally, the Opposition fails to mention the fact that "Rule 7.1(i)" at issue in *Antoine* was a prior version of the rule that did not reference any controlling deadlines in other statutes or rules (*e.g.*, Rule 59).  In fact, the underlined portion of the current L.R. 7.1(i) rule was completely absent prior to 2011:  "<u>Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59)</u> a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."   When *Antoine* was decided, Local Rule 7.1(i) provided as follows:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely

---

[1] Opp. at 4 (citing to *Antoine* for proposition that the Group's Motion should be denied as untimely because L.R 7.1(i)'s filing deadlines are "strictly construed")

the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion. Unless the Court directs otherwise, any party opposing a motion for reconsideration shall file and serve a brief in opposition within seven business days after service of the moving party's Notice of Motion and Brief. No oral argument shall be heard unless the Judge or Magistrate Judge grants the motion and specifically directs that the matter shall be argued orally.

*See In Re: Amendment of Local Civil Rules*: Order, L.R.Civ.7.1(i) (D.N.J. Feb. 24, 2005), https://www.njd.uscourts.gov/sites/njd/files/Order.7.1%2678.1.pdf.

In fact, every-single-case Golovac cites in support of his argument that the Motion should be denied as untimely under L.R. 7.1(i) are those involving the Rule's language prior to its 2011 amendment.  *See* Opp. at 2–3.

### D.     Whether Interlocutory Orders Are Proper Subjects of Rule 59(e) and 60(b) Motions Is Irrelevant to Whether the Motion Was Timely

Almost as an afterthought, the Opposition sets forth an additional argument claiming as fact that "[n]either Rule 59 nor Rule 60 apply to interlocutory orders." *Id*. at 6.  Golovac argues that the Order was an interlocutory order and because motions under Rule 59 and Rule 60, purportedly, are not permitted for interlocutory orders, the expanded 28-day or one-year deadlines for filing such motions for reconsideration do not apply and therefore, the Motion was untimely under L.R.7.1(i)'s 14-day filing deadline.  This argument is utter nonsense given the fact that controlling Third Circuit precedent is unambiguous in stating that federal courts' "inherent authority . . . permits courts to reconsider prior interlocutory orders 'at any

point during which the litigation continue[s]'" and so "no strict time limit applie[s] to [a party]'s motion for reconsideration." *In re Energy Future Holdings Corp.*, 904 F3d 298, 307 (3d Cir. 2018) (quoting *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016); *see also Durst v. Durst*, 663 F. App'x 231, 236, n. 7 (3d Cir. 2016) (same).

In other words, if Rules 59(e) and 60(b) apply, the Motion was filed well within the 28-day deadline for seeking reconsideration under Rule 59 and the one-year deadline for seeking relief under Rule 60(b)(1), and if these Rules do not apply because the order is an interlocutory order, then the Motion would still have been filed timely given that there would have been no deadline whatsoever for seeking reconsideration.  Accordingly, Golovac's argument in this respect is nothing short of futile.[2]

## II.    RECONSIDERATION AND AMENDMENT TO THE ORDER IS APPROPRIATE

---

[2] It's worth noting that none of the cases cited in the Opposition stand for the proposition that an interlocutory order cannot be the subject of a Rule 59(e) and/or 60(b) motion.  Nevertheless, Golovac *cites* to *Maselli v. BMW Fin Servs. NA,* LLC, No. 16-0080, 2016 WL 1260062, at *3 (D.N.J. Mar. 31, 2016) in claiming that "'the Third Circuit has ruled that interlocutory orders . . . do not fall within the scope of Rule 60(b).'" (alterations in original).  The full text of this sentence in *Maselli* was: "Accordingly, the Third Circuit has ruled that interlocutory orders **such as the writ of replevin in this case** do not fall within the scope of Rule 60(b)."  *Id*. (citing *Penn W. Associates, Inc. v. Cohen*, 371 F.3d 118, 124-25 (3d Cir. 2004)).

As detailed in the Klapper, Rana and Estoesta Group's initial Motion papers, the Group is well-aware that motions for reconsideration are rarely granted and that "[g]enerally, a motion for reconsideration will only be granted 'when dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered.'" *Raritan Baykeeper, Inc. v NL Indus.*, 2018 U.S. Dist. LEXIS 147469, at *7 (D.N.J. Aug. 29, 2018).  The Group believes the current situation is the rare situation where reconsideration and amendment is clearly justified because the Opinion's only rationale for depriving the Klapper, Rana and Estoesta Group of its status as presumptive lead plaintiff is contained within just two sentences (each with incorrect factual findings and/or erroneous statements of law).

More specifically, the **__only__** factual basis in the Opinion for the Court's denying the Group its proper status as presumptive lead plaintiff contained demonstrably incorrect factual finding contradicted by several filings which had been presented to the Court.  Similarly, the Opinion's only precedent from within this jurisdiction cited for the proposition that the Group's declaration was "conclusory"—*Stires v. Eco Sci. Sols., Inc.*, No. 17-3707, 2018 U.S. Dist. LEXIS 25088 (D.N.J. Feb. 13, 2018)— does not contain any support for the notion that the declaration at issue here contained "conclusory" language in any sense.

The factual and legal errors warranting reconsideration and amendment are perfectly clear.  As relates to the Klapper, Rana and Estoesta Group, the Court stated

– incorrectly –that (1) the Group's "declaration lacks any mention of contact prior to filing the motion" and (2) the Group's declaration's statement that its members "have shared 'interests in prosecuting the case in a collaborative, likeminded manner,'" is "an identical representation to one that a court in this district rejected as 'conclusory.'  *Stires*, 2018 U.S. Dist. LEXIS 25088, at 14–15."  Opinion at 11.

The Opinion's first statement is incorrect because the record before the Court plainly demonstrated that the Group's members held ***two separate conference calls prior to filing their motion***.  *See* Joint Declaration, Dkt. No. 19-3 at ¶ 8 (explaining that the Group participated in conference calls on both April 16 and April 17, 2018— *prior* to the Motion's filing on April 18, 2018).   Similarly, the Court's second statement is untrue as the *Stires* Court's did not criticize any of the declaration at issue's language as conclusory.  *See generally Stires*, 2018 U.S. Dist. LEXIS 25088.  Moreover, the Joint Declaration here was extremely clear with regard to the Group's discussions that led up to the decision to move together to be appointed as lead plaintiff, the Group's responsibilities as potential lead plaintiff, communications and decision making protocols, and meeting schedule.  Joint Declaration, Dkt. No. 19-3 at ¶¶ 5-9. Simply stated, the *Stires* decision provides no support for the notion that the Joint Declaration was in any way deficient.

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the Klapper, Rana and Estoesta Group respectfully request that the Group reconsider and amend its Order in the manner set forth in the Group's Proposed Order, so that the most adequate lead plaintiff – the Klapper, Rana and Estoesta Group – may serve on behalf of the class.


Dated:  January 3, 2019          **LEVI & KORSINSKY, LLP**

_/s/ Donald J. Enright_
Donald J. Enright
Elizabeth K. Tripodi (_pro hac vice to be submitted_)
John A. Carriel (_pro hac vice to be submitted_)
**LEVI & KORSINSKY, LLP**
1101 30th Street, N.W., Suite 115
Washington, D.C. 20007
Telephone: (202) 524-4292
Facsimile:  (202) 333-2121
Email: denright@zlk.com
Email: etripodi@zlk.com
Email: jcarriel@zlk.com

_Counsel for Movants_
_and [Proposed] Lead Counsel for the Class_

## <u>CERTIFICATE OF SERVICE</u>

I, Donald J. Enright, hereby certify that on January 3, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

<u>*/s/* Donald J. Enright</u>
Donald J. Enright