## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated, | : | Civil Action No.: 18-2293 (FLW) (TJB) |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL, | : | |
| | : | |
| *Defendants*. | : | |

---

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF THE KLAPPER, RANA AND ESTOESTA GROUP FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION AND AMENDMENT TO THE ORDER APPOINTING LEAD PLAINTIFF (ECF NO. 40)**

---

**LITE DEPALMA GREENBERG**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Local Counsel for Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton
Joshua C. Littlejohn
Christopher C. Moriarty
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Dr. Stanley Golovac
and Lead Counsel for the Class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 3

i

## TABLE OF AUTHORITIES

*Cases*

*Carolina Cas. Ins. Co. v. Travelers Prop. Cas. Co.*,
    No. CIV.A. 09-4871 KM, 2015 WL 794909 (D.N.J. Feb. 25, 2015)...................................2

*Maselli v. BMW Financial Services NA, LLC*,
    No. 16-0080, 2016 WL 1260062 (D.N.J. Mar. 31, 2016) ...................................................3

*Penn West Associates, Inc. v. Cohen*,
    371 F.3d 118 (3d Cir. 2004)..............................................................................................3

*Torrres v. Chater*,
    125 F.3d 166 (3d Cir. 1997)..............................................................................................2

Court-appointed Lead Plaintiff Dr. Stanley Golovac respectfully submits this memorandum of law in opposition to the Motion of the Klapper, Rana and Estoesta Group for Leave to File a Reply in Support of its Motion for Partial Reconsideration and Amendment to the Order Appointing Lead Plaintiff (ECF No. 40).  ECF No. 49.

## PRELIMINARY STATEMENT

Not content with filing one untimely motion seeking reconsideration of the Court's well-reasoned opinion appointing Dr. Golovac as lead plaintiff (ECF No. 42), the Klapper, Rana and Estoesta Group has doubled down and filed yet another untimely motion – this time seeking leave to file a reply brief that adds nothing of merit – further burdening both the Court and Lead Counsel.[1]

## ARGUMENT

In his opposition to the Klapper, Rana and Estoesta Group's motion for reconsideration, Dr. Golovac explained why that motion is untimely.  *See* ECF No. 48 at 2-3.  Rather than withdrawing its motion, however, the Klapper, Rana and Estoesta Group now seeks leave to file a reply brief.[2]  Like the original motion, the present motion is both untimely, without merit, and should be denied.

First, the Klapper, Rana, and Estoesta Group disregards the Court's November 26, 2018 docket entry, in which the Court stated that:

> Set Deadlines as to 42 MOTION for Reconsideration re 40 Order. *Motion set for 1/7/2019 before Judge Freda L. Wolfson*. Unless otherwise directed by the Court,

---

[1] If the Klapper, Rana and Estoesta Group was genuinely concerned about the Class's best interests, it would not have filed two untimely motions that have distracted Lead Counsel from their investigation and drafting of the Consolidated Amended Complaint.  That the Klapper, Rana and Estoesta Group filed its latest motion less than two weeks before that complaint is due should tell the Court everything it needs to know about the suitability of the Klapper, Rana and Estoesta Group to represent the Class.

[2] Local Rule 7.1(d)(3) prohibits replies to motions for reconsideration absent leave of Court.

> this motion will be decided on the papers and no appearances are required.  Note
> that this is an automatically generated message from the Clerk's Office and does
> not supersede any previous or subsequent orders from the Court. (km)

(emphasis added) (attached as Ex. A).

Under the Local Rules, reply briefs (where permitted) are to be filed "at least seven days prior to the motion day." L.Civ.R. 7.1(d)(3).  Here, that date was January 2, 2019 – one day before the Klapper, Rana and Estoesta Group filed the instant motion.  Accordingly, even if a reply brief was permissible, the Klapper, Rana and Estoesta Group have – once again – forfeited their opportunity to file one.  The Klapper, Rana and Estoesta Group cannot justify this latest untimely filing given that Dr. Golovac filed his opposition to the Motion for Reconsideration back on December 12, 2018 – 14 days *ahead* of his December 26, 2018 deadline.  *See* ECF No. 48.

Even if the Court were to consider the substance of the Klapper, Rana and Estoesta Group's untimely motion (and it should not), the arguments contained therein are without merit.  First, the Klapper, Rana and Estoesta Group's reliance on Rule 59 is of no consequence, since it pertains only to final judgments.  *See id.* at 3; *Carolina Cas. Ins. Co. v. Travelers Prop. Cas. Co.*, No. CIV.A. 09-4871 KM, 2015 WL 794909, at *1 (D.N.J. Feb. 25, 2015) ("the provisions of rule 59 are designed to address orders rendering a final judgment, whereas L. Civ. R. 7.1(i) is a mechanism for reconsideration of interlocutory orders" (internal quotation marks omitted)).  Likewise, the Klapper, Rana and Estoesta Group's reliance on Rule 60's one-year deadline is misplaced because Rule 60 does not apply to interlocutory orders.  *See id.*; *see also Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997) (noting that "purely interlocutory" orders are "not within the scope of Rule 60(b)").  Moreover, there is no reference to Rule 60 in Local Rule 7.1.  *See* L.Civ.R. 7.1(i) ("Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on

2

the original motion by the Judge or Magistrate Judge.").  Indeed, the Klapper, Rana and Estoesta Group's reading of Rule 60's one-year deadline would effectively eviscerate the express deadline set forth in Local Rule 7.1, since nearly any motion for reconsideration involves an argument that there was a "mistake" in the underlying opinion.[3]

Accordingly, the 14-day deadline to file a motion for reconsideration (and only the 14-day deadline) is implicated here and the Klapper, Rana and Estoesta Group's self-serving attempt to justify its failure to comply with that requirement should be rejected.

## **CONCLUSION**

For the above reasons and as stated in the previously filed Opposition (ECF No. 48), the Court should deny the Klapper, Rana and Estoesta Group's reconsideration motion and its belated attempt to file a reply brief in support thereof.

**LITE DEPALMA GREENBERG**

Dated:  January 4, 2019          */s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile:  (973) 623-0858
jdepalma@litedepalma.com

*Local Counsel for Dr. Stanley Golovac*

---

[3] The Klapper, Rana and Estoesta Group's issue with the holding in *Maselli v. BMW Financial Services NA, LLC*, No. 16-0080, 2016 WL 1260062 (D.N.J. Mar. 31, 2016) is misplaced.  *See* ECF No. 49-2 at 8 n.2.  *Maselli* relied upon the Third Circuit's decision in *Penn West Associates, Inc. v. Cohen*, 371 F.3d 118 (3d Cir. 2004), in which the Third Circuit stated that "we have held that Rule 60(b) 'applies only to "final" judgments and orders.'"  *Id.* at 125.

3

**MOTLEY RICE LLC**
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice* pending)
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Dr. Stanley Golovac*
*and Lead Counsel for the Class*