# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated, | Civil No. 3:18-CV-02293(FLW)(TJB) |
| | ORAL ARGUMENT REQUESTED |
| Plaintiff, | MOTION DATE:  July 1, 2019 |
| v. | |
| RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. McGONEGAL, | |
| Defendants. | |

---

## RIOT BLOCKCHAIN DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

---

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY, AND JEFFERY G. MCGONEGAL*

TO PLAINTIFF DR. STANLEY GOLOVAC'S AND TO HIS

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Evidence

201, Defendants Riot Blockchain ("Riot" or the "Company"), Michael Beeghley,

John O'Rourke, and Jeffery G. McGonegal, hereby requests that the Court take

judicial notice of the existence, contents, and legal effects of the following

documents attached as exhibits to the Declaration of Thomas A. Zaccaro:

**Exhibit A:** Attached hereto as Exhibit "A" is a true and correct copy of

Riot's February 5, 2019 Press Release which was attached as Exhibit 99.1 to the

Company's February 11, 2019 Form 8-K filed with the U.S. Securities and

Exchange Commission ("SEC").

**Exhibit B:** Attached hereto as Exhibit "B" is a true and correct copy of

Riot's October 3, 2017 Press Release.

**Exhibit C:** Attached hereto as Exhibit "C" is a true and correct copy of

Riot's October 4, 2017 Press Release, which was attached as Exhibit 99.1 to the

Company's October 4, 2017 Form 8-K filed with the SEC.

**Exhibit D:** Attached hereto as Exhibit "D" is a true and correct copy of

Riot's November 1, 2017 Form 8-K filed with the SEC.

**Exhibit E:**  Attached hereto as Exhibit "E" is a true and correct copy of Riot's November 16, 2017 Press Release, which was attached as Exhibit 99.1 to the Company's November 16, 2017 Form 8-K filed with the SEC.

**Exhibit F:**  Attached hereto as Exhibit "F" is a true and correct copy of Riot's December 11, 2017 Press Release, which was attached as Exhibit 99.1 to the Company's December 12, 2017 Form 8-K filed with the SEC.

**Exhibit G:**  Attached hereto as Exhibit "G" are relevant excerpts of a true and correct copy of Bioptix, Inc.'s Form S-3 (Amendment No. 3) filed on Sept. 25, 2017).

**Exhibit H:**  Attached hereto as Exhibit "H" is a true and correct copy of Riot's historical stock prices during the alleged Class Period, which were compiled from the Yahoo! Finance Website.

I.    **ARGUMENT**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a Rule 12(b)(6) motion . . . in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Furthermore, Federal Rule of Evidence Rule 201 allows a court to take judicial notice of facts that are "capable of accurate and ready

determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

In this case, each of the documents attached as exhibits to the Declaration of Thomas A. Zaccaro is properly considered in connection with the Riot Blockchain Defendants' motion to dismiss under (1) the incorporation by reference doctrine and/or (2) Federal Rule of Evidence 201(b)(2), which permits the Court to consider public records.

A. The Court Must Consider Riot's SEC Filings and Press Release Because They Have Been Incorporated by Reference Into the Complaint

Under settled law, a document is incorporated by reference into a complaint if it is "integral to and/or [is] explicitly relied upon by . . . the complaint." *Winer Family Tr. v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (ruling that the district court properly considered documents attached to the defendants' motion to dismiss). Documents that are integral to or explicitly replied upon the complaint may be considered by courts without "converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). This prevents Lead Plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Id.*

Lead Plaintiff expressly references and relies on Riot's SEC filings and press release in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). As such, the Riot Blockchain Defendants request that the Court consider the contents of each of the following documents under the incorporation by reference doctrine:

| Document | Exhibit No. | Complaint ¶ |
|---|---|---|
| Riot's October 3, 2017 Press Release | B | 102 |
| Riot's October 4, 2017 Form 8-K, Exhibit No. 99.1 | C | 104 |
| Riot's November 1, 2017 Form 8-K | D | 74 |
| Riot's November 16, 2017 Form 8-K, Exhibit No. 99.1 | E | 136 |
| Riot's December 11, 2017 Form 8-K, Exhibit No. 99.1 | F | 79 |

B.   The Court Should Take Judicial Notice of Riot's February 5, 2019 Press Release and Bioptix's Form S-3 , Both of Which Were Filed With the SEC, and of Riot's Publicly Available Stock Price Data

It is well settled that public records can be considered on a motion to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). "SEC filings fall within this category of public records that can be judicially noticed." *In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992); *see also Oran v.*

*Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (ruling that courts may take judicial notice of SEC filings in ruling on a motion to dismiss).  Also included under this category of public records are stock price data compiled by reputable news services.  *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002); *see also In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 273 (D.N.J. 2007) (taking judicial notice of stock prices compiled by Yahoo! Finance on a motion to dismiss).

Riot Blockchain Defendants thus request the Court take judicial notice of Riot's February 5, 2019 Press Release which was filed as Exhibit 99.1 to the Company's February 11, 2019 Form 8-K before the SEC, which is attached to the Declaration of Thomas A. Zaccaro at Exhibit A.  Riot Blockchain Defendants also request the Court take judicial notice of the relevant excerpts of Bioptix, Inc.'s Form S-3 (Amendment No. 3) filed on September 25, 2017 before the SEC, which is attached to the Declaration of Thomas A. Zaccaro at Exhibit G.  Finally, Riot Blockchain Defendants also request the Court take judicial notice of Riot's historical stock prices during the alleged Class Period, which has been excerpted from the Yahoo! Finance Website, and attached to the Declaration of Thomas A. Zaccaro at Exhibit H.

II.    **CONCLUSION**

For the foregoing reasons, Riot Blockchain Defendants respectfully request that the Court take notice of Exhibits A through H attached to the Declaration of Thomas A. Zaccaro, and consider them in connection with its adjudication of Riot Blockchain Defendants' contemporaneously filed motion to dismiss.

DATED:    March 18, 2019        PAUL HASTINGS LLP


By:  /s/ *Chad J. Peterman*
                CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090


THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC., JOHN
O'ROURKE, MICHAEL BEEGHLEY,
AND JEFFERY G. MCGONEGAL