

570 Broad Street / Suite 1201 / Newark, NJ 07102
**P:** 973.623.3000 / **F:** 973.623.0858 / litedepalma.com

Newark ▌ Chicago ▌ Philadelphia

April 18, 2019

**VIA ECF**
Honorable Tonianne J. Bongiovanni, U.S.M.J.
U.S. District Court, District of New Jersey
Clarkson S. Fisher Federal Building &
 U.S. Courthouse
402 East State Street
Trenton, NJ  08608

    Re:    *Creighton Takata v. Riot Blockchain, Inc., et al.*
             Civil Action No.: 18-2293 (FLW) (TJB)

Dear Judge Bongiovanni:

    This firm represents Court-appointed Lead Plaintiff Dr. Stanley Golovac.  Pursuant to Local Rule 6.1(a), Dr. Golovac respectfully submits this letter brief to seek a continuance of Defendants' pending motions to dismiss and for leave to file a motion to amend the operative Consolidated Class Action Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) ("Amended Complaint") within 60 days.  This request is based on newly discovered facts and a recent change in the law.  Given that Lead Plaintiff's oppositions to pending motions to dismiss are due on May 2, 2019, should the Court wish to hear from the Parties on this matter, we request a telephonic conference in advance of this deadline to address the requests raised herein.

    On March 18, 2019, Defendants filed two motions to dismiss the Amended Complaint, Dkt. Nos. 66–67.  Under the existing schedule, which the Court established on December 4, 2018, Dkt. No. 45, Lead Plaintiff's opposition to these motions must be filed no later than May 2, 2019. Over the four weeks between March 8 and April 8, 2019, however, a wealth of new information has become publicly available that materially strengthens Dr. Golovac's claims and undermines Defendants' defenses:

> 1. On March 8, 2019, the Securities and Exchange Commission filed an amended complaint in *SEC v. Honig, et al.*, No. 18-cv-08175 (S.D.N.Y. Mar. 8, 2019), adding significantly more detail regarding a pump-and-dump scheme at three companies allegedly orchestrated Mr. Barry Honig and Mr. John O'Rourke (among others), who are currently named defendants in this action.

550241.1

**LITE DEPALMA GREENBERG**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
April 18, 2019
Page 2

2. On April 2, 2019, RIOT Blockchain filed a Form 10-K with the SEC that disclosed that the Company maintained material weaknesses in its internal controls during 2018, which includes part of the Class Period in this action.

3. On April 8, 2019, new fraud allegations were filed against Mr. Honig and Mr. O'Rourke concerning yet another pump and dump scheme in the matter *MabVax Therapeutics Holdings, Inc. v. Honig*, et al., Civ. No. 37-2019-00018398 (Super. Ct. San Diego, CA).

In addition to these revelations, on March 27, 2019, the U.S. Supreme Court decided *Lorenzo v. SEC*, 139 S. Ct. 1094 (2019), concerning the pleading of scheme liability under U.S. securities laws. In particular, *Lorenzo* holds that a defendant who merely disseminates the material misstatement of another—and thus cannot be liable under SEC Rule 10b-5(b) for "making" the statement—can nevertheless be liable under other provisions of the securities laws that proscribe "any device, scheme, or artifice to defraud" or "any act, practice or course of business which operates or would operate as a fraud or deceit." *Id.* at 1100. The ruling directly refutes an argument that features prominently in Defendants' currently pending motions to dismiss.

To conserve the Court's and Parties' resources, Lead Plaintiff seeks a continuance of the May 2 deadline to oppose Defendants' motions to dismiss (and Defendants' June 17, 2019 reply deadline) and leave to file a further amended complaint within 60 days to plead these newly discovered facts and to align the scheme liability-related allegations with the Supreme Court's recent decision.

**Local Civil Rule 6.1(a)**

Local Civil Rule 6.1(a) governs Lead Plaintiff's request for a continuance of the briefing schedule. The Rule provides that "[e]ach application for an extension of time shall: (1) be made in writing; (2) be served prior to the expiration of the period sought to be extended; and (3) disclose in the application the date service of process was effected and all similar extensions previously obtained." Courts review requests for extensions under this Rule under a good cause standard. *See Chiropractic Alliance of New Jersey v. Parisi*, 164 F.R.D. 618 (D.N.J. 1996).

Here, Lead Plaintiff has complied with the procedures set forth in Local Rule 6.1(a). His opposition briefs are not due until May 2, so his request is being made prior to the expiration of the period sought to be extended. Nor have there been any prior extensions of the time within which Plaintiff must oppose Defendants' motions to dismiss.

550241.1

**LITE DEPALMA GREENBERG**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
April 18, 2019
Page 3

Further, good cause exists to grant Lead Plaintiff's request for relief from the briefing schedule. The request is prompted by the recent release of a slew of voluminous information that had not been publicly available at the time of the filing of the Amended Complaint. The request is also motivated by a development in the law regarding scheme liability. Both the new facts and change in law directly respond to arguments Defendants put forward in support of their motions to dismiss. Lead Plaintiff is thus seeking permission to suspend the briefing schedule to provide sufficient time for Lead Plaintiff to amend his pleading now (as opposed to later) to reduce the likelihood that the Court will be compelled to rule on two Rule 12 motions. A continuance of the existing schedule while the Court considers his request for leave to amend would, as a result, maximize the judicial efficiencies Lead Plaintiff believes will flow from a timely amendment.

Accordingly, Lead Plaintiff's request to continue the existing schedule until the Court has decided the motion for leave to amend should be granted.

### **Federal Rule of Civil Procedure 15(a)(2)**

If a continuance is granted, the formal motion to amend will meet the requirements of Rule 15(a)(2) which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has instructed district courts to apply this rule liberally. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990). The policy behind this liberal approach is to ensure a litigant can "test his claim on the merits" rather than face dismissal on "mere technicalities." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, a motion to amend must be granted unless the court concludes there is bad faith, undue delay, dilatory motive, prejudice, or the amendment is futile. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

As explained above, Lead Plaintiff's request will be based on recent and unanticipated factual and legal developments and thus not a product of bad faith, undue delay, or dilatory motive.

During the Parties' April 12, 2019 meet and confer regarding amendment, Defendants declined to consent on the basis of prejudice. "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). "Prejudice may involve requiring the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delaying the resolution of the dispute." *Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 614 (D.N.J. 2010) (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). The nonmoving party bears the burden of demonstrating an amendment would be unfairly prejudicial. *See In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221, 228 (D.N.J. 2005).

550241.1

**LITE DEPALMA GREENBERG**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
April 18, 2019
Page 4

However, this is a "heav[y] burden" and requires more "than merely claiming prejudice, [the non-movant] must show that it [would be] unfairly disadvantaged." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981). "In order to make the required showing of prejudice [the non-movant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (citations omitted).

Defendants cannot make this showing. To the contrary, they would benefit from an early amendment because it likely would avoid a second round of Rule 12 motion practice. Courts routinely permit amendment notwithstanding a pending motion to dismiss precisely because it may be the more pragmatic and efficient course. *See In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 528 (D.N.J. 2004) ("This Court finds no reason to deny the Direct Purchasers' motion for leave to amend the complaint on the basis of unfair prejudice from delay. Defendants do not dispute that they would not be unduly prejudiced by this Court's granting of the motion, but rather seek that this Court defer consideration of the Direct Purchasers' motion until resolution of the pending Rule 12 motions. This Court finds the most efficient course to dispose of the Direct Purchasers' motion to amend along with the Rule 12 motions. The Direct Purchasers' motion to amend the complaint is therefore granted. Defendants may also view amendment as futile. An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). The Parties are not required, however, to "engage in the equivalent of substantive motion practice upon the proposed new claim[.]" *Harrison Beverage*, 133 F.R.D. at 468. Rather, the futility analysis demands only "that the newly asserted [claim or] defense appear to be sufficiently well-grounded in fact or law [such] that it is not a frivolous pursuit." *Id.* If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections*, 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted).

Amendment would not be futile in this case. The new proposed allegations are based on information Lead Plaintiff recently derived from civil and government litigation involving Mr. Honig and Mr. O'Rourke, and RIOT Blockchain's recent SEC filings. That information is both highly credible and probative of Defendants' violations of the federal securities law. In any case, if Defendants conclude that the proposed further amended complaint, they will have the option to simply refile the currently pending dismissal motions (or simply address the new allegations and also rely on their prior briefing). *See Walker*, 2014 WL 12584416, at *1 ("Though Defendants

550241.1

**LITE DEPALMA GREENBERG**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
April 18, 2019
Page 5

argue that granting Plaintiffs leave will impose undue costs on the parties, they also contend that '[n]o amount of factual clarification can cure the plaintiff's flawed legal theory.' If true, the defendants will be able to re-assert essentially many—if not all—of the same arguments they make in their pending motions to dismiss.").

In any event, these arguments, should the Court grant Lead Plaintiff his request for a continuance of the briefing schedule, are premature and are properly made in opposition to a motion to amend, not now.

\*   \*   \*

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court: (1) Enter an Order suspending all further briefing pending the Court's review and decision on Lead Plaintiff's motion for leave to file a further amended complaint; and (2) grant Lead Plaintiff leave to file a Motion to File a First Amended Consolidated Class Action Complaint within 60 days of entry of such an order.  As stated above, the parties met and conferred regarding Lead Plaintiff's request.  Because they think amendment would be prejudicial to them, Defendants are opposed.

We appreciate the Court's consideration.

Respectfully,

*/s/ Joseph J. DePalma*

Joseph J. DePalma

JJD:cd
cc:   All Counsel (via ECF)

550241.1