**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
212.653.8701 main fax
www.sheppardmullin.com

April 23, 2019

310.228.3746 direct
rweber@sheppardmullin.com

60ZC-269315

Honorable Freda L. Wolfson
Honorable Tonianne J. Bongiovanni
U.S. District Court, District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Takata v. Riot Blockchain, Inc., et al.*, Civil Action No. 18-2293 (FLW)(TJB)

Dear Judges Wolfson and Bongiovanni:

This firm represents Defendant Barry Honig in the above-referenced action. This letter is sent in response to the letter submitted to Judge Bongiovanni on April 18, 2019 by Plaintiff's counsel, requesting an extension of time to respond to two pending motions to dismiss Plaintiff's Consolidated Amended Class Action Complaint for securities fraud, which motions were filed on March 18, 2019, and for leave to file another amended complaint based upon Plaintiff's claimed discovery of supposedly "new" facts. Mr. Honig does not consent to any extension of time, and would oppose any regularly noticed motion by Plaintiff for leave to amend.

I note first that Plaintiff's letter request violates Judge Bongiovanni's Judicial Preference that for any Extension of Time to which a party has not consented, the requesting party "must follow regular motion procedure." Following two telephone calls and repeated email communications, I advised Plaintiff's counsel that Mr. Honig did not consent to an extension in writing on April 18th at 3:50 p.m. EDT.  Despite that, Plaintiff's counsel filed this request approximately one hour later.

Mr. Honig respectfully requests that your Honors require Plaintiff to make his applications using regular notice, so that Mr. Honig will have a reasonable opportunity to fully respond to Plaintiff's arguments and cited legal authorities. The reason for this is quite simple: Mr. Honig does not belong in this putative securities fraud lawsuit, and desires his pending motion to dismiss to be heard, not further delayed.

Mr. Honig is a private, outside investor who has never been a director, officer or employee of defendant Riot Blockchain or its predecessors. He was a minority shareholder (less than 10%) during the putative Class Period, he did not draft or disseminate a single one of the statements which the Consolidated Amended Complaint alleges to be misleading, he did not "control" Riot's Board in any way, and the Consolidated Amended Complaint does not even identify a single communication that Mr. Honig had with any Riot director or officer during the Class Period.

Honorable Freda L. Wolfson
Honorable Tonianne J. Bongiovanni
April 23, 2019
Page 2

Despite these incontrovertible facts, Mr. Honig has been subjected to extremely costly litigation in this and other jurisdictions since February 2018, asserting that this minor shareholder who did not disseminate any statements about Riot somehow masterminded a "scheme" to manipulate the Company's stock price. Plaintiff's claims against Mr. Honig are nothing but conclusory innuendoes; the only actual facts alleged about Mr. Honig in the Consolidated Amended Complaint are that he (a) acquired and sold some Riot stock (b) shared office space with one of Riot's outside directors, who later became an officer, and (c) introduced that officer to a potential merger partner. That is all. None of this alleged conduct is wrongful, nor constitutes a "scheme" to manipulate securities prices.

Plaintiff's contention that he has recently discovered "a wealth of new information that materially strengthens" his claims is nonsense. Plaintiff points to three sources for this "new" information. The first, Riot's recently filed 2018 Form 10-K, does not contain a single word about Mr. Honig. The second source is a recently filed civil action brought by a company named MabVax against Mr. Honig and over a dozen other individuals, raising allegations regarding their investment in MabVax; that complaint alleges nothing regarding Mr. Honig's alleged actions vis-à-vis Riot. Lastly, Plaintiff refers to an amended complaint filed in a pending SEC action. The original complaint already is repeatedly referenced in the Consolidated Amended Complaint, despite the fact that it does not mention conduct having anything to do with Riot. The recent amended allegations add nothing regarding Riot, and reference conduct that all occurred at least a year or more prior to the putative Class Period alleged in the Consolidated Amended Complaint.

In short, none of Plaintiff's supposed "new" sources of information contain any facts supporting Plaintiff's contention that Mr. Honig participated in any scheme to manipulate the price of Riot's stock with the heightened particularity required by FRCP 9(b) and the PSLRA. Indeed, the "new" facts have nothing to do with Riot at all. Cutting-and-pasting unproven allegations from other complaints that have nothing to do with Riot will not make the Riot Consolidated Amended Complaint any better, but just delay the hearing of defendants' motions to dismiss.

Mr. Honig looks forward to having his day in Court, when his motion to dismiss will be heard. He opposes Plaintiff's current applications, which Mr. Honig views as an improper attempt by Plaintiff to delay the ultimate day of reckoning. If this Court is inclined to consider Plaintiff's applications, Mr. Honig respectfully asks that the applications proceed on a regular noticed basis, which provide Mr. Honig with time to fully respond.

Thank you for your consideration.

Very truly yours,

*Robert D. Weber* by CJB

Robert D. Weber
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:   All Counsel (via ECF)