# PAUL
# HASTINGS

1(213) 683-6113
scottcarlton@paulhastings.com

April 23, 2019

**VIA ELECTRONIC FILING**

Honorable Freda L. Wolfson
Honorable Tonianne J. Bongiovanni
U.S. District Court, District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:     *Takata v. Riot Blockchain, Inc., et al.*, No.: 18-2293 (FLW)(TJB)

Dear Judges Wolfson and Bongiovanni:

We represent defendants Riot Blockchain, Inc. ("Riot"), Michael Beeghley
("Beeghley"), John O' Rourke ("O'Rourke"), and Jeffery G. McGonegal ("McGonegal")
(collectively, the "Riot Blockchain Defendants") in the above-referenced matter.[1]  We write
in response to the letter submitted to Magistrate Judge Bongiovanni on April 18, 2019, by
Lead Plaintiff Dr. Stanley Golovac ("Lead Plaintiff"), requesting a delay of the stipulated
briefing scheduling concerning the Consolidated Class Action Complaint (the "Complaint"),
*see* Stipulation and Order Extending Time to File Consolidated Complaint and the Response
Thereto, Dkt. No. 45, so that he may file a motion for leave to amend the Complaint within
60 days.  *See* April 18, 2019 Letter from Joseph J. DePalma to the Hon. Tonianne J.
Bongiovanni, Dkt. No. 69 (the "Letter").  The Riot Blockchain Defendants do not consent
to any extension of time, and would oppose any noticed motion by Lead Plaintiff for leave
to amend.

The Court should not grant such an extension because (1) the Letter violates the
Local Civil and Criminal Rules of the U.S. District Court for the District of New Jersey (the
"Local Rules"); (2) Lead Plaintiff seeks to delay the agreed-upon briefing schedule to add
duplicative and/or irrelevant allegations; and (3) it would be unduly prejudicial to the Riot
Blockchain Defendants.

---

[1] Because defendant Barry Honig ("Honig") is represented by separate counsel, this letter
refers to the Riot Blockchain Defendants and Honig collectively as "Defendants."
Defendants and Lead Plaintiff are collectively referred to as the "Parties."

PAUL
HASTINGS

Honorable Freda L. Wolfson
Honorable Tonianne J. Bongiovanni
April 23, 2019
Page 2

### Lead Plaintiff Seeks to Circumvent the Rules Governing Continuances

As a threshold matter, Lead Plaintiff fails to follow the rules governing the extensions of time. Judge Bongiovanni requests that all extensions of time that a party has not consented to "must follow regular motion procedure." *See* U.S. District Court for the District of New Jersey, <u>Judicial Preferences</u>, *available at* https://www.njd.uscourts.gov/sites/njd/files/JudgePreferences.pdf. All motions must be filed with (1) a proof of service, Local Rule 7.1(d)(1); (2) a separate brief that is submitted to the Court which notices a motion day on the cover page, *id.*; and (3) a proposed order. *Id.* at 7.1(e).

During the Parties' April 12, 2019 meet and confer, we have advised Lead Plaintiff's counsel, that the Riot Blockchain Defendants do not consent to an extension of time. Lead Plaintiff nevertheless filed the Letter, which fails to comply with Local Rules 7.1 and 7.2. Thus, the Court should not consider Lead Plaintiff's Letter. *Id.* at 7.1(d)(1) ("No application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2, and proof of acknowledgement of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day. The brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page.").

To the extent that the Court is willing to entertain Lead Plaintiff's request, we respectfully submit that Lead Plaintiff should make his application for an extension of time using regular motion procedure (which includes proper notice), so that the Riot Blockchain Defendants are afforded a reasonable opportunity to fully respond to Lead Plaintiff's arguments and cited legal authorities.

### The Requested Relief Unnecessarily Delays the Court's Adjudication of the Motion to Dismiss

Lead Plaintiff claims that there are four new sources of information which "materially strengthen Dr. Golovac's claims and undermines Defendants' defenses[.]" Letter at 1. However, none of these sources of information justify Lead Plaintiff's 60-day delay to the agreed-upon briefing schedule; the supplemental allegations are duplicative of allegations already in the Complaint and/or are completely irrelevant to the Court's adjudication of the Riot Blockchain Defendants' motion to dismiss.



PAUL
HASTINGS

Honorable Freda L. Wolfson
Honorable Tonianne J. Bongiovanni
April 23, 2019
Page 3

    First, Lead Plaintiff notes that the U.S. Securities and Exchange Commission (the "SEC") amended its complaint in *SEC v. Honig*, an unrelated action that Lead Plaintiff relies on in the Complaint to claim that the Defendants must have been involved in a pump-in-dump scheme at Riot. *See id.*; Complaint ¶ 97 (admitting that the SEC's charges against Honig and O'Rourke did not pertain to any of their actions at Riot). But as Riot Blockchain Defendants argued in their Memorandum In Support of Their Motion to Dismiss, Dkt. No. 66 (the "Memo."), the SEC's amended complaint in *Honig* does not contain any factual allegations involving Riot whatsoever. *See* Memo. at 8–9; *see generally SEC v. Honig*, No.: 1:18-cv-08175, First Amended Complaint and Jury Demand, *available at* https://www.sec.gov/litigation/complaints/2019/comp24431.pdf. Accordingly, the *Honig* action is irrelevant and the SEC's amendment of its complaint does not support Lead Plaintiff's efforts to delay the present matter.

    Second, Lead Plaintiff observes that Riot filed a Form 10-K on April 2, 2019, which identified weaknesses in its internal controls. Letter at 2. And yet, Lead Plaintiff provides no analysis as to how Riot's recently filed Form 10-K affects the Riot Blockchain Defendants' motion to dismiss or Lead Plaintiff's defenses thereto—let alone how it might justify a 60-day delay on the Court's adjudication of the motion to dismiss.

    Third, Lead Plaintiff seeks to reference yet another unrelated civil action, *MabVax Therapeutics Holdings, Inc. v. Honig*, No. 37-2019-00018398 (Super. Ct. San Diego Apr. 8, 2019), in his Complaint. *Id.* This action is brought by a company named MabVax Therapeutics Holdings, Inc. ("MabVax") against Honig, O'Rourke, and over a dozen other individuals concerning their investment in MabVax; it alleges nothing regarding any of O'Rourke's conduct at Riot.

    Fourth, Lead Plaintiff claims that the Supreme Court's decision in *Lorenzo v. SEC*, 139 S. Ct. 1094 (2019), "directly refutes an argument that features prominently in Defendants' currently pending motions to dismiss." Letter at 2. Even so, this is simply a new legal development—which Lead Plaintiff can raise in opposition to the motion to dismiss—and does not introduce any new facts involving the Riot Blockchain Defendants.

    In sum, Lead Plaintiff offers no new sources of information which supports his contention that the Riot Blockchain Defendants were involved in a scheme to manipulate the price of Riot's stock. Indeed, none of these sources involve Riot whatsoever, and will

# PAUL
# HASTINGS

Honorable Freda L. Wolfson
Honorable Tonianne J. Bongiovanni
April 23, 2019
Page 4

not introduce any additional relevant facts to the Complaint that will help the Court
adjudicate the Riot Blockchain Defendants' motion to dismiss.

### The Extension of Time Will Unduly Prejudice the Riot Blockchain Defendants

Finally, the Court should deny Lead Plaintiff's extension of time because it will
unduly prejudice the Riot Blockchain Defendants.  Again, as argued in the foregoing,
because the Letter does not conform to the Local Rules 7.1 and 7.2, the Riot Blockchain
Defendants have been denied an opportunity to respond to fully respond to Lead Plaintiff's
arguments and cited legal authorities.  Furthermore, Lead Plaintiff seeks to delay the agreed-
upon briefing schedule by 60 days to add irrelevant and/or duplicative allegations to the
Complaint.  Riot Blockchain Defendants will thus be forced to incur further costs to defend
against additional claims which do little to cure the deficiencies of the Complaint.

\*       \*       \*

For the reasons stated above, the Riot Blockchain Defendants respectfully request
that the Court deny Lead Plaintiff's extension of time.  In the alternative, if the Court is
inclined to consider Lead Plaintiff's application, the Riot Blockchain Defendants respectfully
requests that the application proceed on a regular noticed motion basis, which will provide
the Riot Blockchain Defendants with the opportunity to fully respond to Lead Plaintiff's
application.

Sincerely,

D. Scott Carlton
for PAUL HASTINGS LLP

DSC