UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CREIGHTON TAKATA, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | Civil Action No. 18-2293 (FLW) (TJB) |
| v. | : : : | **ORDER** |
| RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL, | : : : : | |
| Defendants. | : : | |

**THIS MATTER** having been opened to the Court by Levi & Korsinsky, LLP, counsel for Plaintiffs Joseph J. Klapper, Jr., Ashish Rana, and Sonia C. Estoesta ("Klapper Movants"), on a partial motion for reconsideration, pursuant to New Jersey Civil Local Rule 7.1(i) and Federal Rules of Civil Procedure 59(e) and 60(b)(1); it appearing that Klapper Movants seek reconsideration of this Court's November 6, 2018 Order appointing Dr. Stanley Golovac ("Dr. Golovac") as Lead Plaintiff in this putative security fraud class action filed against Riot Blockchain, Inc., John O'Rourke, and Jeffrey G. McGonegal (collectively, "Defendants"); it appearing that Dr. Golovac, through his counsel Motley Rice LLC, has opposed the motion; the Court, having reviewed the parties' submissions in connection with the pending motion, makes the following findings:

(1) To succeed on a motion for reconsideration, the moving party must meet a high burden and demonstrate: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir.

1

2010). Notably, a motion seeking reconsideration may not be used by a party to "restate arguments that the court has already considered." *Lawrence v. Emigrant Mortg. Co.,* Civ. No. 11–3569, 2012 WL 5199228, *2 (D.N.J., Oct. 18, 2012). Nor may such a motion be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Comm. Union Ins. Co.,* 935 F.Supp. 513, 516 (D.N.J. 1996). Further, where a party merely has a difference of opinion with the court's decision, the issue should be raised through the normal appellate process; reconsideration is not the appropriate vehicle. *Dubler v. Hangsterfer's Laboratories,* Civ. No. 09–5144, 2012 WL 1332569, *2 (D.N.J., Apr. 17, 2012) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F.Supp.2d 610, 612 (D.N.J. 2001)). Thus "[t]he only proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, might reasonably have altered the result reached." *G–69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J. 1990).

(2) As an initial matter, this reconsideration motion is untimely under Local Rule 7.1. The rule provides, "Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L.Civ.R.7.1(i). Here, it is uncontested that Klapper Movants filed their motion on November 23, 2018— 17 days after the Court issued its order appointing Dr. Golovac as Lead Plaintiff. This alone is a basis to deny Klapper Movants' reconsideration

motion. *See Garrison v. Porch*, No. 04-1114, 2008 WL 1744730, at *2 (D.N.J. Apr. 11, 2008) (citing, e.g., *U.S. ex rel. Malloy v. Telephonics Corp.,* 68 Fed. Appx. 270, 274 n. 6 (3d Cir. 2003)) ("[A] district court may deny a motion for reconsideration simply because it was filed beyond the [deadline] provided by Rule 7.1(i)."); *Wilder v. AT&T*, No. 99-5667, 2008 WL 934413, at *1 (D.N.J. Apr. 1, 2008) (quoting *T.H. & K.H. v. Clinton Twp. Bd. of Educ.,* 2006 WL 1722600, 2006 WL 1722600 at *2 (D.N.J. June 16, 2006)) ("[U]ntimeliness 'alone is sufficient grounds to deny the Plaintiffs' motion [for reconsideration].'").[1]

(3)  While conceding that their motion is untimely under Local Civil Rule 7.1, Klapper Movants argue that the other rules under which they move—Federal Rules of Civil Procedure Rule 59(e) and Rule 60(b)(1)—"otherwise provide" for the filing of reconsideration motions within 28 days and one year, respectively, of the filing of the original order. However, these rules only apply to parties seeking reconsideration of *final* judgments and/or orders, a designation that this Court's Order appointing lead plaintiff does not meet. *See, e.g., State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (noting that "because the underlying dismissal of Whiteside was not a 'final judgment, order, or proceeding,' State National's Rule 60(b)(6) motion was not a proper avenue by which to challenge her dismissal"); *Mitchell v. Twp. of*

---

[1] In keeping with their pattern of untimely filings, on January 3, 2019—one day after the deadline for filing a reply brief—Klapper Movants also filed a motion for leave to file a reply brief, while simultaneously filing the brief. In the interests of thoroughly examining all of Klapper Movants' arguments, the Court considers this brief in deciding this motion, and will, therefore, excuse their untimely filing in this instance.

3

*Willingboro Municipality Gov't,* 913 F. Supp. 2d 62, 78 (D.N.J. 2013) ("The provisions of Rule 59 are designed to address orders rendering a final judgment, not interlocutory order…. Because no final judgment has been entered in this action pursuant to Rule 54(b), the provisions of Rule 59, and its 28–day time limit, are inapplicable here."); *see also Zitter v. Petruccelli*, No. 15-6488, 2017 WL 1837850, at *2 (D.N.J. May 8, 2017) (collecting cases). An order appointing lead plaintiff is in no way a "final judgment," and Klapper Movants have not argued to the contrary. *See Asher v. Baxter Int'l Inc.,* 505 F.3d 736, 738 (7th Cir. 2007) (noting that order designating lead plaintiff is interlocutory).

(4) Moreover, even if the motion were not untimely, Klapper Movants have failed to meet the burden imposed upon them by the standard governing reconsideration motions. In arguing for reconsideration, Klapper Movants do not suggest that that the Court failed to apply the two-step procedure in which "the court first identifies the presumptive lead plaintiff, and then determines whether any member of the putative class has rebutted the presumption." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II)). Indeed, the Court ruled that any presumption of Klapper Movants' adequacy as lead plaintiff had been rebutted by the fact that they appeared to be a loose, attorney-driven collection of plaintiffs who could not be counted on to sufficiently monitor counsel. Klapper Movants now argue that, in questioning the cohesiveness of the Klapper group, the Court overlooked the fact that the members of the group engaged in two conference

4

calls in the two days prior to filing the lead plaintiff motion. However, Klapper Movants essentially argue that "the [c]ourt used the proper standard, but misapplied the facts to it," which is not an adequate basis for a reconsideration motion. *Stetser v. Jinks*, No. 10-3094, 2013 WL 5532764, at *1 (D.N.J. Oct. 3, 2013), *aff'd*, 572 F. App'x 85 (3d Cir. 2014) (denying reconsideration motion). Moreover, the fact that counsel convened these conference calls immediately prior to filing the motion does not allay the Court's concern that the group was "created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel." *Cendant*, 264 F.3d at 267. Thus, Klapper Movants reconsideration motion fails, as they have not demonstrated any overlooked facts that "might reasonably have altered the result reached." *Degnan,* 748 F.Supp. at 275.

Accordingly, the Court having reviewed the parties' submissions in connection with the pending motions, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 26th day of June, 2019,

**ORDERED** that Klapper Movants' motion for leave to file a reply brief (ECF No. 49) is **GRANTED**; and it is further

**ORDERED** that Klapper Movants' motion for reconsideration (ECF No. 40) is **DENIED**.

/s/  Freda L. Wolfson
Freda L. Wolfson
Chief United States District Judge