

**DORSEY**
always ahead

LAURA M. LESTRADE
(212) 415-9227
FAX (212) 953-7201
lestrade.laura@dorsey.com

August 23, 2019

**VIA THE COURT'S CM/ECF SYSTEM**

Honorable Judge Zahid N. Quraishi
United States Magistrate Judge
For the District of New Jersey
Court Room 7W
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *Application of Mike Dai for an Extension of Time to File a Motion to Dismiss Pursuant to L. Civ. R. 6.1, Civil Action No. 18-2293*

Dear Judge Quraishi:

    I am an attorney associated with the law firm Dorsey & Whitney LLP. We represent Defendant Mike Dai in this matter. I write to request an order enlarging the time within which Mr. Dai may file a motion to dismiss the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Law ("Complaint") until September 30, 2019.

    Since being served last month, Mr. Dai has proceeded diligently to secure representation. He recently retained the firm of Dorsey and Whitney LLP. Under the Court's July 15, 2019 Scheduling Order (**Dkt. 84**) Mr. Dai is currently required to file a motion to dismiss by September 3, 2019. Two weeks is not a sufficient amount of time within which to properly analyze the difficult issues and complex questions presented in the 164 page complaint. Additional time is necessary. This is apparent for four reasons:

    First, the extension sought by Mr. Dai is reasonable. The Court previously concluded that defendants should be afforded more than *fifteen weeks* to analyze the issues presented by the Complaint (filed on May 8, 2019) and prepare their motions to dismiss or other responses. There is no reason that Mr. Dai should be expected to prepare his response to the complaint in a fraction of that time. Nevertheless, in an effort to avoid unnecessarily delaying these proceedings, he is only requesting approximately five additional weeks - less time than half the time allotted to other parties in this action under the Court's scheduling order.



Honorable Judge Quraishi
August 23, 2019
Page 2

    Second, this is a complex securities class action. This point is illustrated by the tangle of issues presented by the Complaint in this action. Analyzing and responding to the questions presented by the Plaintiffs will require careful study and drafting that will not be possible in the few days remaining between now and the current filing deadline.

    Third, Mr. Dai is seeking to avoid further delay in these proceedings, not cause it. This is apparent from the nature of this request. Rather than ask that the entire schedule be reset, which would delay the proceedings, Mr. Dai is only requesting that he be given a brief period—far shorter than the deadline already granted to the other defendants—to prepare the appropriate papers. Accordingly, the Court need only extend the filing deadline for Mr. Dai to September 30 and the response times for Plaintiff's response to Mike Dai's motion and Mike Dai's Reply to this response by corresponding amounts of time. The deadlines set for all other Defendants to file papers responding to the complaint and for Plaintiffs to file responses to these papers will remain the same. These minimal adjustments should have virtually no impact on the overall progress of this case.

    Fourth, enlarging the time for Mr. Dai to respond to the Complaint would represents a sound exercise of discretion by the Court necessary to avoid an unfair situation in which Mr. Dai is denied an adequate time to respond and has his ability to properly defend himself in this litigation impaired. Imposing on him the obligation to respond in this complex matter within two weeks while every other defendant has had fifteen weeks simply because Plaintiffs did not serve Mr. Dai until after this case had been pending for almost a year would be highly prejudicial. *See, e.g.* L In contrast, granting the requested extension would eliminate the prospective prejudice and have virtually no impact on the overall schedule of this case. As a consequence, granting an extension is appropriate. *See* Civ. R. 6.1 (emphasizing the Court's discretion to grant extensions of time); *see also Charleston v. Nevada*, 2019 U.S. Dist. LEXIS 54790, at *2 (D. Nev. Mar. 29, 2019) (granting extension of time to respond to the complaint in part due to defendant's need to "research and address the numerous novel and complex issues").

    Finally, we have consulted with counsel for each defendant as well as lead counsel for the plaintiffs. Defendants Catherine DeFrancesco, John O'Rourke, Jeffrey McGonegal, Michael Beeghley, and Riot Blockchain, Inc. do not oppose this request. Lead counsel for the plaintiffs does not object. Defendant Barry Honig has not indicated whether he opposes this request.

Very truly yours,

DORSEY & WHITNEY LLP

/s/ Laura M. Lestrade

Laura M. Lestrade

So Ordered this 26th day of August, 2019

Hon. Zahid N. Quraishi