# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>Defendants. | Civil No. 3:18-CV-02293(FLW)(TJB)<br><br>MOTION DATE:  November 4, 2019<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' JOINT REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS THE CORRECTED CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

THOMAS A. ZACCARO
thomaszaccaro@paulhastings.com
D. SCOTT CARLTON
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
chadpeterman@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY, JEFFERY G. MCGONEGAL, ANDREW KAPLAN, JASON LES, AND ERIC SO

TO LEAD PLAINTIFF DR. STANLEY GOLOVAC'S AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Evidence 201, Defendants Riot Blockchain ("Riot" or the "Company"), Michael Beeghley, John O'Rourke, Jeffery G. McGonegal, Andrew Kaplan, Jason Les, and Eric So (collectively, the "Defendants") hereby request that the Court take judicial notice of the existence, contents, and legal effects of the following documents attached as exhibits to the Declaration of Thomas A. Zaccaro:

**Exhibit A:**  Attached hereto as Exhibit "A" is a true and correct copy of Riot's February 5, 2019 Press Release, which was attached as Exhibit 99.1 to the Company's February 11, 2019 Form 8-K filed with the U.S. Securities and Exchange Commission ("SEC").

**Exhibit B:**  Attached hereto as Exhibit "B" is a true and correct copy of Riot's October 3, 2017 Press Release.

**Exhibit C:**  Attached hereto as Exhibit "C" are true and correct excerpts from Riot's October 4, 2017 Form 8-K and Press Release, which was attached as Exhibit 99.1 to the Form 8-K, filed before the SEC.

**Exhibit D:**  Attached hereto as Exhibit "D" is a true and correct copy of Riot's November 1, 2017 Form 8-K filed with the SEC.

**Exhibit E:**  Attached hereto as Exhibit "E" is a true and correct copy of Riot's November 16, 2017 Press Release, which was attached as Exhibit 99.1 to the Company's November 16, 2017 Form 8-K filed with the SEC.

**Exhibit F:**  Attached hereto as Exhibit "F" is a true and correct copy of Riot's December 11, 2017 Press Release, which was attached as Exhibit 99.1 to the Company's December 12, 2017 Form 8-K filed with the SEC.

**Exhibit G:**  Attached hereto as Exhibit "G" are relevant excerpts of a true and correct copy of Bioptix, Inc.'s Form S-3 (Amendment No. 3) filed on September 25, 2017.

**Exhibit H:**  Attached hereto as Exhibit "H" is a true and correct copy of Riot's historical stock prices during the alleged Class Period, which were compiled from the Yahoo! Finance Website.

**Exhibit I:**  Attached hereto as Exhibit "I" are relevant excerpts of a true and correct copy of Riot's Form 10-K filed on April 17, 2018.

**Exhibit J:**  Attached hereto as Exhibit "J" is a true and correct copy of a chart comparing Riot's stock prices with the price of Bitcoin during the alleged Class Period, which was created from Yahoo! Finance's publicly available website.

**Exhibit K:** Attached hereto as Exhibit "K" is a true and correct copy of Riot's October 23, 2018 Press Release, which was attached as Exhibit 99.1 to the Company's October 23, 2018 Form 8-K filed before the SEC.

**Exhibit L:** Attached hereto as Exhibit "L" is a true and correct copy of the SEC's July 12, 2019 Press Release regarding *Securities and Exchange Commission v. Barry Honig, et al.*, 18 Civ. 08175 (S.D.N.Y. September 7, 2018).

I.  **ARGUMENT**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a Rule 12(b)(6) motion . . . in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Furthermore, Federal Rule of Evidence Rule 201 allows a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

In this case, each of the documents attached as exhibits to the Declaration of Thomas A. Zaccaro is properly considered in connection with the Riot Blockchain Defendants' the Director Defendants' separately filed motions to dismiss under (1)

the incorporation by reference doctrine and/or (2) Federal Rule of Evidence 201(b)(2), which permits the Court to consider public records.[1]

      A.    **The Court Must Consider Riot's SEC Filings and Press Release Because They Have Been Incorporated by Reference Into the Corrected Complaint**

Under settled law, a document is incorporated by reference into a complaint if it is "integral to and/or [is] explicitly relied upon by . . . the complaint." *Winer Family Tr. v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (ruling that the district court properly considered documents attached to the defendants' motion to dismiss). Documents that are integral to or explicitly replied upon the complaint may be considered by courts without "converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). This prevents Lead Plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Id*.

Lead Plaintiff expressly references and relies on Riot's SEC filings and press release in the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Corrected Complaint"). As such,

---

[1] The "Riot Blockchain Defendants" refer to Riot and Messrs. O'Rourke, McGonegal, and Beeghley. The "Director Defendants" refer to Messrs. Kaplan, Les, and So.

Defendants request that the Court consider the contents of each of the following documents under the incorporation by reference doctrine:

| Document | Exhibit No. | Corrected Complaint ¶ |
|---|---|---|
| Riot's October 3, 2017 Press Release | B | 235 |
| Riot's October 4, 2017 Form 8-K, Exhibit No. 99.1 | C | 166 |
| Riot's November 1, 2017 Form 8-K | D | 260 |
| Riot's November 16, 2017 Form 8-K, Exhibit No. 99.1 | E | 279 |
| Riot's December 11, 2017 Form 8-K, Exhibit No. 99.1 | F | 287 |
| Riot's April 17, 2018 Form 10-K | I | 404 |

B. **The Court Should Take Judicial Notice of Public Records Pertinent to Defendants' Motions to Dismiss**

It is well settled that public records can be considered on a motion to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). "SEC filings fall within this category of public records that can be judicially noticed." *In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992); *see also Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (ruling that courts may take judicial notice of SEC filings in ruling on a motion to dismiss). Also included under this

category of public records are stock price data compiled by reputable news services. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002); *see also In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 273 (D.N.J. 2007) (taking judicial notice of stock prices compiled by Yahoo! Finance on a motion to dismiss). Similarly, the Court may also take judicial notice of the SEC's publicly available litigation releases. *In re Tellium Inc., Sec. Litig.*, No. CIV.A. 02CV5878FLW, 2005 WL 1677467, at *4 (D.N.J. June 30, 2005) (taking judicial notice of the SEC's press release pertaining to a partial consent judgment on a motion to dismiss).

    Defendants thus request the Court take judicial notice of Riot's February 5, 2019 Press Release which was filed as Exhibit 99.1 to the Company's February 11, 2019 Form 8-K before the SEC, which is attached to the Declaration of Thomas A. Zaccaro at Exhibit A. Defendants also request the Court take judicial notice of the relevant excerpts of Bioptix, Inc.'s Form S-3 (Amendment No. 3) filed on September 25, 2017 before the SEC, which is attached to the Declaration of Thomas A. Zaccaro at Exhibit G. Defendants also request the Court take judicial notice of Riot's October 23, 2018 press Release, which is attached to the Declaration of Thomas A. Zaccaro at Exhibit K. Defendants also request the Court take judicial notice of the SEC's July 12, 2019 Press Release concerning *Securities and Exchange Commission v. Barry Honig, et al.*, 18 Civ. 08175 (S.D.N.Y.

September 7, 2018), which is attached to the Declaration of Thomas A. Zaccaro at Exhibit L.

Finally, Defendants request the Court take judicial notice of Riot's historical stock prices during the alleged Class Period, which has been excerpted from the Yahoo! Finance Website, and attached to the Declaration of Thomas A. Zaccaro at Exhibit H.  Relatedly, Defendants also request the Court take judicial notice of a chart comparing Riot's stock prices with the price of Bitcoin during the alleged Class Period, which was produced from Yahoo! Finance's publicly available website, and attached to the Declaration of Thomas A. Zaccaro at Exhibit J.

II.     **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take notice of Exhibits A through L attached to the Declaration of Thomas A. Zaccaro, and consider them in connection with its adjudication of Defendants' contemporaneously filed motions to dismiss.

DATED: September 3, 2019   PAUL HASTINGS LLP

By: /s/ *Chad J. Peterman*
      CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 319-4090


THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC., JOHN
O'ROURKE, MICHAEL BEEGHLEY,
JEFFREY G. MCGONEGAL, ANDREW
KAPLAN, JASON LES, AND ERIC SO