## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>        Defendants. | Civil No. 3:18-CV-02293(FLW)(TJB)<br><br>MOTION DATE:  November 4, 2019<br><br>**ORAL ARGUMENT REQUESTED** |

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE IMPROPER ALLEGATIONS AND IMAGES FROM THE CORRECTED CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

---

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY,*
*JEFFREY G. MCGONEGAL, ANDREW KAPLAN, JASON LES, AND ERIC SO*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................1

II.    RELEVANT BACKGROUND .....................................................3

III.   THE COURT SHOULD STRIKE THE HOSPITAL ALLEGATIONS
       AND THE IMAGES FROM THE CORRECTED COMPLAINT ..............5

       A.   Standards Governing Motions to Strike Under Rule 12(f) .................5

       B.   The Hospital Allegations Are Immaterial, Scandalous, and
            Prejudicial .......................................................................6

       C.   The Images Are Improper Evidence, Redundant, and Equally
            Immaterial and Prejudicial ...............................................10

IV.    CONCLUSION ........................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barrett v. City of Allentown*,
   152 F.R.D. 50 (E.D. Pa. 1993) ............................................................................7

*Bristol-Myers Squibb Co. v. IVAX Corp.*,
   77 F. Supp. 2d 606 (D.N.J. 2000)........................................................5, 6, 7, 9

*Burks v. City of Phila.*,
   904 F. Supp. 421 (E.D. Pa. 1995).......................................................................7

*Cabot v. Wal-Mart Stores, Inc.*,
   No. CIV 11-0260 JB/RHS, 2012 U.S. Dist. LEXIS 55507
   (D.N.M. Apr. 10, 2012) ....................................................................................11

*Collura v. City of Phila.*,
   No. 2:12-cv-4398, 2012 U.S. Dist. LEXIS 180830
   (E.D. Pa. Dec. 20, 2012) ....................................................................................9

*EEOC v. Bo-Cherry, Inc.*,
   No. 3:13-cv-00210-MOC-DSC, 2013 U.S. Dist. LEXIS 74627
   (W.D.N.C. May 28, 2013) ...........................................................................11, 12

*In re Gabapentin Patent Litig.*,
   648 F. Supp. 2d 641 (D.N.J. 2009)......................................................................8

*Galvan v. Yates*,
   No. CV F 05-0986 AWI LJO, 2006 U.S. Dist. LEXIS 38427
   (E.D. Cal. May 24, 2006) ....................................................................................8

*Garlanger v. Verbeke*,
   223 F. Supp. 2d 596 (D.N.J. 2002)..................................................................5, 6

*Glenside W. Corp. v. Exxon Co., U.S.A., Div. of Exxon Corp.*,
   761 F. Supp. 1100 (D.N.J. 1991)........................................................................5

*Khan v. 7-Eleven, Inc.*,
   No. EDCV 14-00522 DMG (PLAx),
   2014 U.S. Dist. LEXIS 194828 (C.D. Cal. Nov. 3, 2014) .............................8, 11

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Murphy v. Cadillac Rubber & Plastics*,
  946 F. Supp. 1108 (W.D.N.Y. 1996)....................................................10

*Nat'l Junior Baseball League v. PharmaNet Dev. Grp., Inc.*,
  720 F. Supp. 2d 517 (D.N.J. 2010)........................................................7

*Nkemakolam v. St. John's John's Military Sch.*,
  876 F. Supp. 2d 1240 (D. Kan. 2010) ..................................................11

*NN&R, Inc. v. One Beacon Ins. Grp.*,
  362 F. Supp. 2d 514 (D.N.J. 2005).........................................................5

*Plevy v. Haggerty*,
  38 F. Supp.2d 816 (C.D. Cal. 1998) .......................................................7

*Rivera v. Robinson*,
  No. 18-14005, 2019 U.S. Dist. LEXIS 48692
  (E.D. La. Mar. 22, 2019) ......................................................................12

*Rose v. Bartle*,
  871 F.2d 331 (3d Cir. 1989) ...........................................................10, 11

*Slick Airways, Inc. v. Am. Airlines, Inc.*,
  15 F.R.D. 175 (D.N.J. 1954) ..................................................................6

*Sullivan v. Warminster Twp.*,
  No. 07-4447, 2010 U.S. Dist. LEXIS 53409
  (E.D. Pa. May 27, 2010).........................................................................9

*Thomas v. Keystone Real Estate Grp. LP*,
  No. 4:14-CV-0543, 2015 U.S. Dist. LEXIS 68789
  (M.D. Pa. May 28, 2015)......................................................................10

*United States v. Kramer*,
  757 F. Supp. 397 (D.N.J. 1991)........................................................9, 13

*XY Skin Care & Cosmetics, LLC v. Hugo Boss U.S., Inc.,* No. CV-08-
  1467-PHX-ROS, 2009 U.S. Dist. LEXIS 69866
  (D. Ariz. Aug. 4, 2009).........................................................................11

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

Fed. R. Civ. P.

  R. 8.............................................................................................................10

  R. 9.............................................................................................................10

  R. 10(c) ................................................................................................*passim*

  R. 12(f)................................................................................................*passim*

Pursuant to Rules 12(f) and 10(c) of the Federal Rules of Civil Procedure,

Defendants Riot Blockchain, Inc. ("Riot" or the "Company"), Michael Beeghley

("Beeghley"), John O'Rourke ("O'Rourke"), Jeffrey G. McGonegal

("McGonegal"), Andrew Kaplan ("Kaplan"), Jason Les ("Les"), and Eric So ("So"

and Riot, Beeghley, O'Rourke, McGonegal, Kaplan, and Les are collectively the

"Defendants"), respectfully submit this memorandum of law in support of their

motion to strike improper allegations and images from Lead Plaintiff Dr. Stanley

Golovac's ("Lead Plaintiff") Corrected Consolidated Amended Class Action

Complaint for Violations of the Federal Securities Laws (the "Corrected

Complaint" or "CCAC").  (Dkt. No. 73.)

## I.    <u>INTRODUCTION</u>

Lead Plaintiff claims that Defendants engaged in a purported "pump-and-

dump" scheme in violation of the federal securities laws.  (*See* CCAC ¶ 2.)  In an

alleged effort to support the contention that defendants Barry Honig, O'Rourke,

and Mark Groussman ("Groussman"), as well as non-party Harvey Kesner

("Kesner"), knew that they had a "material relationship" outside of their being

owners of Riot stock, Lead Plaintiff improperly introduces allegations that are

immaterial, scandalous, and prejudicial to Defendants.  (*See id.* ¶¶ 389-92.)  Such

allegations, contained in paragraphs 389 through 392 of the Corrected Complaint,

and the footnote and images embedded therein, revolve around an alleged hospital

visit after Honig and his lawyer, Kesner, supposedly ingested marijuana products (the "Hospital Allegations"). (*See id.* ¶ 389, fn. 50.)  According to the Corrected Complaint, these events occurred in 2014, *years before* Honig became a Riot shareholder and *three years before* the start of the class period.  (*See id*. ¶¶ 1, 5.) Allegations of a hospital visit do not relate to Lead Plaintiff's claims for securities violations and would serve only to negatively affect the perception of certain of the Defendants' characters.  Striking these immaterial allegations will ensure that the Court's time and resources are not wasted on irrelevant matters and that Defendants are not subject to unfair prejudice.  Thus, the Court should strike the Hospital Allegations.

The Court should also strike all of the images embedded throughout the Corrected Complaint (the "Images") for independent, but equally compelling reasons.  (*See* CCAC ¶¶ 176, 187, 195, 275, 283, 332, 389-90.)[1]  These Images are inappropriate under Rule 10(c) of the Federal Rules of Civil Procedure, which only allows the incorporation of "written instruments"—not photographs or images— into a complaint, and are equally immaterial, scandalous, and prejudicial.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  Indeed, Lead Plaintiff improperly attempts to offer many of the Images as evidence of his allegations.  (*See* CCAC ¶¶

---

[1] Defendants are not requesting that the Court strike the images of Riot's Forms S-3 throughout the Corrected Complaint.

389-90.)  In any event, the Images are redundant to Lead Plaintiff's written allegations, providing yet another basis for striking them from the Corrected Complaint.  *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant . . . matter.").

## II.    <u>RELEVANT BACKGROUND</u>

Lead Plaintiff alleges that Defendants committed violations of the federal securities laws.  (*See* CCAC ¶ 1.)  The claims center on contentions that Defendants made misrepresentations and/or omissions in connection with a scheme, allegedly orchestrated by Honig and O'Rourke, to artificially inflate the stock price of Riot.  (*See id*. ¶ 2.)

With respect to the Hospital Allegations, Lead Plaintiff describes a purported meeting that took place between Honig, O'Rourke, Groussman, and Honig's lawyer, Kesner.  (*See id.* ¶ 389.)  Lead Plaintiff alleges that "[t]he group appear to be recovering together in a hospital room after reportedly attending the 2014 Roth Capital Conference." (*See id*.)  The allegations also include a footnote in which Lead Plaintiff claims that "[d]uring the '14 Roth Capital conference Barry Honig & his attorney Harvey Kesner allegedly took a bunch of edibles.  They got so high, according to our source, that Barry bugged out and called an ambulance on himself." (*See id*.)  The allegations include a photograph of what appears to be Honig and Kesner asleep in a hospital bed and a link to a

-3-

YouTube video that purports to depict Honig and Kesner in a hospital bed during the same hospital visit.  (*See id*. ¶¶ 389-90.)

Lead Plaintiff also includes photographs and images throughout the Corrected Complaint.  Lead Plaintiff does so, despite dedicating written allegations that describe the Images.  (*See id.* ¶¶ 176, 187, 195, 275, 283, 332, 389-90.)  For example, in paragraph 195 of the Corrected Complaint, Lead Plaintiff alleges that Riot bought bitcoin mining machines at an inflated price, although it could have purchased "the same machines directly from their manufacturer . . . for only $2,320 each."  (*See id.* ¶¶ 195.)  Instead of stopping there, Lead Plaintiff introduces an image from a website depicting nothing more than the machine at that price.  (*See id.*)  Paragraph 187 purports to depict abandoned mining operations of an unrelated company.[2]  Similarly, Lead Plaintiff includes an image from a video showing O'Rourke closing the door on CNBC, although Lead Plaintiff also alleges in written allegations that when CNBC attempted to contact O'Rourke, "O'Rourke quickly closed the door."  (*Id.* ¶ 332.)

---

[2] This allegation contains a footnote with a reference to a website from which the photograph was taken. (*See* CCAC ¶ 187, fn. 19.)  That website posts approximately fifty (50) photographs that appear to reflect actual mining operations and other photographs.  But, in demonstrating his improper and selective use of photographs, Lead Plaintiff chose to include just one of what appears to be an abandoned shack.  (*See id*.)

## III.   THE COURT SHOULD STRIKE THE HOSPITAL ALLEGATIONS AND THE IMAGES FROM THE CORRECTED COMPLAINT

### A.   Standards Governing Motions to Strike Under Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *see also Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000) (courts are authorized to strike matter that is immaterial and prejudicial).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters . . . ."  *NN&R, Inc. v. One Beacon Ins. Grp.*, 362 F. Supp. 2d 514, 525 (D.N.J. 2005).

Motions to strike are meant to save time and expense through the excision of matter from the pleadings that will not affect the outcome of the case.  *See Glenside W. Corp. v. Exxon Co., U.S.A., Div. of Exxon Corp.,* 761 F. Supp. 1100, 1115 (D.N.J. 1991) ("Motions to strike save time and expense . . . by making it unnecessary to litigate [matter] which will not affect the outcome of the case."). To succeed, the moving party should show that the allegations may cause prejudice to one of the parties or the allegations confuse the issues.  *See Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002).

### B.   The Hospital Allegations Are Immaterial, Scandalous, and Prejudicial

The Court should strike the Hospital Allegations in the Corrected Complaint because they are immaterial and simply serve to prejudice Defendants.  Allegations are immaterial to a matter when they are not related to the controversy and may cause prejudice to one of the parties or confuse the issues.  *Slick Airways, Inc. v. Am. Airlines, Inc.*, 15 F.R.D. 175, 180 (D.N.J. 1954) (striking allegations that were "unessential" to the complaint); *see also Bristol-Myers*, 77 F. Supp. 2d at 620 (striking allegations irrelevant to plaintiff's claims because they "are likely to cause unfair prejudice to [the defendant] and unduly complicate the trial").  Lead Plaintiff's Hospital Allegations center on a video and images of certain Defendants "recovering in a hospital room" after taking "a bunch of edibles."  (*See* CCAC ¶¶ 389-92.)  ***The alleged event occurred in 2014, three years before the start of the class period, (see id. ¶ 1 (April 1, 2017)), and years before Honig became a Riot shareholder.  (See id. ¶ 5 (March 2016).)***  In an action for securities violations, it is difficult to imagine how such allegations would have any bearing on the issues at hand—*i.e.*, whether Defendants knowingly engaged in any fraudulent activity under federal securities laws.  *Garlanger*, 223 F. Supp. 2d at 609 (courts should strike material that "will not have any possible bearing on the outcome of the litigation.").

Lead Plaintiff attempts to justify the addition of these allegations by stating that they are included to contradict a statement by Kesner, Honig's attorney, that "he didn't know anything about Riot Blockchain and Barry Honig . . . ." (*See* CCAC ¶ 392 ("The above allegations are specifically included to contradict Kesner's statement to CNBC . . .").) Kesner's alleged statement, however, is immaterial to this action. What Kesner—who is not even a defendant in this action—knows or does not know has no bearing on the outcome of Lead Plaintiff's claims. *See Bristol-Myers*, 77 F. Supp. 2d at 620. It is not Kesner's state of mind that dictates the result of this litigation. *See Nat'l Junior Baseball League v. PharmaNet Dev. Grp., Inc.*, 720 F. Supp. 2d 517, 550 (D.N.J. 2010) (non-party actions do not establish scienter on the part of the defendants); *Plevy v. Haggerty*, 38 F. Supp.2d 816, 834 n.12 (C.D. Cal. 1998) ("[non-defendant] transactions are irrelevant to alleging scienter against the five named Defendants" and their inclusion in the complaint is "misleading").

Not only is the nonparty's statement completely irrelevant to the issues in this litigation, the Hospital Allegations are essentially an attempt at legal argument and an attempt to introduce proof of Lead Plaintiff's claim that certain parties had "a material relationship." *Barrett v. City of Allentown*, 152 F.R.D. 50, 53 (E.D. Pa. 1993) (striking allegations that amounted to legal argument); *Burks v. City of Phila.*, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (striking a complaint that was ridden

with "unnecessary, burdensome, and often improper argumentative detail . . ."); *Galvan v. Yates*, No. CV F 05-0986 AWI LJO, 2006 U.S. Dist. LEXIS 38427, at *12 (E.D. Cal. May 24, 2006) (striking declarations that were "in the nature of evidence submitted to bolster Plaintiff's allegations as set forth . . ." in the complaint).  This is simply not proper at the pleading stage.  *Khan v. 7-Eleven, Inc.*, No. EDCV 14-00522 DMG (PLAx), 2014 U.S. Dist. LEXIS 194828, at *18 (C.D. Cal. Nov. 3, 2014) (complaint is a "vehicle for teeing up claims, not offering or introducing proof of those claims").

Moreover, even assuming that these allegations are procedurally appropriate (which they are not) and that Lead Plaintiff included the Hospital Allegations to show that "Honig, O'Rourke, Groussman, and Kesner knew they were part of a concerted group of associates with a close 'material relationship,'" such inflammatory allegations that are—at most—tangentially related to the issue of scienter are superfluous, redundant, and unnecessarily prejudicial.  This is particularly true given the images and video depict events that occurred so long before the start of the class period when none of the people shown in the photographs and video had any connection to Riot.[3]  *See In re Gabapentin Patent Litig.*, 648 F. Supp. 2d 641, 649 (D.N.J. 2009) (striking a defense that was "neither

---

[3] Indeed, details regarding Honig and Kesner taking "a bunch of edibles" years before the class period do not even support Lead Plaintiff's stated purpose of showing knowledge on behalf of Defendants.  (*See* CCAC ¶ 389, fn. 50; *id.* ¶ 392.)

directly related nor closely connected to the issues and objectives of the litigation"); *see also Bristol-Myers,* 77 F. Supp. 2d at 620 (striking allegations that were "superfluous to the 'real issues' of [litigation] . . ."). Striking the Hospital Allegations would not affect the outcome of this litigation. *See United States v. Kramer,* 757 F. Supp. 397, 410 (D.N.J. 1991) (court may strike matter that "would not affect the outcome of the case").

The Hospital Allegations are also "scandalous," providing a further basis for striking them from the Corrected Complaint. *See* Fed. R. Civ. P. 12(f). Scandalous "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Collura v. City of Phila.*, No. 2:12-cv-4398, 2012 U.S. Dist. LEXIS 180830, at *21-22 (E.D. Pa. Dec. 20, 2012). The inclusion of the Hospital Allegations is a transparent attempt to tarnish Riot and its officers and directors with irrelevant matter to paint an immoral picture of one of its shareholders (years before he became a shareholder) and his then lawyer.

Simply put, inflammatory allegations and photographs of a hospital visit and drug use of have no purpose in a securities matter other than to cast Defendants in a negative light. *See Sullivan v. Warminster Twp.*, No. 07-4447, 2010 U.S. Dist. LEXIS 53409, at *32 (E.D. Pa. May 27, 2010) (striking allegations involving a stray bullet hitting a child's headboard because they were clearly meant to cast the

defendant "in a negative or prejudicial light"). As these allegations do not relate to Lead Plaintiff's claims, the inclusion of them is highly prejudicial. *Thomas v. Keystone Real Estate Grp. LP*, No. 4:14-CV-0543, 2015 U.S. Dist. LEXIS 68789, at *8 (M.D. Pa. May 28, 2015) (striking allegations of drug use because they did not relate to an employment discrimination claim and were prejudicial to the defendant). Accordingly, the Court should strike the Hospital Allegations.

### C.   The Images Are Improper Evidence, Redundant, and Equally Immaterial and Prejudicial

The Court should also strike the Images from the Corrected Complaint because they are not properly part of the pleadings. Under the Federal Rules of Civil Procedure, a pleading contains "statements" and "allegations," not photographs or images. *See* Fed. R. Civ. P. 8, 9. While Rule 10(c) allows plaintiffs to incorporate exhibits into the pleadings, it only encompasses "written instruments" and requires such instruments to be attached to, rather than embedded in the complaint. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Indeed, the types of matter that can be incorporated into the pleadings by Rule 10(c) "consist largely of documentary evidence, specifically, contracts, notes, and other 'writing[s] on which [a party's] action or defense is based." *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989) (holding that an affidavit is not a "written instrument" under Rule 10(c)) (internal citation omitted); *see also Murphy*

*v. Cadillac Rubber & Plastics,* 946 F. Supp. 1108, 1115 (W.D.N.Y. 1996) ("A 'written instrument' is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement."). The Images are not only improper "written instruments," they are also inappropriately inserted into the Corrected Complaint. *Rose*, 871 F.2d at 339 n.3; *see also XY Skin Care & Cosmetics, LLC v. Hugo Boss U.S., Inc.,* No. CV-08-1467-PHX-ROS, 2009 U.S. Dist. LEXIS 69866, at *7 (D. Ariz. Aug. 4, 2009) (striking digital images from an answer because not only were they not attached as exhibits, they also did not qualify as "written instruments" under Rule 10(c)); *Khan*, 2014 U.S. Dist. LEXIS 194828, at *18 (striking photographs because they were "purely evidentiary matter" and not "written instruments" as required by Rule 10(c)).

In effect, Lead Plaintiff is attempting to introduce images that "are clearly intended as evidence to support specific factual allegations . . . ." *Nkemakolam v. St. John's John's Military Sch.*, 876 F. Supp. 2d 1240, 1247 (D. Kan. 2010) (photographs cannot be used as evidence of allegations in a complaint under Rule 10(c)); *Cabot v. Wal-Mart Stores, Inc.*, No. CIV 11-0260 JB/RHS, 2012 U.S. Dist. LEXIS 55507, at *18 (D.N.M. Apr. 10, 2012) ("the Federal Rules of Civil Procedure contemplate statements and allegations in parties' pleadings, thus implicitly excluding matters such as photographs. . ."); *EEOC v. Bo-Cherry, Inc.,*

No. 3:13-cv-00210-MOC-DSC, 2013 U.S. Dist. LEXIS 74627, at *7-8 (W.D.N.C.

May 28, 2013) (cases "unequivocally hold that photographs should not be attached

as exhibits to either a complaint or an answer"); *Rivera v. Robinson*, No. 18-14005,

2019 U.S. Dist. LEXIS 48692, at *12 (E.D. La. Mar. 22, 2019) (photographs

should be stricken because they are not written instruments and are immaterial).

For example, while Lead Plaintiff includes a written allegation in

paragraph 195 of the Corrected Complaint, which claims that Riot overpaid for a

bitcoin mining machine that was priced at $2,320, he also inserts an Image—that

merely depicts the cost of the machine—for no conceivable reason other than in an

attempt to *prove* his allegation.  (*See* CCAC ¶ 195.)  Lead Plaintiff proceeds in this

manner throughout the entire Corrected Complaint—embedding Images that offer

no additional facts, but rather evidence precisely what Lead Plaintiff already

alleged.[4]  (*See id*. ¶¶ 176, 187, 275, 283, 332, 389-90.); *see also Bo-Cherry*, 2013

U.S. Dist. LEXIS 74627, at *10 (Rule 10(c) "simply do[es] no allow a [complaint]

. . . to be the vehicle for publication of all evidence that may support a claim . . .").

In that regard, these Images are also redundant.  *See* Fed. R. Civ. P. 12(f) (allowing

---

[4] As a further example, the allegations in paragraph 332 explain the CNBC investigation report, including the quote, "O'Rourke quickly closed the door." (*See* CCAC ¶ 332.)  The image, here, simply pictures O'Rourke closing the door, and is, thus, duplicative of the quote.  (*See id.*)  While these examples provide helpful illustrations, paragraphs 176, 187, 275, 283, 332, and 389-90 in the Corrected Complaint *all* attempt to improperly introduce images as evidence of Lead Plaintiff's allegations and should be stricken.  (*See id.* ¶¶ 176, 187, 275, 283, 332, 389-90.)

-12-

courts to strike redundant matter from a complaint).  They echo the words of the Corrected Complaint, and accordingly, the Images should be stricken from the pleadings.  (*See id*. ¶¶ 176, 187, 275, 283, 332, 389-90.)

Similarly, paragraph 187 appears to depict an abandoned mine operation of Cresval Capital Corp. ("Cresval"), not Riot.  *See Kramer,* 757 F. Supp. at 410 (D.N.J. 1991) (court may strike matter that "would not affect the outcome of the case").  The only alleged connection to Riot is that Riot owned a 52% interest in Tess Inc. (*see id*. ¶ 168), which announced a letter of intent to merge with Cresval in December 2017.  (*See id*. ¶ 185.)  The allegation contains a footnote with a link to Cresval's website, a visit to which reveals Lead Plaintiff's selective and improper use of this image.  (*See id*. ¶ 187, fn. 19.)

## IV.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court strike the Hospital Allegations and the Images from the Corrected Complaint.

DATED:  September 3, 2019                    PAUL HASTINGS LLP

By:  */s/ Chad J. Peterman*
      CHAD J. PETERMAN

chadpeterman@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC.,
JOHN O'ROURKE, MICHAEL
BEEGHLEY, JEFFREY G.
MCGONEGAL, ANDREW
KAPLAN, JASON LES, AND ERIC
SO