# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TANAKA, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>　　　　　Defendants. | Civil Action No.: 18-2293 (FLW) (TJB)<br><br>MOTION DATE: November 4, 2019<br><br>ORAL ARGUMENT REQUESTED |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN STETSON'S JOINDER AND MOTION TO DISMISS THE CORRECTED CONSOLIDATED AMENDED CLASS COMPLAINT

| | |
|---|---|
| Matthew M. Oliver<br>Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Email: moliver@lowenstein.com | George S. Canellos (*pro hac vice* pending)<br>Adam Fee (*pro hac vice* pending)<br>MILBANK LLP<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: 212-530-5792<br>Email: gcanellos@milbank.com<br>　　　　afee@milbank.com |

*Attorneys for Defendant John Stetson*

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*De Vito v. Liquid Holdings Grp., Inc.*,
　No. 15 Civ. 6969 (KM), 2018 WL 6891832 (D.N.J. Dec. 31, 2018)...................2

*In re DNTW Chartered Accountants Sec. Litig.*,
　172 F. Supp. 3d 675 (S.D.N.Y. March 22, 2016)................................................2

**Statutes**

Fed. R. Civ. Proc. 9(b) ...............................................................................................3

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................3

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-
　4(b)..........................................................................................................................3

Defendant John Stetson ("Stetson") joins and reiterates the arguments set forth in the moving briefs and supporting papers of the Riot Blockchain Defendants, the Director Defendants, and Barry Honig, to the extent they are applicable to the paper-thin allegations against Stetson found in Lead Plaintiff's Corrected Consolidated Amended Class Action Complaint (the "Complaint" or "CCAC"). The three motions filed by Stetson's co-defendants outline in detail the deficiencies in the Complaint, including its failure to sufficiently allege an actionable misrepresentation or omission by any party, or loss causation. Stetson submits this memorandum to briefly address the lack of any particularized allegations relating to misleading acts or omissions on his part, or to his state of mind.

First, the Complaint is silent with respect to conduct by Stetson that could plausibly relate to statements or omissions concerning Riot Blockchain, Inc. ("Riot"). While the Complaint includes Stetson in the "scheme" claim alleged in Count II, it fails to identify any role at all played by Stetson in the alleged scheme, beyond noting that Stetson owned and traded shares in Riot at certain points in late 2017 and early 2018. Yet, the Complaint offers no factual allegations that any of these trades were improper, let alone that they were executed in furtherance of a scheme to mislead investors. Nor does the Complaint allege that Stetson made **any** statements about Riot or had **any** involvement in formulating, influencing, or distributing statements made by others concerning the Company. Instead, as

1

discussed in the other defendants' moving briefs, most of the Complaint is devoted to wholly irrelevant allegations about conduct involving companies unaffiliated with Riot; but Stetson barely registers even in those unrelated allegations.

Second, even if the Complaint had alleged some relevant actions on Stetson's part, it must be dismissed because it lacks any allegations supporting the inference that Stetson intended to commit fraud with respect to Riot. It appears Lead Plaintiff may believe that he is offering scienter-related allegations by noting that the SEC filed a civil action against Stetson and others for allegedly fraudulent conduct unrelated to Riot. But the Complaint fails to draw any compelling and cogent connection between the SEC action – and the events at issue in that action – and the scheme alleged in the Complaint. The mere fact of an SEC investigation or civil filing does not support an inference of fraudulent intent, especially where, as here, the conduct at issue in the SEC action does not concern the company at issue in the private securities action. *See De Vito v. Liquid Holdings Grp., Inc.*, No. 15 Civ. 6969 (KM) (JBC), 2018 WL 6891832, at *36 (D.N.J. Dec. 31, 2018) ("The general pendency of an SEC investigation does not necessarily support a strong inference of scienter as to particular allegations.… I do not factor the SEC investigation into the scienter analysis."); *see also In re DNTW Chartered Accountants Sec. Litig.*, 172 F. Supp. 3d 675, 690 (S.D.N.Y. March 22, 2016) ("The fact that this Court can consider

2

information drawn from the SEC's cease and desist order does not mean, of course, that such information will necessarily be sufficient to establish scienter.").

Beyond that, the Complaint includes a handful of allegations concerning entirely irrelevant and uncontroversial facts about Stetson, including that he shared, at one time, an office with Honig and O'Rourke, and that he resided at some point in a home located within 800 feet of another co-defendant. None of these allegations tend to support the inference that Stetson intended to deceive investors in Riot.

Accordingly, for the reasons set forth above and in his co-defendants' motions, Mr. Stetson respectfully asks the Court to dismiss Count II of the Complaint for failure to state a claim pursuant to Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b). Because nothing in the Complaint suggests that there is any reformulation of the alleged facts that could give rise to a plausible claim against Stetson, and because this is already the fourth iteration of the pleading, the Court should dismiss the Complaint with prejudice as any further amendments would be futile.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  October 1, 2019 | LOWENSTEIN SANDLER LLP |
|  | /s/ Matthew M. Oliver<br>Matthew M. Oliver<br>moliver@lowenstein.com<br>One Lowenstein Drive<br>Roseland, New Jersey 07068 |
|  | George S. Canellos (*pro hac vice* pending)<br>gcanellos@milbank.com<br>Adam Fee (*pro hac vice* pending)<br>afee@milbank.com<br>55 Hudson Yards<br>New York, NY 10001 |
|  | *Counsel for Defendant John Stetson* |