## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>          Defendants. | Civil No. 3:18-CV-02293(FLW)(ZNQ)<br><br>MOTION DATE: November 18, 2019<br><br>**ORAL ARGUMENT REQUESTED** |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF JOSEPH J. DEPALMA, INCLUDING ALL EXHIBITS ATTACHED THERETO, IN SUPPORT OF LEAD PLAINTIFF'S OMNIBUS OPPOSITION TO MOTIONS TO DISMISS

---

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY,*
*JEFFREY G. MCGONEGAL, ANDREW KAPLAN, JASON LES, AND ERIC SO*

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...........................................................................1

II.  ARGUMENT...................................................................................3

    A.   The DePalma Declaration and Exhibits Improperly Seek to
Amend the Factual Allegations in the Corrected Complaint..............3

    B.   The Court Should Not Take Judicial Notice of the DePalma
Declaration and Its Exhibits ...............................................................5

    C.   The Court Should Not Consider the DePalma Declaration or Its
Exhibits Under the Incorporation by Reference Doctrine ..................8

III. CONCLUSION ............................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buck v. Hampton Twp. Sch. Dist.*,
  452 F.3d 256 (3d Cir. 2006) ................................................................. 8

*Butler v. Los Angeles Cty.*,
  617 F. Supp. 2d 994 (C.D. Cal. 2008) ................................................... 3

*United States ex rel. Dingle v. BioPort Corp.*,
  280 F. Supp. 2d 968 (W.D. Mich. 2003), *aff'd*, 388 F.3d 209
  (6th Cir. 2004) ...................................................................................... 9

*In re Direxion Shares ETF Tr.*,
  No. 09 CIV. 8011 KBF, 2012 WL 717967 (S.D.N.Y. Mar. 6, 2012) ................. 5

*In re Donald J. Trump Casino Secs. Litig.*,
  7 F.3d 357 (3d Cir. 1993) ..................................................................... 7

*In re Egalet Corp. Secs. Litig.*,
  340 F. Supp. 3d 479 (E.D. Pa. 2018) .................................................... 6

*Foster v. Crestwood Sch. Dist.*,
  No. CV 3:16-1096, 2017 WL 1078195 (M.D. Pa. Mar. 22, 2017) ..................... 3

*Garber v. Flores*,
  No. CV 08-4208DDPRNB, 2009 WL 1649727
  (C.D. Cal. June 10, 2009) ...................................................................... 2

*Gen. Elec. Capital Corp. v. Lease Resolution Corp.*,
  128 F.3d 1074 (7th Cir. 1997) ............................................................... 6

*In re Intelligroup Sec. Litig.*,
  527 F. Supp. 2d 262 (D.N.J. 2007) ........................................................ 7

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
  20 F.3d 1250 (3d Cir. 1994) ................................................................. 1

*Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*,
  815 F. Supp. 2d 679 (S.D.N.Y. 2011) ................................................... 8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
No. 1:12-CV-00993, 2016 WL 7117455 (M.D. Pa. Dec. 7, 2016) ...................... 4

*Pen. Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
998 F.2d 1192 (3d Cir. 1993) ................................................................... 5

*In re Processed Egg Prod. Antitrust Litig.*,
821 F. Supp. 2d 709 (E.D. Pa. 2011)..................................................... 9

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007) ................................................................. 9

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*,
181 F.3d 410 (3d Cir. 1999) ................................................................. 5

*In re Turbodyne Technologies, Inc. Sec. Litig.*,
No. CV 99–00697 MMM (BQRx), 2000 WL 33961193
(C.D. Cal. Mar. 15, 2000) ..................................................................... 9

*U.S. ex rel. Spay v. CVS Caremark Corp.*,
913 F. Supp. 2d 125 (E.D. Pa. 2012).................................................... 6

*Steinagel v. Valley Oral Surgery*,
No. 12-CV-05645, 2013 WL 5429269 (E.D. Pa. Sept. 30, 2013) .................. 2, 3

*In re White Elec. Designs Corp. Secs. Litig.*,
416 F. Supp. 2d 754 (D. Ariz. 2006) ..................................................... 8

**Statutes**

15 U.S.C. § 78u-4 ................................................................................... 5

**Other Authorities**

Fed. R. Civ. P.
R. 10(c) ............................................................................................ 1
R. 12(f) ............................................................................................ 1
R. 15(a)(2)........................................................................................ 2

Fed. R. Evid. 201 ................................................................................. 2

Pursuant to Rules 12 and 15(a)(2)(f) of the Federal Rules of Civil Procedure, Defendants Riot Blockchain, Inc. ("Riot" or the "Company"), Michael Beeghley ("Beeghley"), John O'Rourke ("O'Rourke"), Jeffrey G. McGonegal ("McGonegal"), Andrew Kaplan ("Kaplan"), Jason Les ("Les"), and Eric So ("So") (Riot, Beeghley, O'Rourke, McGonegal, Kaplan, Les and So are collectively the "Defendants"), respectfully submit this memorandum of law in support of their motion to strike the Declaration of Joseph J. DePalma, including all exhibits attached thereto, In Support of Lead Plaintiff Dr. Stanley Golovac's ("Lead Plaintiff") Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss (the "Opposition") and all of the exhibits attached thereto (the "DePalma Declaration").  (*See* Dkt. No. 136-1.)

## I.    INTRODUCTION

It is well established that a court limits its review on a motion to dismiss to the allegations in the complaint and any documents attached thereto.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994) ("[A] court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.").  Yet, the Opposition attempts to supplement the allegations in the Corrected Consolidated Amended Class Action Complaint (the "Corrected Complaint") in order to save Lead Plaintiff's deficiently

pled claims.  This supplementation is wholly improper.  The DePalma Declaration and its exhibits should therefore be stricken in their entirety.

Lead Plaintiff cannot circumvent the requirements of Rule 15(a)(2) by loading the Opposition with new allegations referenced in the 47 exhibits attached to the DePalma Declaration.  Lead Plaintiff must instead seek leave of this Court. Fed. R. Civ. P. Rule 15(a)(2).  Moreover, the exhibits attached to the DePalma Declaration refer to matters outside the pleadings, which cannot be relied on when opposing a motion to dismiss.  *Steinagel v. Valley Oral Surgery*, No. 12-CV-05645, 2013 WL 5429269, at *5 (E.D. Pa. Sept. 30, 2013) (striking plaintiff's declaration which supplemented her factual averments in response to a motion to dismiss).

In any event, the Court should not judicially notice the exhibits attached to the DePalma Declaration or consider them based on the "incorporation by reference doctrine."  Setting aside the fact that Lead Plaintiff neglected formally to request judicial notice, Lead Plaintiff improperly relies on the exhibits for the truth of the matters asserted.  *See* Fed. R. Evid. 201.  Moreover, there is no authenticating information provided for many of these exhibits, which renders them subject to reasonable dispute.  *See Garber v. Flores*, No. CV 08-4208DDPRNB, 2009 WL 1649727, at *1 (C.D. Cal. June 10, 2009) (declining to take judicial notice of a chart containing the plaintiff's characterization of his

interactions with defendants because it contained matters subject to reasonable dispute).

## II.    ARGUMENT

### A.    The DePalma Declaration and Exhibits Improperly Seek to Amend the Factual Allegations in the Corrected Complaint

"[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).  A court "must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence." *Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008).  A plaintiff is therefore prohibited from providing "supplemental factual averments" to claims in response to a motion to dismiss.  *See Steinagel*, 2013 WL 5429269, at *5 (granting motion to strike the plaintiff's declaration, which averred facts that were extraneous to the complaint in response to defendants' motion to dismiss and motion to strike).

Nevertheless, the DePalma Declaration is rife with materials that do "not form the basis of [Lead Plaintiff's] claims, rather [they] provid[e] supplemental facts in support of [his] claims." *Foster v. Crestwood Sch. Dist.*, No. CV 3:16-1096, 2017 WL 1078195, at *5 (M.D. Pa. Mar. 22, 2017) (rejecting consideration of plaintiff's declaration submitted in support of her opposition to a motion to

dismiss).[1]  By way of example, Exhibits 46 and 47 of the DePalma Declaration purport to be SEC filings relating to Polarity TE, Inc.  (*See* DePalma Decl., Exs. 46, 47.)  However, neither of these filings is referenced anywhere in Lead Plaintiff's Opposition—or even in the Corrected Complaint for that matter—and thus serves only to supplement Lead Plaintiff's pleadings.

In fact, Lead Plaintiff even relies on documents that ***did not even exist*** at the time the Corrected Complaint was filed, thus revealing Lead Plaintiff's attempt to introduce new facts through his Opposition.  (*Compare* Dkt. No. 73 (showing that the Corrected Complaint was filed on May 9, 2019) *with* DePalma Decl., Ex. 21 (attaching Riot's Form 10-Q filed on May 10, 2019 for the period ending March 31, 2019).)  As such, the Court should disregard and strike the DePalma Declaration, including the exhibits, in its entirety because it attempts to circumvent the federal rules for amending pleadings.  *See Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-CV-00993, 2016 WL 7117455, at *7 (M.D. Pa. Dec. 7, 2016) ("To the extent that the Declaration seeks to add to the factual allegations contained in the SAC, such an effort is improper.").

---

[1] The Corrected Complaint does not cite or reference the vast majority of the exhibits attached to the DePalma Declaration.  (*See* DePalma Decl., Exs. 3, 5–14, 16–17, 19–23, 26–27, 30–32, 34, 36–47.)  The Court should also not consider the exhibits actually referenced in the Corrected Complaint because Lead Plaintiff attached those exhibits to prove the truth of the matter therein.  (*See infra,* Section II(B).)

The DePalma Declaration also circumvents the Private Securities Litigation Reform Act's requirement that obligates Lead Plaintiff to personally certify the filing of his complaint.  15 U.S.C. § 78u-4.  As shown above, the DePalma Declaration seeks to add new factual allegations to the Corrected Complaint, even though Lead Plaintiff has not certified these new allegations.  *Id.*  The Court should strike and disregard the DePalma Declaration and exhibits for this independent reason.  *In re Direxion Shares ETF Tr.*, No. 09 CIV. 8011 KBF, 2012 WL 717967, at *7 (S.D.N.Y. Mar. 6, 2012) (requiring new allegations to be accompanied by new PSLRA certifications).

## B. The Court Should Not Take Judicial Notice of the DePalma Declaration and Its Exhibits

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pen. Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  However, the Court may take judicial notice of matters of public record only to establish the existence of documents—not for the truth of the matters asserted therein.  *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (concluding that "on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

-5-

As a preliminary matter, Lead Plaintiff failed to request the Court take judicial notice of the DePalma Declaration and its exhibits.  Even if Lead Plaintiff had properly sought judicial notice, the Court should deny the request.  The DePalma Declaration attaches documents that are:  (1) offered by Lead Plaintiff for the truth of the matters asserted therein; and/or (2) subject to reasonable dispute.

*First*, Lead Plaintiff explicitly relies on the documents attached to the DePalma Declaration for the truth of the matters asserted.[2]  For instance, Lead Plaintiff relies on Messrs. Honig and Groussman's settlements with the SEC as proof that Messrs. O'Rourke and Honig were involved in a pump-and-dump scheme.  (Opp. at 40 (citing DePalma Decl., Ex. 3).)  This is improper because Lead Plaintiff asks the Court not only to take notice that Messrs. Honig and Groussman did in fact settle with the SEC, but for the veracity of the statements contained in the settlement agreements.  *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997) (finding that courts cannot

---

[2] Defendants, unlike Lead Plaintiff, do not take the materials for the truth of the matter asserted.  Defendants properly rely on judicially noticeable documents to show what information existed in the marketplace during the Class Period.  *See U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139-140 (E.D. Pa. 2012) ("Such notice serves only to indicate what was in the public realm at the time, not whether the contents of those documents are true.").  Defendants also appropriately provide the additional context to documents Lead Plaintiff relies on in the Corrected Complaint.  *See In re Egalet Corp. Secs. Litig.*, 340 F. Supp. 3d 479, 497 (E.D. Pa. 2018).

take notice of findings of fact from other proceedings for the truth asserted therein).

*Second*, the DePalma Declaration also attaches exhibits of dubious authenticity that Lead Plaintiff relies on for the truth of the matters asserted.  (*See, e.g.*, DePalma Decl., Exs. 17, 19, 27, 31, 36, 37.)  For example, Lead Plaintiff claims that Exhibit 36 "illustrate[s] Defendants' broader scheme to pump and dump Riot's stock."  (Opp. at 59.)  Lead Plaintiff further claims that Exhibit 37, which purportedly shows Riot's "mounting losses following its transformation" from a biotech company to a cryptocurrency company, proves that it has taken large amounts of assert impairments.  (*Id.* at 24.)  Lead Plaintiff also relies on Exhibit 31 for his loss-causation argument, claiming that Riot's share price fell as the price of Bitcoin rose following the Company's corrective disclosures.  (*Id.* at 22–23.)

Lead Plaintiff, however, fails to provide ***any*** authenticating information whatsoever regarding these exhibits (e.g., who created these documents or where the information was obtained from).[3]  *See In re Donald J. Trump Casino Secs.*

---

[3] By contrast, Defendants rely on a chart of Riot's historical stock prices, and a chart comparing Riot's stock prices with the price of Bitcoin during the alleged Class Period, which were obtained from the Yahoo! Finance's publicly available website.  (*See* Declaration of Thomas A. Zaccaro In Support of Defendants' Motions to Dismiss (the "Zaccaro Declaration"), Dkt. No. 110 ¶¶ 9, 11.)  Lead Plaintiff cannot reasonably dispute the authenticity of these exhibits.  *See In re*

*Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) (the document must be "undisputedly authentic"); *In re White Elec. Designs Corp. Secs. Litig.*, 416 F. Supp. 2d 754, 761 (D. Ariz. 2006) (declining to take judicial notice of exhibit showing stock prices because its source was "not apparent from the document itself").  Since there is a reasonable dispute as to the authenticity and the accuracy of the exhibits attached to the DePalma Declaration, the Court should not take judicial notice of these exhibits.  (*See, e.g.*, DePalma Decl., Exs. 17, 19, 27, 31, 36, 37.)

### C.    The Court Should Not Consider the DePalma Declaration or Its Exhibits Under the Incorporation by Reference Doctrine

For similar reasons, the Court should not consider the exhibits attached to the DePalma Declaration under the "incorporation by reference" doctrine.  The incorporation by reference doctrine permits courts to consider materials that are "undisputedly authentic" and are integral to the complainant's claims when ruling on a motion to dismiss.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  However, "[t]o be incorporated by reference, the [c]omplaint must make a clear, definite and substantial reference to the documents."  *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011) (second alteration in original).

---

*Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 273 (D.N.J. 2007) (taking judicial notice of stock price data compile from Yahoo! Finance).

Here, the vast majority of the exhibits attached to the DePalma Declaration are documents that are not referenced in the Corrected Complaint whatsoever. (*See* DePalma Decl., Exs. 3, 5–14, 16–17, 19–23, 26–27, 30–32, 34, 36–47; *see also In re Processed Egg Prod. Antitrust Litig.*, 821 F. Supp. 2d 709, 740 (E.D. Pa. 2011) (declining to consider factual assertions under the incorporation by reference doctrine that were extraneous to the complaint).)  Moreover, many of these exhibits also lack proper authenticating information.  (*See, e.g.*, DePalma Decl., Exs. 17, 19, 27, 31, 36, 37; *see also U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 973 (W.D. Mich. 2003) (declining to take judicial notice of websites discussing anthrax vaccine because the court could not verify the information contained therein for accuracy or authenticity), *aff'd*, 388 F.3d 209 (6th Cir. 2004).)

In addition, Lead Plaintiff improperly relies on the exhibits attached to the DePalma Declaration for the truth of the matters that they assert.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (holding that documents incorporated by reference cannot be used to prove the truth of their contents on a motion to dismiss).  As such, the Court should not consider any of the exhibits attached to the DePalma Declaration under the incorporation by reference doctrine.  *See In re Turbodyne Technologies, Inc. Sec. Litig.*, No. CV 99–00697 MMM (BQRx), 2000 WL 33961193, *10 (C.D. Cal. Mar. 15, 2000) ("Plaintiffs' complaint alleges much

of the information contained in Exhibit Q, including Turbodyne's stock price on certain days and the dates the stock's upward and downward price swings began. The complaint lacks any allegations regarding Turbodyne's daily trading volume, however, and plaintiffs clearly seek to have the court take judicial notice of Exhibit Q to cure this omission.  In deciding a motion to dismiss, courts may not 'take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).' The effect of plaintiffs' request that the court take judicial notice of Exhibit Q is the same, and the court declines to do so for that reason" (internal citation omitted)).

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court strike the DePalma Declaration (and its exhibits) in its entirety.  Defendants also request that the Court not consider the DePalma Declaration or its exhibits for purposes of deciding Defendants' Motions to Dismiss.

DATED:  October 22, 2019

PAUL HASTINGS LLP

By: */s/ Chad J. Peterman*
        CHAD J. PETERMAN

chadpeterman@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC.,
JOHN O'ROURKE, MICHAEL
BEEGHLEY, JEFFREY G.
MCGONEGAL, ANDREW
KAPLAN, JASON LES, AND ERIC
SO