## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>            Defendants. | Civil No. 3:18-CV-02293(FLW)(ZNQ)<br><br>MOTION DATE:  November 4, 2019<br><br>**ORAL ARGUMENT REQUESTED** |

---

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BRIEFS IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STRIKE IMPROPER ALLEGATIONS AND IMAGES FROM THE CORRECTED CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

---

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY, JEFFERY G. MCGONEGAL, ANDREW KAPLAN, JASON LES, AND ERIC SO*

TO LEAD PLAINTIFF DR. STANLEY GOLOVAC'S AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Evidence 201, Defendants Riot Blockchain ("Riot" or the "Company"), Michael Beeghley, John O'Rourke, Jeffery G. McGonegal, Andrew Kaplan, Jason Les, and Eric So (collectively, the "Defendants") hereby request that the Court take judicial notice of the existence, contents, and legal effects of the following documents attached as exhibits to the Declaration of Thomas A. Zaccaro ("Zaccaro Declaration"):

**Exhibit A:**  Attached to Zaccaro Declaration as Exhibit "A" are true and correct excerpts from Riot's February 7, 2018 Form S-3 Registration Statement (the "Registration Statement") filed before the Securities and Exchange Commission (the "SEC").

**Exhibit B**:  Attached to Zaccaro Declaration as Exhibit "B" is a true and correct copy of Riot's form Share Exchange Agreement filed before the SEC (the "Share Exchange Agreement").

**Exhibit C**:  Attached to the Zaccaro Declaration as Exhibit "C" is a true and correct copy of a December 11, 2017 article entitled "Riot Blockchain: Sudden Business Pivot, Suspicious Acquisitions, Questionable Special Dividend" published by Hindenburg Investment Research on SeekingAlpha.com (the "Article").

**Exhibit D**:  Attached to the Zaccaro Declaration as Exhibit "D" are true and correct excerpts from Riot's Schedule 14A Proxy Statement filed before the SEC on December 12, 2017 (the "December 2017 Proxy Statement").

**Exhibit E**:  Attached to the Zaccaro Declaration as Exhibit "E" are true and correct excerpts from Riot's Schedule 14A Proxy Statement filed before the SEC on March 26, 2018 (the "March 2018 Proxy Statement," and collectively with the December 2017 Proxy Statement, the "Proxy Statements").

**Exhibit F**:  Attached to the Zaccaro Declaration as Exhibit "F" are true and correct excerpts from Riot's Form 10-K for the fiscal year ending on December 31, 2017 filed before the SEC on April 17, 2018 (the "Form 10-K").

**Exhibit G**:  Attached to the Zaccaro Declaration as Exhibit "G" is a true and correct copy of Riot's Form 8-K for January 4, 2018 filed before the SEC (the "Form 8-K").

I. **ARGUMENT**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions . . . in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The court may also consider materials that can be judicially

noticed on a motion to strike. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Furthermore, Federal Rule of Evidence Rule 201 allows a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

In this case, each of the documents attached as exhibits to the Zaccaro Declaration is properly considered in connection with the (1) Reply Brief in Support of the Riot Blockchain Defendants' Motion to Dismiss the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws; (2) Reply Brief in Support of the Director Defendants' Motion to Dismiss the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws; and (3) Reply Brief in Support of Defendants' Motion to Strike Improper Allegations and Images from the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws based on the incorporation by reference doctrine and/or the Federal Rule of Evidence 201(b)(2), which permits the Court to consider public records and news articles.

A.    **The Court Must Consider Riot's SEC Filings Because They Have Been Incorporated by Reference Into the Corrected Complaint**

Under settled law, a document is incorporated by reference into a complaint if it is "integral to and/or [is] explicitly relied upon by . . . the complaint." *Winer*

-3-

*Family Tr. v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (ruling that the district court properly considered documents attached to the defendants' motion to dismiss). Documents that are integral to or explicitly replied upon the complaint may be considered by courts without "converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). This prevents Lead Plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Id*.

Lead Plaintiff expressly references and relies on Riot's SEC filings in the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Corrected Complaint"). As such, Defendants request that the Court consider the contents of Riot's Registration Statement (Exhibit A), as cited in the Corrected Complaint at paragraphs 322 and 323. Defendants request that the Court similarly take judicial notice of Riot's Share Exchange Agreement (Exhibit B), as cited in the Corrected Complaint at paragraphs 172 and 260. Defendants also request that the Court take judicial notice of Riot's Proxy Statements (Exhibits D and E), as cited in the Corrected Complaint at paragraphs 183, 292, 346, and 347. Defendants also request that the Court take judicial notice of Riot's Form 10-K (Exhibit F), as cited in the

Corrected Complaint at paragraph 404.  Finally, Defendants also request that the Court take judicial notice of Riot's Form 8-K (Exhibit G), as cited in the Corrected Complaint at paragraphs 313 and 314.

      B.    **The Court Should Take Judicial Notice of Public Records and an Article Pertinent to Defendants' Reply Briefs**

It is well settled that public records can be considered on a motion to dismiss.  *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *See also* Fed. R. Evid. 201(b)(2) (permitting courts to take judicial notice of facts that are capable of accurate and ready determination by resort to sources "whose accuracy cannot reasonably be questioned").  Public records can also be considered on a motion to strike.  *Kohn, Savett, Klein & Graf, P.C. v. Cohen*, No. 89-2173, 1990 U.S. Dist. LEXIS 4150, at *5 (E.D. Pa. Apr. 10, 1990) ("As with most motions under Rule 12, a motion to strike must rise or fall on whatever is on the four corners of the pleadings or within the scope of judicial notice.").  "SEC filings fall within this category of public records that can be judicially noticed."  *In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992); *see also Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (ruling that courts may take judicial notice of SEC filings in ruling on a motion to dismiss).

In addition, articles may be judicially noticed for the purpose of "indicat[ing] what was in the public realm at the time, [but] not whether the contents of those articles were in fact true."  *Benak v. All. Capital Mgmt. L.P.*, 435

F.3d 396, 401 n.15 (3d Cir. 2006) (finding that an article is "'not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.'") (alteration in original).

Defendants thus request the Court take judicial notice of Riot's Registration Statement, which was filed before the SEC on February 7, 2018 and is attached to the Zaccaro Declaration as Exhibit A. Defendants similarly request the Court take judicial notice of Riot's Share Exchange Agreement, which was filed before the SEC and is attached to the Zaccaro Declaration as Exhibit B. Defendants also request that the Court take judicial notice of the fact that the Article was publicly available on SeekingAlpha.com beginning on December 11, 2017, a copy of which is attached to the Zaccaro Declaration as Exhibit C. Defendants also request that the Court take judicial notice of Riot's December 2017 Proxy Statement, which was filed before the SEC and is attached to the Zaccaro Declaration as Exhibit D. Defendants also request that the Court take judicial notice of Riot's March 2018 Proxy Statement, which was filed before the SEC and is attached to the Zaccaro Declaration as Exhibit E. Defendants also request that the Court take judicial notice of Riot's Form 10-K, which was filed before the SEC and is attached to the Zaccaro Declaration as Exhibit F. Finally, Defendants also request that the Court take judicial notice of Riot's Form 8-K, which was filed before the SEC and is attached to the Zaccaro Declaration as Exhibit G.

II.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take notice of Exhibits A through G attached to the Zaccaro Declaration and consider them in connection with its adjudication of the Riot Blockchain Defendants' and the Director Defendants' Motions to Dismiss and Reply Briefs in support thereof and the Court's adjudication of Defendants' Motion to Strike and the Reply Brief in support thereof.

DATED:      October 22, 2019          PAUL HASTINGS LLP


By:  /s/ *Chad J. Peterman*
CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090


THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC., JOHN
O'ROURKE, MICHAEL BEEGHLEY,
JEFFREY G. MCGONEGAL, ANDREW
KAPLAN, JASON LES, AND ERIC SO