# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and<br>JEFFREY G. MCGONEGAL,<br><br>*Defendants*. | Civil Action No.: 18-2293(FLW)(TJB)<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF JOSEPH J. DEPALMA, INCLUDING ALL EXHIBITS ATTACHED THERETO, IN SUPPORT OF LEAD PLAINTIFF'S OMNIBUS OPPOSITION TO MOTIONS TO DISMISS** |

**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Local Counsel for Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motelyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Dr. Stanley Golovac*
*and Lead Counsel for the Class*

783086.1

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................ 1
II. LEGAL STANDARDS ..................................................................................................... 3
III. ARGUMENT ..................................................................................................................... 4
    A. Many of the Exhibits to the DePalma Declaration Are Expressly Incorporated by Reference in the Complaint ................................................................................. 4
    B. The Exhibits to the DePalma Declaration Are Consistent with the Factual Allegations in the Complaint ................................................................................. 5
    C. The Court Can (and Should) Take Judicial Notice of the Exhibits to the DePalma Declaration .............................................................................................. 7
        1. The SEC Filings Are Capable of Judicial Notice ...................................... 7
        2. Filings in the *Honig* Action Are Capable of Judicial Notice ..................... 9
        3. The Other Exhibits Are Capable of Judicial Notice ................................ 11
    D. The DePalma Declaration and Accompanying Exhibits Do Not Seek to Amend the Complaint's Factual Allegations or Provide "Supplemental Factual Averments" ............................................................................................. 13
IV. CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

**CASES**

*Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405 (3d Cir. 1992) ........................ 9

*Brandt v. Rossi*, No. CIV.A. 11-2627 FLW, 2012 WL 359736 (D.N.J. Feb. 2, 2012) .................. 9

*De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250 (S.D.N.Y. 2003) ........................... 10

*Eastwood Enters., LLC v. Farha*, No. 8:07-cv-1940-T-33EAJ, 2009 WL 3157668
   (M.D. Fla. Sept. 28, 2009) ....................................................................................................... 11

*Foster v. Crestwood School District*, No. CV 3:16-1096, 2017 WL 1078195
   (M.D. Pa. Mar. 22, 2017) ......................................................................................................... 15

*Garber v. Flores*, No. CV 08-4208DDPRNB, 2009 WL 1649727 (C.D. Cal. June 10, 2009) .... 12

*Garlanger v. Verbeke*, 223 F. Supp. 2d 596 (D.N.J. 2002) ............................................................. 3

*Geinosky v. City of Chi.*, 675 F.3d 743 (7th Cir. 2012) .................................................................. 6

*Gordon v. Hain Celestial Grp., Inc.*, No. 16-cv-6526 (KBF), 2017 WL 213815
   (S.D.N.Y. Jan. 18, 2017) ............................................................................................................ 3

*Gupta v. Wipro Ltd.*, 749 F. App'x 94 (3d Cir. 2018) ..................................................................... 9

*Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348 (7th Cir. 2017) ....................................... 6

*Ieradi v. Mylan Lab., Inc.*, 230 F.3d 594 (3d Cir. 2000) ............................................................... 11

*In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474 (S.D.N.Y. 2004) ...... 14

*In re DVI Inc. Sec. Litig.*, 249 F.R.D. 196 (E.D. Pa. 2008) .......................................................... 14

*In re Johnson & Johnson Derivative Litig.*, 865 F. Supp. 2d 545 (D.N.J. 2011) ........................... 7

*In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314 (3d Cir. 2002) ........................................................... 8

*In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367 (D.N.J. 2010) ................................................. 8

*In re White Electronic Designs Corp. Securities Litigation*, 416 F. Supp. 2d 754
   (D. Ariz. 2006) ......................................................................................................................... 11

*Martinez v. Citizen's Taxi Dispatch, Inc.*, No. 16 CV 1383, 2017 WL 2311231
   (N.D. Ill. May 26, 2017) ............................................................................................................ 6

*Mayer v. Belichick*, 605 F.3d 223 (3d Cir. 2010) ........................................................................... 4

*Mich. Carpenters' Pension Fund v. Rayonier Advanced Materials, Inc.*,
   Case No. 3:18-cv-771-J-34JRK, 2019 WL 1429667 (M.D. Fla. Mar. 29, 2019) .................... 12

*Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988) ......................... 9

*Oran v. Stafford*, 226 F.3d 275 (3d Cir. 2000) ........................................................................... 7, 8

*Retzlaff v. Horace Mann Ins.*, 738 F. Supp. 2d 564 (D. Del. 2010) ......................................... 6, 14

*SEC v. Lee*, 720 F. Supp. 2d 305 (S.D.N.Y. 2010) ...................................................................... 10

*Shah v. Zimmer Biomet Holdings, Inc.*, 348 F. Supp. 3d 821 (N.D. Ind. 2018) ............................ 5

*Southeastern Pennsylvania Transportation Authority v. Orrstown Financial Services, Inc.*,
   No. 1:12-CV-00993, 2016 WL 7117455 (M.D. Pa. Dec. 7, 2016) .......................................... 10

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410
   (3d Cir. 1999).................................................................................................................... 10

*Steinagel v. Valley Oral Surgery*, No. 12-CV-05645, 2013 WL 5429269
   (E.D. Pa. Sept. 30, 2013) .................................................................................................... 13

*Stockham Interests, LLC v. Borough of Morrisville*, No. CIV.A. 08-3431, 2008 WL 4889023
   (E.D. Pa. Nov. 12, 2008)....................................................................................................... 6

*Stokes v. Home Depot U.S.A., Inc.*, No. CIV.A. 06-1684, 2007 WL 789163
   (E.D. Pa. Mar. 12, 2007)...................................................................................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ............................................... 2

*Tyson v. Pitney Bowes Long-Term Disability*, No. 07-CV-3105 (DMC), 2009 WL 2488161
   (D.N.J. Aug. 11, 2009)................................................................................................... 3, 8

*White v. Kolinsky*, No. CV 10-2252 (FSH), 2010 WL 11566312 (D.N.J. Dec. 16, 2010) ............. 4

*Wise v. Biowish Techs., Inc*, No. CV 18-676-RGA, 2019 WL 4344273
   (D. Del. Sept. 12, 2019) ....................................................................................................... 4

**RULES**

Fed. R. Civ. P. Rule 15(a)(2) ....................................................................................................... 13

Fed. R. Evid. 201 ......................................................................................................................... 10

Fed. R. Evid. 201(b)(2) ................................................................................................................. 7

**REGULATIONS**

17 C.F.R § 240.13d-2..................................................................................................................... 9

Court-appointed Lead Plaintiff Dr. Stanley Golovac ("Plaintiff"), individually and on behalf of all other persons and entities similarly situated, respectfully submits this memorandum of law in opposition to Defendants' Motion to Strike the Declaration of Joseph J. DePalma, Including All Exhibits Attached Thereto, in Support of Lead Plaintiff's Omnibus Opposition to Motions to Dismiss (the "Motion") (ECF No. 144) filed by Defendants Riot Blockchain, Inc. ("Riot" or the "Company"), John O'Rourke, Michael Beeghley, Jeffrey G. McGonegal, Andrew Kaplan, Jason Les, and Eric So (the "Individual Defendants," together with Riot, "the Riot Defendants").[1]

## I.   PRELIMINARY STATEMENT

As part of his memorandum in opposition to the motions to dismiss brought by the Riot Defendants, Barry Honig ("Honig"), and Catherine DeFrancesco ("DeFrancesco"), ECF No. 136, Plaintiff properly attached certain exhibits to an

---

[1] Capitalized terms herein have the same meaning as in the Corrected Consolidated Amended Class Action Complaint (the "Complaint") (ECF No. 73). Citations to "¶ __" refer to paragraphs of the Complaint. Citations to numbered exhibits (i.e., "Ex. __") are to exhibits to the DePalma Declaration (ECF No. 136.01-09). Plaintiff's prior October 1, 2019 omnibus memorandum in opposition to the other defendants' motions to dismiss (ECF No. 136) ("Plaintiff's Prior Brief") is cited herein as "Pl.'s Prior Br. __." References to "Defs.' Br. __" are to the pages of the Memorandum of Law in Support of Defendants' Motion to Strike the Declaration of Joseph J. DePalma, Including All Exhibits Attached Thereto, in Support of Lead Plaintiff's Omnibus Opposition to Motions to Dismiss (ECF No. 144-1). All emphasis is added and internal quotations and citations are omitted, unless otherwise noted.

783086.1

accompanying declaration, *see* ECF No. 136.01-09 ("DePalma Declaration"). These exhibits are primarily SEC filings, which are routinely filed by parties in securities litigation at the motion-to-dismiss stage and given judicial notice. Indeed, nearly all the defendants in this action have filed and requested judicial notice of similar documents. *See* ECF Nos. 66.03-11 (Riot Blockchain Defendants' exhibits and request for judicial notice), 112.3-10 (DeFrancesco's exhibits), 118.2-18 (Honig's exhibits and request for judicial notice), 131.2-4 (Groussman's exhibits and request for judicial notice), 132.3 (Dai's exhibits).[2]

In response, the Riot Defendants – all of whom are represented by the same counsel – have fired off yet another motion to strike, this time seeking to strike not just some, but ***all***, exhibits attached to the DePalma Declaration. Tellingly, neither Honig nor DeFrancesco – represented by two separate counsel – have filed similar motions or even submitted a one-page "joinder" to the Riot Defendants' Motion, despite the fact that certain of Plaintiff's exhibits relate directly to them.[3]

---

[2] To assist the Court (and at the risk of the Riot Defendants filing a third motion to strike in as many months), Plaintiff has attached as **Exhibit A** a chart listing the challenged exhibits (which is all of them) and the paragraphs of the Complaint to which they relate.

[3] Indeed, as Defendant Dai, who is also represented by separate counsel from the Riot Defendants, acknowledges in his motion to dismiss, "[t]he Court may take judicial notice of materials such as . . . filings with the SEC on a Motion to Dismiss." ECF No. 132-1 n.2 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)).

2

As detailed below, the Motion should be denied because: many of the exhibits attached to the DePalma Declaration are expressly incorporated by reference in the Complaint, *see* § III.A *infra*; all the exhibits are consistent with the allegations in Complaint, *see* § III.B; all of the exhibits capable of judicial notice, *see* § III.C.; and the DePalma Declaration and its exhibits are not offered to amend the Complaint's factual allegations or provide "supplemental factual averments."

## II.  LEGAL STANDARDS

Motions to strike are highly disfavored. *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002). Accordingly, "[s]triking matters from the record is a drastic remedy to be resorted to only when required for the purposes of justice." *Tyson v. Pitney Bowes Long-Term Disability*, No. 07-CV-3105 (DMC), 2009 WL 2488161, at *10 (D.N.J. Aug. 11, 2009). It is therefore no surprise that motions to strike "'are generally looked upon with disfavor' . . . and are 'rarely successful[.]'" *Gordon v. Hain Celestial Grp., Inc.*, No. 16-cv-6526 (KBF), 2017 WL 213815, at *6 (S.D.N.Y. Jan. 18, 2017).[4]

---

[4] Plaintiff assumes the Court's familiarity with the law on motions to strike given this is the Riot Defendants' second motion to strike in the same month. *See* ECF Nos. 111, 135, 147. As here, the other defendants did not join the Riot Defendants' previous motion to strike. *See Stokes v. Home Depot U.S.A., Inc.*, No. CIV.A. 06-1684, 2007 WL 789163, at *1 (E.D. Pa. Mar. 12, 2007) ("[T]here comes a time when '[t]he [defendant] doth protest too much, methinks.'" (quoting William Shakespeare, *Hamlet*, Act III, Scene 2, line 242) (second and third alterations in original)).

3

## III.   ARGUMENT

### A.   Many of the Exhibits to the DePalma Declaration Are Expressly Incorporated by Reference in the Complaint

A motion to strike is properly denied when, as here, the material that the movant claims was improperly referenced is "integral to' the complaint or explicitly relied on or incorporated by reference into the complaint." *White v. Kolinsky*, No. CV 10-2252 (FSH), 2010 WL 11566312, at *1 (D.N.J. Dec. 16, 2010) ("[C]ourts may consider documents 'integral to' the complaint or explicitly relied on or incorporated by reference into the complaint."); *Wise v. Biowish Techs., Inc*, No. CV 18-676-RGA, 2019 WL 4344273, at *2 (D. Del. Sept. 12, 2019) ("The court's review is limited to the allegations in the complaint, exhibits attached to the complaint, documents incorporated by reference, items subject to judicial notice, and matters of the public record." (citing *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).[5]

Here, as evidenced by Plaintiff's accompanying chart attached hereto as **Exhibit A**, numerous of the exhibits to the DePalma Declaration – including

---

[5] The Riot Defendants assert that "a court limits its review on a motion to dismiss to the allegations in the complaint and any documents thereto." Defs.' Br. 1. Not so. *See Wise*, 2019 WL 4344273, at *5 ("As with motions to dismiss generally, the court is not literally limited to the face of the complaint. The court may also consider exhibits attached to the complaint, documents incorporated by reference, and items subject to judicial notice.").

4

**Exhibits 1-2, 4, 15-16, 24-25, 28-29, 33, and 35** – are expressly and specifically incorporated by reference in the Complaint. *See* Ex. A.

**Exhibit 1**, for example, is the First Amended Complaint filed in the *Honig* Action on March 8, 2019. *See* ¶ 81 ("The Honig Group's three most recent schemes are detailed in a March 8, 2019 First Amended Complaint filed by the SEC against Honig, O'Rourke, Stetson, Brouser, and related defendants."). *Compare* Ex. 4 (*Honig* Action, ECF No. 93 (judgment as to Groussman)), *with* ¶ 372 ("On January 18, 2019, Defendant Groussman settled the charges brought against him in the *Honig* Action. As part of the settlement, Defendant Groussman was barred from participating in any offering of penny stock for five years and ordered to pay disgorgement of $1,051,360, plus prejudgment interest of $170,554.78, and a civil penalty of $160,000. *See* No. 1:18-cv-08175-ER (S.D.N.Y.), ECF No. 93.").

### B. The Exhibits to the DePalma Declaration Are Consistent with the Factual Allegations in the Complaint

All of the exhibits to the DePalma Declaration, even if not "expressly referenced in plaintiffs' complaint," are "plainly consistent with plaintiffs' overall allegations" and therefore the Court need not "completely ignore these facts" because "'[m]aterials or elaborations in [plaintiff's] brief opposing dismissal may be considered, so long as those materials or elaborations are 'consistent with the pleadings.'" *Shah v. Zimmer Biomet Holdings, Inc.*, 348 F. Supp. 3d 821, 828 n.1 (N.D. Ind. 2018) (denying motion to strike in action for securities fraud under

5

§ 10(b)) (quoting *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017)); *see also Retzlaff v. Horace Mann Ins.*, 738 F. Supp. 2d 564, 567 (D. Del. 2010) ("Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.").

Here, for example, 14 exhibits are SEC filings of PolarityTE, Inc. ("Polarity") (**Exhibits 7-9, 13, 30, and 38-47**), which were attached to provide support consistent with the Complaint's allegations that Defendants and Honig Group members have close ties to PolarityTE. *See* ¶¶ 22, 26, 36, 43, 60, 65, 67, 69, 79-80, 119-21. These documents thus "illustrate the facts [that Plaintiff] expects to be able to prove." *Martinez v. Citizen's Taxi Dispatch, Inc.*, No. 16 CV 1383, 2017 WL 2311231, at *4 (N.D. Ill. May 26, 2017) (noting that "nothing prevents a plaintiff opposing dismissal from elaborating on the complaint or even attaching materials to an opposition brief illustrating the facts the plaintiff expects to be able to prove" (quoting *Geinosky v. City of Chi.*, 675 F.3d 743, 751 n.1 (7th Cir. 2012)).

Similarly, the complaint, amended complaint, and other filings in the *Honig* Action (**Exhibits 1-6**) are also consistent with Plaintiff's Allegation in the Complaint. *See* ¶¶ 23, 103, 152, 203, 325, 357, 387, 405; *see also Stockham Interests, LLC v. Borough of Morrisville*, No. CIV.A. 08-3431, 2008 WL 4889023, at *3 (E.D. Pa. Nov. 12, 2008) (considering zoning-board decision attached to

6

motion to dismiss "to the extent it was consistent with the factual allegations of the Complaint").

The other exhibits to the DePalma Declaration are all consistent with the allegations of the Complaint. *See generally* **Ex. A**.

### C. The Court Can (and Should) Take Judicial Notice of the Exhibits to the DePalma Declaration

The exhibits to the DePalma Declaration are also judicially noticeable under the Federal Rules of Evidence. *See In re Johnson & Johnson Derivative Litig.*, 865 F. Supp. 2d 545, 550 (D.N.J. 2011) ("Under Federal Rule of Evidence 201, the court may take judicial notice of facts gathered from 'sources whose accuracy cannot reasonable be questioned.'" (citing Fed. R. Evid. 201(b)(2))). While Plaintiff will spare the Court a blow-by-blow analysis of each exhibit, the exhibits may be summarized as follows:

#### 1. The SEC Filings Are Capable of Judicial Notice

"The Third Circuit has held this rule [Fed. R. Evid. 201] to permit judicial notice of properly authenticated documents filed with the SEC." *In re Johnson & Johnson*, 865 F. Supp. 2d at 550. "In taking judicial notice of these documents, ***the Court may rely upon them 'to determine what the documents stated***.'" *Id.* (quoting *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000)).[6]

---

[6] Contrary to Defendants' arguments, *see* Defs.' Br. 2, Plaintiff *did* – effectively, if not "formally" in a separate motion – request that the Court take judicial notice of

7

Of the 47 exhibits submitted by Plaintiff, 14 are SEC filings filed by PolarityTE (**Exhibits 7-9, 13, 30, and 38-47**) and 17 are SEC filings filed by Riot (**Exhibits 11-12, 14-16, 20-25, 28-29, and 32-35**).  These are precisely the types of documents that courts may consider on a motion to dismiss.  *See Oran*, 226 F.3d at 289 (holding that courts may take judicial notice of SEC filings in ruling on a motion to dismiss); *In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 391 (D.N.J. 2010) ("the statements made by Synchronoss in its filings made with the SEC are properly subject to judicial notice"); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (affirming court's decision to take judicial notice "documents filed with the SEC, but not relied upon in the Complaint").[7]

By way of example, of the SEC filings, **Exhibit 11** is a Form SC 13D/A filed by DeFrancesco; **Exhibit 33** is a Form SC 13D/A filed by Honig; and **Exhibit 44** is a Form SC 13G filed by Groussman.  Not only are these SEC filings judicially

---

his exhibits in his opposition to Defendants' motions to dismiss, *see* Pl.'s Prior Br. at 8 n.11 (ECF No. 136) ("'SEC filings fall within this category of public records that can be judicially noticed.' . . .").  Even if Plaintiff should have more formally requested that the Court take judicial notice of its exhibits (and the Riot Defendants' Motion does not cite to a rule that suggests Plaintiff should have), the DePalma Declaration and accompanying exhibits should not be struck.  *See Tyson*, 2009 WL 2488161, at *10 ("[T]he Court finds that none of Tyson's alleged infractions of the Local Rules merit the 'drastic remedy' of striking materials from the record.").

[7] Accordingly, *In re NAHC* makes clear that the Riot Defendants' complaints regarding the inclusion of exhibits "that are not referenced in the Corrected Complaint," Defs.' Br. 9, including "Ex. 21 (attaching Riot's Form 10-Q filed on May 10, 2019 . . .)," Defs.' Br. 4, are without merit.

8

noticeable, but judicial notice is also proper because Plaintiff alleges that Defendant Honig[8] failed to file "timely disclosure[s]" under 17 C.F.R § 240.13d-2. ¶¶ 148, 193, 329-31; *see also Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 414 (3d Cir. 1992) ("[W]e take judicial notice of the contents of the Belzberg family's Schedule 13D and amendments thereto, as well as the fact that the Belzberg family never filed a Schedule 14D–1 in connection with Armstrong.").

### 2. Filings in the *Honig* Action Are Capable of Judicial Notice

The Third Circuit has made clear that documents filed in other court cases are the proper subject of judicial notice. *See Gupta v. Wipro Ltd.*, 749 F. App'x 94, 96 (3d Cir. 2018) ("We may take judicial notice of the record from previous court proceedings." (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988))). *See also Brandt v. Rossi*, No. CIV.A. 11-2627 FLW, 2012 WL 359736, at *1 (D.N.J. Feb. 2, 2012) ("This Court will take judicial notice of the dockets of this and other courts in cases related to this Amended Complaint."

---

[8] Defendant DeFrancesco's ownership and disclosure of her ownership of Riot stock (including on Schedule 13D/A) is also the subject of numerous allegations in the Complaint. *See* ¶¶ 6, 132, 173, 353, 364.

9

(citing Fed. R. Evid. 201)).[9] Here, **Exhibits 1 to 6** are court filings in the *Honig* Action and are thus properly subject to judicial notice.[10]

In fact, the Riot Defendants helpfully direct the Court to *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410 (3d Cir. 1999), a case in which the Third Circuit held that court may take judicial notice of proceedings in another action on a motion to dismiss. *See id.* at 426 ("a court may properly look at public records, ***including judicial proceedings***, in addition to the allegations in the complaint."). As in *Southern Cross*, the *Honig* Action – which Plaintiff cites no fewer than forty times in the Complaint – is "a document on which

---

[9] In *Southeastern Pennsylvania Transportation Authority v. Orrstown Financial Services, Inc.*, No. 1:12-CV-00993, 2016 WL 7117455 (M.D. Pa. Dec. 7, 2016), cited by the Riot Defendants, *see* Defs.' Br. 4, the court ruled that "to the extent that the Declaration seeks to add to the factual allegations contained in the [complaint], such an effort is improper," 2016 WL 7117455, at *6. However, the court held that it would "take judicial notice of the SEC Order," which was "the culmination of the SEC investigation referenced in the [complaint] . . . in connection with its ruling on the pending motions to dismiss." *Id*. at *6.

[10] It is well-established that "[t]here is no absolute rule barring a private plaintiff from relying on government pleadings and proceedings in order to meet the Rule 9(b) and PSLRA thresholds. Further, there is nothing improper about utilizing information contained in [a government] complaint as evidence to support private claims under the PSLRA." *SEC v. Lee*, 720 F. Supp. 2d 305, 340-41 (S.D.N.Y. 2010) (sustaining allegations based on government complaints). *See also De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 260 (S.D.N.Y. 2003) ("[T]here is nothing improper about utilizing information from the SEC as evidence to support private claims. . . . [It is] not require[d] that a plaintiff re-invent the wheel before filing a complaint; and one could argue that a complaint predicated on the results of [a government] investigation has far more 'evidentiary support' than one based on rumor and innuendo.").

the plaintiffs rely, as they specifically reference it in the complaint to show [defendant]'s fraudulent behavior. We may therefore examine the decision to see if it contradicts the complaint's legal conclusions or factual claims." *Id.* at 427.[11]

### 3. The Other Exhibits Are Capable of Judicial Notice

**Exhibits 19 and 31** are two stock price charts from which the daily prices of Riot's stock were taken from *Yahoo! Finance*, similar to the charts attached to Defendant Honig's motion to dismiss, ECF No. 67.16-18, and the Riot Defendants' motions to dismiss, ECF No. 110 at ¶ 9. A company's stock price is judicially noticeable. *See Ieradi v. Mylan Lab., Inc.*, 230 F.3d 594, 600 n.3 (3d Cir. 2000) (taking judicial notice of stock prices).

In response, the Riot Defendants cite *In re White Electronic Designs Corp. Securities Litigation*, 416 F. Supp. 2d 754 (D. Ariz. 2006), but there the court declined to take judicial notice of "a chart showing [a company's] stock prices" because "not all of the share prices on this chart comport with share prices for specific dates listed in the Complaint." *Id.* at 761. Here, by contrast, all the stock prices in Plaintiff's exhibits comport with the share prices for the dates referenced

---

[11] *See also Eastwood Enters., LLC v. Farha*, No. 8:07-cv-1940-T-33EAJ, 2009 WL 3157668, at *4 (M.D. Fla. Sept. 28, 2009) ("Courts commonly hold that pending government investigations are relevant and provide notice of a possible fraud, i.e., that the pendency of an investigation serves to suggest that a fraud may have occurred and may not be ignored." (collecting cases)).
11

in the Complaint. *Compare, e.g.*, **Ex. 19** (Riot closing stock price of $36.12 on December 20, 2017), *with* ¶ 300 (same).[12]

**Exhibit 36** is a demonstrative that shows the interconnections between members of the Honig Group, which are alleged in the Complaint. *See, e.g.*, ¶¶ 79-81. This is the type of organizational tool that assists courts in ruling on a motion to dismiss. *See Mich. Carpenters' Pension Fund v. Rayonier Advanced Materials, Inc.*, Case No. 3:18-cv-771-J-34JRK, 2019 WL 1429667, at *3 (M.D. Fla. Mar. 29, 2019) (holding the court "may consider the timeline and charts which Defendants submit as attachments to their Motion to Dismiss and Reply.").

**Exhibit 37** is a chart of Riot's historically reported assets and losses as reported in Riot's SEC filings. *See* Pl.'s Prior Br. at 24 (noting that **Exhibit 37** "depict[s] Riot's mounting losses" as set forth in Riot's SEC filings attached thereto as Exhibits 16, 24, and 34). The Riot Defendants cite to *Garber v. Flores*, No. CV 08-4208DDPRNB, 2009 WL 1649727 (C.D. Cal. June 10, 2009), but that case is distinguishable because there the court declined to "take judicial notice of [plaintiff's] own list of encounters with the police . . . because plaintiff[']s own characterization of the matters reflected in his chart does not qualify as a matter that is 'not subject to reasonable dispute.'" *Id.* at 1. Here, by contrast, **Exhibit 37** is

---

[12] Demonstrably absent from the Riot Defendants' Motion is any suggestion that the stock prices in Plaintiff's exhibits are not factually accurate.

12

merely an illustration of the Company's own assets and losses as reported to the SEC and not a personal narrative.

### D. The DePalma Declaration and Accompanying Exhibits Do Not Seek to Amend the Complaint's Factual Allegations or Provide "Supplemental Factual Averments"

Contrary to the Riot Defendants' arguments, *see* Defs.' Br. 3-4, Plaintiff is not attempting to amend the allegations in the Complaint with "supplemental factual averments."[13] As evidenced by the accompanying **Exhibit A**, which provides paragraph citations to the Complaint for the exhibits in the DePalma Declaration, it is clear that Plaintiff does not seek to provide any such "supplemental factual averments" but instead merely attaches "true and correct copies" of exhibits which themselves are incorporated by reference in the Complaint and are otherwise judicially noticeable.

For example, the Riot Defendants take particular issue with **Exhibit 46**, which is a judicially noticeable SEC filing by PolarityTE that states: "On September 7, 2018, the employment of John Stetson in any capacity, including as Chief Investment Officer, with PolarityTE, Inc. was terminated." Ex. 46. Contrary to the

---

[13] Accordingly, the Riot Defendants' citation to *Steinagel v. Valley Oral Surgery*, No. 12-CV-05645, 2013 WL 5429269 (E.D. Pa. Sept. 30, 2013), *see* Defs.' Br. 2, is distinguishable because the "sworn declaration" struck in that case was "an attempt to provide supplemental factual averments in support of plaintiff's . . . claim." 2013 WL 5429269, at *5. Similarly, the Riot Defendants' citation to Rule 15(a)(2), *see* Defs.' Br. 2, is misplaced because in attaching the exhibits, Plaintiff did not seek or intend to "amend [his] pleading." Fed. R. Civ. P. Rule 15(a)(2).

13

Riot Defendants' argument that this is an attempt "to supplement Plaintiff's pleadings," Defs.' Br. 4, the Complaint alleges, "[i]n the wake of the SEC's charges against Stetson, PolarityTE immediately terminated Stetson," ¶ 120.  Thus, by including this exhibit, Plaintiff has not attempted to "supplement" his pleadings, but rather to set forth "facts consistent with the allegations in the complaint." *Retzlaff*, 738 F. Supp. 2d at 567.  The Riot Defendants' argument only serves to remind the Court that Defendant Stetson was terminated by PolarityTE in connection with an SEC probe related to the *modus operandi* of stock manipulation misconduct that Plaintiff alleges occurred at Riot.  *See* ¶¶ 119-21.

Finally, the Riot Defendants' argument that Plaintiff was required to file a new certification, *see* Defs.' Br. 5 (arguing that "[t]he Court should strike and disregard the DePalma Declaration and exhibits" because "Plaintiff has not certified these new allegations"), is without merit because "[t]he language of 15 U.S.C. § 78u–4(a)(2) . . . does not appear to impose upon Plaintiffs an ongoing obligation to update the class representative certificate," *In re DVI Inc. Sec. Litig.*, 249 F.R.D. 196, 206 (E.D. Pa. 2008).  *See also In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 500 (S.D.N.Y. 2004) (concluding that PSLRA does not require class representatives to file a new certification each time an amended complaint is filed).

## IV. CONCLUSION

For the reasons set forth above, the Riot Defendants' Motion should be denied in its entirety.[14]

Dated:  November 4, 2019                    **LITE DEPALMA GREENBERG, LLC**

*/s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

***Local Counsel for Lead Plaintiff Dr. Stanley Golovac***

---

[14] While the DePalma Declaration and its exhibits are properly before the Court, the Riot Defendants' case law makes clear that they may be considered if the Court is considering whether to allow Plaintiff to replead. *Foster v. Crestwood School District*, No. CV 3:16-1096, 2017 WL 1078195 (M.D. Pa. Mar. 22, 2017) involved "supplemental factual allegations" rather than judicially noticeable documents incorporated by reference in the Complaint. *Id.* at *6. While the *Foster* court held that it would "not consider plaintiff's Declaration," the court held "the plaintiff's Declaration and its supplemental factual allegations will be considered in the event the court finds any of her claims to be deficient under Rule 12(b)(6) in determining if she should be permitted to amend that claim." *Id.*

15

**MOTLEY RICE LLC**
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motelyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Lead Counsel for Lead Plaintiff Dr. Stanley Golovac and Lead Counsel for the Class*

**US. MARKET ADVISORS LAW GROUP PLLC**
David P. Abel
5335 Wisconsin Ave. NW, Ste. 440
Washington, D.C.  20015
202-274-0237 Telephone
202-686-2877 Facsimile
dabel@usmarketlaw.com

*Counsel for Lead Plaintiff Dr. Stanley Golovac*

16