## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>     Defendants. | Civil No. 3:18-CV-02293(FLW)(ZNQ)<br><br>MOTION DATE:  November 18, 2019<br><br>**ORAL ARGUMENT REQUESTED** |

---

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF JOSEPH J. DEPALMA, INCLUDING ALL EXHIBITS ATTACHED THERETO, IN SUPPORT OF LEAD PLAINTIFF'S OMNIBUS OPPOSITION TO MOTIONS TO DISMISS

---

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY,*
*JEFFREY G. MCGONEGAL, ANDREW KAPLAN, JASON LES, AND ERIC SO*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...........................................................................................1

II.     ARGUMENT..................................................................................................2

     A.      Lead Plaintiff Attempts to Improperly Amend His Factual
          Averments Through the DePalma Declaration and
          Accompanying Exhibits ........................................................................2

     B.      Judicial Notice is Not Appropriate Because Lead Plaintiff
          Relies on Public Records For the Truth of the Matters Asserted
          Therein ...................................................................................................7

     C.      The Allegations and Filings in the *Honig* Action Should Be
          Disregarded and Stricken For Additional Reasons.............................9

     D.      Lead Plaintiff's Other Exhibits Are Not Judicially Noticeable .........11

III.    CONCLUSION ............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arcand v. Brother Int'l Corp.*,
   673 F. Supp. 2d 282 (D.N.J. 2009).................................................................1, 9

*Crawford v. Wheeler*,
   Civ. No. 18-1735 (FLW)(DEA), 2019 WL 3759696
   (D.N.J. Aug. 9, 2019) ...............................................................................2

*In re CRM Holdings, Ltd. Sec. Litig.*,
   No. 10 CIV. 975 RPP, 2012 WL 1646888
   (S.D.N.Y. May 10, 2012) .......................................................................11

*Cummings v. Princeton Univ.*,
   Civ. No. 15-8587 (FLW)(LHG), 2016 WL 6434561
   (D.N.J. Oct. 31, 2016)..............................................................................2

*Deer v. Monmouth Cty. Corr. Inst.*,
   No. CV 15-3924(FLW), 2016 WL 347320 (D.N.J. Jan. 28, 2016) ....................2

*In re Direxion Shares ETF Tr.*,
   No. 09 CIV. 8011 (KBF), 2012 WL 717967
   (S.D.N.Y. Mar. 6, 2012) ..........................................................................6

*In re Donald J. Trump Casino Sec. Litig.*,
   7 F.3d 357 (3d Cir. 1993) ........................................................................12

*Footbridge Ltd. v. Countrywide Home Loans, Inc.*,
   No. 09 CIV.4050 (PKC), 2010 WL 3790810
   (S.D.N.Y. Sept. 28, 2010).......................................................................11

*Foster v. Crestwood Sch. Dist.*,
   No. CV 3:16-1096, 2017 WL 1078195 (M.D. Pa. Mar. 22, 2017) ....................3

*Garber v. Flores*,
   No. CV 08-4208 (DDP)(RNB), 2009 WL 1649727
   (C.D. Cal. June 10, 2009) ...................................................................13, 14

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Geinosky v. City of Chicago*,
  675 F.3d 743 (7th Cir. 2012) ................................................................... 6

*Heng v. Heavner, Beyers & Mihlar, LLC*,
  849 F.3d 348 (7th Cir. 2017) ................................................................... 6

*Huang v. Avalanche Biotechnologies, Inc.*,
  No. 15-CV-03185-JD, 2016 WL 6524401 (N.D. Cal. Nov. 3, 2016) ............... 13

*Ieradi v. Mylan Labs., Inc.*,
  230 F.3d 594 (3d Cir. 2000) ................................................................... 13

*Lipsky v. Commonwealth United Corp.*,
  551 F.2d 887 (2d Cir. 1976) ................................................................... 10

*Magdaluyo v. MGM Grand Hotel, LLC*,
  No. 2:14-CV-01806-APG-GWF, 2017 WL 736875
  (D. Nev. Feb. 24, 2017) ......................................................................... 14

*Martinez v. Citizen's Taxi Dispatch, Inc.*,
  No. 16 CV 10389, 2017 WL 2311231 (N.D. Ill. May 26, 2017) ....................... 6

*McMahon v. Gen. Dynamics Corp.*,
  933 F. Supp. 2d 682 (D.N.J. 2013) ........................................................... 3

*Michigan Carpenters' Pension Fund v.
  Rayonier Advanced Materials, Inc.*,
  No. 3:18-CV-771-J-34JRK, 2019 WL 1429667
  (M.D. Fla. Mar. 29, 2019) ................................................................ 13, 14

*Oran v. Stafford*,
  226 F.3d 275 (3d Cir. 2000) ................................................................... 15

*In re: Platinum and Palladium Commodities Litig.*,
  828 F. Supp. 2d 588 (S.D.N.Y. 2011) ....................................................... 10

*Retzlaff v. Horace Mann Insurance*,
  738 F. Supp. 2d 564 (D. Del. 2010) ........................................................... 4

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Rimini St., Inc. v. Oracle Int'l Corp.*,
No. 2:14-CV-01699 (LRH)(CWH), 2019 WL 2358389
(D. Nev. June 4, 2019) ........................................................................................ 14

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007) ............................................................................ 7, 8

*In re Rough Rice Commodity Litig.*,
No. 11 C 618, 2012 WL 473091 (N.D. Ill. Feb. 9, 2012) ................................ 10

*RSM Prod. Corp. v. Fridman*,
643 F. Supp. 2d 382 (S.D.N.Y. 2009) ............................................................... 11

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*,
181 F.3d 410 (3d Cir. 1999) ......................................................................... 7, 8, 9

*Se. Penn. Trans. Auth. v. Orrstown Fin. Servs., Inc.*,
No. 1:12-CV-00993, 2016 WL 7117455 (M.D. Pa. Dec. 7, 2016) ................. 4, 5

*Shah v. Zimmer Biomet Holdings, Inc.*,
348 F. Supp. 3d 821 (N.D. Ind. 2018) ................................................................. 6

*Smith v. Antares Pharma, Inc.*,
CIV. No. 17-8945 (MAS)(DEA), 2019 WL 2785600
(D.N.J. July 2, 2019) .......................................................................................... 12

*Soto v. New Jersey*,
Civ. No. 17-13450 (FLW)(DEA), 2018 WL 4027034
(D.N.J. Aug. 23, 2018) ......................................................................................... 2

*U.S. ex rel. Spay v. CVS Caremark Corp.*,
913 F. Supp. 2d 125 (E.D. Pa. 2012) .................................................................. 9

*Steinagel v. Valley Oral Surgery*,
No. 12-CV-05645, 2013 WL 5429269 (E.D. Pa. Sept. 30, 2013) ...................... 5

*Stockham Interests, LLC v. Borough of Morrisville*,
No. CIV.A. 08-3431, 2008 WL 4889023 (E.D. Pa. Nov. 12, 2008) ................... 4

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Victaulic Co. v. Tieman*,
  499 F.3d 227 (3d Cir. 2007), *as amended* (Nov. 20, 2007) ...............................12

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp., Inc.*,
  No. 10-CV-864 (SLT)(RER), 2014 WL 3569338
  (E.D.N.Y. July 18, 2019).......................................................................................11

*Werner v. Werner*,
  267 F.3d 288 (3d Cir. 2001) .................................................................................11

*In re White Elec. Designs Corp. Secs. Litig.*,
  416 F. Supp. 2d 754 (D. Ariz. 2006).....................................................................12

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988) ...............................................................................2, 4

## Other Authorities

Fed. R. Civ. P.
  12(b)(6) ...................................................................................................................6
  12(f) .........................................................................................................5, 6, 7, 10
  15(a)(2) ....................................................................................................................6

L.R. 7.2(b)................................................................................................................14

## I.    INTRODUCTION

Lead Plaintiff's submission of the DePalma Declaration, ***attaching 47 exhibits that consist of 480 pages of materials***, is a blatant attempt to improperly supplement the deficient allegations of the Corrected Complaint.[1]   Lead Plaintiff did not request leave to amend the Corrected Complaint, did not request judicial notice of the materials attached to the DePalma Declaration, and did not make any attempt to authenticate documents attached to the DePalma Declaration.   The Opposition does nothing to address these fatal defects.

While Lead Plaintiff contends that the exhibits are "capable" of judicial notice, the specious argument misses the point entirely.   A court may take judicial notice of public records, such as SEC and court filings, for the fact that the public records exist.   *See Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009) (Wolfson, J.).   Lead Plaintiff nevertheless asks the Court to accept the truth of the matter asserted in those public records, which he then extensively relies on throughout the Omnibus Opposition to Defendants' Motions to Dismiss.   Rather than conceding this fatal procedural gaffe, Lead Plaintiff simply ignores the issue

---

[1] Defendants use the defined terms set forth in their Motion (*see* Dkt. No. 144). Defendants refer to Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Strike the Declaration of Joseph J. DePalma, Including All Exhibits Attached Thereto, In Support of Lead Plaintiff's Omnibus Opposition to Motions to Dismiss (Dkt. No. 154) herein as "Opp." or "Opposition."   Defendants refer to Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Corrected Amended Consolidated Class Action Complaint (Dkt. No. 136) herein as "MTD Opp." or "Omnibus Opposition."

altogether in the Opposition.  Without any procedural basis for the DePalma

Declaration and accompanying exhibits to be considered in the Omnibus

Opposition, the Court should strike and disregard the materials in their entirety.

## II.   ARGUMENT

### A.   Lead Plaintiff Attempts to Improperly Amend His Factual Averments Through the DePalma Declaration and Accompanying Exhibits

The DePalma Declaration and the accompanying exhibits violate the basic

principle that a "complaint may not be amended by the briefs in opposition to a

motion to dismiss."  *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d

173, 181 (3d Cir. 1988) (citation omitted).[2]  They include "supplemental factual

allegations which are not averred in [Lead Plaintiff's] complaint," which cannot be

---

[2] *See also Crawford v. Wheeler*, Civ. No. 18-1735 (FLW)(DEA), 2019 WL 3759696, at *4 (D.N.J. Aug. 9, 2019) (Wolfson, J.) ("this new assertion in Crawford's opposition brief amounts to an improper attempt to amend his Complaint through his motion briefing"); *Soto v. New Jersey*, Civ. No. 17-13450 (FLW)(DEA), 2018 WL 4027034, at *4 n.5 (D.N.J. Aug. 23, 2018) (Wolfson, J.) ("the court will not consider allegations raised for the first time in Plaintiff's opposition on this motion"); *Cummings v. Princeton Univ.*, Civ. No. 15-8587 (FLW)(LHG), 2016 WL 6434561, at *5 (D.N.J. Oct. 31, 2016) (Wolfson, J.) ("Plaintiff's new factual allegations concerning the intake questionnaires he submitted to the EEOC are not properly before the Court as they are not set forth in the Complaint or its attachments.  Plaintiff's new arguments raised in opposition only are therefore not a proper basis to deny Defendant's motion to dismiss."); *Deer v. Monmouth Cty. Corr. Inst.*, Civ. No. 15-3924 (FLW), 2016 WL 347320, at *3 (D.N.J. Jan. 28, 2016) (Wolfson, J.) ("The additional facts presented in Plaintiff's opposition may arguably present cognizable claims against individuals and/or entities other than MCCI, but the allegations against these individual must be presented in an amended complaint.").

considered on a motion to dismiss.  *Foster v. Crestwood Sch. Dist.*, No. CV 3:16-1096, 2017 WL 1078195, at *5 (M.D. Pa. Mar. 22, 2017) (granting motion to strike); *see also McMahon v. Gen. Dynamics Corp.*, 933 F. Supp. 2d 682, 696 (D.N.J. 2013) (holding that a court cannot consider supplemental factual allegations in deciding a motion to dismiss).

Remarkably, Lead Plaintiff denies making any supplemental factual averments whatsoever.  (Opp. at 13, n.13.)  Lead Plaintiff's denial flies in the face of the new factual allegations extensively quoted and referenced in the Omnibus Opposition.  The Omnibus Opposition even raises arguments that rely on documents ***that did not exist*** at the time of the filing of the Corrected Complaint.  (*See* DePalma Decl., Exs. 3, 6, 21, 22.)  The Omnibus Opposition is replete with new factual averments in the Omnibus Opposition.  A few examples include:

- Alleging that Riot suffered "mounting" or "progressively larger losses" (MTD Opp. at 24–25 (citing Exs. 16, 24, 34, and 33));

- Alleging that Mr. Beeghley was a director of PolarityTE (f/k/a Majesco) while Mr. Honig was CEO (*id.* at 7 n.9 (citing Exs. 7–9));

- Alleging that Mr. O'Rourke invested in more than 75 companies alongside Mr. Honig between 2011 and 2018 (*id.* at 10 (citing Ex. 1));

- Alleging the amount that Riot "appear[ed]" to pay for Tess in October 2017 (*id.* at 14 (citing Exs. 19 and 20)); and,

-3-

- Alleging and arguing that Riot's investment in Verady, Inc. artificially inflated Riot's stock because the investment was only "*de minimus*" (*compare id.* at 16–17 (citing Exs. 23–26) *with* CCAC ¶¶ 279–82).

Lead Plaintiff insists that these new factual averments can be considered on a motion to dismiss because they are "incorporated by reference in the Complaint and are otherwise judicially noticeable." (Opp. at 13.) Not so. As explained below, the DePalma Declaration and its accompanying exhibits are relied upon for the truth of the matters asserted and/or are subject to reasonable dispute. Those new factual allegation should not be considered by the Court on a motion to dismiss.

Lead Plaintiff also claims that the Court can consider **any** document or fact "consistent with the pleadings." (Opp. at 5–7 (citing exclusively Seventh Circuit precedent).)[3] But this contradicts the Third Circuit rule prohibiting the amendment of a complaint by "briefs in opposition to a motion to dismiss." *PepsiCo, Inc.*, 836 F.2d at 181; *see also Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-

---

[3] *Retzlaff v. Horace Mann Insurance* does not support Lead Plaintiff's contention that any document consistent with the pleading can be considered on a motion to dismiss. 738 F. Supp. 2d 564 (D. Del. 2010). In *Retzlaff*, the defendant did not oppose the court's consideration of an insurance policy statement that was subject of the parties' insurance coverage dispute. *Id.* at 566. *Stockham Interests, LLC v. Borough of Morrisville* is also inapposite because the plaintiffs petitioned the court to conduct an "on the record review" of the same zoning board decision that was attached by the defendants on their motion to dismiss. CIV. No. 08-3431, 2008 WL 4889023, at *4 (E.D. Pa. Nov. 12, 2008).

CV-00993, 2016 WL 7117455, at *7 (M.D. Pa. Dec. 7, 2016) (striking the lead

plaintiff's declaration in support of its opposition to defendants' motion to dismiss

because it added new facts to the second amended complaint); *Steinagel v. Valley*

*Oral Surgery*, No. 12-CV-05645, 2013 WL 5429269, at *5 (E.D. Pa. Sept. 30,

2013) (same).[4]  Moreover, "consistent" factual allegations relied on in opposition

to a motion to dismiss are redundant and/or immaterial, thus providing a basis to

strike them on separate grounds.  *See* Fed. R. Civ. P. 12(f).

In fact, even the Seventh Circuit cases relied on by Lead Plaintiff fail to

support his sweeping assertion that the Court can consider any new fact consistent

with his Corrected Complaint.  (*See* Opp. at 5–7.)  The decisions hold that courts

may consider new facts consistent with the pleadings in two narrow circumstances:

(1) when determining whether to grant the plaintiff leave to amend, or (2) when

---

[4] Lead Plaintiff mentions that the court in *Southeastern Pennsylvania* took judicial notice of an SEC order.  (Opp. at 10, n.9.)  This is irrelevant.  The court expressly stated that defendants did not oppose the plaintiff's request for judicial notice of the SEC's order.  *Se. Pa. Transp. Auth.*, 2016 WL 7117455, at *6.  Furthermore, the SEC's order—unlike the *Honig* Action filings and PolarityTE's SEC filings— pertained directly to the defendants' conduct at the same company at issue in *Southeastern Pennsylvania*.  Lead Plaintiff's attempt to distinguish his supplemental pleadings from *Steinagel* is similarly misplaced.  (Opp. at 13, n.13.) Lead Plaintiff contends that he "did not seek or intend" to amend his pleadings, but that belied by the extensive set of new factual allegations asserted via the DePalma Declaration and its exhibits.  (*Id.*)

considering a party's appeal of a Rule 12(b)(6) dismissal.[5]  *See Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 353 (7th Cir. 2017) (affirming the district court's decision to strike an exhibit that was not "material" to the pleadings, but considering the exhibit for purposes of granting leave to amend); *Martinez v. Citizen's Taxi Dispatch, Inc.*, No. 16 CV 10389, 2017 WL 2311231, at *6 (N.D. Ill. May 26, 2017) (noting that a "plaintiff may not amend his complaint through a response brief," but granting the plaintiff leave to amend based on his submissions); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012) ("A party appealing a Rule 12(b)(6) dismissal may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings.").  Neither of these circumstances is applicable here.

Consequently, the Court should strike and disregard the DePalma Declaration and its exhibits because they circumvent the federal rules for amending pleadings.  *See* Fed. R. Civ. P. 15(a)(2).[6]

---

[5] In *Shah v. Zimmer Biomet Holdings, Inc.*, the court did not allow the plaintiffs to add entirely new factual allegations in their opposition to a motion to dismiss.  348 F. Supp. 3d 821, 826 (N.D. Ind. 2018).  In its Rule 12(f) analysis, the court did not address the plaintiffs' references to a particular project, which already formed a core basis of the plaintiffs' scienter allegations.  *Id.* at 828 n.1.

[6] Lead Plaintiff contends that his new factual assertions do not require a new PSLRA certification.  (Opp. at 14.)  While it is true that not all amendments to a complaint require an updated PSRLA certification, any "new allegations that are critical to the maintenance of [an] action" do require a new certification.  *In re Direxion Shares ETF Tr.*, No. 09 CIV. 8011 (KBF), 2012 WL 717967, at *7

**B.     Judicial Notice is Not Appropriate Because Lead Plaintiff Relies on Public Records For the Truth of the Matters Asserted Therein**

Lead Plaintiff does not (and cannot) dispute that, on a motion to dismiss, the Court may take judicial notice of matters of public record ***only*** to establish the existence of documents—not for the truth of the matters asserted therein. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). The same is true for documents that are incorporated by reference. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). And yet, all of the exhibits attached to the DePalma Declaration are explicitly relied upon by the Lead Plaintiff for the truth of the matter asserted in the exhibits.

The Omnibus Opposition is replete with reliance on public records for the truth of the matter asserted. For instance, Lead Plaintiff seeks judicial notice of the SEC's complaint in the *Honig* Action (Opp. at 9–11), which he parrots throughout his Opposition to the Defendants' Motions to Dismiss. Among Lead Plaintiff's repeated references to the complaint, he heralds the SEC's allegations as proof that Messrs. Honig, Brauser, Stetson, and O'Rourke did in fact have "'nearly daily contact' through 'frequent email and telephone' communications, as well as 'text or instant messaging.'" (MTD Opp. at 31 (citing DePalma Decl., Ex. 1 ¶¶ 56–57);

---

(S.D.N.Y. Mar. 6, 2012). Therefore, by asserting that his new allegations do not require an updated PSLRA certification, Lead Plaintiff concedes that his new allegations are redundant and/or immaterial, which are also subject to a motion to strike. *See* Fed. R. Civ. P. 12(f).

*see also id.* at 42 (relying on the SEC's complaint to assert that Messrs. Honig, Stetson and O'Rourke were in "nearly daily contact because they worked out of the same office and were in frequent email and telephone contact") (citing DePalma Decl., Ex. 1 ¶ 56).)  Lead Plaintiff also seeks judicial notice of PolarityTE's August 3, 2016 Form S-3, not merely to show the existence of the Registration Statement, but to claim that "O'Rourke also invested in PolarityTE in 2016 when Brauser was a director."  (*Id.* at 20 (citing DePalma Decl., Ex. 30).)

Lead Plaintiff makes no attempt in the Opposition to dispute that he seeks judicial notice of the exhibits for the truth of the matters asserted.  *See S. Cross Overseas Agencies*, 181 F.3d at 426 (holding that, on a motion to dismiss, a court may take judicial notice of another court's opinion only for the existence of that opinion and not for the truth of the facts recited therein); *Roth*, 489 F.3d at 509 (holding that SEC filings that have been incorporated by reference may only be considered to determine what the filings have stated and not to prove the truth of their contents).[7]  Nor does Lead Plaintiff offer any plausible argument that the Court can take judicial notice of facts contained within the public record for the truth of the matter asserted.

---

[7] Lead Plaintiff erroneously claims that *Southern Cross Overseas Agencies* permits him to supplement his factual allegations using the *Honig* Action filings.  (Opp. at 10–11.)  In *Southern Cross Overseas Agencies*, the Third Circuit considered the existence of an opinion by the district court in a related action only for the limited purpose of determining whether that opinion put creditors on notice sufficient to trigger the statute of limitations in the underlying action.  181 F.3d 427–29.

In contrast, Defendants properly relied on judicially noticeable documents to "indicate what was in the public realm at the time, not whether the contents of those documents are true." *U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139 (E.D. Pa. 2012). Lead Plaintiff fails to grasp this distinction, which wholly undermines Lead Plaintiff's argument. (*See* Opp. at 2 (observing that "nearly all the defendants in this action have filed and requested judicial notice of similar documents").)

## C. The Allegations and Filings in the *Honig* Action Should Be Disregarded and Stricken For Additional Reasons

Factual assertions made in other actions, even factual findings in court opinions, are not the properly subject to judicial notice. *See S. Cross Overseas Agencies*, 181 F.3d at 426 ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein—but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." (citations omitted)).[8] This makes Lead Plaintiff's reliance on ***allegations*** made in the *Honig* Action particularly inappropriate. *See Arcand*, 673 F. Supp. 2d at 292 (acknowledging that a court can take judicial notice of

---

[8] Lead Plaintiff relies on *Southern Cross Overseas Agencies* for the undisputed proposition that a court may take judicial notice of the fact that documents were filed in other actions. (Opp. at 10.) Lead Plaintiff wholly ignores, however, that the Third Circuit expressly declines to accept "the truth of the facts recited therein." *S. Cross Overseas Agencies*, 181 F.3d at 426.

pleadings on a motion to dismiss, but only for the existence of the pleadings, and not for the truth of the matter asserted therein).

Allegations made in an SEC complaint are not properly "within the pleadings." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894 (2d Cir. 1976) (granting motion to strike, holding that "SEC complaint which preceded the consent judgment is . . . immaterial, for the purposes of Rule 12(f)"). There is "well-established precedent 'that references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact that are, as a matter of law, immaterial under Rule 12(f).'" *In re Rough Rice Commodity Litig.*, No. 11 C 618, 2012 WL 473091, at *4 (N.D. Ill. Feb. 9, 2012) (citation omitted); *see also In re: Platinum and Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593 (S.D.N.Y. 2011) (striking references to the CFTC findings from complaint). Here, as in *Lipsky*, the consent judgments did not result in admissions or findings of wrongdoing. *See Lipsky*, 551 F.2d at 893–94 ("[B]oth consent decrees and pleas of *nolo contendere* are not true adjudications of the underlying issues."). As such, "paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved are . . . immaterial . . . ." *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009).

Lead Plaintiff acknowledges that the *Honig* Action resulted in settlements wherein the underlying defendants neither admitted nor denied the allegations in the SEC complaint.  (*See* DePalma Decl., Exs. 3–6.)  Nevertheless, the Omnibus Opposition improperly relies on these immaterial documents and allegations as support for the claims in this action.  Since Lead Plaintiff's allegations in the Corrected Complaint regarding the *Honig* Action are themselves immaterial, the belated attempt by Lead Plaintiff to supplement the deficient allegations in the Corrected Complaint with additional, immaterial information from the *Honig* Action is entirely unavailing.  *In re CRM Holdings, Ltd. Sec. Litig.*, No. 10 CIV. 975 RPP, 2012 WL 1646888, at *26 (S.D.N.Y. May 10, 2012) (striking "Plaintiffs' citation to 'unproven allegations' made in the WCB or NYAG complaints" because they did "not constitute factual allegations") (citation omitted).[9]

### D.    Lead Plaintiff's Other Exhibits Are Not Judicially Noticeable

Lead Plaintiff asserts that Exhibits 19 and 31 are stock price charts for Riot, which may be judicially noticeable.  (Opp. at 11.)  Defendants do not dispute that

---

[9] *See also Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) ("judicial notice of the truth of the contents of a filing from a related action could reach, and perhaps breach, the boundaries of proper judicial notice"); *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, No. 09 CIV.4050 (PKC), 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010) (striking series of "paragraphs in the SAC that include allegations based on pleadings and settlements in other cases and government investigations"); *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp ., Inc.*, No. 10-CV-864 (SLT)(RER), 2014 WL 3569338, at *4 (E.D.N.Y. July 18, 2014) (granting motion to strike plaintiff's reliance on FDIC investigation and resulting Consent Order to show defendants were fraudulently understating delinquent loans).

stock price charts *can be* judicially noticeable *if* properly authenticated. Lead

Plaintiff made no attempt to authenticate the stock price charts submitted as

Exhibits 19 and 31. *See Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007),

*as amended* (Nov. 20, 2007) ("First, we require that evidence be authenticated

before it can be admitted."); *see also In re Donald J. Trump Casino Sec. Litig.*, 7

F.3d 357, 368 n.9 (3d Cir. 1993) (the document must be "undisputedly authentic").

Lead Plaintiff provided no information that indicates the source of the information

for the stock price charts or how the information was compiled.[10] Lead Plaintiff's

failure to authenticate either Exhibit 19 or 31 renders judicial notice improper. *See*

*Smith v. Antares Pharma, Inc.*, CIV. No. 17-8945 (MAS)(DEA), 2019 WL

2785600, at *8 (D.N.J. July 2, 2019) (declining to consider a stock price chart that

was not authenticated); *see also In re White Elec. Designs Corp. Sec. Litig.*, 416 F.

Supp. 2d 754, 761 (D. Ariz. 2006) (declining to take judicial notice of exhibit

showing stock prices because its source was "not apparent from the document

itself").[11]

---

[10] Although Lead Plaintiff asserts for the first time in the Opposition that the stock prices "were taken from *Yahoo! Finance*," (Opp. at 11), Lead Plaintiff has still failed to authenticate the source documents.

[11] Lead Plaintiff relies on *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 600 n.3 (3d Cir. 2000). (Opp. at 11.) Unlike here, in *Ieradi*, there was no issue of authenticity, as the court recognized that the stock prices were "reported by Quotron Chart Service." 230 F.3d at 600 n.3.

For similar reasons, Exhibits 36 and 37 should be disregarded and stricken. Lead Plaintiff contends that Exhibit 36 is an "organizational tool that assists courts in ruling on a motion to dismiss." (Opp. at 12.) The argument fails for two independent reasons. First, the "organization tool" is not based on facts "generally known within the jurisdiction nor free from reasonable dispute," and thus is not appropriate to consider on a motion to dismiss. *See Huang v. Avalanche Biotechnologies, Inc.*, No. 15-CV-03185-JD, 2016 WL 6524401, at *3 (N.D. Cal. Nov. 3, 2016) (declining to take judicial notice of "demonstrative of stock holds during the class period" because underlying facts not subject to judicial notice). Rather, the demonstrative is based on Lead Plaintiff's conclusory characterizations of purported "interconnections." *Garber v. Flores*, No. CV 08-4208 (DDP)(RNB), 2009 WL 1649727, at *1 (C.D. Cal. June 10, 2009) (declining to take judicial notice of a chart containing the plaintiff's characterization of his interactions with defendants because it contained matters subject to reasonable dispute).[12]

Second, Lead Plaintiff's "organization tool" violates the page limit for opposition briefs under this District's Local Rules. *See* L.R. 7.2(b) ("Briefs of

---

[12] Lead Plaintiff's reliance on *Michigan Carpenters' Pension Fund v. Rayonier Advanced Materials, Inc.*, No. 3:18-CV-771-J-34JRK, 2019 WL 1429667, at *3 (M.D. Fla. Mar. 29, 2019) is misplaced. In *Raynoier*, the charts consisted of a compilation of statements made in public records that were properly subject to judicial notice. *Id.* In this case, the chart is not supported by judicially noticeable facts and is simply Lead Plaintiff's characterization of purported "interconnections." *See Garber*, 2009 WL 1649727, at *1.

greater length will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief."). Lead Plaintiff cannot use exhibits, which amount to another form of argument, to circumvent the page limit. *See In re Application Pursuant to 28 U.S.C. § 1782 of Michael Page do Brasil Ltda.*, No. CV 17-4269 (KM), 2018 WL 7018716, at *12 (D.N.J. Jan. 19, 2018), *report and recommendation adopted sub nom. In re Application for Discovery for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, No. CV 17-4269-KM-JBC, 2019 WL 168828 (D.N.J. Jan. 10, 2019) (striking exhibit circumventing page limit under Local Rule 7.2(b)).[13]

Exhibit 37 is another "chart" created by Lead Plaintiff that improperly supplements the record with factual assertions not made in the Corrected Complaint. (*See* Opp. at 12.) Lead Plaintiff argues that the chart is appropriate because it purports to reflect judicially noticeable information. (*See id.*) The argument is meritless. While SEC filings are judicially noticeable, the content of SEC filings cannot be taken for the truth of the matter asserted. *See Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (explaining that courts may take judicial notice of SEC filings only to determine what those documents stated, not for their

---

[13] *See Magdaluyo v. MGM Grand Hotel, LLC*, No. 2:14-CV-01806-APG-GWF, 2017 WL 736875, at *6 (D. Nev. Feb. 24, 2017) (striking supplemental documents filed by the plaintiff because they were "improper attempts to evade the page limits for argument"); *Rimini St., Inc. v. Oracle Int'l Corp.*, No. 2:14-CV-01699 (LRH)(CWH), 2019 WL 2358389, at *3 (D. Nev. June 4, 2019) (same).

truth).  Yet, Lead Plaintiff seeks to use the information from newly submitted SEC

filings for the truth of the matter asserted.  (*See* Opp. at 12 (claiming that Exhibit

37 "depict[s] Riot's mounting losses" based on information in Exhibits 16, 24, and

34).)  Therefore, Exhibit 37 should not be considered in connection with the

motions to dismiss.

## III.    CONCLUSION

For the foregoing reasons, as well as those in Defendants' Motion to Strike,

Defendants respectfully request that the Court strike the DePalma Declaration,

including all exhibits attached thereto.

DATED:  November 12, 2019                    PAUL HASTINGS LLP

By:  */s/ Chad J. Peterman*
     CHAD J. PETERMAN
chadpeterman@paulhastings.com
200 Park Avenue
New York, NY 10166

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

Attorneys for Defendants
RIOT BLOCKCHAIN, INC., JOHN
O'ROURKE, MICHAEL
BEEGHLEY, JEFFREY G.
MCGONEGAL, ANDREW
KAPLAN, JASON LES, AND ERIC
SO