# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>Defendants. | Civil No. 3:18-CV-02293(FLW)(ZNQ)<br><br>MOTION DATE:  March 16, 2020 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A JOINT SUR-REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS LEAD PLAINTIFF'S CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

THOMAS A. ZACCARO
thomaszaccaro@paulhastings.com
D. SCOTT CARLTON
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
chadpeterman@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY, JEFFREY G. MCGONEGAL, ANDREW KAPLAN, ERIC SO, AND JASON LES*

## **TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ................................................................... 1
II. ARGUMENT .................................................................................................. 2
III. CONCLUSION ............................................................................................. 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arcand v. Brother Int'l Corp.*,
    673 F. Supp. 2d 282 (D.N.J. 2009) ........................................................................ 2

*Levey v. Brownstone Inv. Grp., LLC*,
    No. CIV.A. 11-395 ES, 2013 WL 3285057 (D.N.J. June 26, 2013),
    *aff'd*, 590 F. App'x 132 (3d Cir. 2014) ................................................................. 2

*Willner v. Allianz AG*,
    No. CV 04-645 (HAA), 2006 WL 8458203 (D.N.J. July 14, 2006) .................... 2

**Other Authorities**

Local Civil Rule 7.1(d)(6) ............................................................................................... 1

I. **PRELIMINARY STATEMENT**

Defendants Riot Blockchain, Inc. ("Riot" or the "Company"), Michael Beeghley ("Beeghley"), John O'Rourke ("O'Rourke"), Jeffrey G. McGonegal ("McGonegal"), Andrew Kaplan ("Kaplan"), Eric So ("So"), and Jason Les ("Les") (collectively, the "Defendants") respectfully request this Court's permission to file a joint sur-reply in support of their pending Motions to Dismiss the Corrected Consolidated Amended Class Action Complaint filed by Lead Plaintiff Dr. Stanley Golovac (Dkt. No. 73) (the "Corrected Complaint" or "CCAC"), pursuant to Local Civil Rule 7.1(d)(6).

Defendants seek to file a joint sur-reply brief to inform the Court of a crucial new development relevant to the adjudication of Defendants' pending Motions to Dismiss. (Dkt. Nos. 107 and 108.)[1] On January 29, 2020, the U.S. Securities and Exchange Commission ("SEC") announced that it terminated its investigation of Riot, and did not intend to recommend an enforcement action by the SEC against the Company. Defendants' joint sur-reply brief will be short, no more than five pages, and will only address the SEC's recent disclosure.[2]

---

[1] Defendants filed two separate Motions to Dismiss. Riot and Messrs. Beeghley, O'Rourke, and McGonegal jointly filed a Motion to Dismiss on behalf of the "Riot Blockchain Defendants." (Dkt. No. 107.) Messrs. Kaplan, So, and Les jointly filed a Motion to Dismiss on behalf of the "Director Defendants." (Dkt. No. 108.)
[2] Defendants' proposed joint sur-reply brief is attached as Exhibit A to the Declaration of D. Scott Carlton In Support of Defendants' Motion for Leave to File a Joint Sur-Reply ("Carlton Declaration"). Riot disclosed the SEC's termination

II. **ARGUMENT**

Courts in this District permit parties to file sur-replies to "address a new issue in the 'interest of completeness,' for 'complicated and novel legal questions,' or for unusual circumstances." *Levey v. Brownstone Inv. Grp., LLC*, No. CIV.A. 11-395 ES, 2013 WL 3285057, at *3 (D.N.J. June 26, 2013), *aff'd*, 590 F. App'x 132 (3d Cir. 2014). Additionally, a sur-reply may introduce new, previously unavailable facts and legal authority for the Court's consideration in connection with a motion to dismiss. *See Willner v. Allianz AG*, No. CV 04-645 (HAA), 2006 WL 8458203, at *3 (D.N.J. July 14, 2006) (granting permission to file a sur-reply to inform the court of new information and facts that pertained to defendants' motions to dismiss and motion to compel arbitration); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 290 (D.N.J. 2009) (allowing parties to submit sur-reply briefs to address a factually analogous district court decision which was issued after the parties submitted their briefs on the defendant's motion to dismiss).

Here, Defendants' joint sur-reply informs the Court of the SEC's January 29, 2020 decision not to seek an enforcement action against Riot. This information

---

letter in the Company's Form 8-K, filed with the SEC on February 3, 2020. (*See* Carlton Decl., Ex. A at 15.)

was previously unavailable to Defendants when they filed their Motions to Dismiss and their Reply briefs in support thereof.[3]

Furthermore, the SEC's recent announcement is highly relevant to the adjudication of the Motions to Dismiss. The Motions to Dismiss are based, in part, upon the failure of Lead Plaintiff to allege sufficient facts giving rise to a cogent and compelling inference that the Defendants acted with the requisite level of scienter. (*See* Riot Blockchain Defendants' Memo. In Support of Mot. to Dismiss (Dkt. 107-1), at 31–32; Director Defendants' Memo. In Support of Mot. to Dismiss (Dkt. No. 108-1), at 6–12.) Lead Plaintiff, however, relies heavily on allegations in the Corrected Complaint that the existence of the SEC's investigation supports an inference that Defendants acted with scienter. (*See, e.g.*, CCAC ¶¶ 200, 350, 366, 387–88, 393; Lead Plaintiff's Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss, Dkt. No. 136, at 45–46.)

Defendants therefore respectfully request that the Court permit Defendants the opportunity to file a short sur-reply brief to address the termination of the SEC investigation and its impact on Lead Plaintiff's scienter allegations. The SEC's termination of its investigation of Riot was previously unavailable to Defendants,

---

[3] Defendants filed their Motions to Dismiss on September 3, 2019. (Dkt. Nos. 107 and 108.) Defendants filed their Reply briefs in support of the Motions to Dismiss on October 22, 2019. (Dkt. Nos. 146 and 147.)

-3-

but is highly relevant to the parties' arguments before the Court in connection with the Motions to Dismiss.

III. **CONCLUSION**

For the reasons stated above, Defendants respectfully request the Court's permission to file a joint sur-reply in support of their Motions to Dismiss.

DATED:   February 10, 2020    PAUL HASTINGS LLP

By: /s/ *Chad J. Peterman*
   CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090


THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC., JOHN
O'ROURKE, MICHAEL BEEGHLEY,
JEFFREY G. MCGONEGAL, ANDREW
KAPLAN,  AND ERIC SO, JASON LES