# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>Defendants. | Civil No. 3:18-CV-02293(FLW)(ZNQ)<br><br>MOTION DATE: March 16, 2020 |

**DECLARATION OF D. SCOTT CARLTON IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A JOINT SUR-REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS THE CORRECTED CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

THOMAS A. ZACCARO
thomaszaccaro@paulhastings.com
D. SCOTT CARLTON
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
chadpeterman@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY, JEFFREY G. MCGONEGAL, ANDREW KAPLAN, JASON LES AND ERIC SO*

# DECLARATION OF D. SCOTT CARLTON

I, Daniel Scott Carlton, declare and state as follows:

1. I am an attorney duly admitted to practice in the State of California and to appear before this Court *pro hac vice*. I am of counsel in the firm of Paul Hastings LLP, counsel of record for Defendants Riot Blockchain ("Riot"), John O'Rourke, Michael Beeghley, Jeffrey G. McGonegal, Andrew Kaplan, Jason Les, and Eric So (collectively, the "Defendants") in the above-captioned matters. I make this declaration in support of Defendants' Motion for Leave to File a Joint Sur-Reply In Support of Their Motions to Dismiss the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws. I have personal knowledge of the facts stated herein and, if called upon to testify under oath, I could and would testify competently thereto.

2. Attached hereto as Exhibit "A" are true and correct copies of Defendants' Proposed Joint Sur-Reply Brief, the accompanying Declaration of D. Scott Carlton (the "Carlton Declaration") in support thereof, and Riot's Form 8-K, filed before the SEC on February 3, 2020, as obtained by my office from the SEC's publicly available EDGAR website at https://www.sec.gov/Archives/edgar/data/1167419/000107997320000074/riot_8k.htm, which is attached as an exhibit to the Carlton Declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on the 10th day of February 2020, at Los Angeles, California.

                                                    */s/ D. Scott Carlton*
                                                  Daniel Scott Carlton

# EXHIBIT A

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>Defendants. | Civil No. 3:18-CV-02293(FLW)(ZNQ)<br><br>MOTION DATE: March 16, 2020 |

**DEFENDANTS' JOINT SUR-REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS LEAD PLAINTIFF'S CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY, JEFFREY G. MCGONEGAL, ANDREW KAPLAN, ERIC SO, AND JASON LES*

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..........................................................................................1
II. ARGUMENT..................................................................................................2
III. CONCLUSION ..............................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Ceridian Corp. Sec. Litig.*,
  542 F.3d 240 (8th Cir. 2008) .................................................................................. 4

*In re Hertz Glob. Holdings, Inc. Sec. Litig.*,
  No. CV 13-7050, 2017 WL 1536223 (D.N.J. Apr. 27, 2017), *aff'd sub nom.* 905 F.3d 106 (3d Cir. 2018) .................................................................. 3

*In re Intelligroup Sec. Litig.*,
  527 F. Supp. 2d 262 (D.N.J. 2007) ......................................................................... 3

*Oran v. Stafford*,
  226 F.3d 275 (3d Cir. 2000) ................................................................................... 3

*S.E.C. v. Lucent Techs. Inc.*,
  No. CIV. 04-2315 (WHW), 2005 WL 1206841 (D.N.J. May 20, 2005) ....................................................................................................................... 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ............................................................................................ 1, 4

## I.     INTRODUCTION

The Corrected Consolidated Amended Class Action Complaint (the "Corrected Complaint" or "CCAC") includes generalized allegations about the U.S. Securities and Exchange Commission's (the "SEC") ***then-pending*** investigation of Riot Blockchain, Inc. ("Riot" or the "Company"). (Dkt. No. 73.) Lead Plaintiff relies heavily on those allegations to argue that he has sufficiently alleged a strong inference of scienter. (*See* CCAC ¶¶ 387–88; Lead Plaintiff's Omnibus Memo. In Opposition to Motions to Dismiss (Dkt. No. 136) (the "Opposition" or "Opp.") at 45–47.) Lead Plaintiff's argument, however, is wholly undermined by the SEC's recent decision to terminate the investigation of Riot. (*See* Declaration of D. Scott Carlton In Support of Defendants' Joint Sur-Reply ("Carlton Decl."), Ex. A at 2 (Riot's Form 8-K, filed on Feb. 3, 2020).)

On January 29, 2020, the SEC informed Riot that it had concluded its investigation and did not intend to recommend an enforcement action against the Company. (*Id.*) The termination of the SEC's investigation not only disposes of any inference that Lead Plaintiff sought in favor of Defendants' scienter, it weighs heavily against any finding of scienter. Without a cogent and compelling inference of scienter, the Corrected Complaint should be dismissed with prejudice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007) ("A complaint will survive . . . only if a reasonable person would deem the inference of

scienter cogent and at least compelling as any opposing inference one could draw from the facts alleged.").

## II. ARGUMENT

The Motions to Dismiss filed by Defendants contend that Lead Plaintiff failed to plead several elements of the Section 10(b) claim with particularity, including the element of scienter.  (Memo. In Support of Riot Blockchain Defs.' Mot. to Dismiss the Corrected Complaint (Dkt. No. 107-1) at 29–39; Memo. In Support of Director Defs.' Mot. to Dismiss the Corrected Complaint (Dkt. No. 108-1) at 6–13.)  Lead Plaintiff argued in the Opposition that the SEC's pending investigation of Riot is "one piece of the puzzle when taking a 'holistic' view of the purported facts as they relate to scienter."  (Opp. at 46 (quoting *In re Gentiva Sec. Litig.*, 932 F. Supp. 2d 352, 380 (E.D.N.Y. 2013).)  While Lead Plaintiff's argument was wrong when it was made in the Opposition,[1] it has also now become factually incorrect, as there is no longer a pending SEC investigation of Riot.  (*See* Carlton Decl., Ex. A at 2.)

On February 3, 2020, Riot filed a Form 8-K with the SEC, which discloses:

> [O]n January 29, 2020, it had received written notice from the Division of Enforcement of the [SEC] that the SEC had concluded its investigation of Riot (the "SEC

---

[1] A more detailed analysis of Defendants' argument that a pending SEC investigation does not support any inference of scienter can be found in the Riot Blockchain Defendants' Memorandum of Law in Support of Their Motion to Dismiss (Dkt. No. 107-1) at 31–33.

> Investigation"). The SEC Investigation was previously disclosed by Riot on its current report on Form 8-K filed on April 9, 2018. According to the letter, the SEC has concluded its investigation of Riot and, based on the information the SEC had as of the date of the letter, the SEC does not intend to recommend an enforcement action against Riot, with respect to the matters investigated by the SEC.

(*Id.*) [2]

Courts in the Third Circuit firmly hold that "[a]n SEC investigation that has not resulted in charges or any finding of wrongdoing does not support an inference of scienter." *In re Hertz Glob. Holdings, Inc. Sec. Litig.*, No. CV 13-7050, 2017 WL 1536223, at *17 n.6 (D.N.J. Apr. 27, 2017), *aff'd sub nom.* 905 F.3d 106 (3d Cir. 2018). Nevertheless, Lead Plaintiff relies on out-of-circuit authority that, at best, indicate that pending SEC investigations might contribute to a finding of scienter, but cannot independently support a strong inference of scienter. (*See* Opp. at 46.)

To the extent that a pending SEC investigation might contribute to a finding of scienter (which it does not), the SEC's recent decision to terminate the investigation of Riot removes any scintilla of scienter. *See In re Intelligroup Sec.*

---

[2] Defendants respectfully request that the Court take judicial notice of Riot's Form 8-K filed with the SEC. Filings made with the SEC are judicially noticeable and appropriate for consideration on a motion to dismiss, *see Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (ruling that courts may take judicial notice of SEC filings in ruling on a motion to dismiss). (*See also* Defendants' Joint Request for Judicial Notice in Support of Motions to Dismiss the Corrected Consolidated Amended Complaint (Dkt. No. 109) at 5–6.)

*Litig.*, 527 F. Supp. 2d 262, 274 (D.N.J. 2007) (taking judicial notice of the SEC's no-action letter to acknowledge that the SEC's investigation of the defendant did not result in an enforcement action and holding that the plaintiffs failed to allege scienter against defendants). Moreover, the Court must holistically weigh competing non-fraudulent inferences of scienter. *Tellabs, Inc.*, 551 U.S. at 323 ("[I]n determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences."). Since the SEC decided to terminate its investigation of Riot, the Court can draw an even stronger inference of non-fraudulent conduct by Defendants. *See In re Ceridian Corp. Sec. Litig.*, 542 F.3d 240, 248–49 (8th Cir. 2008) (holding that an SEC investigation that did not result in any findings of fraud undermined an inference of scienter). The SEC has extensive fact-gathering tools and an easier pleading burden than Lead Plaintiff to pursue enforcement matters. *See S.E.C. v. Lucent Techs. Inc.*, No. CIV. 04-2315 (WHW), 2005 WL 1206841, at *5 (D.N.J. May 20, 2005) ("[B]ecause the PSLRA does not apply [to actions brought by the SEC], the SEC is exempt from the PSLRA's additional requirement of pleading scienter with particularity."). Yet, following an investigation into Riot, the SEC has decided not to pursue any action against Riot. Therefore, the SEC's recent disclosure undermines any inference that Defendants acted with scienter.

## III. <u>CONCLUSION</u>

Accordingly, for the reasons above and for the reasons articulated in their Motions to Dismiss (and briefs in support thereof), Defendants respectfully request that the Court dismiss in their entirety the Section 10(b) and Section 20(a) claims brought against them.

DATED:  February 10, 2020          PAUL HASTINGS LLP

By: /s/ *Chad J. Peterman*
  CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY, JEFFREY G. MCGONEGAL, ANDREW KAPLAN, JASON LES, AND ERIC SO

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>Defendants. | Civil No. 3:18-CV-02293(FLW)(ZNQ)<br><br>MOTION DATE:  March 16, 2020 |

## DECLARATION OF D. SCOTT CARLTON IN SUPPORT OF DEFENDANTS' JOINT SUR-REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS THE CORRECTED CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY,*
*JEFFREY G. MCGONEGAL, ANDREW KAPLAN, JASON LES AND ERIC SO*

# DECLARATION OF D. SCOTT CARLTON

I, Daniel Scott Carlton, declare and state as follows:

1. I am an attorney duly admitted to practice in the State of California and to appear before this Court *pro hac vice*. I am of counsel in the firm of Paul Hastings LLP, counsel of record for Defendants Riot Blockchain ("Riot"), John O'Rourke, Michael Beeghley, Jeffrey G. McGonegal, Andrew Kaplan, Jason Les, and Eric So (collectively, the "Defendants") in the above-captioned matters. I make this declaration in support of Defendants' Joint Sur-Reply In Support of Their Motions to Dismiss the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws. I have personal knowledge of the facts stated herein and, if called upon to testify under oath, I could and would testify competently thereto.

2. Attached hereto as Exhibit "A" is a true and correct copy of Riot's Form 8-K, filed before the SEC on February 3, 2020, as obtained by my office from the SEC's publicly available EDGAR website at https://www.sec.gov/Archives/edgar/data/1167419/000107997320000074/riot_8k.htm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on the 10th day of February 2020, at Los Angeles, California.

                                                */s/ D. Scott Carlton*
                                                Daniel Scott Carlton

# EXHIBIT A

8-K 1 riot_8k.htm FORM 8-K

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

FORM 8-K

CURRENT REPORT
PURSUANT TO SECTION 13 OR 15(D) OF
THE SECURITIES EXCHANGE ACT OF 1934

Date of Report (Date of earliest event reported): February 3, 2020 (January 29, 2020)

**Riot Blockchain, Inc.**
(Exact name of registrant as specified in its charter)

| **Nevada** | **001-33675** | **84-1553387** |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File Number) | (I.R.S. Employer Identification No.) |

**202 6th Street, Suite 401,
Castle Rock, CO 80104**
(Address of principal executive offices)

**(303) 794-2000**
(Registrant's telephone number, including area code)

(Former name, former address, and former fiscal year, if changed since last report.)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)
☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)
☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))
☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

| **Title of each class** | **Trading Symbol(s)** | **Name of each exchange on which registered** |
|---|---|---|
| Common Stock | RIOT | NASDAQ Capital Market |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

**Item 8.01 – Other Events.**

On January 30, 2020, Riot Blockchain, Inc. ("**Riot**" the "**Company**") issued a press release announcing that on January 29, 2020, it had received written notice from the Division of Enforcement of the Securities and Exchange Commission (the "**SEC**") that the SEC had concluded its investigation of Riot (the "**SEC Investigation**"). The SEC Investigation was previously disclosed by Riot on its current report on Form 8-K filed on April 9, 2018. According to the letter, the SEC has concluded its investigation of Riot and, based on the information the SEC had as of the date of the letter, the SEC does not intend to recommend an enforcement action against Riot, with respect to the matters investigated by the SEC.

**About Riot Blockchain**

Information reported in this Current Report on Form 8-K is limited to the scope of the information reportable under a Current Report on Form 8-K under the rules and regulations of the Commission. Please refer to the additional information concerning the Corporation referenced in the following notices and safe harbor provision for material risks and other uncertainties.

**Investor Notice**

An investment in the Corporation's common stock involves a high degree of risk, and an investor should only purchase the Corporation's securities if he or she can afford to suffer the loss of his or her entire investment. In determining whether to purchase the Corporation's common stock, an investor should carefully consider all of the material risks described in this Current Report on Form 8-K below, together with the factors described under Item 1A under the heading "Risk Factors" in our most recent Annual Report on Form 10-K for the year ended December 31, 2019, filed with the Securities and Exchange Commission (the "SEC") on April 2, 2019, as amended on Form 10-K/A, filed with the SEC on April 23, 2019, as supplemented and updated by subsequent Quarterly Reports on Form 10-Q and Current Reports on Form 8-K, together with the financial or other information contained or incorporated by reference in such reports. In addition to the risks discussed below, other risks not presently known to us or that we currently believe to be immaterial may also adversely affect our business, financial condition and results of operations, perhaps materially. The risks discussed below also include forward-looking statements, and actual results and events may differ substantially from those discussed or highlighted in those forward-looking statements. See also the Section entitled "Forward-Looking Statements" herein.

**Safe Harbor**

The information provided in this report may include forward -looking statements relating to future events or the future financial performance of the Corporation. Because such statements are subject to risks and uncertainties, actual results may differ materially from those expressed or implied by such forward-looking statements. Words such as "anticipates," "plans," "expects," "intends," "will," "potential," "hope" and similar expressions are intended to identify forward-looking statements. These forward-looking statements are based upon current expectations of the Corporation and involve assumptions that may never materialize or may prove to be incorrect. Actual results and the timing of events could differ materially from those anticipated in such forward-looking statements as a result of various risks and uncertainties. Detailed information regarding factors that may cause actual results to differ materially from the results expressed or implied by statements in report relating to the Corporation may be found in the Corporation's periodic filings with the Commission, including the factors described in the sections entitled "Risk Factors", copies of which may be obtained from the SEC's website at www.sec.gov. The Corporation does not undertake any obligation to update forward-looking statements contained in this report.

| Item 9.01. | Financial Statements and Exhibits. |
|---|---|

(d) Exhibits.

| Exhibit Number | Description |
|---|---|
| 99.1 | Press Release, issued by Riot Blockchain, Inc. on January 30, 2020 (furnished pursuant to Item 8.01 of this Current Report on Form 8-K).* |

* The information contained in this Press Release is furnished but not filed for purposes of Section 18 of the Securities Exchange Act of 1934, as amended.

# S I G N A T U R E

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

RIOT BLOCKCHAIN, INC.

By: /s/ Jeffrey McGonegal
Jeffrey McGonegal
Chief Executive Officer

Date: February 3, 2020