# EXHIBIT A

Thomas O. Gorman (*Pro Hac*)
Laura Lestrade
Dorsey & Whitney, LLP
51 West 52nd Street
New York, New York
212 – 415-9200
202 – 442-3507
301 – 602-9988 (mobile)
Gorman.tom@Dorsey.com

Stephen Weingold (*Pro Hac*)
Dorsey & Whitney, LLP
1400 Wewatta St. No. 400
Denver Colorado 8020

*Attorneys For Defendant
Mike Dai*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, individually and on behalf of all others similarly situated,, <br><br> *Plaintiffs,* <br><br> v. <br> RIOT BLOCKCHAIN, INC. f/k/a BIOPTIX, INC., JOHN O'ROURKE, JEFFREY MCGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES and ERIC SO, <br><br> *Defendants.* | Civil Action No.3:18-02293 (FLW) (TJB) <br><br> JudgeName <br><br> Return Date: March 16, 2020 <br><br> **SUR REPLY MEMORANDUM OF LAW OF DEFENDANT MIKE DAI IN SUPPORT OF HIS MOTION TO DISMISS THE CORRECTED CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

i

# TABLE OF CONTENTS

                                                        **Page**

BACKGROUND ........................................................................**Error! Bookmark not defined.**

ARGUMENT .............................................................................**Error! Bookmark not defined.**

CONCLUSION .........................................................................**Error! Bookmark not defined.**

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*SEC v. Dynkowski*,
  2015 U.S. Dist. LEXIS 188136  (D. Del. July 29, 2015) ............................................................4

*SEC v. Farmer*,
  2015 U.S. Dist. LEXIS 189325 (S.D. Tex. Nov. 6, 2015).........................................................4

*SEC v. Gannon Giguiere*,
  2018 U.S. Dist. LEXIS 233257 (S.D. Cal. Oct. 24, 2018) .......................................................4

**Statutes**

Exchange Act Section 10(b) ...........................................................................................................4

Exchange Act Section 21D(b) ........................................................................................................3

**Other Authorities**

Exchange Act Rule 10(b)(5) ...........................................................................................................4

Fed. R. Civ. Proc. Rule 8(a)............................................................................................................3

Fed. R. Civ. Proc. Rule 9(b)............................................................................................................3

**BACKGROUND**

Mike Dai completed briefing on his Motion to Dismiss the Corrected Consolidated Amended Class Action Complaint on November 18, 2019 (See Dkt. Nos. 132, 158).  Prior to that date, each of the other Defendants in this action also completed briefing on their Motions to Dismiss Lead Plaintiff's Corrected Consolidated Amended Class Action Complaint (Dkt. No. 73) ("Amended Complaint").

Following the completion of that briefing process, and prior to any ruling by the Court, Defendant Riot Blockchain, Inc. (the "Company") announced that the staff of the Securities and Exchange Commission ("SEC") had informed them that there would be no recommendation to institute an enforcement action against the Company based on what had been a private, non-public law enforcement investigation.  *See* Exh. 1 at 2.[1]  While the Order directing the staff to conduct the investigation was, and remains, non-public, the Amended Complaint repeatedly cites to the existence of the investigation as support for its supposition that a pump-and-dump market manipulation had taken place with regard to the securities of the Company. Pl.'s Am. Compl. ¶¶ 350, 366, 387, 393**.**  Now however, that investigation has concluded as to the Company.

**ARGUMENT**

The determination of the Securities and Exchange Commission's staff not to recommend the initiation of a law enforcement action against is significant, and supports Mr. Dai's request for dismissal of the Amended Complaint, for three reasons:  First, the Amended Complaint is predicated in part on the supposition that the now closed investigation as to the Company supported its stock manipulation claims – it does not.  Second, the termination of the SEC

---

[1] All Exhibit cites referenced herein are to the Declaration of Laura Lestrade in Support of Defendant Mike Dai's Sur-Reply in Support of his Motion to Dismiss Lead Plaintiff's Corrected Consolidated Amended Class Action Complaint.

1

investigation is wholly consistent with Mr. Dai's contention that the Amended Complaint is economically irrational and should be dismissed. Memorandum of Mike Dai in Support of Motion to Dismiss ("Dai Memo") (Dkt. No. 132) at 12-13. Third, the Amended Complaint fails to detail facts which would support the key building blocks of a pump-and-dump market manipulation.

First, the Amended Complaint repeatedly relies on the existence of an SEC investigation to support its claims. *See, e.g.*, Pl.'s Am. Compl. ¶¶ 350, 366, 387, 393. While the investigation by the SEC staff was confidential and non-public, nevertheless the Amended Complaint sought to rely on the existence of the investigation to meet its obligation to detail specific facts supporting its claims. *See generally,* Rules 8(a) and 9(b), Federal Rules of Civil Procedure (requiring any claim to set forth plausible claims and those based on fraud as here to present specific detailed facts); Exchange Act Section 21D(b) (added to the statute as part of the Public Securities Litigation Reform Act of 1996, requiring each element of a claim to be supported by detailed facts). The SEC staff's recent disclosure that that the investigation has been terminated as to the Company directly undercuts the claims of the Amended Complaint, further compelling dismissal.

Second, the conclusion of the SEC staff is wholly consistent with Mr. Dai's previously stated position. In the Dai Memo as well as in his Reply Memorandum of Law ("Reply") (Dkt. No. 158), Mr. Dai pointed out, based on long standing SEC regulations, that the manipulation claims in the Amended Complaint are economically irrational and should thus be dismissed. As detailed in the Dai Memo and Reply, the Amended Complaint, as alleged, repeatedly undercut any claim of a fraudulent manipulation scheme that sought to raise the share price of the Company stock to an artificial level since the shares were repeatedly sold into the market using

S-3 registration statements. Those registration statements not only demonstrated compliance with the law requiring the registration of shares with the SEC but, more importantly, drove the share price down, not up. It is for this reason that the SEC has long banned short selling in advance of secondary offerings of shares – adding more shares to those outstanding in the market causes the price to fall because of the dilutive effect of adding new shares to those already available. Dai Memo(Dkt. No. 132) at 12-13.

Third, even setting aside the irrationality of the claims and the recent decision of the SEC staff, the Amended Complaint fails to allege facts supporting the key elements a pump-and-dump manipulation. As repeatedly demonstrated by SEC law enforcement actions alleging pump-and-dump market manipulation claims in violation of Exchange Act Section 10(b) and Rule 10(b)(5) thereunder, the fundamental building blocks of such a claim are: Secret control by the manipulator; wash sales to feign market activities and attract investors; matched orders to boost the price; and often false publicity to spur trading. *See* SEC Complaints in *SEC v. Farmer*, No. 19-1774 (Dkt. No. 1), 2015 U.S. Dist. LEXIS 189325 (S.D. Tex. Nov. 6, 2015) at 2 (Exh. 2); SEC Complaint in *SEC v. Gannon Giguiere*, No. 18-1530 (Dkt. No. 1), 2018 U.S. Dist. LEXIS 233257 (S.D. Cal. Oct. 24, 2018) at 2-3 (Exh. 3); SEC Complaint in *SEC v. Dynkowski*, No. 09-361 (Dkt. No. 1) 2015 U.S. Dist. LEXIS 188136 (D. Del. July 29, 2015) at 1-2 (Exh. 4). The Amended Complaint fails to include detailed facts supporting these key building blocks of such a claim.

Since the Amended Complaint eschews furnishing detailed facts supporting even the basic building blocks of a pump-and-dump manipulation while relying on economically irrational allegations and a now closed SEC investigation as to the Company, it should be dismissed with prejudice as to Mr. Dai.

## CONCLUSION

Wherefore, for the foregoing reasons, as well as those set forth in the Dai Memo and Reply Mr. Dai respectfully requests that the Court dismiss the Amended Complaint as to him with prejudice.

Dated: February 19, 2020

        Respectfully submitted,

        Dorsey & Whitney LLP

        By: */s/* Laura Lestrade
        Thomas O. Gorman

        Dorsey & Whitney LLP
        51 West 52nd Street
        New York, New York
        Telephone: (212) 415-9200

        Stephen Weingold
        Dorsey & Whitney LLP
        1400 Wewatta St., Suite 400
        Denver, Colorado 80202
        Telephone: (303) 629-3400