Laura Lestrade
Thomas O. Gorman (*Admitted Pro Hac*)
Dorsey & Whitney, LLP
51 West 52nd Street
New York, New York
(212) 415-9200
(202) 442-3507
(301) 602-9988 (mobile)
*Gorman.tom@Dorsey.com*
Stephen Weingold (*Admitted Pro Hac*)
Dorsey & Whitney, LLP
1400 Wewatta St. No. 400
Denver Colorado 80202
*Attorneys For Defendant*
*Mike Dai*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, individually and on behalf of all others similarly situated, | Civil Action No.: 18-2293 (FLW)(ZNQ) |
| Plaintiff, | Hon. Freda L. Wolfson |
| v. | |
| RIOT BLOCKCHAIN, INC. f/k/a BIOPTIX, INC., JOHN O'ROURKE, JEFFREY MCGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES and ERIC SO, | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MIKE DAI'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF HIS MOTION TO DISMISS LEAD PLAINTIFF'S CORRECTED CONSOLIDATED AMENDED COMPLAINT** |
| Defendants. | |

i

# TABLE OF CONTENTS

**Page**

ARGUMENT ...........................................................................................................1

CONCLUSION ........................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 782 (9th Cir. 2013) ............. 2

*SEC v. Honig,* 2020 U.S. Dist. LEXIS 31961 (S.D.N.Y. Feb. 25, 2020) ................................... 1, 3

*Standifer v. SEC*, 542 F. Supp. 2d 1312, 1318 (N.D. Ga. 2008) ...................................................... 2

*Willner v. Allianz AG*, Civil Action No. 04-645 (HAA), 2006 U.S. Dist. LEXIS 106502 (D.N.J. July 13, 2006) ............................................................................................................................ 2

**Other Authorities**

SEC Div. of Enforcement, Enforcement Manual ........................................................................ 2, 3

Defendant Mike Dai respectfully submits this reply memorandum of law in response to Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motions for Leave to File Sur-Replies in Support of their Motions to Dismiss Lead Plaintiff's Corrected Consolidated Class Action Complaint ("Amended Complaint") and in further support of his Motion for Leave to File a Sur-Reply.

Defendant Mike Dai respectfully requests that the Court enter an order permitting him to file a sur-reply in support of his previously filed Motion to Dismiss the Amended Complaint due to a new development that occurred after briefing on the Motion to Dismiss was completed regarding an issue presented squarely by the Amended Complaint, the existence of the SEC investigation into Riot Blockchain ("The Company").

## ARGUMENT

Lead Plaintiff's arguments opposing Mr. Dai's motion to file a sur-reply should be rejected for three reasons: First, a sur-reply is proper to inform the Court about new facts; Second, the Court can and should take judicial notice of the Company's Securities and Exchange Commission ("SEC") Form 8-K filed February 3, 2020, ("The 8-K")[1] and Lead Plaintiff does not object to the Court's doing so; and Third, Lead Plaintiff's focus on the *Honig* case[2] is improper because the conduct alleged in that case does not relate to Mr. Dai.

First, Lead Plaintiff's Opposition incorrectly applies the law regarding when a sur-reply is allowed and glosses over the fact that his Amended Complaint relies extensively on the existence of an SEC investigation into Riot Blockchain, Inc. ("Riot"). A sur-reply is proper when it informs the court of new information or pertinent new facts. *See Willner v. Allianz AG,*

---

[1] Exhibit 1 to Declaration of Laura Lestrade in Support of Defendant Mike Dai's Sur-Reply in Support of his Motion to Dismiss Lead Plaintiff's Corrected Consolidated Amended Class Action Complaint (Dkt. No. 162).
[2] *SEC v. Honig,* 2020 U.S. Dist. LEXIS 31961 (S.D.N.Y. Feb. 25, 2020).

Civil Action No. 04-645 (HAA), 2006 U.S. Dist. LEXIS 106502, at *9 (D.N.J. July 13, 2006). Here, Mr. Dai has requested to bring to the Court's attention the following statement from the Company's 8-K, "the SEC does not intend to recommend an enforcement action against Riot, with respect to the matters investigated by the SEC." The decision by the SEC not to recommend an enforcement action ties directly to the allegations alleged in the Amended Complaint, is new information that is highly relevant to the case and particularly to Mr. Dai's pending Motion to Dismiss (Dkt. No. 132). A sur-reply is a proper vehicle for informing the Court about the existence of the SEC's decision, as it is new information and highly relevant.

Second, Lead Plaintiff agrees that the Court can take judicial notice of the 8-K ("Plaintiff does not object to the Court's taking judicial notice of Riot's Form 8k . . . ." Lead Plaintiff's Opp. to Defs. Mtns. for Sur-Replies (Dkt. No. 163 at 2)), and Mr. Dai requests that the Court do so. The Court should have all facts available, and the 8-K contains new information that directly relates to the issues raised in the Amended Complaint. Mr. Dai is entitled to put this information in context for the Court.

Lead Plaintiff's claims regarding the reasons the SEC staff did not recommend an enforcement action as to the Company should be seen for what they are — speculation. It is axiomatic that the SEC has broad discretion in considering a possible enforcement action. *See Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 782 (9th Cir. 2013); *Standifer v. SEC*, 542 F. Supp. 2d 1312, 1318 (N.D. Ga. 2008). The staff of the agency may elect to make an enforcement recommendation or close an investigation or part of one, for a variety of reasons. *See, e.g.* SEC Div. of Enforcement, Enforcement Manual § 2.6.3 (Nov. 28, 2017)(listing considerations).[3]

---

[3] *Available at* https://www.sec.gov/divisions/enforce/enforcementmanual.pdf.

After the decision not to recommend an enforcement action is made, the staff forwards a letter so indicating to those mentioned in the case caption and certain others. That letter is required to state that the notice "must in no way be construed as indicating that the party has been exonerated or that no action may ultimately result from the staff's investigation of that particular matter. All such a communication means is that the staff has completed its investigation and that at that time no enforcement action has been recommended to the Commission." *Id*. § 2.6.2. Thus, while the notice means what it says — no enforcement action has been recommended as to the Company — it also directly undercuts a pillar of the Amended Complaint — that the existence of the investigation somehow supports the fraud claims asserted in the Amended Complaint.

Finally, Mr. Dai objects to Lead Plaintiff's request that the Court take judicial notice of recent filings in the *Honig* case. Lead Plaintiff's Opp. to Defs. Mtns. for Sur-Replies (Dkt. No. 163 at 10-11). Lead Plaintiff requests that the Court take judicial notice of these filings to help "provide more accurate, readily determinable, and reliable indicia of Defendants' scienter." *Id*. at 10. But Lead Plaintiff's extended meanderings regarding the *Honig* case should be seen for what they are -- an effort to paint Mr. Dai as guilty by association. Through this request, Lead Plaintiff is essentially asking the Court to infer culpability on the part of Mr. Dai from filings that are only tangentially related to this matter and have nothing to do with Mr. Dai. While the Court may take judicial notice of that case, it is not relevant to Mr. Dai as he is not mentioned in the action and it has nothing to do with him or with the determination by the SEC not to pursue an enforcement action against the Company. *See Honig*, 2020 U.S. Dist. LEXIS 31961. Judicial notice should not be taken of the *Honig* case, as it bears no relevance to the issues in this case

3

concerning Mr. Dai and should not be given any weight in considering Mr. Dai's motion to file a sur-reply.

## CONCLUSION

Wherefore, Mr. Dai requests that the Court grant his Motion for Leave to File a Sur-Reply in Support of his Motion to Dismiss Lead Plaintiff's Amended Complaint, or in the alternative take judicial notice of the 8-K.

DATED: March 9, 2020

Respectfully submitted,

DORSEY & WHITNEY LLP

By: _/s/ Laura M. Lestrade_____
    Laura M. Lestrade
    Thomas O. Gorman
    51 West 52nd St.
    New York, NY 10019-6119
    Telephone: (212) 415-9227
    Fax: (212) 953-7201
    Lestrade.Laura@dorsey.com
    *Attorney for Defendant Mike Dai*

    Stephen Weingold
    Dorsey & Whitney LLP
    1400 Wewatta St., Suite 400
    Denver, Colorado 80202
    Telephone: (303) 629-3400