# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>Defendants. | Civil No. 3:18-CV-02293(FLW)(ZNQ)<br><br>MOTION DATE:  March 16, 2020 |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A JOINT SUR-REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS LEAD PLAINTIFF'S CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, MICHAEL BEEGHLEY, JEFFREY G. MCGONEGAL, ANDREW KAPLAN, ERIC SO, AND JASON LES*

**TABLE OF CONTENTS**

|     |     |     | Page |
| --- | --- | --- | --- |
| I.  | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 4 |
|     | A. | Defendants Should Be Granted Leave to File a Sur-Reply | 4 |
|     | B. | Defendants' Proposed Sur-Reply Introduces Information That Is Judicially Noticeable, and Undermines Any Inference of Scienter against the Defendants | 7 |
|     |     | 1. The SEC's Conclusion of Its Investigation of Riot, and Decision Not to Recommend Enforcement Actions Against the Company, Are Judicially Noticeable | 7 |
|     |     | 2. The SEC's Decision Not to Recommend an Enforcement Action Against Riot Further Undercuts Any Inference of Scienter Against Defendants | 9 |
|     | C. | The Court Should Disregard and Strike the Entirety of the DePalma Declaration and Its Attachments | 10 |
| III. | CONCLUSION | | 13 |

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arcand v. Brother Int'l Corp.*,
   673 F. Supp. 2d 282 (D.N.J. 2009) ................................................................. 1, 5, 7

*Avram v. Samsung Elecs. Am., Inc.*,
   Nos. CIV. 2:11-6973, 2:12-976 (KM), 2013 WL 3654090 (D.N.J.
   July 11, 2013) ........................................................................................................ 6

*Ciemniecki v. Parker McCay P.A.*,
   No. CIV. 09-6450 RBK/KMW, 2012 WL 113604 (D.N.J. Jan. 13,
   2012) ...................................................................................................................... 6

*Consol. Rail Corp. v. Aspen Specialty Ins. Co.*,
   No. CV 17-12281, 2019 WL 2417704 (D.N.J. June 10, 2019) ........................... 5

*Crawford v. Wheeler*,
   Civ. No. 18-1735 (FLW)(DEA), 2019 WL 3759696 (D.N.J. Aug.
   9, 2019) ................................................................................................................ 12

*DelRio-Mocci v. Connolly Props.*,
   No. CIV. A. 08-2753 (WJM), 2009 WL 2989537 (D.N.J. Sept. 16,
   2009), *aff'd*, 672 F.3d 241 (3d Cir. 2012) ........................................................... 5

*In re Intelligroup Sec. Litig.*,
   527 F. Supp. 2d 262 (D.N.J. 2007) ............................................................ *passim*

*Levey v. Brownstone Inv. Grp., LLC*,
   No. CIV.A. 11-395 ES, 2013 WL 3285057 (D.N.J. June 26, 2013),
   *aff'd*,
   590 F. App'x 132 (3d Cir. 2014) ...................................................................... 4, 5

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
   176 F.3d 669 (3d Cir. 1999) ................................................................................ 7

*Machulsky v. Hall*,
   210 F. Supp. 2d 531 (D.N.J. 2002) ..................................................................... 6

*Metex Mfg. Corp. v. Manson*,
   No. 05-CV-2948 (HAA), 2006 WL 8458256 (D.N.J. Aug. 8, 2006) ................ 6

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Orabi v. Att'y Gen. of the U.S.*,
   738 F.3d 535 (3d Cir. 2014) ..................................................................................13

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*,
   181 F.3d 410 (3d Cir. 1999) ..................................................................................12

*SEC v. Lucent Techs. Inc.*,
   No. CIV. 04-2315 (WHW), 2005 WL 1206841 (D.N.J. May 20,
   2005) ........................................................................................................................9

*Thomas v. Care Plus of New Jersey, Inc.*,
   No. 11-CV-3493, 2012 WL 646023 (D.N.J. Feb. 28, 2012), *aff'd*,
   484 F. App'x 692 (3d Cir. 2012) ..........................................................................13

*Werner v. Werner*,
   267 F.3d 288 (3d Cir. 2001) ..................................................................................13

*Willner v. Allianz AG*,
   No. CV 04-645 (HAA), 2006 WL 8458203 (D.N.J. July 14, 2006) ...............5, 7

*Winer Family Tr. v. Queen*,
   503 F.3d 319 ..........................................................................................................10

## Statutes

Private Securities Litigation Reform Act ...............................................................10

## Other Authorities

SEC, *Division of Enforcement 2019 Annual Report* (Nov. 6, 2019),
   https://www.sec.gov/files/enforcement-annual-report-2019.pdf .....................10

I.    **INTRODUCTION**

Lead Plaintiff previously asked the Court to draw a strong inference of Defendants' scienter from the mere existence of the U.S. Securities and Exchange Commission's then-pending investigation of Riot. (*See, e.g.*, CCAC ¶¶ 387–88, 393; Omnibus Opp. at 45–46.)[1] In turn, Defendants have sought the Court's permission to file a sur-reply in support of their Motions to Dismiss simply to inform the Court that the SEC investigation of Riot has concluded, and the SEC did not intend to recommend an enforcement action against the Company. Lead Plaintiff now asks the Court to disregard the termination of the SEC's investigation of Riot because Defendants' Motion is purportedly "procedurally improper" and the results of the SEC's investigation are subject to reasonable dispute. (Dkt. No. 163 ("Opp.") at 3, 5.) The arguments are meritless.

*First*, the Motion is procedurally proper. Courts in this District have given parties leave to file a sur-reply to address new factual and legal developments regarding pending motions to dismiss. *See, e.g.*, *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 290 (D.N.J. 2009). Lead Plaintiff fails to cite any contrary authority or rule that prohibit Defendants from filing a sur-reply to provide new and previously unavailable information concerning their pending motions. (Opp.

---

[1] Unless otherwise indicated, the defined terms are the same as those set forth in Defendants' Motion for Leave to File a Sur-Reply (the "Motion").

-1-

at 3–4 (citing cases denying **plaintiff's** request to file a sur-reply when the request failed to raise or address **any new issues**).)

*Second*, Lead Plaintiff makes the misleading contention that the "implications" drawn from the SEC's termination of the Riot investigation are subject to reasonable dispute. (Opp. at 5–6.) Lead Plaintiff concedes that the Court can take judicial notice of Riot's February 3, 2020 Form 8-K, where the Company disclosed that it received a letter from the SEC regarding the termination of the investigation. (*Id.* at 5.) Moreover, Lead Plaintiff does not (and cannot) dispute that the SEC provided Riot a letter stating that the SEC terminated its investigation of the Company. And yet, Lead Plaintiff quibbles with the fact that Riot's Form 8-K does not attach or quote from the SEC's letter. (*Id.* at 7 (claiming that, because many details of the SEC's letter to Riot are unknown, the letter's meaning cannot be judicially noticed).) Lead Plaintiff's criticisms are moot, since the SEC's letter is attached to the Declaration of D. Scott Carlton (the "Carlton Decl."), filed concurrently herewith.[2]

---

[2] Defendants respectfully request that the Court take judicial notice of the SEC's January 29, 2020 letter to Riot Blockchain, Inc., which is attached as Exhibit A to the Carlton Declaration. This letter is not subject to reasonable dispute and is judicially noticeable and appropriate for consideration on a motion to dismiss, *see In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 274 (D.N.J. 2007) (taking judicial notice of an SEC's no-action letter to acknowledge that the "SEC investigation of the matters related to [the defendant's] Restatement was terminated without any enforcement action by the Commission or by a government agency having the power to instigate a prosecutorial action against [the defendant]

Lead Plaintiff's claim that the Court cannot draw any non-fraudulent inferences from the SEC's decision to terminate the Riot investigation is similarly unavailing. (*Id.* at 6–7 (objecting to any judicial inferences drawn from Defendants' receipt of a termination letter from the SEC).) The argument strains credulity since Lead Plaintiff previously asked the Court to draw a strong inference of scienter against all of the Defendants—not just Riot—due to the SEC's pending investigation. (CCAC ¶¶ 387–88, 393; Omnibus Opp. at 45–46.)

*Finally*, the Court should not consider and should strike the irrelevant documents attached to the Declaration of Joseph J. DePalma (the "DePalma Declaration"), filed in support of Lead Plaintiff's Opposition. (Dkt. 163-1.) Lead Plaintiff claims that these documents, which are comprised of recent court filings in the unrelated *SEC v. Honig* action, are strong indicia of Defendants' scienter. (Opp. at 10.) However, none of these documents pertains to Defendants' conduct at Riot, and thus do not create any inference of scienter whatsoever. *Intelligroup*, 527 F. Supp. 2d at 284 ("[P]laintiffs' allegations as to defendants' motive to defraud investors with respect to ***a certain matter*** cannot be matched with

---

upon the SEC's referral."). (*See also* Defendants' Joint Request for Judicial Notice in Support of Motions to Dismiss the Corrected Consolidated Amended Complaint (Dkt. No. 109) at 5–6.)

plaintiffs' facts that defendants committed fraud with respect to **another matter**.") (emphasis added) (citation omitted).[3]

## II.  ARGUMENT

### A.  Defendants Should Be Granted Leave to File a Sur-Reply

Lead Plaintiff argues that courts generally give leave to file a sur-reply "when the moving party introduces a new issue or argument for the first time in its reply." (Opp. at 3.)  According to Lead Plaintiff, because Defendants' proposed sur-reply does not "respond to any new arguments or issues raised in those replies," Defendants' Motion is procedurally improper.  (*Id.* at 4.)  But Lead Plaintiff simply assumes that a sur-reply can **only** be filed when the moving party introduces a new issue or argument in its reply.  Lead Plaintiff is wrong.

Courts in this District have "allowed sur-replies to address a new issue in the 'interest of completeness,' for 'complicated and novel legal questions,' or for unusual circumstances." *Levey v. Brownstone Inv. Grp., LLC*, No. CIV. A. 11-395 (ES), 2013 WL 3285057, at *3 (D.N.J. June 26, 2013), *aff'd*, 590 F. App'x 132 (3d Cir. 2014) (listing cases) (denying plaintiff's request for leave since "Plaintiff's sur-reply seeks to introduce additional factual allegations that are either duplicative

---

[3] Defendants respectfully request that the Court strike and disregard the entirety of the DePalma Declaration, and all of the documents attached thereto.  Defendants incorporate by reference the arguments contained in Riot Blockchain Defendants' Memorandum in Support of Their Motion to Strike the DePalma Declaration (Dkt. No. 144-1), which are also applicable to the DePalma Declaration filed in support of the Opposition.

or contrary to Plaintiff's pled allegations").[4] Lead Plaintiff simply ignores the litany of cases where courts grant parties leave to submit sur-replies to address new factual and legal developments pertaining to a pending motion. *See Arcand*, 673 F. Supp. 2d at 290 (allowing both parties to submit a sur-reply brief to address a factually analogous district court decision issued after the parties submitted their briefs on a motion to dismiss); *Willner v. Allianz AG*, No. CV 04-645 (HAA), 2006 WL 8458203, at *3 (D.N.J. July 14, 2006) (allowing plaintiff to file a sur-reply based on "pertinent new facts"); *see also Consol. Rail Corp. v. Aspen Specialty Ins. Co.*, No. CV 17-12281 (RBK/KMW), 2019 WL 2417704, at *3 n.3 (D.N.J. June 10, 2019) (permitting all parties to file sur-replies to address new facts and arguments in consideration of a pending motion for summary judgment).

By contrast, Lead Plaintiff relies exclusively on the cases involving the court's denial of a plaintiff's request to file a sur-reply for failing to address or raise any new information or issues. (Opp. at 3–4.)[5] These cases are inapposite

---

[4] Lead Plaintiff disregards *Levey* because it is an unpublished decision. (Opp. at 4.) And yet, Lead Plaintiff also relies upon unpublished decisions throughout his Opposition. (*See, e.g.*, *id.* at 3–4, 10, 11.) Nevertheless, Lead Plaintiff ignores the numerous published decisions where a court granted parties the opportunity to submit sur-replies to address new factual and legal developments. *See* Section II(A), *supra*.

[5] None of these cases address a moving party's request to file a sur-reply to provide new and previously unavailable information pertaining to a pending motion. *See DelRio-Mocci v. Connolly Props.*, No. CIV. A. 08-2753 (WJM), 2009 WL 2989537, at *3, n.1 (D.N.J. Sept. 16, 2009), *aff'd*, 672 F.3d 241 (3d Cir. 2012) (finding plaintiff's sur-reply unnecessary because there were no new arguments or

since Defendants' sur-reply provides new and previously unavailable information relevant to the analysis of their pending Motions to Dismiss before the Court.

Similarly, Lead Plaintiff misstates the law by claiming that Defendants' Motion should be denied because they failed to point any "exceptional" circumstances. (*Id.* at 3–4.) But Defendants are not required to show exceptional or extraordinary circumstances to file a sur-reply.[6] None of the cases relied upon by Lead Plaintiff imposes such a requirement on a party seeking to introduce new and previously unavailable information dispositive to a pending motion. *See Ciemniecki v. Parker McCay P.A.*, No. CIV. 09-6450 (RBK/KMW), 2012 WL 113604, at *2 n.6 (D.N.J. Jan. 13, 2012) (finding plaintiff's proposed sur-reply consisted of the same arguments already made in her opposition brief); *Metex Mfg. Corp. v. Manson*, No. 05-CV-2948 (HAA), 2006 WL 8458256, at *8 (D.N.J. Aug. 8, 2006) (finding plaintiff's proposed sur-reply already had "an opportunity in its opposition brief to provide full disclosure and to preserve the record"). But even if the Court finds that Defendants must establish extraordinary circumstances to file a sur-reply, Defendants are justified in filing a sur-reply because it would disclose

---

statements requiring correction or further explanation); *Avram v. Samsung Elecs. Am., Inc.*, Nos. CIV. 2:11-6973, 2:12-976 (KM), 2013 WL 3654090, at *5 n.3 (D.N.J. July 11, 2013) (same); *Machulsky v. Hall*, 210 F. Supp. 2d 531, 534 n.1 (D.N.J. 2002) (denying plaintiff's request to file a sur-reply for failing to raise any new issues).

[6] *See* Section II(A), *supra*.

new information highly pertinent to the pending Motions to Dismiss. *See Arcand*, 673 F. Supp. 2d at 290; *Willner*, 2006 WL 8458203, at *3.

Furthermore, the Court should also grant Defendants leave to file a sur-reply because it would introduce information that the Court should otherwise consider on a motion for reconsideration. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (recognizing that a motion for reconsideration is appropriate if a party can show the availability of new and dispositive information that was not available when the court granted its motion). Thus, granting Defendants leave to file a sur-reply would also preserve this Court's time and resources.

## B. Defendants' Proposed Sur-Reply Introduces Information That Is Judicially Noticeable, and Undermines Any Inference of Scienter against the Defendants

### 1. The SEC's Conclusion of Its Investigation of Riot, and Decision Not to Recommend Enforcement Actions Against the Company, Are Judicially Noticeable

Lead Plaintiff admits that the Court may take judicial notice of Riot's February 3, 2020 Form 8-K, which discloses that the SEC concluded its investigation of Riot and did not intend to recommend an enforcement action against the Company. (Opp. at 6 ("Here, Plaintiff does not object to the Court taking judicial notice of the fact that Riot filed its Form 8-K with the SEC on February 3, 2020, in the form attached to its motion.").) Furthermore, Lead

Plaintiff does not dispute the fact that the SEC provided a letter to Riot concerning the conclusion of its investigation of the Company. Lead Plaintiff instead argues that the Court cannot "take judicial notice that the SEC's letter is 'highly relevant,' or 'highly significant.'" (*Id.* at 7 (internal citations omitted).) But Lead Plaintiff is mistaken. Defendants' proposed sur-reply only requests judicial notice of Riot's February 3, 2020 Form 8-K, and not, as Lead Plaintiff believes, of the arguments made in the proposed sur-reply. (*See* Declaration of D. Scott Carlton In Support of Defendants' Motion for Leave to File a Sur Reply (Dkt. No. 161-2), Ex. A at 3 n.2.)

Additionally, Lead Plaintiff's objection that no judicial inferences can be drawn because Defendants failed to provide the "SEC's actual private letter" is not only irrelevant, but also moot. (*See* Opp. at 7–8 (arguing that the SEC's letter is subject to reasonable dispute because it is not capable of accurate and ready determination).) The SEC's letter, which is attached to the Carlton Declaration filed concurrently herewith, is judicially noticeable. *Intelligroup*, 527 F. Supp. 2d at 274 (taking judicial notice of the SEC's no-action letter). Therefore, the Court can take judicial notice of the SEC's letter to acknowledge that the SEC's investigation of Riot "was terminated without any enforcement action by the Commission or by a government agency having the power to instigate a prosecutorial action against [the Company] upon the SEC's referral." *Id.*

### 2. The SEC's Decision Not to Recommend an Enforcement Action Against Riot Further Undercuts Any Inference of Scienter Against Defendants

The SEC's conclusion of its two-year investigation of Riot is significant; the SEC declined to recommend an enforcement action against Riot—and has still not recommended any such action against any of the individual Defendants for their conduct at Riot—even though the SEC has more extensive fact-finding tools and enjoy lower pleading standards compared to Lead Plaintiff. *See SEC v. Lucent Techs. Inc.*, No. CIV. 04-2315 (WHW), 2005 WL 1206841, at *5 (D.N.J. May 20, 2005) (holding that the SEC is not subject to the PSLRA's pleading standards). Therefore, to the extent the Court is inclined to accept Lead Plaintiff's specious argument that a pending SEC investigation can contribute to a finding of scienter, the SEC's recent decision would rebut any inference of scienter against the Defendants.[7]

Rather than accept the logical consequences of his own argument, Lead Plaintiff downplays the effects of the SEC's decision not to seek an enforcement action against Riot. Lead Plaintiff now claims that the SEC's decision has no effect on Defendants' scienter because the SEC has the stated policy of "holding accountable *individual* wrongdoers . . . ." (Opp. at 9 (emphasis in the original).)

---

[7] To be clear, Defendants have argued, and still maintain, that pending SEC investigations do not create any inference of scienter. (*See* Riot Blockchain Defendants' Memorandum of Law in Support of Their Motion to Dismiss (Dkt. No. 107-1) at 31–33.)

This argument contradicts Lead Plaintiff's earlier contention that the Court can draw a strong inference of scienter against *all* Defendants—not just Riot—from the SEC's pending investigation of the Company. (CCAC ¶¶ 387–88, 393; Omnibus Opp. at 45–46.).[8]  But even if it were true that the SEC prioritizes holding individuals accountable over entities, then it would still undermine any inference against any of the individual Defendants, since none of these individuals have been subject to an SEC enforcement action for their conduct at Riot.

    **C.**    **The Court Should Disregard and Strike the Entirety of the DePalma Declaration and Its Attachments**

The DePalma Declaration, and the exhibits attached therein, are emblematic of the type of "group pleading" allegations that have been expressly rejected by the Third Circuit for failing to allege scienter with the specificity required under the Private Securities Litigation Reform Act.  *See Winer Family Tr. v. Queen*, 503 F.3d 319, 335–36 ("The PSLRA requires plaintiffs to specify the role of ***each defendant***, demonstrating ***each defendant's involvement in misstatements and***

---

[8] None of the sources relied upon by Lead Plaintiff suggests that the SEC cannot seek enforcement actions against both individuals and entities simultaneously.  In fact, the SEC's Annual Report 2019, which is relied upon in the Opposition, states that:  "In Fiscal Year 2019, the Commission brought a broad mix of enforcement actions that addressed a wide variety of misconduct across the spectrum of the securities markets. These cases combated wrongdoing by holding individuals, ***issuers, financial institutions, and other entities accountable***, and by stripping wrongdoers of their ill-gotten gains."  SEC, *Division of Enforcement 2019 Annual Report* at 1 (Nov. 6, 2019), https://www.sec.gov/files/enforcement-annual-report-2019.pdf (emphasis added).

*omissions*.") (emphasis added).  The DePalma Declaration, like Lead Plaintiff's Corrected Complaint, is littered with irrelevant purported facts concerning other individuals' conduct—including individuals and entities who are not even defendants in this action—at companies other than Riot to infer Defendants' scienter.  (*See, e.g.*, CCAC ¶¶ 80–127; DePalma Decl., Exs. B–I.)  All of these documents, as Lead Plaintiff admits, are filings from the unrelated *SEC v. Honig* action.  (Opp. at 10, 11 nn.12 & 14.)

Indeed, the DePalma Declaration contains only two exhibits that even tangentially relate to the Defendants.  (*See* DePalma Decl., Ex. A (attaching a letter that purportedly informs Hon. Edgardo Ramos that the SEC has reached a settlement in principle with Mr. O'Rourke in that action); *id.*, Ex. G (attaching a letter that purportedly relates to Mr. O'Rourke's shares in Fuse Science, Inc.).)  Again, these exhibits are irrelevant because they do not pertain to Mr. O'Rourke's conduct at Riot.  *See Intelligroup*, 527 F. Supp. 2d at 284 (holding that plaintiffs' scienter allegations concerning defendants' motive to defraud investors in one matter cannot stem from allegations that defendants had committed fraud in another).

Further, the DePalma Declaration, and the exhibits attached therein, are rife with facts that are not alleged in Lead Plaintiff's Corrected Complaint.  (*See, e.g.*, DePalma Decl., Ex. A (attaching a letter from the SEC dated January 21, 2020);

*id.*, Ex. H (excerpting a transcript from a hearing before Hon. Edgardo Ramos in the *SEC v. Honig* matter).) Therefore, the DePalma Declaration and its attachments "amount[] to an improper attempt to amend his Complaint through his motion briefing," and cannot be considered on a motion to dismiss. *Crawford v. Wheeler*, Civ. No. 18-1735 (FLW) (DEA), 2019 WL 3759696, at *4 (D.N.J. Aug. 9, 2019) (Wolfson, J.).

Lead Plaintiff also asks the Court to take judicial notice of court filings in the *SEC v. Honig* action "for the truth of the facts recited therein . . . ." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (clarifying that courts may take judicial notice of another court's records only for the existence of that record and not for the truth of the matters asserted). For example, Lead Plaintiff argues that Exhibits B, C, D, E, F, and G of the DePalma Declaration confirm "Defendants O'Rourke, Honig, Groussman, Stetson, and/or related-party Brauser . . . personally coordinated their investments in numerous public companies such as PassPort Potash, Inc.; IZEA, Inc.; Senesco Technologies, Inc.; Fuse Science, Inc.; and MusclePharm Corporation." (Opp. at 11.) By contrast, Defendants only ask the Court to take judicial notice of a federal public agency's notice of termination of an investigation. *See Intelligroup*, 527 F. Supp. 2d at 274 (taking judicial notice of the SEC's no-action letter).

Finally, even if the Court is inclined to take judicial notice of the filings in the *SEC v. Honig* action, the Court should not take judicial notice of the truth of the contents of these filings. *See Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (declining to take judicial notice of the substance of board meeting minutes that were filed in a separate action). None of the cases cited by Lead Plaintiff contradict this basic evidentiary principle.[9]

### III. CONCLUSION

For the reasons stated above, Defendants respectfully request the Court's permission to file a joint sur-reply in support of their Motions to Dismiss. Defendants also respectfully request that the Court strike and disregard the DePalma Declaration, and its attached exhibits, in their entirety.

---

[9] Lead Plaintiff fails to cite any authority that allows a court to take judicial notice of another court's docket for the truth of the matters asserted therein. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014) (taking judicial notice of another court's docket to acknowledge that the petitioner's appeal from his district court conviction was still waiting disposition by the Second Circuit); *Thomas v. Care Plus of New Jersey, Inc.*, No. 11-CV-3493, 2012 WL 646023, at *4 (D.N.J. Feb. 28, 2012), *aff'd*, 484 F. App'x 692 (3d Cir. 2012) (taking judicial notice of state court filings to acknowledge that the plaintiff had engaged "in a campaign of litigation" against the defendants).

| | |
|---|---|
| DATED:   March 9, 2020 | PAUL HASTINGS LLP |

By: /s/ *Chad J. Peterman*
    CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC., JOHN
O'ROURKE, MICHAEL BEEGHLEY,
JEFFREY G. MCGONEGAL, ANDREW
KAPLAN,  ERIC SO, AND JASON LES