UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>  v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL,<br><br>   *Defendants*. | Civil Action No.: 18-2293(FLW)(ZNQ)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE [PROPOSED] CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW** |

**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Local Counsel for Lead Plaintiff*
*Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motelyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Lead Counsel for Lead Plaintiff Dr. Stanley Golovac and Lead Counsel for the Class*

828667.2

**TABLE OF CONTENTS**

I.   BACKGROUND ................................................................................................... 1
II.  ARGUMENT ....................................................................................................... 5
     A.   Legal Standard ...........................................................................................5
     B.   The Proposed Second Amended Complaint is Not Futile ........................6
     C.   There Is No Prejudice to the Defendants ..................................................9
III. CONCLUSION .................................................................................................. 11

## TABLE OF AUTHORITIES

**CASES**

*Adams v. Gould Inc.*, 739 F.2d 858 (3d Cir. 1984) .......................................................... 5

*Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989) ......................................................... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................ 6

*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993) ............................................ 11

*Camara v. Stevens Transp.*, No. 14-2042 (KM), 2015 WL 5554754 (D.N.J. Sept. 18, 2015) ....... 5

*Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990) ..................................................... 5

*Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189 (2d Cir. 2003) ............ 8

*EP Medsytems, Inc. v. EchoCath, Inc.*, 235 F.3d 865 (3d Cir. 2000) ............................... 8

*Ferber v. Travelers Corp.*, No. H-90-842 (AHN), 1992 WL 34683 (D. Conn. Jan. 9, 1992) ........ 6

*Foman v. Davis*, 371 U.S. 178 (1962) .................................................................... 5, 6, 11

*Free Speech Coalition, Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519 (3d. Cir. 2012) ........................ 5

*Garcia v. Hetong Guo*, No. CV-15-1862-MWF-MRWX, 2016 WL 102213
  (C.D. Cal. Jan. 7, 2016) ................................................................................................ 8

*Hall v. Johnson & Johnson*, No. CV 18-1833 (FLW), 2019 WL 7207491
  (D.N.J. Dec. 27, 2019) (Wolfson, J.) ............................................................................. 7

*Harben v. Amer Sports Comp.*, No. 10-2284, 2010 WL 4978021 (E.D. Pa. Dec. 8, 2010) ......... 10

*Heyl & Peterson Int'l, Inc. v. F.D. Rich Hous., Inc.*, 663 F.2d 419 (3d Cir. 1981) ...................... 6

*In re Apollo Grp., Inc. Sec. Litig.*, No. 08-16971, 2010 WL 5927988 (9th Cir. June 23, 2010) .... 7

*In re DaimlerChrysler AG Sec. Litig.*, 200 F. Supp. 2d 439 (D. Del. 2002) ............................... 6

*In re Express Scripts Holding Co. Sec. Litig.*, 16 Civ. 3338 (ER), 2017 WL 3278930
  (S.D.N.Y. Aug. 1, 2017) ................................................................................................ 6

*In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ...................................... 8

*In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*, No. 12-3571 (WJM),
  2015 WL 5770202 (D.N.J. Sept. 30, 2015) .................................................................. 7

*In re Miller Energy Res. Sec. Litig.*, No. 3:11-CV- 386-TAV-CCS, 2014 WL 415730
  (E.D. Tenn. Feb. 4, 2014) ............................................................................................. 8

*In re Synchronoss Techs., Inc. Sec. Litig.*, No. 17-2978 (FLW) (LHG), 2019 WL 2849933
  (D.N.J. July 2, 2019) ..................................................................................................... 6

*In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247 (S.D.N.Y. 2008) ........................... 5

*Juul Labs, Inc. v. 4Z Pods*, Case No. 18-15444 (KM) (MAH), 2020 WL2029327
  (D.N.J. Apr. 28, 2020) ................................................................................................. 10

828667.2

*Long v. Wilson*, 393 F.3d 390 (3d Cir. 2004) ................................................................. 6

*McCabe v. Ernst & Young, LLP*, 494 F.3d 418 (3d Cir. 2007) ....................................... 8

*Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, No. 4:05-CV-0033,
   2006 WL 12895453 (M.D. Pa. May 9, 2006) ........................................................... 11

*Parkell v. Danberg*, No. 10-412-SLR, 2012 WL 760621 (D. Del. Mar. 6, 2012) .......................... 5

*Pub. Pension Fund Grp. v. KV Pharm. Co.*, 679 F.3d 972 (8th Cir. 2012) .................................... 6

*Sec. Police & Fire Prof'ls of Am. Ret. Fund v. Pzifer, Inc.*, No. 10-3105 (SDW),
   2012 WL 6771941 (D.N.J. Dec. 6, 2012) ................................................................... 5

*UBI Telecom Inc. v. KDDI Am. Inc.*, No. 2:13-1643 (KSH)(CLW), 2014 WL 6675968
   (D.N.J. Nov. 25, 2014) ............................................................................................... 6

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. 13 Civ. 6057(PAC), 2014 WL 3891351
   (S.D.N.Y. Aug. 8, 2014) ............................................................................................. 8

*Wenneker Distilleries v. Olifant USA, Inc.*, No. 1:11-cv-01010, 2011 WL 5548004
   (M.D.Pa. Nov. 15, 2011) ........................................................................................... 10

**OTHER AUTHORITIES**

61A Am. Jur. 2d *Pleading* § 722 (2019) ........................................................................... 8

**RULES**

Fed. R. Civ. P. 15(a)(2) ....................................................................................................... 4

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Lead Plaintiff Dr. Stanley Golovac ("Lead Plaintiff") respectfully submits this memorandum of law in support of his Motion for Leave to File [Proposed] Consolidated Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Law.[1]

## I.     BACKGROUND

On April 30, 2020, the Court issued a Memorandum Opinion granting Defendants' Motion to Dismiss the Complaint, ECF No. 166, and an accompanying Order, ECF. No. 167. The Court dismissed each of Lead Plaintiff's claims against Defendants without prejudice.

In so ruling, the Court held that Lead Plaintiff had adequately pleaded that Defendant Honig engaged in a deceptive or manipulative scheme in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(a) and (c) promulgated thereunder and that he did so with scienter, but held that Lead Plaintiff had not pleaded loss causation with respect to him. *See* ECF No. 166 at 40 ("[W]hile I find that the Complaint has adequately alleged that Honig committed a 'deceptive or manipulative act' and that he did so with the requisite 'scienter,'" I conclude that the Complaint fails to plead the element of loss causation with respect to Honig."). The Court's rulings on Lead Plaintiff's scheme and scienter allegations against Honig are the law of the case. *See Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) ("The law of the case doctrine 'limits relitigation of an issue once it has been decided' in an earlier

---

[1] References to "¶ __" are to paragraphs of the [Proposed] Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Law ("Second Amended Complaint"). Lead Plaintiff has attached as Exhibit A to the accompanying Declaration of Joseph J. DePalma ("DePalma Declaration") a copy of the proposed Second Amended Complaint. Attached as Exhibit B to the DePalma Declaration is a redline showing the changes between the Corrected Consolidated Amended Class Action Complaint for Violations of the Federal Securities Law ("Complaint") (ECF No. 73) and the proposed Second Amended Complaint. Unless otherwise noted, all defined terms are the same as in the proposed Second Amended Complaint.

1

stage of the same litigation." (citing *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002)).[2]  Accordingly, to plead a claim against Honig, the proposed Second Amended Complaint need only plead loss causation, which, as discussed below, is to be assessed under liberal notice pleading standards.

With respect to the remaining defendants (Riot, Beeghley, O'Rourke, McGonegal, Kaplan, So, Dai, Les, DeFrancesco, Groussman, and Stetson), the Court held that Lead Plaintiff had not sufficiently pleaded that they made a false statement under Section 10(b) of the Exchange Act or that they engaged in a deceptive or manipulative scheme under Rule 10b-5(a) and (c) promulgated thereunder. *See* ECF No. 166 at 14-36.  The Court did not reach Lead Plaintiff's scienter and loss causation arguments with respect to these defendants.

Most significantly for present purposes, the Court specifically invited Lead Plaintiff to file an amended complaint to address the deficiencies identified in its ruling. *See* ECF No. 167 at 2 ("Lead Plaintiff may file a separate motion for leave to file an amended complaint, which proposed complaint shall be part of the motion and consistent with the Opinion being filed on this date, within thirty (30) days of the date of this Order.").

In the proposed Second Amended Complaint, Lead Plaintiff has cured the deficiencies identified by the Court and significantly bolstered his allegations against all remaining defendants.[3]  For example, the proposed Second Amended Complaint adequately pleads the element of loss causation with respect to Defendant Honig – the only missing element necessary to state a claim

---

[2]  While Lead Plaintiff has already sufficiently pleaded Defendant Honig's participation in a deceptive and manipulative scheme, with scienter, the Second Amended Complaint contains additional allegations that bolster these arguments.

[3]  The [Proposed] Second Amended Complaint names only the following individuals as defendants:  Riot, Honig, O'Rourke, Groussman, Stetson, DeFrancesco, and Beeghley.  The following individuals are no longer named defendants:  McGonegal, Kaplan, Dia, Les, and So.

2

against him. For example, the proposed Second Amended Complaint alleges that after Defendant Honig, who was an 11.19% shareholder of Riot on January 5, 2017 (with disclosure duties under Section 13(d)), engaged in eleven months of material insider stock sales without notifying the market through the filing of an amended Schedule 13D/A, the truth of Honig's insider selling was revealed on January 31, 2018 by *The Wall Street Journal*:

- On January 31, 2018, *The Wall Street Journal* published an article entitled "Investor Who Rode Pivot From Biotech to Bitcoin Sells Big Stake." The article stated that "**Mr. Honig has sold about 500,000 shares, he said, but declined to divulge his profit. He said he still owns about 1% of the company**." "'When stock goes up, you take a profit,' [Honig] said." ¶ 459.

- As a result of revelation by *The Wall Street Journal* that Honig sold nearly 90% of his holdings in the Company, over two days the Company's stock price fell from an opening price of $14.50 per share on January 31, 2018, to close at $13.75 that same day, a decline of $0.75, or ***more than 5%***. The Company's stock continued to decline in the following day, February 1, 2018, related to the revelations in *The Wall Street Journal* article, falling an additional 10% that day. ¶ 461.

Moreover, in response to the Court's holding that "the Complaint does not allege whether there was any drop in Riot's share price" in response to Defendant Honig's February 13, 2018 SEC filing disclosing that he had sold all but 1.47% of his Riot stock, ECF No. 166 at 9, the proposed Second Amended Complaint alleges that, on February 16, 2018, CNBC disclosed for the first time that Defendant Honig's sales could be part of a broader pump-and-dump scheme that may include Company insiders. *See* ¶¶ 215-24. The CNBC article thus provides additional details about Defendant Honig's deceptive and manipulative conduct, which had not previously been publicly known, and resulted in a stock drop.

With respect to the Defendants Groussman, Stetson, and DeFrancesco (as well as Honig), the proposed Second Amended Complaint alleges that they engaged in a deceptive and manipulative scheme by failing to file mandatory filings with the Securities and Exchange Commission ("SEC") to avoid divulging that they were part of a secret group that was pumping

3

828667.2

and dumping the Company's stock, *see, e.g.*, ¶¶ 181-82, as well as alleging that Defendants O'Rourke and Beeghley caused the Company to do likewise by failing to disclose related party transactions, *see, e.g.*, ¶¶ 183-201.  Lead Plaintiff's new allegations readily demonstrate that Defendants failed to disclose their beneficial ownership of the Company, as required under Section 13(d) of the Exchange Act, Regulation 13d, and Items 403 and 404 of Regulation S-K.  None of these allegations were previously before the Court.  *See, e.g.*, ¶¶ 240-48.

Furthermore, the proposed Second Amended Complaint readily demonstrates that Defendants engaged in the following deceptive and manipulative scheme and/or made false statements with scienter:  (i) concealing their beneficial ownership of the Company; (ii) concealing that many of Riot's largest shareholders – including Defendants Honig, Groussman, Stetson, and DeFrancesco – were members of a group pursuant to which they agreed to acquire, hold, vote, and/or dispose of their shares in coordination with each other; and (iii) at the direction of O'Rourke and Beeghley, the Company issued materially false and misleading SEC filings that misrepresented and concealed various material related-party transactions between and among the Company and greater-than-5% shareholders of Riot including Defendants Honig and DeFrancesco.  *See, e.g.*, ¶¶ 252-303, 435-56.  Lead Plaintiff also demonstrates that when the truth of these matters was revealed, the Company's stock price declined significantly.  *See, e.g.*, ¶¶ 457-70.

Accordingly, because he has cured the pleading defects identified by the Court, Lead Plaintiff respectfully requests that the Court grant his motion to file the proposed Second Amended Complaint.

4

## II. ARGUMENT

### A. Legal Standard

Under Rule 15(a)(2), "[t]he court shall freely give leave [to amend] when justice so requires." *Sec. Police & Fire Prof'ls of Am. Ret. Fund v. Pzifer, Inc.*, No. 10-3105 (SDW), 2012 WL 6771941, at *3 (D.N.J. Dec. 6, 2012) (quoting Fed. R. Civ. P. 15(a)(2)). This rule reflects the "'principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Camara v. Stevens Transp.*, No. 14-2042 (KM), 2015 WL 5554754, at *3 (D.N.J. Sept. 18, 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A party's "leave to amend should be freely given when justice so requires, including for a curative amendment unless such amendment would be inequitable or futile." *Free Speech Coalition, Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519, 545 (3d. Cir. 2012).

The Third Circuit takes a liberal approach to Rule 15(a) motions, thereby "limit[ing] the district court's discretion to deny leave to amend." *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Indeed, this liberal approach to the amendment of pleadings is designed to "ensure[] that a [plaintiff's] claim[s] will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *see also Parkell v. Danberg*, No. 10-412-SLR, 2012 WL 760621, at *2 (D. Del. Mar. 6, 2012) (same). Courts have liberally granted leave to amend in securities fraud cases because of the heightened pleading requirements imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See, e.g.*, *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 312 (S.D.N.Y. 2008) (noting the "complicated pleading rules of

5

PSLRA," and finding "no reason to deviate from the general policy that leave to amend should be granted liberally in cases alleging securities fraud").[4]

The district court may deny leave to amend the pleadings *only* when there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. *Foman*, 371 U.S. at 182; *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (same). The party opposing the amendment bears the burden of demonstrating why the amendment should not be permitted. *Heyl & Peterson Int'l, Inc. v. F.D. Rich Hous., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

### B. The Proposed Second Amended Complaint is Not Futile

In assessing whether a proposed amendment is futile, a court must "appl[y] the same standard of legal sufficiency as applies under Rule 12(b)(6)," under which a complaint must set forth "enough facts to state a claim to relief that is plausible on its face," and view the proposed allegations as true in the light most favorable to the movant. *See UBI Telecom Inc. v. KDDI Am. Inc.*, No. 2:13-1643 (KSH)(CLW), 2014 WL 6675968, at *2-3 (D.N.J. Nov. 25, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and noting that movant's proposed additional claims "sufficiently provided a factual basis to raise a reasonable expectation that discovery will reveal

---

[4] Courts within this Circuit and across the country routinely grant post-dismissal motions for leave to amend in securities class actions. *See, e.g.*, *Pub. Pension Fund Grp. v. KV Pharm. Co.*, 679 F.3d 972, 990 (8th Cir. 2012) (vacating the district court's judgment and ordering the district court to grant plaintiffs leave to amend); *In re Synchronoss Techs., Inc. Sec. Litig.*, No. 17-2978 (FLW) (LHG), 2019 WL 2849933, at *1 (D.N.J. July 2, 2019) (granting leave to amend "consistent with this Opinion"); *In re Express Scripts Holding Co. Sec. Litig.*, 16 Civ. 3338 (ER), 2017 WL 3278930, at *20 (S.D.N.Y. Aug. 1, 2017) (allowing post-dismissal amendment "because leave to amend should be freely given 'when justice so requires'"); *In re DaimlerChrysler AG Sec. Litig.*, 200 F. Supp. 2d 439, 444 (D. Del. 2002) (granting post-dismissal motion to file proposed amended complaint under Rule 15(a) to cure PSLRA pleading deficiencies); *Ferber v. Travelers Corp.*, No. H-90-842 (AHN), 1992 WL 34683, at *1 (D. Conn. Jan. 9, 1992) (citing "liberal amendment policy" of Rule 15(a) and *Foman* in granting securities litigants' Rule 59(e)/60(b) motion seeking relief from dismissal to amend complaint under Rule 15(a)).

evidence of the necessary elements for the requested amendments."). Given the liberal standard for amending pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*, No. 12-3571 (WJM), 2015 WL 5770202, at *4 (D.N.J. Sept. 30, 2015).

Amendment here is not futile, particularly given that the Court has already found "that the Complaint has adequately alleged that Honig committed a 'deceptive or manipulative act' and that he did so with the requisite 'scienter[.]'" ECF No. 166 at 40. Accordingly, with respect to Honig, the only issue is whether the proposed Second Amended Complaint adequately pleads loss causation. In determining this, it is important to remember that allegations of loss causation are only subject to notice pleading standards. *See Hall v. Johnson & Johnson*, No. CV 18-1833 (FLW), 2019 WL 7207491, at *27 (D.N.J. Dec. 27, 2019) (Wolfson, J.) ("[A]lthough the Third Circuit has not yet addressed the issue, courts of this district have consistently analyzed loss causation under Rule 8(a), rather than the more stringent requirements of Rule 9(b). . . . In light of the Supreme Court's reasoning in *Dura*, and absent guidance from the Third Circuit, this Court aligns itself with the decisions of its sister districts, as well as this Court's prior decisions on this issue, and applies the standard provided by Rule 8(a) to Plaintiff's loss causation allegations.").

As described above, Lead Plaintiff has readily addressed this pleading deficiency, tying Defendant Honig's alleged wrongdoing to precipitous declines in the Company's stock price. *See* § I. Moreover, with respect to the stock drop associated with the release of the CNBC article on February 16, 2018, which disclosed that "**Barry Honig may be the man behind the Riot Blockchain curtain**," ¶ 464, a disclosure can be deemed corrective when it contains "additional or more authoritative fraud-related information that deflated the stock price." *In re Apollo Grp., Inc. Sec. Litig.*, No. 08-16971, 2010 WL 5927988, at *1 (9th Cir. June 23, 2010). *See also In re*

7

*Miller Energy Res. Sec. Litig.*, No. 3:11-CV- 386-TAV-CCS, 2014 WL 415730, at *22 (E.D. Tenn. Feb. 4, 2014) (upholding loss causation allegations and stating that while the "report did include information previously disclosed publicly, the report also included some 'new' information"); *Garcia v. Hetong Guo*, No. CV-15-1862-MWF-MRWX, 2016 WL 102213, at *9-12 (C.D. Cal. Jan. 7, 2016) (denying motion to dismiss on loss causation grounds, holding that that no such "categorical bar" exists on disclosures that do not reveal any new information to the market).[5] Such is the case here, where the disclosure provided the market new information regarding Honig's control over Riot and insider stock sales.

With respect to all Defendants, the proposed Second Amended Complaint includes new particularized facts that give rise to a strong inference that Defendants acted with the requisite scienter in knowingly misrepresenting and omitting to disclose their beneficial ownership of the Company; acting as a group pursuant to which they agreed to acquire, hold, vote, and/or dispose of their shares in coordination with each other; and (with respect to Riot, Beeghley, and O'Rourke) issuing materially false and misleading SEC filings that misrepresented and concealed various material related-party transactions with Honig and other named defendants.  There can be no dispute that, as signatories to SEC filings, Defendants O'Rourke and Beeghley had a duty to shareholders to disclose related-party transactions.  *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. 13 Civ. 6057(PAC), 2014 WL 3891351, at *3 (S.D.N.Y. Aug. 8, 2014)

---

[5]  In any event, the Third Circuit has found that "loss causation becomes most critical at the proof stage." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 427 n.4 (3d Cir. 2007); *see also EP Medsytems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 885 (3d Cir. 2000) ("The causation issue becomes most critical at the proof stage.  Whether the plaintiff has proven causation is usually reserved for the trier of fact. . . ."). Other circuit courts have similarly held that loss causation "is a matter of proof at trial and not to be decided on a Rule 12(b)(6) motion to dismiss."  *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (citing *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 197 (2d Cir. 2003)).

(Defendant "signed and certified various registration statements . . . during the Public Class period that failed to disclose the [related-party] transactions and therefore constituted a 'maker' of these statements or omissions."). The proposed Second Amended Complaint also alleges that the duty to disclose was clear and known to Defendants – in part through their 2015 litigation against a non-party under Section 13(d) for allegedly failing to do the same thing. *See* ¶ 249 ("Honig and Brauser alleged that 'the beneficial ownership table' of a 'Registration Statement on Form S-4' had failed to disclosed 'material, non-public information' regarding the defendants' 'significant beneficial ownership interest' in a company in which Honig and Brauser had invested"); ¶ 250 ("Honig and Brauser discussed drafts of their complaint, and circulated them to Stetson and O'Rourke (non-parties to the lawsuit) seeking their comments. Honig and Brauser also discussed with Stetson and O'Rourke each of their respective understandings of the requirements imposed by Section 13(d) of the Exchange Act."). These allegations are demonstrative of Defendants' scienter. *See, e.g.*, *In re Hi-Crush Partners L.P. Sec. Litig.*, No. 12 Civ. 8557(CM), 2013 WL 6233561, at *23 (S.D.N.Y. Dec. 2, 2013) (finding scienter adequately pleaded when there is a "clear duty to disclose").

With his amendments, Lead Plaintiff has alleged additional facts that more than adequately demonstrate Defendants' deceptive and manipulative scheme, show the falsity of their Class Period representations, satisfy the scienter standard, and demonstrate that Defendants' conduct was directly tied to the drops in Riot's share price.

    **C.**    **There Is No Prejudice to the Defendants**

If Lead Plaintiff is granted leave to amend, Defendants will not be prejudiced and they are not "unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *See Wenneker Distilleries v. Olifant USA, Inc.*, No. 1:11-cv-01010, 2011 WL 5548004, at *2 (M.D.

9

828667.2

Pa. Nov. 15, 2011) (granting leave to amend because there was no prejudice to defendant since the action remained at the early stages of litigation and discovery had not started).  Indeed, as discovery has been stayed under the PSLRA, this action is still at the beginning phases.

Moreover, "[t]he burden is upon the opposing party to assert and demonstrate that it will be substantially prejudiced by a proposed amendment. . . . A mere statement that it will be prejudiced if the amendment is allowed is not a sufficient reason for denying leave to amend." 61A Am. Jur. 2d *Pleading* § 722 (2019).  The Third Circuit has made clear that "the non-moving party must do more than merely claim prejudice." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).  *See also Juul Labs, Inc. v. 4Z Pods*, Case No. 18-15444 (KM) (MAH), 2020 WL2029327, at *4 (D.N.J. Apr. 28, 2020) ("[M]ere inconvenience in defending a suit does not constitute undue prejudice." ).

Furthermore, as here, "even when a proposed amended complaint adds substantive allegations against a defendant or adds parties related to the defendant, where [t]he evidence required to meet these new allegations is substantially similar to that which was originally required, prejudice does not exist."  *Harben v. Amer Sports Comp.*, No. 10-2284, 2010 WL 4978021, at *4 (E.D. Pa. Dec. 8, 2010) (internal citation and quotation omitted) (alteration in original).  *See also In re L'Oréal*, 2015 WL 5770202, at *3  (noting that defendants were not prejudiced because "[t]he theories in the amended complaint involve the same general allegations, even if the allegations are used to support slightly different or more developed claims.").

Here, Defendants will not suffer undue prejudice if the Court grants leave to file the proposed Second Amended Complaint.  At best, the only prejudice that Defendants can plausibly articulate is that they will have to expend time and resources opposing this motion (which is of course their choice) or in drafting motion to dismiss papers (if the Court deems it appropriate).

10

828667.2

But "the time, effort, and money that [the party opposing amendment] expended in litigating th[e] case" does not amount to "substantial prejudice[.]" *Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, No. 4:05-CV-0033, 2006 WL 1289545, at *3 (M.D. Pa. May 9, 2006) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)).[6]

Finally, in granting Defendants' motion to dismiss the Complaint, the Court held that "Lead Plaintiff may file a separate motion for leave to file an amended complaint, which proposed complaint shall be part of the motion and consistent with the Opinion being filed on this date, within thirty (30) days of the date of this Order." ECF No. 167 at 2.  As such, Defendants have been on notice of Lead Plaintiff's likely intention to amend and cannot, therefore, claim they are surprised by such an amendment.

In sum, under the circumstances here, Lead Plaintiff should be granted leave to amend, as the "outright refusal to grant . . . leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the federal rules." *Foman*, 371 U.S. at 182.

### III.   CONCLUSION

For the above reasons, Lead Plaintiff respectfully requests that the Court grant his Motion for Leave to File [Proposed] Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Law.

---

[6] Given Defendant Honig is precluded from arguing that Lead Plaintiff has not pleaded deceptive or manipulative conduct or scienter under the law of the case doctrine, any such motion he may choose to file must be limited solely to the issue of loss causation.  The burden associated with this should be minimal, especially given the applicable notice pleading standard.

**LITE DEPALMA GREENBERG, LLC**

Dated: June 1, 2020

*/s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Local Counsel for Lead Plaintiff
Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motelyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Lead Counsel for Lead Plaintiff Dr. Stanley Golovac
and Lead Counsel for the Class*

David P. Abel
**US. MARKET ADVISORS LAW GROUP PLLC**
5335 Wisconsin Ave. NW, Ste. 440
Washington, D.C. 20015
202-274-0237 Telephone
202-686-2877 Facsimile
dabel@usmarketlaw.com

*Counsel for Lead Plaintiff Dr. Stanley Golovac*

828667.2