# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>Defendants. | Civil No. 3:18-CV-02293(FLW)(ZNQ)<br><br>MOTION DATE:  July 6, 2020 |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE [PROPOSED] CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, AND MICHAEL BEEGHLEY*

TO LEAD PLAINTIFF DR. STANLEY GOLOVAC'S AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Evidence 201, Defendants Riot Blockchain ("Riot" or the "Company"), Michael Beeghley, and John O'Rourke (collectively, the "Defendants") hereby request that the Court take judicial notice of the existence, contents, and legal effects of the following documents attached as exhibits to the Declaration of D. Scott Carlton:

**Exhibit A:**  Bioptix, Inc.'s ("Bioptix") March 16, 2017 Form 8-K, and Exhibit 10.1 attached thereto, filed with the Securities and Exchange Commission ("SEC").

**Exhibit B:**  Bioptix's March 22, 2017 Notice of Exempt Offering of Securities on Form D filed with the SEC.

**Exhibit C:**  Bioptix's July 19, 2017 Form S-3 (Amendment No. 1) filed with the SEC.

**Exhibit D:**  Relevant excerpts from Riot's Form 10-K filed with the SEC on April 17, 2018.

**Exhibit E:**  Riot's May 26, 2018 Form 8-K/A, and Exhibit 10.1 attached thereto, filed with the SEC.

**Exhibit F:**  Riot's December 19, 2017 Form 8-K, and Exhibit 10.1 attached thereto, filed with the SEC.

**Exhibit G:**   Relevant excerpts from Bioptix's Form 10-K filed with the SEC on March 31, 2017.

**Exhibit H:**   Riot's December 27, 2017 Notice of Exempt Offering of Securities on Form D filed with the SEC.

**Exhibit I:**   Relevant excerpts from Riot's November 13, 2017 Form 10-Q filed with the SEC.

**Exhibit J:**   Relevant Excerpts from Riot's December 12, 2017 DEF 14A filed with the SEC.

I.   **ARGUMENT**

Federal Rule of Evidence 201 permits a court to take judicial notice of facts "at any stage of the proceeding," including on an opposition to a motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  *See* Fed. R. Evid. 201(d); *see also Berrada v. Cohen*, No. CV 16-574 (SDW)(LDW), 2017 WL 1496930, at **2–4 (D.N.J. Apr. 24, 2017) (taking judicial notice of public filings in considering a motion for leave to amend a complaint because "[i]n evaluating a claim under the Rule 12(b)(6) standard, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint' and 'matters of public record of which the court can take judicial notice.'") (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)); *D.H. v. Etiwanda Sch. Dist.*, No. CV-12-05097-MWF (OPX), 2014 WL 12852453, at *2 (C.D. Cal.

-2-

Aug. 6, 2014) (granting a request for judicial notice for an opposition to a motion for leave to amend the complaint); *Carver Int'l, Inc. v. SurfSkate Indus., LLC*, No. SACV-15-1348 AG (DFMx), 2016 WL 10576627, at *1 (C.D. Cal. May 25, 2016 (same). Furthermore, Rule 201 allows a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

In this case, each of the documents attached as exhibits to the Declaration of D. Scott Carlton is properly considered in connection with Defendants' Opposition to Lead Plaintiff's Motion for Leave to File Consolidated Second Amended Class Action Complaint (the "Opposition").

A. **The Court Should Consider Riot's SEC Filings Because They Have Been Incorporated by Reference Into the [Proposed] Second Amended Complaint**

Under settled law, a court may consider documents incorporated by reference in a complaint. *Cal. Pub. Emps'. Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 134 (3d Cir. 2004). A document is incorporated by reference into a complaint if it is "integral to and/or [is] explicitly relied upon by . . . the complaint." *Winer Family Tr. v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007); *see also Ouch v. Fed. Nat'l. Mortg. Ass'n*, No. CIV.A. 11-12090-RWZ, 2013 WL 139765, at *3 n.6 (D. Mass. Jan. 10, 2013), *aff'd sub nom. Ouch v. Fed. Nat. Mortg. Assn.*, 799 F.3d 62 (1st Cir. 2015) (taking judicial notice of document referred to in the plaintiffs'

proposed complaint). By the Court taking into consideration the documents relied on by Lead Plaintiff, it prevents Lead Plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Lead Plaintiff expressly references and relies on Riot's SEC filings in the [Proposed] Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Law ("[Proposed] Second Amended Complaint").[1] As such, Defendants request that the Court consider the contents of each of the following documents under the incorporation by reference doctrine:

---

[1] This Request is made in support of Defendants' Opposition to Lead Plaintiff's Motion for Leave to File [Proposed] Consolidated Second Amended Complaint (Dkt. No. 169-2). Defendants' concurrently filed Opposition is based on the futility of the [Proposed] Second Amended Complaint. To assess whether a proposed amendment is futile, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Bell v. United Auto Grp., Inc.*, No. CIV.A. 05-2262 (FLW), 2006 WL 231572, at *4 (D.N.J. Jan. 30, 2006) (applying Rule 12(b)(6) standard to deny plaintiff's motion for leave to amend on futility grounds).

| **Document** | **Exhibit No.** | **[Proposed] Second Amended Complaint ¶** |
|---|---|---|
| Bioptix's March 16, 2017 Form 8-K | A | 389 |
| Bioptix's July 19, 2017 Form S-3 (Amendment No. 1) | C | 361 |
| Riot's Form 10-K filed on April 17, 2018 | D | 463 |
| Riot's May 25, 2018 Form 8-K/A | E | 464 |
| Riot's Form 8-K filed on December 19, 2017 | F | 200 |
| Bioptix's Form 10-K filed on March 31, 2017 | G | 392 |
| Riot's November 13, 2017 Form 10-Q | I | 401 |
| Riot's December 12, 2017 DEF 14A | J | 404 |

### B. The Court Should Also Take Judicial Notice of Public Records Pertinent to Defendants' Opposition

Courts may judicially notice public records when ruling on dispositive motions. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Weber v. Little*, No. CV 18-867 (MN), 2019 WL 3765697, at *1 (D. Del. Aug. 9, 2019); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). "SEC filings fall within this category of public records that can be judicially noticed." (*In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992); *see also Oran v.*

-5-

*Stafford*, 226 F.3d 275, 289 (3d Cir. 2000); Memorandum Opinion Granting Defendants' Motions to Dismiss the Complaint (Dkt. No. 166) at 2, n.3 (recognizing that the Court may take judicial notice of "certain publicly available documents, such as SEC filings and court filings").)

Defendants thus request the Court take judicial notice of Bioptix's March 22, 2017 Notice of Exempt Offering of Securities on Form D filed before the SEC, which is attached to the Declaration of D. Scott Carlton as Exhibit B.  Defendants also request the Court take judicial notice of Riot's December 27, 2017 Notice of Exempt Offering of Securities on Form D, which is attached to the Declaration of D. Scott Carlton as Exhibit H.  Additionally, each of the exhibits attached to the Declaration of D. Scott Carlton and listed in the chart above are public records that can be judicially noticed, in addition to being incorporated by reference into the [Proposed] Second Amended Complaint.

II.     **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take notice of Exhibits A through J attached to the Declaration of D. Scott Carlton, and consider them in connection with its adjudication of Defendants' contemporaneously filed Opposition to Lead Plaintiff's Motion for Leave to File Consolidated Second Amended Class Action Complaint.

| | | |
|---|---|---|
| DATED: | June 22, 2020 | PAUL HASTINGS LLP |

By: /s/ *Chad J. Peterman*
     CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090


THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC., JOHN
O'ROURKE, AND MICHAEL
BEEGHLEY