SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
TYLER E. BAKER (New Jersey Bar No. 44392011)
tbaker@sheppardmullin.com
CHRISTOPHER J. BOSCH (Admitted *Pro Hac Vice*)
cbosch@sheppardmullin.com
30 Rockefeller Plaza, 39th Floor
New York, New York 10112-0015
Telephone: (212) 653.8700

ROBERT D. WEBER (Admitted *Pro Hac Vice*)
rweber@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
(310) 228-3700

*Attorneys for Defendant Barry C. Honig*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY MCGONEGAL, et al.<br><br>Defendants. | Civil Action No.: 18-2293(FLW)(TJB)<br><br>**DEFENDANT HONIG'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A PROPOSED CONSOLIDATED SECOND AMENDED COMPLAINT**<br><br>MOTION RETURN DATE:  JULY 6, 2020 |

Defendant Barry Honig respectfully opposes Plaintiff's Motion for Leave to File a Proposed Consolidated Second Amended Class Action Complaint [Dkt. No. 169]. Plaintiff's proposed <u>fourth</u> version of his complaint[1] -- which follows both this Court's dismissal of his third complaint [Dkt. No. 166] and the decision by the Securities Exchange Commission to terminate its investigation concerning the same underlying conduct[2] -- fails to follow this Court's directive regarding any amendment, and ultimately represents a futile attempt to state an actionable claim.

When this Court dismissed Plaintiff's Corrected Consolidated Amended Class Action Complaint (the "**CCAC**"), the Court issued the following instruction to Plaintiff:

> In the event Plaintiff chooses to file a separate motion to amend in a manner consistent with this Opinion, Plaintiff must attach a proposed pleading and clearly identify the particularized allegations that support each element of the claims. Indeed, it is not the Court's responsibility to sift through the Complaint in order to identify those allegations that have been pled with particularity.

Opinion [Dkt. No. 166] at 41, n. 20 (*citing DeShields v. Int'l Resort Properties Ltd.*, 463 F. App'x 117, 120 (3d Cir. 2012). Plaintiff has failed to follow this instruction, both procedurally and substantively, in numerous ways.

First, Plaintiff failed to comply with Local Rule 15.1(a)(2), as he filed only a partial version of a "redlined" form of his proposed SAC, which forces the Court and defendants to sift through the proposed SAC to determine what allegations were removed, altered or added, as compared with the previous CCAC. Having completed that exercise, it appears to Defendant Honig that the bulk of "new" allegations in the proposed SAC, approximately 15 pages of

---

[1] Plaintiff's Proposed Second Amended Consolidated Complaint ("**SAC**") follows the original Complaint, filed February 17, 2018 [Dkt. No. 1], the Consolidated Complaint filed January 15, 2019 [Dkt. No. 52] and the Corrected Consolidated Amended Complaint filed May 9, 2019 [Dkt. No. 73].

[2] *See* Defendants' Motion for Leave to File a Joint Sur-Reply in Support of their Motions to Dismiss, and accompanying declaration [Dkt. No. 161].

material, have absolutely nothing to do with the defendants' conduct involving Riot Blockchain. Instead, the allegations are a cut-and-paste from an SEC Complaint concerning investments in other companies that have nothing to do with Riot (*see* proposed SAC at paras 79-102, 112, 118-19, 122-26). As this Court previously recognized, that unrelated SEC action was settled on a "no admission" basis. Opinion at page 4, n. 5.

Second, Plaintiff has failed to bolster his deficient loss causation allegations, which the Court previously found to be "devoid of any allegation that [the disclosure of Mr. Honig's stock sales] was a 'substantial cause' of shareholders' economic losses or otherwise contributed in any way to a decline in Riot's stock price." Opinion at 39. The SAC alleges zero new facts addressing loss causation. The most notable change to the complaint actually is the deletion of references to several negative third-party media reports and public disclosures (specifically, CCAC ¶¶ 398-401). Plaintiff previously allegedly that those disclosures caused precipitous declines in the price of Riot's stock, but now wishes to hide those facts because they are directly contrary to the notion that the decline in Riot's stock price was proximately caused by the Defendants.[3] The only allegations remaining in the SAC concerning loss causation are some non-materially edited allegations from the CCAC concerning the very same disclosures which the Court previously found to be insufficient to allege loss causation (compare SAC ¶¶ 456-460 with CAC ¶¶ 319, 402; SAC ¶¶ 461-462 with CCAC ¶¶ 193-94, 403; SAC ¶ 463 with CCAC ¶¶ 173, 404; SAC ¶ 464 with CCAC ¶¶ 158, 351; and SAC ¶ 465 with CCAC ¶¶ 201-202, 405). While Mr. Honig believes that Plaintiff's failure to allege anything new regarding loss causation

---

[3] Citing two examples, Plaintiff excises from the SAC his prior allegations that a Business Insider report caused a 34.75% decline in Riot's market price (CCAC ¶ 399) and that Riot's cancellation of a of shareholder meeting and news articles by Reuters and Motley Fool caused a 14.45% price decline (CCAC ¶ 400).

provides a sufficient ground for the Court to deny leave to amend, in the event that amendment is permitted, Mr. Honig has additional arguments regarding Plaintiff's failure to allege loss causation that Mr. Honig would raise in a motion to dismiss.

Third, Mr. Honig agrees that amendment would be futile for several additional grounds articulated in the opposition brief filed by defendants Riot Blockchain, John O'Rourke and Michael Beeghley [Dkt. No. 171], which arguments Mr. Honig joins and incorporates by reference to the extent those argument apply to Mr. Honig.

As a final point, and as Mr. Honig will explain in detail if leave to amend is granted, Plaintiff's "amended" theory of the case has deviated so far from his original theory that it literally has become non-sensical. The Court may recall that Plaintiff's prior case theory was that the defendants collectively perpetrated a "pump-and-dump scheme" upon Riot shareholders by "artificially 'hyping' the Company's prospects" through a "flurry" of positive disclosures "designed to give investors the false impression that Riot was a serious cryptocurrency company." (CCAC ¶ 9).  Because it is demonstrably true that Riot did indeed transform itself into a legitimate cryptocurrency company, Plaintiff jettisoned that theory.

Plaintiff continues to allege a "pump-and-dump scheme," but no longer claims that Riot's stock price was "fraudulently inflated" due to a "flurry" of false positive disclosures; rather, Plaintiff posits that the massive increase in Riot's stock price was the result of four outside investors **concealing** that they allegedly were "acting as a group." This new theory is patently ludicrous. It requires the Court to accept that concealment of information by four outsiders, rather than massive promotion of false-positive information, drove the price of Riot's stock

upwards **by a factor of ten**[4] in less than three months; this, despite the undeniable fact that the exact same "concealed" information (the outsider's alleged "group" actions) barely moved the price of the stock over the prior six-and-a-half months. *See* note 4, *infra*. As explained in Mr. Honig's two prior motions to dismiss, the far more likely cause of the rapid rise and decline in Riot's stock price was the nearly identical and concurrent swings in the value of Bitcoin. In short, and as will be explained in detail in the event leave to amend is granted, while the SAC espouses a "pump-and-dump" theory, Plaintiff alleges no facts plausibly showing that a "pump" occurred prior to the defendants selling their shares.

To withstand a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The theory posited by the proposed SAC is simply not plausible. An appropriate basis for denying leave to amend is that the proposed amendment is futile. *Lucente v. International Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir.2002). In this context, futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver,* 313 F.3d 113, 115 (3d Cir.2000) (*citing In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997)).

Given the futility of amendment, Defendant Barry Honig respectfully requests that the Court deny Plaintiff's Motion for Leave to File his proposed SAC. Doing so will avoid the waste of significant judicial resources, and tens of thousands of additional dollars defendants would be

---

[4] The market price of Riot stock closed at $3.56/share on March 15, 2017, the first day of the alleged class period. As of Sept. 25, 2017, a few days before Riot announced its name change and new business strategy, the price had risen to only $4.50/share. Less than three months later, on December 19, 2017, Riot stock reached an all-time high of $46.20/share.

otherwise forced to incur. If leave to amend is granted, Mr. Honig would certainly move to dismiss the SAC, elaborating on the points above and addressing in detail many more fatal defects that, for the sake of brevity, he has not raised here.

Dated:  June 22, 2020

          Respectfully submitted,

          SHEPPARD, MULLIN, RICHTER
           & HAMPTON LLP

          By:  */s/ Tyler E. Baker*
          TYLER E. BAKER (New Jersey Bar No. 44392011)
          tbaker@sheppardmullin.com
          CHRISTOPHER J. BOSCH (Admitted *Pro Hac Vice*)
          cbosch@sheppardmullin.com
          30 Rockefeller Plaza, 39th Floor
          New York, New York 10112-0015
          Telephone: (212) 653.8700

          ROBERT D. WEBER (Admitted *Pro Hac Vice*)
          rweber@sheppardmullin.com
          1901 Avenue of the Stars, Suite 1600
          Los Angeles, CA 90067
          (310) 228-3700

          *Attorneys for Defendant Barry C. Honig*