UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY G. MCGONEGAL, <br><br> *Defendants*. | Civil Action No.: 18-2293(FLW)(ZNQ) <br><br><br> **LEAD PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT** |

**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Local Counsel for Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Dr. Stanley Golovac and Lead Counsel for the Class*

Court-appointed Lead Plaintiff Dr. Stanley Golovac ("Plaintiff"), by and through his undersigned attorneys, respectfully requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following documents cited in Plaintiff's Omnibus Memorandum of Law ("Plaintiff's Memorandum") in Opposition to Defendants' Motions to Dismiss the Consolidated Second Amended Class Action Complaint (the "Complaint") (ECF No. 188)[1] and attached as exhibits to the accompanying Declaration of Joseph J. DePalma in Support of Plaintiff's Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Consolidated Second Amended Class Action Complaint:

**Exhibit 1:** Petition filed by Barry Honig and Michael Brauser in *Brauser v. Sanders Morris Harris, Inc.*, No. 2015-11227, on February 26, 2015, with the District Court of Harris County, Texas, which was incorporated by reference into the Complaint at ¶ 249 n.31.

**Exhibit 2:** Letter from Kimberly L. Frederick, Assistant Regional Director for the U.S. Securities and Exchange Commission ("SEC"), to Riot Blockchain, Inc., dated January 29, 2020, which was attached as Exhibit A to the Declaration of D. Scott Carlton in Support of Defendants' Reply in Support of Their Motion for Leave to File a Joint Sur-Reply (ECF No. 165-1).

**Exhibit 3:** Riot Blockchain, Inc. (f/k/a Bioptix, Inc.) Current Report on Form 8-K filed with the SEC on March 16, 2017, which was incorporated by reference into the Complaint at ¶¶ 389-90.

**Exhibit 4:** SEC Form D – Notice of Exempt Offering of Securities and Instructions for Submitting a Form D Notice.

**Exhibit 5:** Riot Blockchain, Inc. Current Report on Form 8-K filed with the SEC on December 19, 2017, which was incorporated by reference into the Complaint at ¶¶ 200, 415.

---

[1] References to "¶ __" are to paragraphs of the Complaint.

**Exhibit 6:** Newspaper article titled "Investor Who Rode Pivot From Biotech to Bitcoin Sells Big Stake," published by *The Wall Street Journal* on January 31, 2018 at 8:00 a.m. ET, which was incorporated by reference into the Complaint at ¶¶ 16, 212, 318.

**Exhibit 7:** Chart of historical Bitcoin prices (BTC-USD) for June 30, 2016 through September 8, 2018, generated from, https://finance.yahoo.com/quote/BTC-USD/history, on March 19, 2021.

**Exhibit 8:** Riot Blockchain, Inc. Registration Statement on Form S-3 filed with the SEC on January 5, 2018, which was incorporated by reference into the Complaint at ¶¶ 340, 374.

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" if they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Pursuant to Federal Rule of Evidence 201(c)(2), this Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

"[I]in ruling on a motion to dismiss [the] court may consider documents that are attached to or submitted with the complaint and 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *In re Synchronoss Techs., Inc. Sec. Litig.*, 2019 WL 8231037, at *7 (D.N.J. Nov. 26, 2019) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

Here, each of Exhibits 1 through 8 qualifies for judicial notice by the Court because:

- **Exhibits 1, 3, 5 and 6** were incorporated by reference into the Complaint (*see* ¶ 249 n.31 (**Exhibit 1**); ¶¶ 389-90 (**Exhibit 3**); ¶¶ 200, 415 (**Exhibit 5**); and ¶¶ 16, 212, 318 (**Exhibit 6**));

- **Exhibit 1** is also a publicly available record from a judicial proceeding.[2]

- **Exhibit 6** is also an article published by a national newspaper of record;[3]

- **Exhibit 2** previously appeared in the record of this case when it was attached to Defendants' January 29, 2020 Reply in Support of Defendants' Motion to File a Joint Sur-Reply in Support of their Motions to Dismiss Lead Plaintiffs' Corrected Consolidated Class Action Complaint (ECF No. 165-1);[4]

- **Exhibits 3, 4, 5, and 8** are SEC filings;[5] and

- **Exhibits 1, 2, 3, 4, 5, 6, 7, and 8** are all matters of public record.[6]

In requesting judicial notice, Plaintiff is mindful that while "the Court may take judicial notice of certain publicly available documents, such as SEC filings and court filings, it may only do so to establish the existence of those records and the statements contained therein, and *not . . . for the truth of the matter asserted in those documents*." (ECF No. 166 at 3 n.3 (citing *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009) (Wolfson, J.) (emphasis added)). This is particularly relevant with respect to **Exhibit 7** because this chart of historical Bitcoin prices

---

[2] "Courts may take judicial notice of public records, including 'publicly available records and transcripts from judicial proceedings.' In particular, publicly available records from other judicial proceedings may be judicially noticed in the context of a motion to dismiss." *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020).

[3] *See Benak ex rel. All. Premier Growth Fund v. All. Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (affirming "District Court's decision to take judicial notice of newspaper articles"); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 598 (3d Cir. 2000) ("tak[ing] judicial notice under Federal Rule of Evidence 210(f) of an article in the New York Times").

[4] Defendant Honig seeks judicial notice of a similar letter "received by [Honig] from the SEC." (ECF No. 196-3 at 3.) Plaintiff does not object to Honig's request.

[5] "SEC filings fall within this category of public records that can be judicially noticed." *In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992); *see also Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) ("tak[ing] judicial notice of properly-authenticated public disclosure documents filed with the SEC").

[6] *See Synchronoss Techs.*, 2019 WL 8231037, at *7.

4

generated on March 19, 2021 from https://finance.yahoo.com/quote/BTC-USD/history lists *different prices* from the chart of historical Bitcoin prices attached as Defendant Honig's Exhibit C (ECF No. 196-7), which was also generated from https://finance.yahoo.com but on March 15, 2019 (*see* ECF No. 196-3 at 3). *Compare* **Exhibit 7** (stating that Bitcoin opened at $10,108.2 and closed at $10,221.1 on January 31, 2018), *with* ECF No. 196-7 at 14 (stating that Bitcoin opened at $10,107.40 and closed at $10,226.86 on January 31, 2018).

For the reasons set forth above, Plaintiff respectfully requests that the Court take judicial notice of **Exhibits 1 through 8**.

Dated: March 25, 2021

Respectfully submitted,

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

By: /s/ *Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Local Counsel for Lead Plaintiff*
*Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motelyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Lead Counsel for Lead Plaintiff Dr. Stanley Golovac*
*and Lead Counsel for the Class*

David P. Abel
**US. MARKET ADVISORS LAW GROUP PLLC**
5335 Wisconsin Ave. NW, Ste. 440
Washington, D.C.  20015
202-274-0237 Telephone
202-686-2877 Facsimile
dabel@usmarketlaw.com

*Counsel for Lead Plaintiff Dr. Stanley Golovac*