# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, and JEFFREY MCGONEGAL, <br><br> Defendants. | Civil Action No.:18-2293(FLW)(ZNQ) <br><br> *ORAL ARGUMENT REQUESTED* <br><br> Motion Return Date: May 3, 2021 |

**DEFENDANT BARRY C. HONIG'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING THE NON-EXISTENCE OF AN IMPLIED RIGHT OF ACTION FOR DAMAGES DIRECTLY UNDER SECTION 13(d) OF THE SECURITIES EXCHANGE OR INDIRECTLY UNDER SECTION 10(b).**

SHEPPARD, MULLIN, RICHTER &
  HAMPTON LLP

*Attorneys for Defendant Barry C. Honig*

Dated:  MARCH 14, 2022

SMRH:4865-2220-6484.3

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................1

I.   THERE DOES NOT EXIST ANY PRIVATE RIGHT OF ACTION FOR
     DAMAGES UNDER SECTION 13(d) OF THE SECURITIES EXCHANGE
     ACT.......................................................................................................................2

II.  THE SOLE PRIVATE REMEDY FOR DAMAGES RESULTING FROM AN
     ALLEGED VIOLATION OF SECTION 13(d) IS A CLAIM BROUGHT
     UNDER THE STRICT REQUIREMENTS OF SECTION 18 OF THE
     EXCHANGE ACT..................................................................................................4

     A.   A Plaintiff Is Required To Plead And Prove Actual Reliance To Maintain
          A Section 18(a) Claim. ..............................................................................8

     B.   Lead Plaintiff's Authorities Are Distinguishable. ....................................9

III. LEAD PLAINTIFF'S SECTION 10 CLAIM AGAINST MR. HONIG MUST BE
     DISMISSED BECAUSE THE SAC DOES NOT ALLEGE THAT HE MADE
     ANY STATEMENT DURING THE PUTATIVE CLASS PERIOD. .............................12

CONCLUSION...................................................................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>Cases</u>

*Alexander v. Sandoval*,
532 U.S. 275 (2001)..................................................................................6, 7

*In re Amer. Cont. Corp Lincoln Sav. & Loan Sec. Litig.*,
794 F. Supp. 1424 (D. Ariz. 1992) .......................................................8

*Azurite Corp. v. Amster & Co.*,
52 F.3d 15 (2d Cir. S.D.N.Y. 1995) ................................................10, 11

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988)...............................................................................13

*Berman v. Richford Indus.*,
1978 WL 1104 (S.D.N.Y. July 28, 1978)...........................................8

*Boswell v. Skywest Airlines, Inc.*,
361 F.3d 1263 (10th Cir. 2004) ...........................................................6

*Castlerock Mgmt. v. Ultralife Batteries, Inc.*,
68 F. Supp. 2d 480 (D.N.J. 1999).........................................................13

*Cort v. Ash*,
422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)............................6

*Gateway Industries, Inc. v. Agency Rent A Car, Inc.*,
495 F. Supp. 92 (N.D.Ill.1980)............................................................4, 5

*Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*,
286 F.3d 613 (2d Cir. 2002)Statutes.............................................2, 4

*Indiana National Corporation v. Rich*,
554 F. Supp. 864 (S.D.Ind.1982)..........................................................4

*Issen v. GSC Enter., Inc.*,
508 F. Supp. 1278 (N.D.Ill.1981)........................................................4, 5

*Issen v. GSC Enter. Inc.*,
522 F. Supp. 390 (N.D. Ill. 1981).........................................................5

*Kamerman v. Steinberg*,
891 F.2d 424 (2d Cir. 1989) ...............................................................................5

*Liberty Nat. Ins. Holding Co. v. Charter*,
734 F.2d 545 (11th Cir.1984) .........................................................................2, 3

*McLaughlin v. Campbell*,
410 F. Supp. 1321 (D.Mass.1979) ......................................................................4

*Motient Corp. v. Dondero*,
529 F.3d 532 (5th Cir. 2008) ..........................................................................3, 4

*Myers v. American Leisure Time Enterprises*,
402 F. Supp. 213 (S.D.N.Y.1976),
aff'd, 538 F.2d 312 (2d Cir.1976).................................................................3, 4, 7

*Pearlstein v. Justice Mortgage Inv.*,
No. CA-3-76-1476-D, 1978 WL 1143 (N.D. Tex. Oct. 17, 1978)......................9

*In re Penn Central Securities Litigation*,
347 F. Supp. 1327 (E.D.Pa.1972) ......................................................................9

*In re Penn Central Securities Litigation*,
494 F.2d 528 (3d Cir. 1974) ...............................................................................3

*Puddu v. 6D Glob. Techs., Inc.*,
No. 15-cv-08061 (AJN), 2021 WL 1198566 (S.D.N.Y. Mar. 30, 2021) ..........11

*Rosenbaum v. Klein*,
547 F. Supp. 586 (E.D. Pa. 1982).......................................................................3

*Rubin v. Posner*,
701 F. Supp. 1041 (D.Del.1988)..........................................................................3

*Sanders v. Thrall Car Mfg. Co.*,
582 F. Supp. 945 (S.D.N.Y. 1983) ...............................................................2, 5, 7

*SEC v. Honig*,
No. 18 Civ. 8175 (ER), 2021 WL 276155 (S.D.N.Y. Jan 27, 2021) ................10

*SEC v. Jammin Java Corp.*,
2:15-cv-08921, 2016 WL 6595133 (C.D. Ca. July 18, 2016).....................10, 11

*SEC v. Sierra Brokerage Servs., Inc.*,
608 F. Supp. 2d 923 (S.D. Ohio 2009) ........................................................10, 11

*SEC v. Strebinger*,
114 F. Supp. 3d 1321 (N.D. Ga. 2015)............................................................10, 11

SEC v. Teo,
No. 2:04–cv–01815, 2010 WL 3184349 (D.N.J. Aug 10, 2010) .......................10

*Starr Intern. Co., Inc. v. American Intern. Group, Inc.*,
648 F. Supp. 2d 546 (S.D.N.Y. 2009) ...................................................................3

*Stephenson v. Deutsche Bank AG*,
282 F. Supp. 2d 1032 (D. Minn. 2003)..................................................................3

*In re Suprema Specialties, Inc. Sec. Litig.*,
334 F. Supp. 2d 637 (D.N.J. 2004).......................................................................8

*In re Synchronoss Sec. Litig.*,
705 F. Supp. 2d 367 (D.N.J. 2010)......................................................................13

*Touche Ross & Co. v. Redington*,
442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) ......................................6, 7

*Transamerica Mortgage Advisors, Inc. v. Lewis*,
444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) ...........................................6

*Vladimir v. Bioenvision Inc.*,
606 F. Supp. 2d 473 (S.D.N.Y. 2009) ...........................................................10, 11

*U.S. v. Bilzerian*,
926 F.2d 1285 (2d Cir. 1991) ..............................................................................10

*Wellman v. Dickinson*,
497 F. Supp. 824 (S.D.N.Y.1980), *aff'd*, 647 F.2d 163 (2d Cir.1982) ...............3

## **Statutes**

15 U.S.C. § 78r.............................................................................................................5

15 U.S.C. § 78r(a) .....................................................................................................1, 7

Securities Exchange Act of 1934, Section 10...................................................*passim*

Securities Exchange Act of 1934, Section 13(d) ..........................1, 3, 4, 5, 7, 10, 11

Securities Exchange Act of 1934, Section 18(a) ....................... 1, 4, 5, 7, 8, 9, 10, 11

## **INTRODUCTION**

Defendant Barry Honig ("**Honig**") respectfully submits this supplemental briefing in response to the Court's February 28, 2022 inquiry regarding whether there exists an implied private right of action for shareholders to seek damages directly under Section 13(d) of the Securities Exchange Act of 1934 (the "**Exchange Act**") or indirectly under Section 10(b) thereof.

The answer to the Court's question is a definitive "no." It is well established that there is no private right of action for damages available to shareholders under Section 13(d) itself. Rather, courts have consistently held that the sole remedy available to a shareholder for another shareholder's alleged violation of Section 13(d) is a claim under Section 18(a), 15 U.S.C. § 78r(a). In that section of the Exchange Act, Congress provided an explicit remedy to shareholders who allegedly purchased or sold securities in reliance upon a false or misleading statement in any document filed with the SEC, which includes Section 13(d) filings.

Lead Plaintiff has chosen not to assert a claim under Section 18(a), presumably because he (or the class he purports to represent) cannot meet the heightened reliance requirement of Section 18(a), which requires a plaintiff to allege and prove that he actually relied upon the defendant's statement. Lead Plaintiff's unwillingness or inability to assert a claim under Section 18(a) does not mean that he can circumvent the congressionally established remedial scheme

simply by re-labeling his claim as one arising under Section 10. In any event, a claim under Section 10 does not lie against Mr. Honig because, as noted in his motion to dismiss, Lead Plaintiff does not allege that Mr. Honig actually made any false statement during the putative class period.

For the reasons set forth previously in his motion to dismiss, some of which are reiterated here, Mr. Honig again respectfully asks the Court to dismiss the Consolidated Second Amended Class Action Complaint ("**SAC**"), with prejudice.

## I.   THERE DOES NOT EXIST ANY PRIVATE RIGHT OF ACTION FOR DAMAGES UNDER SECTION 13(d) OF THE SECURITIES EXCHANGE ACT.

Every Circuit Court to have considered the question of whether there exists a private right of action for damages under Section 13(d) of the Exchange Act has answered that question in the negative. In *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 286 F.3d 613, 619 (2d Cir. 2002), the Second Circuit affirmed that shareholders do not have a private cause of action for money damages under Section 13(d), stating that "[c]ourts in this circuit have consistently declined to imply private rights of action for damages under § 13(d)." (*citing Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945, 960–61 (S.D.N.Y.1983), *aff'd*, 730 F.2d 910 (2d Cir.1984)). In *Liberty Nat. Ins. Holding Co. v. Charter*, the Eleventh Circuit dismissed Section 13(d) claims brought by an issuer seeking money damages, stating "the Exchange Act provides for private rights of action expressly in several other places . . . [w]e may infer from this that when it chose to

do so, Congress knew how to create explicitly a private right of action on behalf of the issuer." 734 F.2d 545, 564 n. 41 (11th Cir.1984). And in *Motient Corp. v. Dondero,* 529 F.3d 532, 536 (5th Cir. 2008), the Fifth Circuit definitively stated "there is no private cause of action for money damages under Section 13(d)." No Circuit Court has found a private right of action for money damages under Section 13(d). *Id.*[1]

Following the lead of the Circuit Courts, more than a dozen reported District Court decisions, including several within the Third Circuit, have consistently concluded that there exists no private right of action for damages under Section 13(d) of the Exchange Act. *See, e.g., Rubin v. Posner,* 701 F.Supp. 1041, 1050 (D.Del.1988)("Section 13(d) does not expressly create a private cause of action for money damages"); *Rosenbaum v. Klein*, 547 F.Supp. 586, 591 (E.D. Pa. 1982)(declining to find implied private right of action for damages for violation of section 13(d)); *Starr Intern. Co., Inc. v. American Intern. Group, Inc*., 648 F.Supp.2d 546, 574 (S.D.N.Y. 2009); *Stephenson v. Deutsche Bank AG*, 282 F.Supp.2d 1032, 1054, n.4 (D. Minn. 2003); *Wellman v. Dickinson*, 497 F.Supp. 824, 835 (S.D.N.Y.1980), *affd*, 647 F.2d 163 (2d Cir.1982); *Myers v. American*

---

[1] While the Third Circuit has yet to specifically resolve whether a private right of action for damages exists under Section 13(d), it <u>has</u> ruled that there is no private right of action under Section 13*(a)* of the Exchange Act.  *See In re Penn Central Securities Litigation*, 494 F.2d 528, 540 (3d Cir. 1974)("We have not been cited, nor have we found, any appellate decisions concerning the possible existence of a private right of action under 13(a). . . We believe the district court correctly held that § 18(a) is the exclusive remedy for alleged violations of §13(a).").

*Leisure Time Enterprises*, 402 F.Supp. 213, 214–15 (S.D.N.Y.1976), aff'd, 538 F.2d 312 (2d Cir.1976); *Gateway Industries, Inc. v. Agency Rent A Car, Inc.*, 495 F.Supp. 92, 99 (N.D.Ill.1980); *Indiana National Corporation v. Rich*, 554 F.Supp. 864, 873 (S.D.Ind.1982); *Issen v. GSC Enterprises, Inc.*, 508 F.Supp. 1278, 1295 (N.D.Ill.1981); *McLaughlin v. Campbell*, 410 F.Supp. 1321, 1325 (D.Mass.1979). The proposition is well-settled – there is no private right of action for damages under Section 13(d) of the Exchange Act.

## II.  THE SOLE PRIVATE REMEDY FOR DAMAGES RESULTING FROM AN ALLEGED VIOLATION OF SECTION 13(d) IS A CLAIM BROUGHT UNDER THE STRICT REQUIREMENTS OF SECTION 18 OF THE EXCHANGE ACT.

One significant reason why courts consistently conclude that shareholders do not have a private right of action for damages under Section 13(d) of the Exchange Act is because shareholders <u>already</u> have an explicit remedy for violations of Section 13(d) – a claim pursuant to Section 18(a) of the Exchange Act. *See Hallwood*, 286 F.3d at 619. Section 18(a) provides:

> Any person who shall make or cause to be made any statement in any application, report, or document filed pursuant to ... any [SEC] rule or regulation, ... which statement was at the time and in light of the circumstances under which it was made false or misleading with respect to any material fact, shall be liable to any person ...who, in reliance upon such statement, shall have purchased or sold a security at a price which was affected by such statement, for damages caused by such reliance, unless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading.

15 U.S.C. § 78r. Thus, a plaintiff who claims to have purchased or sold stock in reliance upon an allegedly misleading filing pursuant to Section 13(d) can pursue a claim for damages under 18(a).

Many reported decisions hold that Section 18(a) provides the <u>sole</u> and exclusive basis for a private right of action for damages resulting from a violation of section 13(d). *Motient*, 529 F.3d at 536 ("Section 18(a) provides the sole basis for a private right of action for damages resulting from a violation of Section 13(d)"); *Sanders v. Thrall Car Mfg. Co.*, 582 F.Supp. 945, 961 (S.D.N.Y. 1983)("plaintiff's only potential remedy for damages is section 18(a)"); *Kamerman v. Steinberg*, 891 F.2d 424, 430 (2d Cir. 1989)("One complaining of a false or misleading statement in a Schedule 13D may seek damages only under Section 18(a) of the Act"); *Issen,* 508 F.Supp. at 1295 ("it is clear that Section 18(a) ... provides the sole basis for a private right of action for damages resulting from a violation of section 13(d).")(*citing Gateway Industries,* 495 F.Supp.at 98; *Myers* 402 F.Supp. 213, 214-15 (S.D.N.Y.1975). Put another way, the existence of an express remedy under Section 18(a) precludes the creation of an implied remedy pursuant to Section 10(b). *See Issen v. GSC Enter. Inc.,* 522 F. Supp. 390, 397 (N.D. Ill. 1981).

This makes sense, for several reasons. To begin with, the Supreme Court disfavors the judicial creation of <u>implied</u> remedies in regulatory statutes that do not explicitly set forth express remedies. Private rights of action to enforce federal law

must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). In

determining whether a private right of action exists within a federal statute that

does not expressly provide for one, courts are required to focus solely on

Congressional intent underlying the particular statute at issue. *Boswell v. Skywest

Airlines, Inc.*, 361 F.3d 1263, 1267 (10th Cir. 2004) (*citing Transamerica

Mortgage Advisors v. Lewis*, 444 U.S. 11, 15–16 (1979)); *Alexander*, 532 U.S. at

286–87. A court must assess whether Congress intended to create not only a

private right in favor of a plaintiff, but also a private remedy. *Sandoval*, 532 U.S. at

286. In the absence of statutory intent to create a private remedy, a cause of action

does not exist, and the court may not create one "no matter how desirable that

might be as a policy matter, or how compatible with the statute." *Sandoval*, 532

U.S. at 286–87.

     In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the

Supreme Court set forth four factors to be considered in determining whether a

private right of action is implicit in any given statute: (1) legislative intent, (2) the

consistency of the remedy with the underlying purposes of the legislative scheme,

(3) whether the plaintiff was a member of the class for whose benefit the statute

was enacted, and (4) whether the cause of action is one traditionally relegated to

state law. *Id.* at 78, 95 S.Ct. 2080. Later, in cases such as *Transamerica Mortgage

Advisors, Inc. v. Lewis*, 444 U.S. 11, 15–16, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979)

and *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 61

L.Ed.2d 82 (1979), the Court focused its analysis on the single question of whether congressional intent to create a private cause of action can be found in the relevant statute.

Applying this test, courts repeatedly have determined that Congress intended Section 18(a) to provide the sole damages remedy to shareholders arising from a violation of the Section13(d) disclosure requirements. First, the relevant legislative history reveals "an absence of legislative intent to imply a right of action under §13(d)," particularly for money damages. *See Sanders*, 582 F.Supp. at 960 (internal quotation marks omitted). Second, Section 13(d) does not contain rights-creating language; it simply requires investors to file certain statements, and "[s]tatutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" *Alexander*, 532 U.S. 275 at 289, 121 S.Ct. 1511. Finally, courts have found significant the existence of an express remedy under Section 18(a), which is available to those shareholders who can prove reliance on misleading filings. 15 U.S.C. § 78r(a); *see Sanders*, 582 F.Supp. at 960 (citing the presence of an express private remedy for damages under § 18(a) as a reason not to infer a cause of action for damages under § 13(d)); *Myers*, 402 F.Supp. at 214 (same); *see also Touche Ross*, 442 U.S. at 574, 99 S.Ct. 2479 (in holding that there is no private cause of action under § 17(a) of the Williams Act, stating that "we are extremely reluctant to imply a cause of action ... that is significantly broader that the remedy Congress

chose to provide," particularly as "[t]here is evidence to support the view that §
18(a) was intended to provide the exclusive remedy for misstatements contained in
any reports filed with the Commission"); *Olmsted*, 283 F.3d 429, 433 ("Congress's
explicit provision of a private right of action to enforce one section of a statute
suggests that omission of an explicit private right to enforce other sections was
intentional.").

A.    <u>A Plaintiff Is Required To Plead And Prove Actual Reliance To
      Maintain A Section 18(a) Claim.</u>

The remedy available to shareholders under Section 18(a) is similar to the
remedy available under Section 10(b), but pleading and proving a Section 18(a)
claim has one significant difference: a plaintiff asserting a claim under Section
18(a) is required to both plead and prove <u>actual</u> reliance. *Berman v. Richford
Indus.*, 1978 WL 1104, at \*7 (S.D.N.Y. July 28, 1978). That is, a plaintiff must
have actually reviewed the SEC filing containing the alleged misstatement and
have actually bought or sold shares in reliance upon that specific misstatement,
what is sometimes referred to as "eyeball reliance." Thus, unlike a plaintiff
asserting a claim under Section 10(b), a plaintiff asserting a claim under Section
18(a) is not entitled to the benefit of any presumption of reliance. *In re Supretna
Specialties, Inc. Sec. Litig.*, 334 F. Supp. 2d 637, 660-61 (D.N.J. 2004).

This heightened standard may be why Lead Plaintiff has avoided asserting a
claim against Mr. Honig under Section 18(a); either because he did not actually see

and rely upon Mr. Honig's 13D filings, or because he correctly anticipates that the Court will be unable to certify a class where individual issues of reliance are at issue. *In re Amer. Cont. Corp Lincoln Sav. & Loan Sec. Litig.*, 794 F. Supp. 1424, 1438 (D. Ariz. 1992) (Section 18 reliance cannot be proven on a class basis).

Whatever the reason, Lead Plaintiff should not be permitted to avoid the procedural hurdles he would face under Section 18(a) simply by labelling his claim as one under Section 10(b). "While deference should be given to the remedial purposes of the Securities Acts, the express liability provisions of the same Acts should not be obviated by the breadth of Section 10(b). It is difficult to imagine any situation where the plaintiff, if given the choice, would proceed under Section 18, as opposed to Section 10(b), to recover for misrepresentations and materials omissions contained in documents required to be filed under the 1934 Act." *Pearlstein v. Justice Mortgage Inv.*, No. CA-3-76-1476-D, 1978 WL 1143, at *4 (N.D. Tex. Oct. 17, 1978). Where Congress has specifically authorized a remedy for violation of an act, "the courts should not nullify the congressional scheme by implying a right of action on behalf of those not otherwise entitled to recover." *In re Penn Central Securities Litigation*, 347 F.Supp. 1327, 1340 (E.D.Pa.1972).

### B.      <u>Lead Plaintiff's Authorities Are Distinguishable.</u>

Lead Plaintiff presumably will again mention several cases cited in his previously-filed briefs which, he claims, stand for the proposition that a Section 10(b)/Rule 10b-5 claim may be predicated upon an allegedly false statement

contained in a Schedule 13D filing. Those cases either are distinguishable on their facts, or fail to consider (or even recognize) the substantial authority set forth above which expressly holds that the sole remedy available to a shareholder who claims damage caused by a defendant's violation of Section 13(d), lies in Section 18(a).

The majority of the decisions cited by Lead Plaintiff involve actions brought by the <u>government</u> for violations of the securities laws,[2] so the issue raised here – whether a plaintiff shareholder may pursue maintain a <u>private</u> cause of action based upon another shareholder's alleged violation of a Section 13 reporting obligation – never was considered. Indeed, none of these cases could have alleged a Section 18(a) claim, because the government, as neither a buyer or seller of securities, could not bring an action under Section 18(a).

Two cases previously cited by Lead Plaintiff, *Azurite Corp. v. Amster & Co.*, 52 F.3d 15 (2d Cir. S.D.N.Y. 1995) and *Vladimir v. Bioenvision Inc.,* 606 F.Supp.2d 473 (S.D.N.Y. 2009), at least involved private plaintiffs, but neither decision held that a private plaintiff may recover damages under Section 10(b) for a violation of Section 13(d). Indeed, the courts in both of those actions <u>dismissed</u>

---

[22] *See e.g.,* SEC v. Teo, No. 2:04–cv–01815, 2010 WL 3184349 (D.N.J. Aug 10, 2010); *U.S. v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991); *SEC v. Honig*, No. 18 Civ. 8175 (ER), 2021 WL 276155 (S.D.N.Y. Jan 27, 2021)(slip op.); *SEC v. Sierra Brokerage Servs., Inc.*, 608 F. Supp.2d 923 (S.D. Ohio 2009); *SEC v. Jammin Java Corp.,* 2:15-cv-08921, 2016 WL 6595133 (C.D. Ca. July 18, 2016); *SEC v. Strebinger*, 114 F. Supp. 3d 1321 (N.D. Ga. 2015).

Section 10(b) claims founded solely upon alleged violations of Section 13(d).  *See Azurite*, 52 F.3d at 19 (noting that the defendant's alleged "omission does not support a section 10(b) claim founded solely upon an alleged section 13(d) violation."); *Vladimir,* 606 F. Supp. 2d at 497 (dismissing Section 10(b) claims purportedly predicated on violations of Section 13(d)).   Neither court reached nor addressed the question of whether an implied remedy under Section 10(b) is precluded by the express remedy available under Section 18(a).[3]

The decision in *Puddu v. 6D Glob. Techs., Inc.*, No. 15-cv-08061 (AJN), 2021 WL 1198566 (S.D.N.Y. Mar. 30, 2021), also previously cited by Lead Plaintiff, likewise is distinguishable.  The *Puddu* decision found a defendant's failure to file a Form 13D to be deceptive only because the failure to file was coupled with <u>other</u> deceptive conduct. *See id.* at *13-14 (noting that the complaint "pleads facts alleging that [defendant] engaged in deceptive conduct and that his failure to file the Section 13D was consistent with the other allegedly deceptive efforts to hide his relationship to [co-defendant]"). The notion that a mere failure to update a Form 13D can alone form the basis of a private right of action for violation of securities laws is *dicta*. Here, Mr. Honig's only alleged "deceptive"

---

[3] Three of the cases mentioned in Lead Plaintiff's opposition also are clearly distinguishable on their facts, as none of them even alleged, as Lead Plaintiff does here, that a misleading Section 13 filing may serve as a predicate for a Section 10 claim. *SEC v. Sierra Brokerage Servs., Inc.*, 608 F. Supp.2d 923 (S.D. Ohio 2009); *SEC v. Jammin Java Corp.,* 2016 WL 6595133 (C.D. Ca. July 18, 2016); *SEC v. Strebinger*, 114 F. Supp. 3d 1321 (N.D. Ga. 2015).

conduct is his alleged failure to timely <u>update</u> a previously-filed Form 13D to

disclose stock sales. However, the "deceptiveness" of that omission is mitigated by

the fact that numerous public filings made by Riot Blockchain clearly disclosed

that Mr. Honig intended to sell his shares, [MTD Section III.C.], Mr. Honig made

no public pronouncements contradicting those disclosures, and then, as Lead

Plaintiff acknowledges, Mr. Honig did in fact sell his shares.  The only reason why

defendant Riot Blockchain was able to disclose that Mr. Honig intended to, and

then did, sell his stock, is <u>because Mr. Honig told Riot</u> that he was selling, and then

Riot publicly disclosed that fact. The undeniable facts that Mr. Honig told Riot he

intended to sell his shares, so that Riot could (and did) publicly report that

information, eviscerates Lead Plaintiff's theory that Mr. Honig was trying to

"deceive" anyone about his intention to sell his Riot stock.

## III.   LEAD PLAINTIFF'S SECTION 10 CLAIM AGAINST MR. HONIG MUST BE DISMISSED BECAUSE THE SAC DOES NOT ALLEGE THAT HE MADE ANY STATEMENT DURING THE PUTATIVE CLASS PERIOD.

In any event, Lead Plaintiff's attempt to base a Section 10 claim upon Mr.

Honig's Section 13 filings fails for the simple reason that the SAC does not allege

that he made any false filing during the putative class period, between March 15,

2017 and September 6, 2018.

Lead Plaintiff <u>concedes</u> in its opposition brief that the <u>only</u> allegedly

misleading statement attributable to Mr. Honig, an allegedly deficient Schedule

13D/A, "was filed *before* the start of the Class Period."  (Opp. at 37) (emphasis added). Statements made before an alleged Class Period simply are not actionable. *In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 405 n.50 (D.N.J. 2010) ("It is self-evident that challenges to statements made outside the Class Period cannot be validly made by Plaintiffs."); *Castlerock Mgmt. v. Ultralife Batteries, Inc.*, 68 F. Supp. 2d 480, 484 n.6 (D.N.J. 1999). The SAC goes on to mention two subsequent13D/A filings made by Mr. Honig in February and April 2018, but those statements are not alleged to be false; they only are alleged to have been filed belatedly. In the absence of any false or misleading statement made <u>during the class period</u>, Mr. Honig cannot be held liable for a violation of Section 10 or Rule 10b-5.  "Silence, absent a duty to disclose, is not misleading under Rule 10b–5." *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988).

Lastly, it bears repeating that the SAC ought to be dismissed because it utterly fails to plead facts showing that outside investor Honig's <u>silence</u> throughout most of the putative Class Period was a "<u>substantial cause</u>" of Lead Plaintiff's alleged damage or contributed in any way to the massive swings in the market price of Riot Blockchain's stock. The Court previously noted that in order to adequately plead the necessary element of loss causation, Lead Plaintiff was required to plead facts establishing that each defendant's misstatements or omissions were a "substantial cause" of <u>both</u> "the inflation in the price of a security <u>and</u> in its subsequent decline in value . . . ." [Dkt. 166 at 36] (*citing Semerenko v.*

*Cendant Corp.*, 223 F.3d 165, 186-87 (3d Cir. 2000)) (emphasis added)). Put into the context of Plaintiff's theory, this requires Lead Plaintiff to plead facts which plausibly show that both (a) Mr. Honig's alleged omissions were a <u>substantial cause</u> of the rise in Riot's stock price, and (b) a subsequent disclosure of the supposedly omitted information was a <u>substantial cause</u> of Riot's stock price decline.

The Court correctly found that Lead Plaintiff's First Amended Complaint failed to do that, leading the Court to grant Mr. Honig's prior motion to dismiss. While the Court gave Lead Plaintiff leave to amend and fix this fatal pleading deficiency, Lead Plaintiff did not add a single factual allegation regarding loss causation to his SAC; Mr. Honig demonstrates Lead Plaintiff's failure to amend his loss causation claims in the Appendix to his Motion to Dismiss [Dkt. 196], by setting forth a side-by-side comparison of the First Amended Complaint to the Second Amended Complaint.

Lead Plaintiff did not, and cannot, amend its loss causation allegations as to Mr. Honig, because its case theory is completely implausible and, frankly, baseless. It is totally implausible that a minority outside shareholder like Mr. Honig could boost a company's market price **tenfold** by making absolutely no disclosures of any kind, and likewise implausible that his supposedly "covert" sales into a rapidly-rising market then subsequently caused a similarly significant decline in the company's stock price. *Twombly* and *Iqbal* direct the court to assess

whether a plaintiff's claims are plausible – not merely "conceivable" or "possible"

– and to dismiss complaints that are not plausible.

## **CONCLUSION**

For the foregoing reasons, Mr. Honig respectfully asks the Court to grant his motion to dismiss the Consolidated Second Amended Class Action Complaint, with prejudice.

Respectfully submitted,

Dated: March 14, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 653-8700

By: /s/ *Tyler E. Baker*
    Tyler E. Baker, Esq.
    New Jersey Bar No. 44392011
    tbaker@sheppardmullin.com

and

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Robert D. Weber (*pro hac vice*)
1901 Avenue of the Stars, 16th Fl.
Los Angeles, CA 90067
(310) 228-3700

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Christopher Bosch (*pro hac vice*)
30 Rockefeller Plaza
New York, NY 10112
(212) 653-8700

*Attorneys for Defendant Barry C. Honig*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on this 14th day of March

2022, copies of the foregoing **DEFENDANT BARRY C. HONIG'S**

**SUPPLEMENTAL MEMORANDUM OF LAW REGARDING THE NON-**

**EXISTENCE OF AN IMPLIED RIGHT OF ACTION FOR DAMAGES**

**DIRECTLY UNDER SECTION 13(d) OF THE SECURITIES EXCHANGE**

**OR INDIRECTLY UNDER SECTION 10(b)**, was filed electronically through

the Court's ECF system. Notice of such filing will be sent to all parties of record

by operation of the Court's electronic filing system. The parties may access this

filing through the Court's system.


Date: March 14, 2022                    **SHEPPARD, MULLIN, RICHTER &**
                                        **HAMPTON LLP**

                                        By: */s/ Tyler E. Baker*
                                             Tyler E. Baker