## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. McGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO,<br><br>        Defendants. | Civil No. 3:18-CV-02293(ZNQ)(TJB)<br><br>**ORAL ARGUMENT REQUESTED** |

---

### THE RIOT BLOCKCHAIN DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING SECTION 13(D)

---

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, AND MICHAEL BEEGHLEY*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................1

II.    SECTION 13(D) DOES NOT IMPLY A PRIVATE RIGHT OF
       ACTION .................................................................................2

       A.    Courts Uniformly Hold that Section 13(d) Does Not Imply a
             Private Right of Action for Any Plaintiff............................2

III.   SECTION 10(B) DOES NOT INDIRECTLY PROVIDE A PRIVATE
       REMEDY TO PLAINTIFFS FOR VIOLATION OF SECTION 13(D).......4

       A.    Lead Plaintiff's Investor Status is Not Decisive on the Issue of
             an Implied Remedy Under Section 10(b)............................5

       B.    Congress Intended Section 18(a) to be the Sole Remedy Under
             Section 13(d) ...........................................................5

       C.    The Lack of a State Law Remedy Is Not a Determinative
             Argument in Favor of an Implied Federal Remedy .............8

       D.    Case Law Further Confirms That Section 18(a) Is the Exclusive
             Remedy for Section 13(d) Violations .................................8

IV.    A SECTION 10(B) AND RULE 10B-5 CLAIM FAIL UNDER THE
       CIRCUMSTANCES...................................................................13

V.     CONCLUSION.........................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Sandoval*,
   532 U.S. 275 (2001) ............................................................................................5

*Alfus v. Pyramid Tech. Corp.*,
   764 F. Supp. 598 (N.D. Cal. 1991) .....................................................................4

*City of Rancho Palos Verdes, Cal. v. Abrams*,
   544 U.S. 113 (2005) ............................................................................................6

*Corley v. United States*,
   556 U.S. 303 (2009) ..........................................................................................11

*Cort v. Ash*,
   422 U.S. 66 (1975) ........................................................................................4, 12

*Dupont v. Wyly*,
   61 F.R.D. 615 (D. Del. 1973) ...........................................................................10

*Golan v. Puleo*,
   480 F. Supp. 2d 1325 (S.D. Fla. 2007) ..............................................................3

*Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*,
   286 F.3d 613, 619 (2d Cir. 2002) ....................................................................13

*Issen v. GSC Enters., Inc.*,
   508 F. Supp. 1278, 1295 (N.D. Ill. 1981) ......................................................9, 11

*Jacobs v. Pabst Brewing Co.*,
   549 F. Supp. 1050 (D. Del. 1982) ......................................................................5

*Kalmanovitz v. Heileman Brewing Co.*,
   595 F. Supp. 1385 (D. Del. 1984), *aff'd*, 769 F.2d 152
   (3d Cir. 1985) .....................................................................................................3

*Kulchok v. Gov't Empl. Ins. Co.*,
   1977 WL 1003 (D.D.C. 1977) .........................................................................10

# TABLE OF AUTHORITIES
*(continued)*

**Page(s)**

*Liberty Nat'l Ins. Holding Co. v. Charter Co.*,
    734 F.2d 545 (11th Cir. 1984) ............................................................8

*Martin v. Durus Capital Mgmt., LLC*,
    2005 U.S. Dist. LEXIS 23324 (N.D. Ill. Mar. 31, 2005) ....................4

*Meer v. United Brands Co.*,
    75 Civ. 1788, 1976 U.S. Dist. LEXIS 14270
    (S.D.N.Y. July 6, 1976) ...............................................................10, 13

*Mei Xing Yu v. Hasaki Rest., Inc.*,
    944 F.3d 395 (2d Cir. 2019) .................................................................7

*Motient Corp. v. Dondero*,
    529 F.3d 532 (5th Cir. 2008) ..........................................................9, 11

*Myers v. American Leisure Time Enterprises, Inc.*,
    402 F. Supp. 213 (S.D.N.Y. 1975), *aff'd without opinion*,
    538 F.2d 312 (2d Cir. 1976) .................................................................3

*Oran v. Stafford*,
    226 F.3d 275 (3d Cir. 2000) .................................................................3

*Pearlstein v. Justice Mortg. Investors*,
    1978 WL 1143 (N.D. Tex. Oct. 17, 1978)................................7, 10, 11

*In re Penn Cent. Sec. Litig.*,
    347 F. Supp. 1327 (E.D. Pa. 1972), *aff'd* 494 F.2d 528
    (3d Cir. 1974)..................................................................................5, 13

*In re Penn Cent. Sec. Litigation*,
    494 F.2d 528 (3d Cir. 1974) .....................................................3, 10, 12

*In re Quintel Entm't Inc. Sec. Litig.*,
    72 F. Supp. 2d 283 (S.D.N.Y. 1999) ...................................................4

*Rosenbaum v. Klein*,
    547 F. Supp. 586 (E.D. Pa. 1982)...........................................2, 5, 9, 10

# TABLE OF AUTHORITIES
*(continued)*

**Page(s)**

*Rosengarten v. Int'l Tel. & Tel. Corp.*,
466 F. Supp. 817 (S.D.N.Y. 1979) ......................................................13

*Ross v. A.H. Robbins Co.*,
607 F.2d 545 (2d Cir. 1979) ..............................................................12

*Sanders v. Thrall Car Mfg. Co.*,
582 F. Supp. 945 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910
(2d Cir. 1984)......................................................................4, 9, 11, 13

*Schnell v. Schnall*,
1981 U.S. Dist. LEXIS 11651 (S.D.N.Y. Mar. 30, 1981)....................3

*Stephenson v. Deutsche Bank AG*,
282 F. Supp.2d 1032 (D. Minn. 2003)................................................4

*Touche Ross & Co. v. Redington*,
442 U.S. 560 (1979)........................................................5, 8, 9, 12

*Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*,
444 U.S. 11 (1979)..............................................................................5, 6

*Wellman v. Dickinson*,
497 F. Supp. 824 (S.D.N.Y. 1980), *aff'd*, 647 F.2d 163
(2d Cir. 1982)........................................................................3, 12, 13

**Statutes**

15 U.S.C. § 17q.................................................................................8, 9

15 U.S.C. § 78j...........................................................................*passim*

15 U.S.C. § 78m.....................................................................................2

15 U.S.C. § 78r...........................................................................6, 7, 13, 14

15 U.S.C. § 78r(a) ....................................................................*passim*

52 U.S.C. § 78r(a) ..................................................................................7

# TABLE OF AUTHORITIES
*(continued)*

**Page(s)**

Securities Exchange Act of 1934 § 13(d) ..........................................................*passim*

Securitites Exchange Act of 1934...................................................................*passim*

**Other Authorities**

17 C.F.R. § 240.10b-5...................................................................................6

Hearings on Stock Exchange Regulations Before the House
    Committee on Interstate and Foreign Commerce, 73d Cong., 2d
    Sess. 21 (1934).......................................................................................6

Rule 10b-5......................................................................................*passim*

Defendants Riot Blockchain, Inc. ("Riot"), John O'Rourke, and Michael Beeghley (collectively, the "Riot Defendants"), by and through their undersigned counsel, submit this supplemental brief regarding whether there is an implied private right of action for shareholders to seek damages directly under Section 13(d) of the Securities Exchange Act of 1934 ("Exchange Act") or indirectly under Section 10(b), in response to the Court's Text Order on February 28, 2022.  (Dkt. 216.)

## I.    <u>INTRODUCTION</u>

Section 13(d) is nothing more than a reporting provision:  It neither expressly nor impliedly provides any plaintiffs—whether issuers or investors—a private right of action for money damages.  Rather, Congress enacted Section 18(a) of the Exchange Act to provide an express remedy to purchasers and sellers of securities who rely on misstatements and omissions in documents filed with the Securities and Exchange Commission ("SEC") pursuant to the reporting provisions of Section 13(d).  Section 10(b), on the other hand, was explicitly enacted as a "catch-all" for manipulative conduct, targeting "new" or "other" false and misleading statements ***not expressly covered by other provisions of the Exchange Act***.  Because of this, courts have held that when a plaintiff's claims rest on the Exchange Act's reporting provisions, plaintiff's sole remedy is under Section 18(a).  On the other hand, when a plaintiff's claim rests on fraudulent or other

manipulative acts not expressly covered by Section 18(a), courts may (and, indeed, often do) imply private remedies under Section 10(b) and Rule 10b-5.

Here, Lead Plaintiff alleges Section 10(b) claims grounded in violations of Section 13(d) and, as against the Riot Defendants, Item 403 of Regulation S-K. Specifically, Lead Plaintiff alleges that O'Rourke and Beeghley "knowingly caused Riot to file materially misleading Forms S-3 and other filings that misrepresented and omitted to disclose that the Honig Group's investments in Riot were part of a coordinated 'group'" under Section 13(d). (SAC ¶¶ 294, 302) Because these claims rest on misstatements in the context of Section 13(d), they cannot be maintained as a Section 10(b) claim.

## II.   SECTION 13(D) DOES NOT IMPLY A PRIVATE RIGHT OF ACTION

### A.   Courts Uniformly Hold that Section 13(d) Does Not Imply a Private Right of Action for Any Plaintiff

Courts in this Circuit and elsewhere consistently decline to infer a private remedy for damages for any class of plaintiff under Section 13(d). For example, the court in *Rosenbaum v. Klein*, 547 F. Supp. 586, 590-91 (E.D. Pa. 1982) held that no private remedy for money damages existed under Section 13(d) in a case initiated by former and present shareholders.[1]

---

[1] The Third Circuit refused to imply a private damages remedy based on similar reporting provisions. *See Kalmanovitz v. Heileman Brewing Co.*, 595 F. Supp. 1385 (D. Del. 1984), *aff'd*, 769 F.2d 152 (3d Cir. 1985) (declining to imply a

Numerous district courts have denied creation of a private remedy for any class of plaintiff—including shareholders—under Section 13(d).[2] *See, e.g., Myers v. American Leisure Time Enterprises, Inc.*, 402 F. Supp. 213 (S.D.N.Y. 1975) (no implied remedy for shareholders), *aff'd without opinion*, 538 F.2d 312 (2d Cir. 1976); *Wellman v. Dickinson,* 497 F. Supp. 824, 835 (S.D.N.Y. 1980) ("this court has held consistently that no implied private cause of action for damages exists under Section 13(d)"), *aff'd without opinion*, 647 F.2d 163 (2d Cir. 1982); *Schnell v. Schnall*, 1981 U.S. Dist. LEXIS 11651, at *4 (S.D.N.Y. Mar. 30, 1981) (no

---

private cause of action for a Section 13(e) claim); *In re Penn Cent. Sec. Litigation*, 494 F.2d 528, 540-41 (3d Cir. 1974) (declining to imply a private cause of action for a Section 13(a) claim).

[2] Lead Plaintiff's claims against the Riot Defendants rest on Item 403 of Regulation S-K.  Because a violation of Item 403 relies on the requirements under Section 13(d), the arguments herein apply fully to Item 403.  Moreover, courts have explicitly held that implied remedies should not be extended to provisions under Regulation S-K, like Item 403, where Congress has not established one.  *See, e.g., Oran v. Stafford*, 226 F.3d 275, 287-88 (3d Cir. 2000) (violation of Item 303 cannot support a Rule 10b-5 violation because the materiality standards and disclosure obligations vary greatly between the two provisions); *Golan v. Puleo*, 480 F. Supp. 2d 1325, 1328 (S.D. Fla. 2007) (declining to apply a private right of action under Item 404 because, *inter alia*, "[t]he case law is clear as to the absence of an express private right of action under Regulation S-K, and courts may not imply a private right of action under Regulation S-K where Congress has not established one"); *In re Quintel Entm't Inc. Sec. Litig.*, 72 F. Supp. 2d 283, 293 (S.D.N.Y. 1999) (dismissing a 10b-5 claim that only relied on an Item 303 violation); *Alfus v. Pyramid Tech. Corp.*, 764 F. Supp. 598, 607-08 (N.D. Cal. 1991) ("demonstration of a violation of the disclosure requirements of Item 303 does not lead inevitably to the conclusion that such disclosure would be required under Rule 10b-5").

implied remedy for a shareholder); *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 960 (S.D.N.Y. 1983) (same), *aff'd*, 730 F.2d 910 (2d Cir. 1984); *Stephenson v. Deutsche Bank AG*, 282 F. Supp.2d 1032, 1054 n.18 (D. Minn. 2003) (no implied remedy for a trustee); *Martin v. Durus Capital Mgmt., LLC*, 2005 U.S. Dist. LEXIS 23324, at *9 (N.D. Ill. Mar. 31, 2005) (no implied remedy in a claim brought by a shareholder because, *inter alia*, Section 13(d) is a "reporting provision only").

## III.   SECTION 10(B) DOES NOT INDIRECTLY PROVIDE A PRIVATE REMEDY TO PLAINTIFFS FOR VIOLATION OF SECTION 13(D)

The Third Circuit has not expressly ruled whether a plaintiff can maintain an indirect implied private action for a Section 13(d) violation under Section 10(b) or Rule 10b-5.  In such circumstances, a court must analyze the four factors set forth by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78 (1975) to determine whether the court may infer a private cause of action.  A court should evaluate whether (1) the plaintiff is one of the class for whose benefit the statute was enacted; (2) there is legislative intent to create such a remedy; (3) it is consistent with the legislative scheme to imply such a remedy; and (4) the cause of action is appropriate to relegate to federal law.  *Id.*   But each of these factors are not entitled to equal weight.  *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979).  The central inquiry is whether Congress intended to create an implied private remedy.  *Id*.

### A.     Lead Plaintiff's Investor Status is Not Decisive on the Issue of an Implied Remedy Under Section 10(b)

"[T]he mere fact that the statute was designed to protect [shareholders] does not require the implication of a private cause of action for damages on their behalf." *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis,* 444 U.S. 11, 24 (1979).  While Section 13(d) was enacted for the benefit of investors to understand "any large rapid accumulation of securities that might lead to a shift in corporate control," *Rosenbaum*, 547 F. Supp. at 590-91, it is "simply [a] reporting provision[]." *Jacobs v. Pabst Brewing Co.*, 549 F. Supp. 1050, 1058 (D. Del. 1982).  As explained *infra*, remedies for violations of express reporting requirements of the Exchange Act are governed by Section 18(a).  *See In re Penn Cent. Sec. Litig.*, 347 F. Supp. 1327, 1339 (E.D. Pa. 1972), *aff'd* 494 F.2d 528 (3d Cir. 1974).

### B.     Congress Intended Section 18(a) to be the Sole Remedy Under Section 13(d)

Section 13(d)'s legislative history is silent regarding whether an implied private remedy for money damages exists, and, thus, a court should not infer such a remedy elsewhere in the Exchange Act.  *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (citing *Touche*, 442 U.S. at 578) ("private rights of action to enforce federal law must be created by Congress").  In fact, such inference is precluded by the legislative scheme of the Exchange Act as a whole.

Congress intended the Exchange Act to provide a coherent system for remedying acts of securities fraud.  A crucial piece of this system is Section 18(a).  Section 18(a) provides an express remedy to purchasers and sellers of securities—like Lead Plaintiff—who allegedly relied on misleading reports filed with the SEC.  15 U.S.C.S. § 78r.  "It is elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *TAMA,* 444 U.S. at 19.[3]

A simple comparison of Section 10(b) and Rule 10b-5 with Section 18(a) further confirms the legislative scheme in favor of Section 18(a) as the sole private remedy for purportedly inaccurate SEC filings.  Rule 10b-5 provides remedies for a broad range of conduct, imposing liability on anyone who makes an untrue statement of a material fact or omits to state a material fact in connection with the purchase or sale of any security.  17 C.F.R. § 240.10b-5.  It was designed to be a "catch-all" provision for manipulative conduct.  *See* Hearings on Stock Exchange Regulations Before the House Committee on Interstate and Foreign Commerce, 73d Cong., 2d Sess. 21 (1934) (hereinafter "Hearings").  Section 18, in contrast, is

---

[3] *See also City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 121 (2005) ("the provision of an express, private means of redress in the statute is ordinarily an indication that Congress did not intend to leave open a more expansive remedy").

limited in scope and targets misleading statements in documents filed with the SEC in connection with the Exchange Act's reporting provisions.[4]  15 U.S.C. § 78r.

Section 10(b)'s legislative history also provides guidance on this issue. Thomas G. Corcoran, a principal spokesman for the Federal Trade Commission, stated in testimony before the House Committee on Interstate and Foreign Commerce that Section 10(b) was intended to "deal with **new** manipulative devices."  Hearings at 115 (1934) (emphasis added); *see also id*. (the original proposed statute upon which Section 10(b) was based "gives the general power to the Commission to prescribe the rules and regulations governing Any [sic] **other** manipulative devices.") (emphasis added).  In short, Congress did not intend Section 10(b) to provide a cumulative remedy for manipulative acts that are already expressly covered under Section 18(a).  It was only meant to provide remedies for violations not explicitly set forth in the Exchange Act.

---

[4] Additionally, Section 18 requires actual reliance and contains a different statute of limitations and bonding requirement than Section 10(b).  *Pearlstein v. Justice Mortg. Investors*, 1978 WL 1143, at *11 (N.D. Tex. Oct. 17, 1978); 52 U.S.C. § 78r(a).  It defies logic to hold that Congress, having prescribed carefully defined remedies with explicit procedural requirements, simply nullified them by a later provision.  Thus, allowing Section 10(b) claims when they are expressly already covered by Section 18(a) would invalidate Congress' express remedy.  *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 412 (2d Cir. 2019) ("courts are . . .  not [charged] with rewriting or expanding the scope of the laws in the absence of statutory text, no matter how much one may think it may advance purported remedial goals or represent congressional intent").

Permitting an indirect remedy under Section 10(d) for failure to disclose a Section 13(d) group would, therefore, contradict the legislative history and express remedial scheme enacted by Congress to protect investors from reliance on false and misleading statements in public reports filed with the SEC.

## C.   The Lack of a State Law Remedy Is Not a Determinative Argument in Favor of an Implied Federal Remedy

The Supreme Court emphasizes the first three factors regarding the intended plaintiff, the legislative history, and legislative scheme in determining whether a cause of action should be implied.  *See Touche*, 442 U.S. at 573-4 (examining only legislative history and the legislative scheme to conclude that a private right of action under Section 17(a) of the Securities Act of 1933 could not be implied). Thus, in light of Congress' intent to make Section 18(a) the exclusive remedy for claims regarding reporting violations expressly covered by the Exchange Act, that Section 13(d) does not provide an alternative state law remedy is "not a positive argument in favor of implying a private right of action."  *Liberty Nat'l Ins. Holding Co. v. Charter Co.*, 734 F.2d 545, 561 (11th Cir. 1984).

## D.   Case Law Further Confirms That Section 18(a) Is the Exclusive Remedy for Section 13(d) Violations

The Supreme Court expressed its understanding in *Touche* that "[t]here is evidence to support the view that § 18(a) was intended to provide the exclusive remedy for misstatements contained in any reports filed with the Commission[.]"

*Touche*, 442 U.S. at 573-4 (holding that the recordkeeping and filing provisions contained in Section 17(a) of the Securities Act of 1933 did not give rise to a private right of action).  While the Supreme Court did not explicitly rule on the matter, such a statement provides persuasive evidence of the Supreme Court's view on the exclusivity of Section 18(a) as a remedy.

Other courts, including the Fifth Circuit, have employed similar analyses to conclude that a Rule 10b-5 claim for a Section 13(d) violation cannot exist in the shadow of Section 18(a), especially where, as explained, a plaintiff and the claim would meet the requirements under Section 18(a).  *See e.g.*, *Motient Corp. v. Dondero*, 529 F.3d 532, 536 (5th Cir. 2008) ("Since any material misstatement or omission to an investor who purchases or sells the security and actually relies on that information gives rise to a private cause of action under Section 18(a) of the Exchange Act, 15 U.S.C. § 78r(a), Section 18(a) provides the sole basis for a private right of action for damages resulting from a violation of Section 13(d)."); *Sanders*, 582 F. Supp. at 961 (same); *Issen v. GSC Enters., Inc.*, 508 F. Supp. 1278, 1295 (N.D. Ill. 1981) (same). The Third Circuit has yet to expressly rule regarding the relationship between Section 13(d) and either Section 18(a) or Section 10(b).[5]  However, case law in the Third Circuit and elsewhere regarding

---

[5] That said, the court in *Rosenbaum* explained that Section 18(a) of the Exchange Act "provides that purchasers and sellers of securities who have knowledge of and rely upon any report filed pursuant to the securities laws that contains

-9-

comparable reporting provisions under the Exchange Act provide further support for the lack of private remedy under Section 10(b).  For example, and most notably, the Third Circuit held in *In re Penn Cent. Litigation*, 494 F.2d 528, 540-41 (3d Cir. 1974) that "§ 18(a) is the exclusive remedy for alleged violations of § 13(a)."  *See also Dupont v. Wyly*, 61 F.R.D. 615, 628 (D. Del. 1973) (same); *Meer v. United Brands Co.*, 75 Civ. 1788, 1976 U.S. Dist. LEXIS 14270, at \*5 (S.D.N.Y. July 6, 1976) (same).  Like Section 13(d), Section 13(a) has certain reporting requirements.  There is no reason to hold any differently for Section 13(d) violations.

Courts have held similarly for other Exchange Act reporting provisions.  *See e.g.*, *Kulchok v. Gov't Empl. Ins. Co.,* 1977 WL 1003, at \*1 (D.D.C. 1977) ("since section 18 of the Securities Exchange Act of 1934 provides an express civil private cause of action for damages with respect to documents filed with the SEC, the facts . . . do not give rise to an implied cause of action under Section 10(b)"); *Pearlstein*, 1978 WL 1143, at \*3-4 (N.D. Tex. Oct. 17, 1978) ("While deference should be given to the remedial purposes of the Securities Acts, the express liability

---

misrepresentations may seek monetary damages" and if the court chose to imply a private remedy for damages, it "would be to authorize an end-run around section 18." *Rosenbaum*, 547 F. Supp. at 590-91.

provisions of the same Acts should not be obviated by the breadth of Section 10(b)[.]").

Of course, this authority does not completely eliminate the widely established implied remedy under Section 10(b) and Rule 10b-5. *See e.g.*, *id*. at *5-6 (acknowledging that a Section 10(b) claim is available for documents not considered "filed" for purposes of Section 18). But, when the plaintiff is within the class of persons protected by Section 18(a)[6] and the alleged misconduct is a violation of a reporting provision of the Exchange Act rather than simply "other" manipulative devices, a Section 10(b) remedy should not be implied. To hold otherwise would render Section 18(a) superfluous. *Corley v. United States*, 556 U.S. 303, 314 (2009) ("statute should be construed so that effect is given to all its

---

[6] Lead Plaintiff argues in his Omnibus Opposition to Motions to Dismiss that to the extent that Section 13(d) precludes a private remedy, it does so only in the case of an issuer bringing a claim and not in the case of a shareholder bringing a claim. Yet, Lead Plaintiff relies on case law that expressly holds that Section 18(a) is the "sole basis for a private right of action for damages resulting from a violation of Section 13(d)" for an "investor." *Motient*, 529 F.3d at 536. Moreover, courts have declined to create a cumulative remedy for private investors under Rule 10b-5 on the basis that Section 13(d) "does not 'by its terms, purport to create a private cause of action in favor of *anyone*.'" *Sanders*, 582 F. Supp. at 960 (citing *Touche Ross*, 422 U.S. at 573-74) (emphasis added); *see also Issen*, 508 F. Supp. at 1283 (Section 18(a) was the sole remedy for an investor who brought a claim under Section 13(d)); *Pearlstein,* 1978 WL 1143, at *3-4 (purchasers of stock could only bring claims for misleading reports filed with the SEC under Section 18(a)).

provisions, so that no part will be inoperative or superfluous, void or insignificant") (citation omitted).

Despite the weight of authority holding that Section 18(a) is the sole remedy for violating the reporting provisions under the Exchange Act, the Second Circuit has held (in a context *not* involving Section 13(d)) that Section 18(a) does not preclude the implication of a private right of action under Section 10(b). *See Ross v. A.H. Robbins Co.*, 607 F.2d 545 (2d Cir. 1979). *Ross* is unpersuasive for several reasons.

First, *Ross* did not address Section 10(b) in the context of a Section 13(d) violation, but acknowledged that there is "at least some support to defendants' position that § 10(b) should be viewed as a 'catch-all' provision intended to prevent the use of manipulative and deceptive devices ***not proscribed by other provisions of the [Exchange] Act***." *Ross*, 607 F.2d at 554 (emphasis added). Indeed, the Second Circuit affirmed at least two district court decisions after *Ross* that concluded that Section 18(a) is the sole remedy for Section 13(d) violations. *See Wellman*, 597 F. Supp. at 835 (holding after *Ross* that "this court has held consistently that no implied cause of action for damages exists under 13(d), and that only where a complainant meets the seller or purchaser requirement of Section 18, 15 U.S.C. § 78(r), does a cognizable claim for damages for a 13(d) violation lie."), *aff'd without opinion*, 647 F.2d 163; *Sanders*, 582 F. Supp. at 960 (echoing

the *Wellman* decision three years later); *aff'd*, 730 F.2d 910 ("The judgment of the

District Court is affirmed on the well-reasoned opinion of District Judge Charles S.

Haight, Jr.").  The Second Circuit separately explained, in declining to imply a

private right of action under Section 13(d), that courts have found that "the

existence of an express remedy under § 18(a)" precludes an implied remedy.

*Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 286 F.3d 613, 619 (2d

Cir. 2002) ("Courts in this circuit have consistently declined to imply a cause of

action for shareholders under § 13(d)."). Second, the Second Circuit expressly

declined to apply the *Cort* factors or analyze the Exchange Act's legislative history

and, instead, adopted a nullification test not approved by the Supreme Court.  *Ross*,

607 F.2d at 533.  Third, *Ross* is not controlling in the Third Circuit and is contrary

to the Third Circuit cases that have held that Section 18(a) is the exclusive remedy

for other, analogous reporting provisions.  *See In re Penn Cent.*, 494 F.2d at 540-

41.

## IV.   <u>A SECTION 10(B) AND RULE 10B-5 CLAIM FAIL UNDER THE CIRCUMSTANCES</u>

For the reasons stated above, an investor plaintiff alleging Section 13(d)

violations should not have an implied remedy under Section 10(b) when Section

18(a) expressly provides the remedy.  This is not to say that Section 10(b) claims

are *never* allowed for misleading statements or omissions in SEC filings—

undoubtedly, there is ample authority holding that they are.  Rather, as indicated by

the legislative history *supra*, Section 10(b) acts to cover any manipulative or deceptive conduct not expressly accounted for by Section 18(a).  It is the "catch all" for misleading statements and omissions that do not give rise to a claim under Section 18(a).

Section 18(a) does "not cover all the variegated activities with which [the] act is concerned."  *In re Penn*, 347 F. Supp. at 1339.  It is simply the remedy for "all of the ***reporting requirements*** of the Exchange Act."  *Id.* (emphasis added); *see also Meer*, 1976 U.S. Dist. LEXIS 14270, at *6-7 (holding that Section 18(a) is the exclusive remedy for Section 13(a)); *Rosengarten v. Int'l Tel. & Tel. Corp.*, 466 F. Supp. 817, 827 (S.D.N.Y. 1979) (holding Section 18(a) is the exclusive remedy for "reporting requirements"); 15 U.S.C. § 78(r) ("any statement in any application, report, or document filed pursuant to this chapter").  And, of course, Section 18(a) only applies when the reports are filed with the SEC.  15 U.S.C. § 78(r).

The Second Amended Complaint states only that the Riot Defendants filed Forms 10-K, S-3, and proxy statements that did not contain the proper disclosures regarding the Section 13(d) group, and were therefore misleading.  (SAC ¶¶ 290-303, 306, 345.)  This allegation not only is meritless, but it also places Lead Plaintiff's claims definitively within the scope of Section 18(a).

Where, like here, the plaintiff is an investor who allegedly relied on misleading disclosures in reports filed with the SEC regarding Section 13(d) groups, Section 18(a) provides the exclusive remedy.

## V.   **CONCLUSION**

For the reasons stated above, no implied private cause of action exists under Section 13(d) or indirectly under Section 10(b).

DATED:     March 14, 2022               PAUL HASTINGS LLP


                                        By: _/s/ Chad J. Peterman_
                                         CHAD J. PETERMAN

                                         Attorneys for Defendants
                                         RIOT BLOCKCHAIN, INC., JOHN
                                         O'ROURKE, AND MICHAEL
                                         BEEGHLEY