**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Spiro (*pro hac vice*)
Julia M. Beskin (*pro hac vice*)
Jacob J. Waldman (*pro hac vice*)
Jaclyn M. Palmerson
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100
alexspiro@quinnemanuel.com
juliabeskin@quinnemanuel.com
jacobwaldman@quinnemanuel.com
jaclynpalmerson@quinnemanuel.com

*Attorneys for Catherine DeFrancesco*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CREIGHTON TAKATA, individually and on behalf of all others similarly situated, | : : : : | |
| *Plaintiff*, | : : | Civil Action No. 3:18-02293 (FLW) (TJB) |
| v. | : : | |
| RIOT BLOCKCHAIN, INC. f/k/a BIOPTIX, INC., JOHN O'ROURKE, JEFFREY MCGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES and ERIC SO, | : : : : : : : : : | |
| *Defendants*. | : : | |

**JOINDER ON BEHALF OF CATHERINE DeFRANCESCO**
**TO THE SUPPLEMENTAL BRIEF FILED BY DEFENDANTS**
**RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, AND MICHAEL BEEGHLEY**

Catherine DeFrancesco respectfully submits this Statement of Joinder with the Supplemental Brief, and arguments therein, submitted by Riot Blockchain, Inc., John O'Rourke, and Michael Beeghley in response to this Court's Order dated February 28, 2022 (ECF No. 216):

## STATEMENT OF JOINDER

Defendant Catherine DeFrancesco joins in the Supplemental Brief, and arguments therein, filed by Defendants Riot Blockchain, Inc., John O'Rourke, and Michael Beeghley dated March 14, 2022. All of Plaintiff's allegations that Ms. DeFrancesco made actionable misstatements or omissions depend upon pleading that she breached her alleged obligations under Section 13(d) to (i) disclose purported membership in the supposed "Honig Group" and (ii) file an amended Schedule 13D. The absence of a private right of action to enforce Section 13(d) directly, or indirectly under Section 10(b) of the 1934 Securities Exchange Act and Rule 10b-5 promulgated thereunder, therefore requires dismissal of the Section 10(b) and Rule 10b-5 claim against Ms. DeFrancesco.

Even if the Court holds that a private right of action is available under Section 10(b) and Rule 10b-5 for breaches of the reporting requirements under Section 13(d), Plaintiff has failed to plead actionable misstatements on the part of Ms. DeFrancesco. Specifically, Plaintiff has failed to plead that Ms. DeFrancesco was a member of the purported "Honig Group"—which means there was nothing for her to disclose—or that she acted with scienter in any respect, which means Plaintiff has failed to plead actionable misstatements or omissions under Section 10(b) and Rule 10b-5. *See* ECF No. 195-1 ("MTD") at 8-15; ECF No. 212 ("Reply") at 1-8.

Further, regardless of the existence of a private right of action, Plaintiff has never pleaded the element of loss causation as to Ms. DeFrancesco's supposed misstatements or omissions, as necessary to plead a claim under Section 10(b) or Rule 10b-5. Plaintiff fails to plead that (i) Ms. DeFrancesco's supposed membership in the Honig Group was ever disclosed to the market,

much less that the disclosure caused Riot Blockchain's stock price to fall, or (ii) that disclosure of Ms. DeFrancesco's alleged failure to file an amended Schedule 13D had any effect on the price of Riot Blockchain's stock price. MTD at 15-16; Reply at 8-10. Failure to plead either a disclosure, or an effect on Riot Blockchain's stock price—and certainly failure to plead both—means Plaintiff fails to plead loss causation, and cannot state a claim under Section 10(b) or Rule 10b-5 as against Ms. DeFrancesco. *See id.*

Finally, irrespective of whether there is a private right of action under Section 13(d), Plaintiff has failed to plead that Ms. DeFrancesco could or did control Riot Blockchain for purposes of Section 20(a) of the 1934 Securities Exchange Act, and therefore fails to plead that she could be liable as a control person of Riot Blockchain. *See* MTD at 16-17; Reply at 10-11.

## CONCLUSION

For the reasons stated above and those set forth in the MTD and Reply, Ms. DeFrancesco respectfully requests an Order dismissing the Second Amended Complaint as against her, with prejudice, and any further relief the Court deems just and proper.

| | | |
|---|---|---|
| DATED: | New York, New York<br>March 14, 2022 | Respectfully submitted,<br><br>QUINN EMANUEL URQUHART &<br>   SULLIVAN, LLP<br><br>By: */s/ Jaclyn M. Palmerson*<br>Alex Spiro (*pro hac vice*)<br>Julia M. Beskin (*pro hac vice*)<br>Jacob J. Waldman (*pro hac vice*)<br>Jaclyn M. Palmerson<br>51 Madison Avenue, 22nd Floor<br>New York, New York  10010-1601<br>Telephone:  (212) 849-7000<br>alexspiro@quinnemanuel.com<br>juliabeskin@quinnemanuel.com<br>jacobwaldman@quinnemanuel.com<br>jaclynpalmerson@quinnemanuel.com<br><br>*Attorneys for Catherine DeFrancesco* |