# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated, | : : : | Civil Action No.: 18-2293-GC-RLS |
| | : | CONSOLIDATED ACTION |
| *Plaintiff*, | : : | **MEMORANDUM OF LAW IN** |
| v. | : : : | **SUPPORT OF MOTION FOR LEAVE TO FILE [PROPOSED]** |
| RIOT BLOCKCHAIN, INC. F/K/A, BIOPTIX, INC., JOHN O'ROURKE, JEFFREY G. MCGONEGAL, BARRY HONIG, CATHERINE DEFRANCESCO, MICHAEL BEEGHLEY, JOHN STETSON, MARK GROUSSMAN, ANDREW KAPLAN, MIKE DAI, JASON LES, and ERIC SO, | : : : : : : : : : : : | **CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| *Defendants*. | : : | |

**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Joseph J. DePalma
Jeremy N. Nash
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
jnash@litedepalma.com

*Local Counsel for Lead Plaintiff Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Lead Plaintiff Dr. Stanley Golovac and Lead Counsel for the Class*

TABLE OF CONTENTS

I.    INTRODUCTION AND BACKGROUND .....................................................1
II.   ARGUMENT....................................................................................10
      A.    Legal Standard...................................................................10
      B.    The Proposed Third Amended Complaint Is Not Futile ....................12
      C.    There Is No Prejudice to the Defendants ...........................................18
III.  CONCLUSION................................................................................20

# TABLE OF AUTHORITIES

## CASES

*Adams v. Gould Inc.*,
   739 F.2d 858 (3d Cir. 1984) ...............................................................11

*Bechtel v. Robinson*,
   886 F.2d 644 (3d Cir. 1989) ...............................................................18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...........................................................................12

*Block v. First Blood Assocs.*,
   988 F.2d 344 (2d Cir. 1993) ...............................................................19

*Camara v. Stevens Transp.*,
   No. 14-2042 (KM), 2015 WL 5554754 (D.N.J. Sept. 18, 2015) .........10

*Dole v. Arco Chem. Co.*,
   921 F.2d 484 (3d Cir. 1990) ...............................................................11

*Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*,
   343 F.3d 189 (2d Cir. 2003) ...............................................................15

*EP Medsystems, Inc. v. EchoCath, Inc.*,
   235 F.3d 865 (3d Cir. 2000) ..........................................................6, 14

*Ferber v. Travelers Corp.*,
   No. H-90-842 (AHN), 1992 WL 34683 (D. Conn. Jan. 9, 1992) .........11

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................. 10, 12, 20

*Free Speech Coalition, Inc. v. Att'y Gen. of U.S.*,
   677 F.3d 519 (3d. Cir. 2012) ..............................................................10

*Garcia v. Hetong Guo*,
   No. CV-15-1862-MWF-MRWX, 2016 WL 102213
    (C.D. Cal. Jan. 7, 2016) ....................................................................14

*Hall v. Johnson and Johnson*,
   Civ. No.: 18-1833 (FLW), 2019 WL 7207491 (D.N.J. Dec. 27, 2019) ..........6, 13

*Harben v. Amer Sports Comp.*,
   No. 10-2284, 2010 WL 4978021 (E.D. Pa. Dec. 8, 2010) ..................19

*Heyl & Peterson Int'l, Inc. v. F.D. Rich Hous., Inc.*,
   663 F.2d 419 (3d Cir. 1981) ...............................................................12

*In re Apollo Grp., Inc. Sec. Litig.*,
  No. 08-16971, 2010 WL 5927988 (9th Cir. June 23, 2010) ...............................14

*In re DaimlerChrysler AG Sec. Litig.*,
  200 F. Supp. 2d 439 (D. Del. 2002) ....................................................................11

*In re Express Scripts Holding Co. Sec. Litig.*,
  16 Civ. 3338 (ER), 2017 WL 3278930 (S.D.N.Y. Aug. 1, 2017) .......................11

*In re Gilead Sciences Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008)...............................................................................15

*In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*,
  No. 12-3571 (WJM),
  2015 WL 5770202 (D.N.J. Sept. 30, 2015)................................................. 13, 19

*In re Miller Energy Res. Sec. Litig.*,
  No. 3:11-CV- 386-TAV-CCS, 2014 WL 415730 (E.D. Tenn. Feb. 4, 2014)......14

*In re Suprema Specialties, Inc. Sec. Litig.*,
  438 F.3d 256 (3d Cir. 2006) ...................................................................................8

*In re Synchronoss Techs., Inc. Sec. Litig.*,
  No. 17-2978 (FLW) (LHG), 2019 WL 2849933 (D.N.J. July 2, 2019)..............11

*In re Take-Two Interactive Sec. Litig.*,
  551 F. Supp. 2d 247 (S.D.N.Y. 2008)...................................................................11

*Juul Labs, Inc. v. 4Z Pods*,
  Case No. 18-15444 (KM) (MAH), 2020 WL2029327
  (D.N.J. Apr. 28, 2020)..........................................................................................18

*Long v. Wilson*,
  393 F.3d 390 (3d Cir. 2004) .................................................................................12

*Lorenzo v. SEC*,
  139 S.Ct. 1094 (2019) .............................................................................................8

*McCabe v. Ernst & Young, LLP*,
  494 F.3d 418 (3d Cir. 2007) .................................................................................14

*Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*,
  No. 4:05-CV-0033, 2006 WL 12895453 (M.D. Pa. May 9, 2006)......................19

*Oran v. Stafford*,
  226 F.3d 275 (3d Cir. 2000) ...................................................................................9

*Parkell v. Danberg*,
  No. 10-412-SLR, 2012 WL 760621 (D. Del. Mar. 6, 2012)................................11

*Pub. Pension Fund Grp. v. KV Pharm. Co.*,
    679 F.3d 972 (8th Cir. 2012) ................................................................11

*SEC v. China Northeast Petroleum Holdings*, Ltd.,
    27 F. Supp. 3d 379 (S.D.N.Y. 2014) ....................................................17

*SEC v. Falstaff Brewing Corp.,*
    629 F.2d 62 (D.C.Cir.1980).................................................................10

*Sec. Police & Fire Prof'ls of Am. Ret. Fund v. Pfizer, Inc.*,
    No. 10-3105 (SDW), 2012 WL 6771941 (D.N.J. Dec. 6, 2012) .........10

*UBI Telecom Inc. v. KDDI Am. Inc.*,
    No. 2:13-1643 (KSH)(CLW), 2014 WL 6675968 (D.N.J. Nov. 25, 2014) .........12

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*,
    No. 13 Civ. 6057(PAC), 2014 WL 3891351 (S.D.N.Y. Aug. 8, 2014) ...............16

*Wenneker Distilleries v. Olifant USA, Inc.*,
    No. 1:11-cv-01010, 2011 WL 5548004
    (M.D.Pa. Nov. 15, 2011) .....................................................................18

## STATUTES

15 U.S.C § 78u ..............................................................................................3

## OTHER AUTHORITIES

61A Am. Jur. 2d *Pleading* § 722 (2019).....................................................18

## RULES

Fed. R. Civ. P. 15(a)(2) ...............................................................................10

Fed. R. Civ. P. 8(a)(1) ...................................................................................6

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Lead Plaintiff Dr. Stanley Golovac ("Plaintiff") respectfully submits this memorandum of law in support of his Motion for Leave to File [Proposed] Consolidated Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "TAC").[1]

## I.   INTRODUCTION AND BACKGROUND

On April 8, 2022, the Court (Quraishi, J.) issued an Opinion (the "4/8/22 Opinion," ECF No. 223) and Order (ECF No. 224) granting Defendants' Motions to Dismiss (ECF Nos. 192-97) Plaintiff's Second Amended Complaint (the "SAC," ECF No. 223) "without prejudice" and ordered that "Plaintiff may file a separate motion seeking leave to amend his complaint in a manner consistent with this Opinion." 4/8/22 Opinion at 2, 22.

On April 18, 2022, Plaintiff and all Defendants jointly submitted a Stipulation and [Proposed] Order seeking the Court's permission that "[t]o the extent that Plaintiff chooses to file a motion seeking leave to amend his Complaint pursuant to

---

[1] References to "¶ __" are to paragraphs of the proposed TAC. Plaintiff has attached as Exhibit A to the accompanying Declaration of Joseph J. DePalma ("DePalma Decl.") a copy of the proposed TAC. Attached as Exhibit B to the DePalma Decl. is a redline showing the changes between the Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Law (the "SAC") (ECF No. 188) and the proposed TAC. Unless otherwise noted, all defined terms are the same as in the proposed TAC.

the Court's Opinion (ECF No. 223) and Order (ECF No. 224), Plaintiff shall file any such motion on or before May 9, 2022." (ECF No. 226 at 3.) The Court granted the Stipulation and Order on April 19, 2022. (ECF No. 227.) Accordingly, Plaintiff hereby respectfully seeks the Court's permission to file the [proposed] TAC.

In response to the 4/8/22 Opinion, Plaintiff has amended his allegations in a manner consistent with the 4/8/22 Opinion by, *inter alia*:

- Streamlining the TAC to now allege claims against only four Defendants, *see* ¶¶ 12-15;

- Alleging new materially false and misleading statements and omissions that Defendants O'Rourke and Beeghley (both acting as the Company's CEO and Chairman) caused the Company to publish to investors in its SEC filings (on Forms S-3, S-3/A, 8-K, and 10-K), *see* ¶¶ 173-217;

- More precisely alleging the Company's "affirmative dut[ies] of disclosure" under of disclosure Items 403 and 404 of Regulation and SEC Instructions for Item 1.01(a) of Form 8-K "that, if violated, . . . constitute . . . material omission[s] under Rule 10b-5," 4/8/22 Opinion at 21, *see also* ¶¶ 2-4, 92-93, 97-100, 105, 110-112, 153, 155, 167, 173-175, and thereby addressing the Court's concerns that Plaintiff's Section 10(b) claims solely rely on violations of Section 13(d), 4/8/22 Opinion at 18-20.

- Adding new and more streamlined allegations that bolster the inference that Defendant Honig knowingly committed deceptive acts as part of a fraudulent scheme to deceive the Company's public shareholders, including by failing to disclose his stock sales to Riot's public investors, acting as part of an undisclosed investor group with the other Selling Stockholders, and secretly coordinating with Defendants O'Rourke and Beeghley in connection with his investment in (and manipulation of) the Company's stock, *see* ¶¶ 142-152;

- Adequately alleging, as Judge Wolfson previously held, that Defendant "Honig committed a 'deceptive or manipulative act' and that he did so with the requisite 'scienter,'" ECF No. 166 at 40 (the "4/30/20 Opinion").

- Adequately alleging loss causation in response to specific concerns raised by Judge Wolfson in her 4/30/20 Opinion, *id*; see also ¶¶ 236-249.

Plaintiff respectfully submits that the new allegations in the TAC, including the TAC's more focused and streamlined approach to alleging Defendants' fraud on Riot's public investors, stand on their own merits, are responsive to the Court's very specific concerns regarding basing Section 10(b) claims solely on violations of Section 13(d) as expressed in the 4/8/22 Opinion, and therefore are deserving of leave to replead and the opportunity to be briefed and heard on their merits.

Apart from the TAC's new allegations, however, Plaintiff believes that a brief review of two prior rulings of the Court in this case (by Judge Wolfson and then-Magistrate Judge Quraishi) will assist the Court in considering Plaintiff's motion.

*First*, on April 30, 2020, Judge Wolfson issued her 4/30/20 Opinion ruling on the viability of the allegations set forth in Plaintiff's first attempt at repleading his claims,[2] which was Plaintiff's Corrected Consolidated Amended Complaint

---

[2] As is typical in federal securities class action brought under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C § 78u, *et seq.*, Plaintiff was appointed by the Court to serve as Lead Plaintiff after the filing of two earlier complaints by other parties.  (*See* ECF Nos. 39 at 3, 14 (consolidating two "Related Actions" and appointing Plaintiff as "Lead Plaintiff").  Thus, Plaintiff's first complaint was not

("CCAC") (ECF No. 73.).  In dismissing the CCAC without prejudice and granting Plaintiff leave to replead, Judge Wolfson held that the CCAC had adequately pleaded that Defendant Honig had engaged in a deceptive or manipulative scheme in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(a) and (c) promulgated thereunder, and that Honig did so with a strong inference of scienter.

Specifically, in the 4/30/20 Opinion, Judge Wolfson reviewed the allegations in the CCAC and held that "[t]hese allegations plausibly allege a violation of [Honig's] obligations under the [applicable] regulations.  Moreover, in the Court's view, the alleged failure by Honig to 'promptly' disclose his material decrease in stock holdings, while not necessarily deceptive by itself, was deceptive when viewed in the wider context of Plaintiff's allegations that Honig did so in order to conceal his sales from the public as part of a scheme to pump-and-dump Riot's stock. Thus, I find that Plaintiff has adequately alleged a 'deceptive and manipulative' act by Honig that is actionable under Section 10(b)."  4/30/20 Opinion at 34.

---

filed until January 15, 2019 (ECF No. 52), and the CCAC (ECF No. 73) was only Plaintiff's first attempt to replead claims on behalf of himself and the Class of Riot investors he seeks to represent through this action.

Judge Wolfson further found that the CCAC adequately alleged a strong inference of Honig's scienter under the heightened pleading standards of the PSLRA:

> [T]he allegations in the Complaint against Honig are sufficient to support the requisite strong inference of scienter. . . . [T]wo categories of particularized allegations . . . support an inference that Honig acted with an intent to deceive. First, the Complaint alleges that Honig and other members of the Honig Group have been implicated in multiple pump-and-dump schemes at other companies. More specifically, Plaintiff alleges that "Honig was the primary strategist" in the other schemes, and "call[ed] upon other [d]efendants to, among other things, acquire or sell stock, arrange for the issuance of shares, negotiate transactions, and/or engage in promotional activity." These allegations, which involve conduct at companies other than Riot, do not independently support an inference that Honig acted with scienter when committing the conduct at issue in this action. However, they do suggest a pattern of fraud that lends considerable support to an inference that Honig knew that concealing his stock sales was deceptive (or, at the very least, that he was reckless in not knowing). Taking these allegations together and with all inferences construed in favor of Plaintiff, I find that the Complaint gives rise to a strong inference that Honig acted with scienter."

*Id.* (internal citations omitted).

While finding Honig's actionable conduct and mental state both adequately pled in the CCAC (even under the heightened pleading standards of the PSLRA and Rule 9(b), *see id.* at 12-13), Judge Wolfson held that the SAC had not adequately pleaded loss causation with respect to Honig. *See id.* at 40 ("[W]hile I find that the Complaint has adequately alleged that Honig committed a 'deceptive or manipulative act' and that he did so with the requisite 'scienter,'" I conclude that the

5

Complaint fails to plead the element of loss causation with respect to Honig.").

Accordingly, to plead a claim against Honig, the SAC needed only to adequately

plead loss causation, which under prevailing law, is assessed under the liberal notice

pleading standards of Fed. R. Civ. P. 8(a)(1).[3]

On June 1, 2020, with the Court's permission, Plaintiff filed his motion

seeking leave to file the SAC.  (ECF No. 169).  The SAC addressed the deficiencies

identified by the Court, and significantly bolstered his allegations against Honig and

the other remaining Defendants.[4]  For example, the SAC adequately pleaded the

element of loss causation with respect to Honig—the only missing element

necessary to state a claim against him.[5]

---

[3] In this district, loss causation is typically not resolved on a motion to dismiss.  *EP Medsystems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 884 (3d Cir. 2000) ("Whether the plaintiff has proven [loss] causation is usually reserved for the trier of fact."); *see also, Hall v. Johnson and Johnson*, Civ. No.: 18-1833 (FLW), 2019 WL 7207491, at *27 (D.N.J. Dec. 27, 2019) (Wolfson, J.) ("In light of the Supreme Court's reasoning in *Dura*, and absent guidance from the Third Circuit, this Court aligns itself with the decisions of its sister districts, as well as this Court's prior decisions on this issue, and applies the standard provided by Rule 8(a) to Plaintiff's loss causation allegations).

[4] The proposed TAC now names only names four defendants:  the Company, O'Rourke, Beeghley, and Honig.  The following individuals are no longer named defendants:  DeFrancesco, Groussman, and Stetson.

[5] In that regard, the SAC alleged that after Honig, who was an 11.19% shareholder of Riot on January 5, 2017 (with disclosure duties under Section 13(d)), engaged in eleven months of material insider stock sales without notifying the market by filings an amended Schedule 13D/A.  The truth of Honig's insider selling was revealed on

***Second***, on December 23, 2020, then-Magistrate Judge Quraishi issued a Memorandum Opinion and Order (the "12/23/20 Opinion") (ECF No. 187) granting Plaintiff's motion to file the SAC.  In the 12/23/20 Opinion, Judge Quraishi found that the SAC had sufficiently alleged claims against all the defendants named therein, including that:

- "Plaintiff has sufficiently pleaded that the Riot Defendants either filed a false and misleading statement by a material omission, or engaged in a deceptive act, under Rule 10b . . . ." *Id.* at 11.

- Plaintiff has sufficiently alleged that the Riot Defendants filed a false or misleading statement, or deceptive act, by leaving out specific details such as the [Honig's] name and that his investment was a related-party transaction in their Item 404 of Regulation S-K forms." *Id.* at 12.

- "[T]he Riot Defendants knew of the alleged group and purposely did not report the group under Item 403 to facilitate the group's alleged fraud to manipulate Riot's stock price" and therefore, "Plaintiff has alleged a strong inference of scienter. *Id.*

- "As to all four of these Defendants, under the liberal approach applied to pleading loss causation, . . . Plaintiff has sufficiently alleged their actions individually and collectively contributed to change Riot's stock price." *Id.* at 15.

Yet, in his 4/8/22 Opinion, Judge Quraishi never addressed the issue of loss causation nor discussed whether the SAC cured the deficiencies identified by Judge Wolfson in her 4/30/20 Opinion.  Nor did the 4/8/22 Opinion specifically address

---

January 31, 2018 by *The Wall Street Journal*, causing a decline in the Company's stock price.  SAC ¶ 459-61.

whether Plaintiff had adequately alleged the falsity of the Company's SEC filings, whether Defendants had committed deceptive acts, or Defendants' scienter. Instead, the 4/8/22 Opinion *solely* addressed the discrete issue of whether a private action under Section 10(b) can be predicated on violations of Section 13(d). With this issue as the Court's sole focus, Judge Quraishi found that a "Section 13(d) violation may not give rise to a private right of action for damages under Section 10(b)." *Id.* at 20.[6]

Plaintiff respectfully submits that the Section 13(d) not dispositive of this case—at least as to Defendants Riot, O'Rourke, Beeghley, and Honig and as now alleged in the proposed TAC. Rather, Plaintiff submits that the Section 13(d) issue was a "strawman" put forth by Defendants to distract from their underlying substantive conduct and liability to Riot's public shareholders. In any event, Plaintiff's proposed TAC now addresses this singular issue by clarifying the legal

---

[6] Plaintiff respectfully disagrees with this finding in the Court's 4/8/22 Opinion. Indeed, as Judge Quraishi acknowledged, "the Third Circuit has indicated that plaintiffs may bring an action for a Section 13(d) violation under both Section 10(b) and Section 18(a)." 4/8/22 Opinion at 20 (citing *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 277, 227 & 283–84 (3d Cir. 2006)). Therefore, while focusing on Item 403 of Regulation S-K, the proposed TAC does not abandon all references to Section 13(d) as the basis for an "affirmative duty of disclosure that, if violated, would constitute a material omissions under Rule 10b-5." 4/8/22 Opinion at 21. Rather, the TAC alleges that Defendants' Section 13(d) failures—when taken as a whole and considered in the wider context of Plaintiff's allegations—were deceptive acts under the federal securities laws. *Lorenzo v. SEC*, 139 S.Ct. 1094, 1101 (2019) (recognizing that a fraudulent scheme under Section 10(b) and Rule 10b-5 (a) and (c) "capture[s] a wide range of conduct").

bases for Defendants' duties, violations, and liability, and does so by following the guidance in both Judge Wolfson's and Judge Quraishi's opinions.

In that regard, the 4/8/22 Opinion acknowledged that "[t]he Third Circuit has held that, in order to show liability under Section 10(b) for other Regulation S-K items, a plaintiff must first establish that the regulation creates an independent private right of action ***or that the regulation imposes an affirmative duty of disclosure that, if violated, would constitute a material omission under Rule 10b-5***." 4/8/22 Opinion at 21 (citing *Oran v. Stafford*, 226 F.3d 275, 287 (3d Cir. 2000)). As noted above, the proposed TAC addresses this issue by refocusing its allegations to show that O'Rourke and Beeghley caused the Company to violate Item 403 of Regulation S-K by failing to disclose (as required by Item 403) that Honig and other Selling Stockholders were acting as a group (as defined by Section 13(d) and as set forth in Item 403).

The 4/8/22 Opinion also did not address whether the SEC's Instructions for Item 1.01(a) of Form 8-K required O'Rourke and Beeghley to disclose related party transactions with Honig (and others) within four business days of the event. As newly set forth in the proposed TAC (*see* ¶¶ 93, 175), the SEC Instructions for Item 1.01(a) of Form 8-K make clear that the regulation imposes an affirmative duty on executives of publicly traded companies to disclose transactions with related parties within four business days, including specifically, the "***identity of the parties to the***

9

***agreement*** or amendment and ***a brief description of any material relationship between the registrant or its affiliates and any of the parties***." *Id.* at 4. (emphasis added); *see also SEC v. Falstaff Brewing Corp.,* 629 F.2d 62, 70 n. 11 (D.C.Cir.1980) ("[SEC] Rule 13a-11 requires a Form 8-K whenever certain events listed in the form's instructions transpire.").

Accordingly, because Plaintiff has amended his allegations in a manner consistent with Court's 4/8/22 Opinion, Plaintiff respectfully requests that the Court grant his motion to file the proposed TAC.

## II.   ARGUMENT

### A.    Legal Standard

Under Rule 15(a)(2), "[t]he court shall freely give leave [to amend] when justice so requires." *Sec. Police & Fire Prof'ls of Am. Ret. Fund v. Pfizer, Inc.*, No. 10-3105 (SDW), 2012 WL 6771941, at *3 (D.N.J. Dec. 6, 2012) (quoting Fed. R. Civ. P. 15(a)(2). This rule reflects the "'principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Camara v. Stevens Transp.*, No. 14-2042 (KM), 2015 WL 5554754, at *3 (D.N.J. Sept. 18, 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A party's "leave to amend should be freely given when justice so requires, including for a curative amendment unless such amendment would be inequitable or futile." *Free Speech Coalition, Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519, 545 (3d. Cir. 2012).

The Third Circuit takes a liberal approach to Rule 15(a) motions, thereby "limit[ing] the district court's discretion to deny leave to amend." *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Indeed, this liberal approach to the amendment of pleadings is designed to "ensure[] that a [plaintiff's] claim[s] will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *see also Parkell v. Danberg*, No. 10-412-SLR, 2012 WL 760621, at *2 (D. Del. Mar. 6, 2012) (same). Courts have liberally granted leave to amend in securities fraud cases because of the heightened pleading requirements imposed by the PSLRA. *See, e.g.*, *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 312 (S.D.N.Y. 2008) (noting the "complicated pleading rules of PSLRA," and finding "no reason to deviate from the general policy that leave to amend should be granted liberally in cases alleging securities fraud").[7]

---

[7] Courts within this Circuit and across the country routinely grant post-dismissal motions for leave to amend in securities class actions. *See, e.g.*, *Pub. Pension Fund Grp. v. KV Pharm. Co.*, 679 F.3d 972, 990 (8th Cir. 2012) (vacating the district court's judgment and ordering the district court to grant plaintiffs leave to amend); *In re Synchronoss Techs., Inc. Sec. Litig.*, No. 17-2978 (FLW) (LHG), 2019 WL 2849933, at *1 (D.N.J. July 2, 2019) (granting leave to amend "consistent with this Opinion"); *In re Express Scripts Holding Co. Sec. Litig.*, 16 Civ. 3338 (ER), 2017 WL 3278930, at *20 (S.D.N.Y. Aug. 1, 2017) (allowing post-dismissal amendment "because leave to amend should be freely given 'when justice so requires'"); *In re DaimlerChrysler AG Sec. Litig.*, 200 F. Supp. 2d 439, 444 (D. Del. 2002) (granting post-dismissal motion to file proposed amended complaint under Rule 15(a) to cure PSLRA pleading deficiencies); *Ferber v. Travelers Corp.*, No. H-90-842 (AHN), 1992 WL 34683, at *1 (D. Conn. Jan. 9, 1992) (citing "liberal amendment policy"

The district court may deny leave to amend the pleadings *only* when there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. *Foman*, 371 U.S. at 182; *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (same). The party opposing the amendment bears the burden of demonstrating why the amendment should not be permitted. *Heyl & Peterson Int'l, Inc. v. F.D. Rich Hous., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

### B.  The Proposed Third Amended Complaint Is Not Futile

In assessing whether a proposed amendment is futile, a court must "appl[y] the same standard of legal sufficiency as applies under Rule 12(b)(6)," under which a complaint must set forth "enough facts to state a claim to relief that is plausible on its face," and view the proposed allegations as true in the light most favorable to the movant. *See UBI Telecom Inc. v. KDDI Am. Inc.*, No. 2:13-1643 (KSH)(CLW), 2014 WL 6675968, at *2-3 (D.N.J. Nov. 25, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and noting that movant's proposed allegations "sufficiently provided a factual basis to raise a reasonable expectation that discovery will reveal evidence of the necessary elements for the requested amendments."). Given the liberal standard for amending pleadings, "courts place a heavy burden on

_____

of Rule 15(a) and *Foman* in granting securities litigants' Rule 59(e)/60(b) motion seeking relief from dismissal to amend complaint under Rule 15(a)).

opponents who wish to declare a proposed amendment futile." *In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*, No. 12-3571 (WJM), 2015 WL 5770202, at *4 (D.N.J. Sept. 30, 2015).

Amendment here is not futile, particularly given that Judge Wolfson previously held "that the Complaint has adequately alleged that Honig committed a 'deceptive or manipulative act' and that he did so with the requisite 'scienter[.]'" 4/30/20 Opinion at 40. Accordingly, with respect to Honig, the only issue is whether the proposed TAC adequately pleads loss causation.[8] Significantly, allegations of loss causation are only subject to notice pleading standards. *See Hall*, 2019 WL 7207491, at *27.

As described above, in addition to pleading that Honig committed "a deceptive or manipulative act" with scienter, the TAC readily addressed the loss causation deficiency, tying Defendants' wrongdoing to precipitous declines in the Company's stock price. Specifically, the TAC makes clear that the fraudulent scheme was partially revealed when *The Wall Street Journal* reported on January 31, 2018 that months earlier Defendant Honig sold a significant portion of his Riot stock. *See* ¶¶ 125-126, 238-240. On this news, the Company's stock declined more than 5%. *Id*. Prior to the public release of this article, Riot's shareholders had no

---

[8] As discussed above, Judge Quraishi's 4/8/22 Opinion did not address loss causation.

way of knowing that throughout 2017, Honig was aggressively selling shares because he failed to file reports the SEC requires to disclose those sales to the market. *See* ¶¶ 142-147.

Additionally, two weeks later on February 16, 2018, *CNBC* published an exposé on Honig, O'Rourke and the Company, disclosing for the first time their unusually close relationship (including shared office space) and that "***Barry Honig may be the man behind the Riot Blockchain curtain***," ¶¶ 128-135, 243-244. The CNBC article was also corrective because it contained "additional or more authoritative fraud-related information that deflated the stock price." *In re Apollo Grp., Inc. Sec. Litig.*, No. 08-16971, 2010 WL 5927988, at *1 (9th Cir. June 23, 2010). *See also In re Miller Energy Res. Sec. Litig.*, No. 3:11-CV- 386-TAV-CCS, 2014 WL 415730, at *22 (E.D. Tenn. Feb. 4, 2014) (upholding loss causation allegations and stating that while the "report did include information previously disclosed publicly, the report also included some 'new' information"); *Garcia v. Hetong Guo*, No. CV-15-1862-MWF-MRWX, 2016 WL 102213, at *9-12 (C.D. Cal. Jan. 7, 2016) (denying motion to dismiss on loss causation grounds, holding that that no such "categorical bar" exists on disclosures that do not reveal any new information to the market).[9]  Such is the case here, where the disclosure provided

---

[9]  In any event, the Third Circuit has found that "loss causation becomes most critical at the proof stage." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 427 n.4 (3d Cir. 2007); *see also EP Medsystems, Inc.*, 235 F.3d at 885 ("The causation issue

the market with new information regarding Honig's control over Riot and insider stock sales. The same is true for other corrective disclosures in the TAC. *See* ¶¶ 236-249.

With respect to Defendants O'Rourke and Beeghley, the TAC includes new particularized facts that give rise to a strong inference that they acted with the requisite scienter by knowingly or recklessly misrepresenting and omitting that Honig and other Selling Stockholders were acting as a group under Section 13(d) pursuant to which they agreed to acquire, hold, vote, and/or dispose of their shares in coordination with each other. ¶¶ 153-165. O'Rourke and Beeghley had an affirmative duty to disclose this information under Item 403 of Regulation S-K, but failed to do so. *Id*. Additionally, they caused the Company's SEC filings to conceal that Honig was an investor in two companies where Riot was also an investor, namely Coinsquare and Kairos. ¶¶ 96-108, 200-208. Significantly, these transactions occurred while Honig surreptitiously sold off large portions of his stake in the Company. ¶ 147. Thus, as Riot announced these new investments, driving its

---

becomes most critical at the proof stage. Whether the plaintiff has proven causation is usually reserved for the trier of fact. . . ."). Other circuit courts have similarly held that loss causation "is a matter of proof at trial and not to be decided on a Rule 12(b)(6) motion to dismiss." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (citing *Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 197 (2d Cir. 2003)).

stock price higher as new investors rushed in, Honig was aggressively (and covertly) selling. *Id.*

As signatories to SEC filings, Defendants O'Rourke and Beeghley had an affirmative duty to publicly disclose transactions with related-parties, such as large shareholders like Honig. *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. 13 Civ. 6057(PAC), 2014 WL 3891351, at *3 (S.D.N.Y. Aug. 8, 2014) (Defendant "signed and certified various registration statements . . . during the Public Class period that failed to disclose the [related-party] transactions and therefore constituted a 'maker' of these statements or omissions."). Aside from their general duties under the federal securities laws not to withhold material information or otherwise mislead investors, a public company's duty to disclose related parties arises from two federal regulations, the SEC's Instructions to Item 1.01(a)(1) of Form 8-K and Item 404 of Regulation S-K.

Item 1.01(1)(a) of Form 8-K *requires* public companies to disclose to investors information about material agreements *within four business days*[10] of the event, including the following:

> *the identity the of parties to the agreement* or amendment *and a brief description of any material relationship between the registrant or its*

---

[10] *See* https://www.sec.gov/files/form8-k.pdf at 2 ("a report is to be filed or furnished within four business days after occurrence of the event.").

*affiliates and any of the parties*, other than in respect of the material definitive agreement or amendment.[11]

Item 404 of Regulation S-K mandates similar disclosure obligations. *SEC v. China Northeast Petroleum Holdings*, Ltd., 27 F. Supp. 3d 379, 393-94 (S.D.N.Y. 2014) ("Item 404 *requires* disclosures of related-party transactions 'when the amount exceeds $120,000 and in which any related person had or will have a direct or indirect material interest.") (emphasis added).      Because the TAC plausibly alleges that O'Rourke and Beeghley had a clear duty to disclose Honig's participation in these transactions, but failed to do so, when considered in the wider context of Plaintiff's allegations, the TAC has sufficiently alleged deceptive acts under the federal securities laws.

With his amendments, Plaintiff has alleged additional facts that more than adequately demonstrate Defendants' deceptive and manipulative scheme, shown the falsity of their Class Period representations, satisfied the PSLRA's scienter standard, met Rule 8(a)'s loss-causation standard, demonstrated that Defendants' conduct artificially inflated Riot's stock price, and adequately alleged claims against each of the four remaining Defendants.

---

[11] *Id*. at 4.

## C.     There Is No Prejudice to the Defendants

If Plaintiff is granted leave to amend, Defendants will not be prejudiced and they are not "unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *See Wenneker Distilleries v. Olifant USA, Inc.*, No. 1:11-cv-01010, 2011 WL 5548004, at *2 (M.D. Pa. Nov. 15, 2011) (granting leave to amend because there was no prejudice to defendant since the action remained at the early stages of litigation and discovery had not started).  Indeed, as discovery has been stayed under the PSLRA, this action is still at the beginning phases.

Moreover, "[t]he burden is upon the opposing party to assert and demonstrate that it will be substantially prejudiced by a proposed amendment. . . . A mere statement that it will be prejudiced if the amendment is allowed is not a sufficient reason for denying leave to amend."  61A Am. Jur. 2d *Pleading* § 722 (2019).  The Third Circuit has made clear that "the non-moving party must do more than merely claim prejudice." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).  *See also Juul Labs, Inc. v. 4Z Pods*, Case No. 18-15444 (KM) (MAH), 2020 WL 2029327, at *4 (D.N.J. Apr. 28, 2020) ("[M]ere inconvenience in defending a suit does not constitute undue prejudice.").

Furthermore, as here, "even when a proposed amended complaint adds substantive allegations against a defendant or adds parties related to the defendant, where [t]he evidence required to meet these new allegations is substantially similar

18

to that which was originally required, prejudice does not exist." *Harben v. Amer Sports Comp.*, No. 10-2284, 2010 WL 4978021, at *4 (E.D. Pa. Dec. 8, 2010) (internal citation and quotation omitted) (alteration in original). *See also In re L'Oréal*, 2015 WL 5770202, at *3 (noting that defendants were not prejudiced because "[t]he theories in the amended complaint involve the same general allegations, even if the allegations are used to support slightly different or more developed claims.").

Here, Defendants will not suffer undue prejudice if the Court grants leave to file the proposed TAC. At best, the only prejudice that Defendants can plausibly articulate is that they will have to expend time and resources opposing this motion by drafting motion-to-dismiss papers (if the Court deems it necessary). But "the time, effort, and money that [the party opposing amendment] expended in litigating th[e] case" does not amount to "substantial prejudice[.]" *Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, No. 4:05-CV-0033, 2006 WL 1289545, at *3 (M.D. Pa. May 9, 2006) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)).

Finally, in granting Defendants' motion to dismiss the Complaint, the Court held that "[Plaintiff] may file a separate motion for leave to file an amended complaint, which proposed complaint shall be part of the motion and consistent with the Opinion being filed on this date, within thirty (30) days of the date of this Order."

ECF No. 167 at 2.  As such, Defendants have been on notice of Plaintiff's likely intention to amend and cannot, therefore, claim they are surprised by such an amendment.

In sum, under the circumstances here, Plaintiff should be granted leave to amend, as the "outright refusal to grant . . . leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the federal rules." *Foman*, 371 U.S. at 182.

## III.   CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court grant his Motion for Leave to File [Proposed] Consolidated Third Amended Class Action Complaint for Violations of the Federal Securities Law.

Dated:  May 9, 2022

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

 */s/ Joseph J. DePalma*
Joseph J. DePalma
Jeremy N. Nash
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
jnash@litedepalma.com

*Local Counsel for Lead Plaintiff*
*Dr. Stanley Golovac*

**MOTLEY RICE LLC**
William S. Norton (Admitted *pro hac vice*)
Joshua C. Littlejohn (Admitted *pro hac vice*)
Christopher C. Moriarty(Admitted *pro hac vice*)
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Lead Plaintiff Dr. Stanley Golovac*
*and Lead Counsel for the Class*

**US MARKET ADVISORS LAW GROUP PLLC**
David P. Abel
5335 Wisconsin Ave. NW, Ste. 440
Washington, D.C.  20015
Telephone: (202) 274-0237
Facsimile: (202) 686-2877
dabel@usmarketlaw.com

*Counsel for Lead Plaintiff Dr. Stanley Golovac*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 9, 2022.

_/s/ Joseph J. DePalma_
Joseph J. DePalma
**LITE DEPALMA GREENBERG
& AFANADOR, LLC**
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

_Local Counsel for Lead Plaintiff
Dr. Stanley Golovac_

1