# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC., *et al.*<br><br>Defendants. | Civil No. 3:18-CV-02293(GC)(RLS)<br><br>MOTION DATE:  October 17, 2022<br><br>**ORAL ARGUMENT REQUESTED** |

**RIOT BLOCKCHAIN DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTIONS TO DISMISS THE CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

| | |
|---|---|
| THOMAS A. ZACCARO<br>*thomaszaccaro@paulhastings.com*<br>D. SCOTT CARLTON<br>*scottcarlton@paulhastings.com*<br>PAUL HASTINGS LLP<br>515 South Flower Street, 25th Floor<br>Los Angeles, California 90071-2228<br>Telephone:  1(213) 683-6000<br>Facsimile:  1(213) 627-0705 | CHAD J. PETERMAN<br>*chadpeterman@paulhastings.com*<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:  1(212) 318-6000<br>Facsimile:  1(212) 319-4090 |

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, AND MICHAEL BEEGHLEY*

TO LEAD PLAINTIFF DR. STANLEY GOLOVAC'S AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Evidence 201, Defendants Riot Blockchain ("Riot" or the "Company"), Michael Beeghley, and John O'Rourke (collectively, the "Riot Blockchain Defendants") hereby request that the Court take judicial notice of the existence, contents, and legal effects of the following documents attached as exhibits to the Declaration of Daniel Scott Carlton:

**Exhibit A:**  Riot's March 16, 2017 Form 8-K, and Exhibit 10.1 attached thereto, filed with the SEC.

**Exhibit B:**  Relevant excerpts from Riot's Form 10-K for the fiscal year ending on December 31, 2016, filed with the SEC.

**Exhibit C:**  Relevant excerpts from Bioptix, Inc.'s ("Bioptix") July 19, 2017 Form S-3 (Amendment No. 1), filed with the SEC.

**Exhibit D:**  Bioptix's March 22, 2017 Form D, filed with the SEC.

**Exhibit E:**  Relevant excerpts from the SEC's Form 8-K instructions regarding "INFORMATION TO BE INCLUDED IN THE REPORT," publicly available at https://www.sec.gov/files/form8-k.pdf.

**Exhibit F:**  Relevant excerpts from Riot's Form 10-K for the fiscal year ending on December 31, 2017, filed with the SEC.

**Exhibit G:**  The December 11, 2017 *Seeking Alpha* article titled "Riot Blockchain: Sudden Business Pivot, Suspicious Acquisitions, Questionable Special Dividend," available at https://seekingalpha.com/article/4131031-riot-blockchain-sudden-business-pivot-suspicious-acquisitions-questionable-special-dividend.

**Exhibit H:**  Riot's October 4, 2017 Form 8-K, and Exhibit 99.1 attached thereto, filed with the SEC.

**Exhibit I:**  Riot's November 3, 2017 Form 8-K, filed with the SEC.

**Exhibit J:**  The SEC's Litigation Release No. 24765, dated March 11, 2020, available at https://www.sec.gov/litigation/litreleases/2020/lr24765.htm.

I.   **ARGUMENT**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a Rule 12(b)(6) motion . . . in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Furthermore, Federal Rule of Evidence Rule 201 allows a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b)(2).

In this case, each of the documents attached as exhibits to the Declaration of Daniel Scott Carlton is properly considered in connection with the Riot Blockchain Defendants' separately filed motions to dismiss under (1) the incorporation by reference doctrine and/or (2) Federal Rule of Evidence 201(b)(2), which permits the Court to consider public records.[1]

    A.    **The Court Must Consider Riot's SEC Filings and Press Release Because They Have Been Incorporated by Reference Into the Third Amended Complaint**

Under settled law, a document is incorporated by reference into a complaint if it is "integral to and/or [is] explicitly relied upon by . . . the complaint." *Winer Family Tr. v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (ruling that the district court properly considered documents attached to the defendants' motion to dismiss). Documents that are integral to or explicitly replied upon the complaint may be considered by courts without "converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). This prevents Lead Plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Id*.

---

[1] The Riot Blockchain Defendants filed separate Motions to Dismiss. Riot filed a Motion to Dismiss the TAC. Messrs. O'Rourke and Beeghley joined in on Riot's motion, and filed their own Motion to Dismiss that addresses Lead Plaintiff's scienter allegations against them.

Lead Plaintiff expressly references and relies on Riot's SEC filings and SEC instructions in the Consolidated Third Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 231) (the "TAC"). As such, Defendants request that the Court consider the contents of each of the following documents under the incorporation by reference doctrine:

| **Document** | **Exhibit No.** | **TAC ¶** |
|---|---|---|
| Bioptix's March 16, 2017 Form 8-K | A | 173 |
| Bioptix's July 19, 2017 Form S-3/A | C | 191 |
| SEC's Form 8-K Instructions | E | 175 |
| Riot's October 4, 2017 Form 8-K | H | 200 |
| Riot's November 3, 2017 Form 8-K | I | 206 |

B.  **The Court Should Take Judicial Notice of Public Records Pertinent to the Riot Blockchain Defendants' Motions to Dismiss**

It is well settled that public records can be considered on a motion to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). "SEC filings fall within this category of public records that can be judicially noticed." *In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992); *see also Oran v.*

*Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (ruling that courts may take judicial notice of SEC filings in ruling on a motion to dismiss). Similarly, the Court may also take judicial notice of the SEC's publicly available litigation releases. *In re Tellium Inc., Sec. Litig.*, No. CIV.A. 02CV5878FLW, 2005 WL 1677467, at *4 (D.N.J. June 30, 2005) (taking judicial notice of the SEC's press release pertaining to a partial consent judgment on a motion to dismiss). Likewise, the Court may also take judicial notice of newspaper articles in a motion to dismiss. *See Benak ex rel. All. Premier Growth Fund v. All. Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (affirming district court's taking judicial notice of newspaper articles for the purpose of indicating what was in the public realm at the time).

      The Riot Blockchain Defendants thus request the Court take judicial notice of Bioptix's Form 10-K for the fiscal year ending on December 31, 2016, which is attached to the Declaration of Daniel Scott Carlton as Exhibit B. The Riot Blockchain Defendants also request the Court take judicial notice of Bioptix's Form D filed with the SEC on March 22, 2017, which is attached to the Declaration of Daniel Scott Carlton as Exhibit D. The Riot Blockchain Defendants also request the Court take judicial notice of Bioptix's Form 10-K for the fiscal year ending on December 31, 2017, which is attached to the Declaration of Daniel Scott Carlton as Exhibit F.

Additionally, the Riot Blockchain Defendants request the Court take judicial notice of the *Seeking Alpha* article titled, "Riot Blockchain: Sudden Business Pivot, Suspicious Acquisitions, Questionable Special Dividend," which is attached to the Declaration of Daniel Scott Carlton as Exhibit G.  Finally, the Riot Blockchain Defendants request the Court to take judicial notice of the SEC's publicly available Litigation Release No. 24765, dated March 11, 2020, which is attached to the Declaration of Daniel Scott Carlton as Exhibit J.

II. **CONCLUSION**

For the foregoing reasons, the Riot Blockchain Defendants respectfully request that the Court take notice of Exhibits A through J attached to the Declaration of Daniel Scott Carlton, and consider them in connection with its adjudication of the Riot Blockchain Defendants' contemporaneously filed motions to dismiss.

| | |
|---|---|
| DATED:   July 18, 2022 | PAUL HASTINGS LLP |

By:  /s/ *Chad J. Peterman*
      CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090


THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendants
RIOT BLOCKCHAIN, INC., JOHN
O'ROURKE, AND MICHAEL
BEEGHLEY