# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIOT BLOCKCHAIN, INC., *et al.*<br><br>Defendants. | Civil No. 3:18-CV-02293(GC)(RLS)<br><br>MOTION DATE:  October 17, 2022<br><br>**ORAL ARGUMENT REQUESTED** |

**RIOT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR REPLY MEMORANDUMS IN SUPPORT OF THEIR MOTIONS TO DISMISS THE CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, AND MICHAEL BEEGHLEY*

TO LEAD PLAINTIFF DR. STANLEY GOLOVAC AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Evidence 201, Defendants Riot Blockchain, Inc. ("Riot" or the "Company"), Michael Beeghley, and John O'Rourke (collectively, the "Riot Defendants") hereby request that the Court take judicial notice of the existence, contents, and legal effects of the following documents attached as exhibits to the Declaration of Daniel Scott Carlton:

**Exhibit A:** Relevant excerpts from Riot's April 30, 2018 Form 10-K/A, filed with the SEC.

**Exhibit B:** Riot's January 5, 2018 Form 8-K, filed with the SEC.

**Exhibit C:** Relevant excerpts from Barry Honig's April 18, 2018 Schedule 13D/A, filed with the SEC.

I.  **ARGUMENT**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a Rule 12(b)(6) motion . . . in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Furthermore, Federal Rule of Evidence Rule 201 allows a

court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

In this case, each of the documents attached as exhibits to the Declaration of Daniel Scott Carlton is properly considered in connection with the Riot Defendants' separately filed reply memorandums in support of their motions to dismiss under (1) the incorporation by reference doctrine and (2) Federal Rule of Evidence 201(b)(2), which permits the Court to consider public records.[1]

### A. The Court Must Consider Riot's SEC Filings Because They Have Been Incorporated by Reference Into the Third Amended Complaint.

Under settled law, a document is incorporated by reference into a complaint if it is "integral to and/or [is] explicitly relied upon by . . . the complaint." *Winer Family Tr. v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (ruling that the district court properly considered documents attached to the defendants' motion to dismiss). Documents that are integral to or explicitly replied upon in the complaint may be considered by courts without "converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,

---

[1] The Riot Defendants filed separate reply memorandums in support of their respective Motions to Dismiss. Riot filed a Reply Memorandum in Support of its Motion to Dismiss the TAC. Messrs. O'Rourke and Beeghley filed their own Reply Memorandum in Support of their Motion to Dismiss that addresses Lead Plaintiff's scienter allegations against them.

1426 (3d Cir. 1997). This prevents Lead Plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Id*.

Lead Plaintiff expressly references and relies on Riot's SEC filings in the Consolidated Third Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 231) (the "TAC"). As such, the Riot Defendants request that the Court consider the contents of each of the following documents under the incorporation by reference doctrine:

| **Document** | **Exhibit No.** | **TAC ¶** |
|---|---|---|
| Riot's April 30, 2018 Form 10-K/A | A | 231 |
| Riot's January 5, 2018 Form 8-K | B | 124 |
| Barry Honig's April 18, 2018 Schedule 13D/A | C | 137 |

**B. The Court Should Take Judicial Notice of Public Records Pertinent to the Riot Defendants' Reply Memorandums in Support of Their Motions to Dismiss.**

It is well settled that public records can be considered on a motion to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). "SEC

filings fall within this category of public records that can be judicially noticed." *In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992); *see also Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (ruling that courts may take judicial notice of SEC filings in ruling on a motion to dismiss).

The Riot Defendants thus request the Court take judicial notice of Riot's Form 10-K/A filed with the SEC on April 30, 2018, which is attached to the Declaration of Daniel Scott Carlton as Exhibit A. The Riot Defendants also request the Court take judicial notice of Riot's Form 8-K filed with the SEC on January 5, 2018, which is attached to the Declaration of Daniel Scott Carlton as Exhibit B. The Riot Defendants also request the Court take judicial notice of Barry Honig's Schedule 13D/A filed with the SEC on April 18, 2018, which is attached to the Declaration of Daniel Scott Carlton as Exhibit C.

## II. **CONCLUSION**

For the foregoing reasons, the Riot Defendants respectfully request that the Court take notice of Exhibits A through C attached to the Declaration of Daniel Scott Carlton, and consider them in connection with its adjudication of the Riot Defendants' Motions to Dismiss.

| | |
|---|---|
| DATED:    October 3, 2022 | PAUL HASTINGS LLP |

By: /s/ *Chad J. Peterman*
      CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090


THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

*Attorneys for Defendants*
RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, AND MICHAEL BEEGHLEY

-5-