# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREIGHTON TAKATA, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RIOT BLOCKCHAIN, INC., *et al.*<br><br>　　　　　Defendants. | Civil No. 3:18-CV-02293(GC)(RLS)<br><br>MOTION DATE:  October 17, 2022<br><br>**ORAL ARGUMENT REQUESTED** |

## RIOT DEFENDANTS' NOTICE RE: DOCUMENT NUMBER 245

THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
*chadpeterman@paulhastings.com*
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, AND MICHAEL BEEGHLEY*

TO THE COURT AND TO ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 7, 2022, we submitted a letter to the Court via ECF on behalf of defendants Riot Blockchain, Inc., Michael Beeghley, and John O'Rourke [Document Number 245].  Due to the ECF website disruptions, the letter was inadvertently filed under seal.  A true and correct copy of the unsealed letter is attached to this Notice.

DATED: October 11, 2022        PAUL HASTINGS LLP

By: /s/ *Chad J. Peterman*
      CHAD J. PETERMAN

*chadpeterman@paulhastings.com*
200 Park Avenue
New York, NY 10166
Telephone: 1(212) 318-6000
Facsimile: 1(212) 319-4090


THOMAS A. ZACCARO
*thomaszaccaro@paulhastings.com*
D. SCOTT CARLTON
*scottcarlton@paulhastings.com*
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

*Attorneys for Defendants*
RIOT BLOCKCHAIN, INC., JOHN O'ROURKE, AND MICHAEL BEEGHLEY

**PAUL HASTINGS**

1(212) 318-6797
chadpeterman@paulhastings.com

October 7, 2022

**VIA ELECTRONIC FILING**

Honorable Georgette Castner
U.S. District Court, District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Takata v. Riot Blockchain, Inc., et al.*, No. 3:18-cv-02293-GC-RLS

Dear Judge Castner:

      We represent defendants Riot Blockchain, Inc. ("Riot"), Michael Beeghley ("Beeghley"), and John O' Rourke ("O'Rourke," and together with Beeghley, the "Individual Defendants") in the above-referenced matter. We submit this letter to address a matter concerning our Reply Memorandum in Support of the Individual Defendants' Joinder and Motion to Dismiss the Consolidated Third Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Reply"), filed on October 3, 2022, that has recently come to our attention. (Dkt. No. 244.)

      On October 5, 2022, we received email correspondence from counsel for Lead Plaintiff Dr. Stanley Golovac regarding the Reply. Lead Plaintiff took the position that a footnote in the Individual Defendants' Reply inaccurately states that Lead Plaintiff's allegation that "O'Rourke and Honig shared office space . . . is based solely on the allegation in a CNBC article in which CNBC crew members visited Honig's office and ran into O'Rourke who was visiting that day." (Dkt. No. 244 at p. 13 n. 16.) Lead Plaintiff claims that this is incorrect because Lead Plaintiff's Consolidated Third Amended Complaint (the "TAC") incorporates and cites the U.S. Securities and Exchange Commission's (the "SEC") allegations in *SEC v. Honig*, which state that Honig and O'Rourke shared an office at some unstated point in time. Lead Plaintiff demanded that the Individual Defendants "correct this misstatement with the Court immediately."

      We do not agree with the Lead Plaintiff's position that the identified statement in the Individual Defendants' brief is inaccurate, but feel compelled to bring Lead Plaintiff's demand to the Court's attention. While Lead Plaintiff is correct that the TAC cites to *SEC v. Honig*, the omission of this allegation from the Individual Defendants' brief is not intended



Honorable Georgette Castner
October 7, 2022
Page 2

to be an attempt to misrepresent the allegations in the TAC.  Rather, it is consistent with Riot and the Individual Defendants' broader arguments in their briefs that allegations borrowed from the SEC complaint are not relevant or appropriate for supporting Lead Plaintiff's claims.  Lead Plaintiff's concern regarding the Reply's footnote simply underscores this point.

As Riot set forth in its Motion to Dismiss the TAC, Riot challenges Lead Plaintiff's ability to borrow allegations from the SEC's complaint in *SEC v. Honig* to support his claims, particularly given that the Private Securities Litigation Reform Act's (the "PSLRA") exacting pleading standards and particularity requirements do not apply to SEC complaints.[1]  (*See* Dkt. 232-1 at p. 27 (*citing SEC v. Lucent Techs., Inc.*, 363 F. Supp. 2d 708, 717 (D.N.J. 2005) (the PSLRA does not apply to the SEC).)  The SEC's allegation concerning Honig and O'Rourke's purported sharing of office space is even more irrelevant because the SEC does not allege *when* this sharing supposedly occurred and whether it was even during the relevant class period—*i.e.*, March 15, 2017 to September 6, 2018.

For these reasons, the Individual Defendants highlighted in their Reply that the only allegation that relates to Lead Plaintiff's assertion that O'Rourke and Honig shared an office during years that are relevant to Lead Plaintiff's claims against Riot was the reference to the February 16, 2018 CNBC article.[2]  (Dkt. No. 231 ¶¶ 128-29.)  The allegation taken from the SEC's unrelated complaint is simply irrelevant and too vague to withstand PSLRA scrutiny.

Sincerely,

/s/ Chad J. Peterman

Chad J. Peterman
for PAUL HASTINGS LLP

CJP

---

[1] *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("neither a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings under the facts of this case" without independent knowledge).

[2] If there was any doubt, the allegations in paragraph 54 that Lead Plaintiff references is in the section of the TAC that discusses the "*[p]rior . . .* [s]chemes [r]esulting in an SEC enforcement action," not any section relating to Riot.  (Dkt. No. 231 at p. 13.)



Honorable Georgette Castner
October 7, 2022
Page 3

cc: All Counsel (via ECF)