**PAUL HASTINGS**

1(212) 318-6797
chadpeterman@paulhastings.com

August 7, 2023

**VIA ECF**

Honorable Georgette Castner, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building & United State Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Takata v. Riot Blockchain, Inc., et al.,*
      **Civil No. 3:18-CV-02293 (GC) (RLS)**

Dear Judge Castner:

  I write on behalf of defendants Riot Blockchain, Inc. ("Riot"), John O'Rourke, and Michael Beeghley (collectively, the "Riot Defendants") in response to lead plaintiff Dr. Stanley Golovac's ("Plaintiff") August 2, 2023 letter to this Court. (Dkt. No. 249.) Plaintiff offers supplemental authority in connection with Defendants' motions to dismiss, *see In re Bed Bath & Beyond Corp. Securities Litigation*, Case No. 1:22-cv-2541 (TNM), 2023 WL 4824734 (D.D.C. July 27, 2023), which is neither "pertinent" nor "significant." In fact, the supplemental authority undermines Plaintiff's allegations that the Riot Defendants violated the federal securities laws.

  In *Bed Bath & Beyond*, the court considered whether a plaintiff could maintain a claim under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") against *an investor* in Bed Bath & Beyond, based on allegations that *the investor* violated disclosure requirements under Section 13(d) of the Exchange Act. The Court permitted the claims against the investor to go forward. But, the court dismissed the Section 10(b) and 20(a) claims against Bed Bath & Beyond's CEO, Sue Gove, and held that the company did not commit a violation of Section 10(b).[1] Similarly, in this case, Plaintiff has not and cannot allege that Riot or its former executives were under a duty to satisfy the disclosure requirements under Section 13(d). As such, *Bed Bath & Beyond* is not pertinent to assessing the allegations against the Riot Defendants.

---

[1] Because Bed Bath & Beyond filed for bankruptcy, the court stayed the claims against the entity. *Bed Bath & Beyond*, 2023 WL 4824734, *3. Nevertheless, the court held that Bed Bath & Beyond did not violate Section 10(b) for purposes of determining whether Ms. Gove violated Section 20(a). *Id.* at *3-8.



Honorable Georgette Castner, U.S.D.J.
August 7, 2023
Page 2

      And even if the supplemental authority were pertinent, it is certainly not significant. Setting aside that *Bed Bath & Beyond* is an out-of-circuit opinion that ignores Third Circuit precedent, the district court never reaches the question this Court previously considered in its April 8, 2022 detailed order: whether *damages* are available as a remedy "when liability for Section 10(b) arises from a Section 13(d) violation." *Takata v. Riot Blockchain, Inc.*, No. 18-02293 (ZNQ) (TJB), 2022 WL 1058389, *5 (D.N.J. Apr. 8, 2022). Instead, the *Bed Bath & Beyond* court only notes that determining whether damages are available as a remedy is a "separate question." *Bed Bath & Beyond*, 2023 WL 4824734, *7 (D.D.C. July 27, 2023). In contrast, this Court extensively considered the existence of a private right of action *for damages* based on Section 13(d) by applying controlling case law. (*See* Dkt. No. 223 (*Takata v. Riot Blockchain, Inc.*, 2022 WL 1058389, *10 (D.N.J. Apr. 8, 2022) ("As stated above, courts have consistently held that implied private rights under Section 13(d) may provide plaintiffs injunctive relief but not monetary damages; to allow Plaintiff to sidestep the boundaries of even the implied right of action by pleading Section 10(b) seems improper.").) *Bed Bath & Beyond* therefore offers no meaningful analysis on the primary issue briefed by the parties in this action.

      In short, the Riot Defendants submit that the *Bed Bath & Beyond* court's legal analysis does nothing to support viable claims against them. Accordingly, the Court should deny Plaintiff's application of the proffered supplemental authority.

Respectfully submitted,

*/s/Chad J. Peterman*

Chad J. Peterman
of PAUL HASTINGS LLP

CJP:lv

cc:    All Counsel (Via ECF)