**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

tbaker@sheppardmullin.com

November 27, 2023

**VIA ELECTRONIC FILING**

Honorable Georgette Castner
U.S. District Court, District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   <u>Takata v. Riot Blockchain, Inc., et al., Civil Action No. 18-2293 (GC)(RLS)</u>

Dear Judge Castner:

We represent and write on behalf of defendant Barry Honig.

Your Honor recognized in your August 25, 2023 Opinion (ECF No. 251, at p. 11), that the complaints in this action were subject to the provisions of the Private Securities Litigation Reform Act ("**PSLRA**"), 15 U.S.C. § 78u, *et seq.*

Certain provisions of the PSLRA require the Court to conduct a mandatory review for abusive litigation at the time of final adjudication. For the Court's convenience, I quote the relevant provisions here:

**(c) Sanctions for abusive litigation**

**(1) Mandatory review by court**

In any private action arising under this chapter, upon final adjudication of the action, the court <u>shall include in the record</u> specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

**(2) Mandatory sanctions**

If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure. Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond.

**SheppardMullin**

Honorable Georgette Castner
November 27, 2023
Page 2

> **(3) Presumption in favor of attorneys' fees and costs**
>
> **(A) In general**
>
> Subject to subparagraphs (B) and (C), for purposes of paragraph (2), the court shall adopt a presumption that the appropriate sanction—
>
> (i) for failure of any responsive pleading or dispositive motion to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation; and
>
> (ii) for substantial failure of any complaint to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action.

15 U.S.C. § 78u-4(c)(1) – (3)(underlined emphasis added); *see also*, *Scott v. Vantage Corp.*, 364 F.4th 462 (3d Cir. 2023).

Because your August 25, 2023 Opinion did not include the PSLRA's required findings, we presume that they Court may still be considering whether Plaintiff and his counsel complied with the requirements of Rule 11(b). Our motion to dismiss Plaintiff's Third Amended Complaint noted that it offered nothing new with regard to Mr. Honig and thus resulted in redundant and wasteful motion practice; your Opinion acknowledged this by stating "Plaintiff rehash[ed] legal arguments that have been previously considered and expressly rejected by the Court." (ECF No. 251, at p. 25).

We are available to provide any additional information or briefing that the Court may find necessary to make its findings.

Very truly yours,

*/s/ Tyler E. Baker*

Tyler E. Baker
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: All Counsel (via ECF)