**LITE DEPALMA GREENBERG & AFANADOR**

570 Broad Street / Suite 1201 / Newark, NJ 07102
973.623.3000 Main / 973.623.0858 Fax / litedepalma.com

Newark / Philadelphia

November 28, 2023

<u>VIA ECF</u>
Honorable Georgette Castner, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building & United States Courthouse
402 East State Street
Trenton, NJ 08608

> Re:    ***Takata v. Riot Blockchain, Inc., et al.***
> **Civil Action No. 3:18-cv-02293(GC)(RLS)**

Dear Judge Castner:

We write in response to yesterday's letter filed by counsel for Defendant Barry Honig ("Honig Letter," ECF No. 253) in the above-referenced matter. To understand the letter's full context, some background is necessary.

Following this Court's Opinion and Order dismissing this case with prejudice (ECF Nos. 251-52), counsel for Plaintiff contacted counsel for Defendants offering to forego any appeal in this matter if the parties each agreed to bear his or its own costs. A stipulation to that effect was circulated, which would then be filed with the Court and would provide for the entry of a Final Judgment under Fed. R. Civ. P. 58. Counsel for every Defendant other than Mr. Honig agreed to join in such a stipulation, as reflected in the Joint Stipulation of Voluntary Dismissal of Claims filed today (ECF No. 254).

In refusing to join the parties' Joint Stipulation, Mr. Honig takes the view that this Court has not made what he terms as "required findings" concerning Rule 11 under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(c)(1). However, in a securities action governed by the PSLRA, "Rule 11 sanctions do not inexorably follow from losing a case." *Rabin v. Nasdaq Omx Phlx LLC*, 2016 WL 3914031, at *2 (E.D. Pa. July 20, 2016) (denying motion for sanctions under 15 U.S.C. § 78u-4(c)(1)). "Courts must only impose sanctions under Rule 11 'in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous.'" *Id.* (quoting *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010)). And, it is well-settled that Rule 11 "is meant to be applied sparingly*." Ampro Computs., Inc. v. LXC, LLC*, 2016 WL 3703129, at *3 (D. Del. July 8, 2016) (citation and internal quotation marks omitted).

LITE DEPALMA
GREENBERG &
AFANADOR

Honorable Georgette Castner, U.S.D.J.
November 28, 2023
Page 2

Here, however, there has not been any hint of sanctionable conduct by Plaintiff or his counsel.  By entering into today's stipulation, all the other Defendants impliedly agree with that assessment.  Simply stated, there is no "exceptional circumstance" present in the case.  Indeed, Plaintiff's counsel undertook an extensive investigation into Defendants' alleged wrongdoing at issue in this case.  Based on all of the information that was gathered during this investigation, counsel spent months drafting the allegations of the complaint, and the ongoing investigation continued with each of the subsequently filed complaints. And, significantly, a prior Opinion in this case held that Plaintiff *did* adequately plead that Mr. Honig had engaged in "a deceptive act" and a "pattern of fraud" with a "strong inference" of "scienter."  *See* ECF No. 166, Judge Wolfson's 4/10/2020 Opinion at 33, 36-37 (finding that "Plaintiff has alleged sufficient facts to show that Honig committed a deceptive act that falls within the range of conduct prohibited by Section 10(b) and Rule 10b-5"; "[Plaintiff's allegations] do suggest a pattern of fraud that lends considerable support to an inference that Honig knew that concealing his stock sales was deceptive"; and "the Complaint gives rise to a strong inference that Honig acted with scienter").

That Your Honor later disagreed with Judge Wolfson's findings does not mean Plaintiff (or his counsel) must now face an automatic sanctions review.  As the Third Circuit has made clear, Rule 11 "must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute.'"  *Galardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987).  *See also Howe v. Litwack*, 579 F. App'x 110, 115 (3d Cir. 2014) ("[T]he mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule [11] violation.") (internal quotations and citation omitted).

In sum, Rule 11 is not implicated in this proceeding.  No party in this case violated Rule 11 in any way.

Should the Court wish to discuss this matter further, counsel for Plaintiff are available at the Court's convenience.

Respectfully,

*/s/ Joseph J. DePalma*

Joseph J. DePalma

JJD:emp

cc:    All Counsel of Record (via ECF)